**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JANICE HARGROVE WARREN**                                                    **PLAINTIFF**

**v.**                                        **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, in his official capacity as
Superintendent of the Pulaski County Special
School District and in his official capacity;
MIKE KEMP, in his official capacity as a Member
of the Board of the Pulaski County Special School
District and in his individual capacity; TINA WARD,
in her official capacity as a Member of the
Board of the Pulaski County Special School
District and in her individual capacity; LINDA REMELE,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; SHELBY THOMAS,
in his official capacity as a Member of the Board
of the Pulaski County Special School District
and in his individual capacity; ALICIA GILLEN,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; ELI KELLER, in his
official capacity as a Member of the Board of the
Pulaski County Special School District
and in his individual capacity; BRIAN MAUNE, in his
official capacity as a Member of the Board of the
Pulaski County Special School District; and THE PULASKI
COUNTY SPECIAL SCHOOL DISTRICT**                          **DEFENDANTS**

## ANSWER

Comes now Defendants, Charles McNulty, Mike Kemp, Tina Ward, Linda Remele, Shelby Thomas, Alicia Gillen, Eli Keller, Brian Maune and the Pulaski County Special School District ("PCSSD" and/or "District") (collectively, "District Defendants"), by and through their attorneys, Bequette, Billingsley & Kees, P.A., and for their Answer to the Plaintiff's Complaint, state:

1.      The District Defendants admit the allegations contained in ¶¶ 1-10 of Plaintiff's Complaint.

2.      The District Defendants admit this Court has subject matter jurisdiction over Plaintiff's Complaint, as alleged in ¶ 11 of Plaintiff's Complaint.

3.      The District Defendants admit this Court has personal jurisdiction over all parties, as alleged in ¶ 12 of Plaintiff's Complaint.  The District Defendants deny the allegations in ¶ 12 of Plaintiff's Complaint to the extent they are misstatements of law, particularly Dr. McNulty's role pursuant to Ark. Code Ann. § 6-13-109.

4.      The District Defendants admit venue is proper before this Court as alleged in ¶ 13 of Plaintiff's Complaint.

5.      The District Defendants admit the allegations contained in ¶ 14 of Plaintiff's Complaint that speak to Plaintiff's job history. The District Defendants deny the remaining allegations of ¶ 14 of Plaintiff's Complaint which speak to opinions as to Plaintiff's experience or are otherwise a misstatement of Plaintiff's work history.

6.      The District Defendants admit Plaintiff was a superintendent of the Crossett School District as alleged in ¶ 15 of Plaintiff's Complaint, but is otherwise without specific information or belief as to the allegations contained in ¶ 15 of Plaintiff's Complaint, and therefore denies the same.

7.      The District Defendants admit the allegations contained in ¶ 16 of Plaintiff's Complaint which speak to Plaintiff's roles and responsibilities in the District.  However, the District denies that this is an exhaustive list of Plaintiff's duties and further denies that any one responsibility as outlined in ¶ 16 of Plaintiff's Complaint was the sole responsibility of Plaintiff, but may have been shared with other administrators of the District.

8.      The District Defendants admit the allegations contained in ¶ 17 of Plaintiff's Complaint.

9.      The District Defendants admit the allegations contained in ¶ 18 of Plaintiff's Complaint.

10.     The District admits that it filed a Status Report with the federal court on September 5, 2017, prior to a scheduled status conference, where the District alerted the Court of the status as to its facilities, but denies that it ever admitted it engaged in discriminatory practices. The District admits a September 8, 2017 status conference where the court expert was asked to prepare a separate report on the matter, as alleged in ¶ 19 of Plaintiff's Complaint. The District denies the remaining allegations of ¶ 19 of Plaintiff's Complaint.

11.     The District Defendants admit the existence of the *Arkansas Democrat-Gazette* article, Exhibit B to Plaintiff's Complaint, but deny the allegations and statements contained in the article and further deny the allegations contained in ¶ 20 of Plaintiff's Complaint.

12.     The District Defendants deny the allegations contained in ¶ 21 of Plaintiff's Complaint.

13.     The District Defendants admit that in or around November 2017, it received information from its third-party provider as to the superintendent search, and the Board hired Ray and Associates to conduct a superintendent search, as alleged in ¶ 22 of Plaintiff's Complaint. The District Defendants deny that it "fire[d]" Dr. Warren, as she was only serving in an interim capacity as superintendent of schools, and therefore could not be "fire[d]." The District Defendants agree the school board hires a superintendent and that the process in place which led to the hiring of Dr. Charles McNulty as superintendent followed applicable law and District policy. All meetings of the PCSSD School Board and minutes are maintained online and the District Defendants admit the existence of such meeting and minutes, as reflected on the District website. The District

Defendants deny the remaining allegations not specifically admitted herein as ¶ 22 of Plaintiff's Complaint

14.     The District Defendants admit that the court Expert in the desegregation case filed a report on November 9, 2017, where it identified inequities between the sport facilities in Mills High School and Robinson Middle School, but the District Defendants deny any discriminatory intent.  The District Defendants deny the allegations contained in ¶ 23 of Plaintiff's Complaint.

15.     The District Defendants admit the allegations contained in ¶ 24 of Plaintiff's Complaint.

16.     The District Defendants deny the allegations contained in ¶ 25 of Plaintiff's Complaint.

17.     The District's personnel policies for certified staff speak for themselves and the District Defendants deny the allegations contained in ¶ 26 of Plaintiff's Complaint to the extent they are inconsistent with its policies.  The District Defendants deny the remaining allegations of ¶ 26 of Plaintiff's Complaint.

18.     The District Defendants admit that Plaintiff attached as Exhibit H to her Complaint a PCSSD Superintendent Candidate Comparison Table, but the District Defendants did not create this document and cannot speak to its complete accuracy and is therefore denied.

19.     The District Defendants admit that it selected three males, two black and one white, to interview for the superintendent position, and that Dr. Warren was not invited to officially interview.  The District Defendants deny the remaining allegations in ¶ 28 of Plaintiff's Complaint.

20.     The District Defendants admit the allegations contained in ¶ 29 of Plaintiff's Complaint.

21.     The District Defendants deny Dr. Warren's qualifications were superior to those of the other candidates.  The District Defendants admit Candidate Harris withdrew his application prior to his interview but otherwise deny the remaining allegations contained in ¶ 30 of Plaintiff's Complaint.

22.     The District Defendants admit the allegations contained in ¶ 31 of Plaintiff's Complaint as to Dr. Warren's budgetary oversight while interim superintendent, but deny the remaining allegations contained in ¶ 31 of Plaintiff's Complaint.

23.     The District Defendants admit Dr. Warren's qualifications as outlined in ¶ 32 of Plaintiff's Complaint, but deny these qualifications were superior to the other candidates.

24.     The District Defendants deny the allegations contained in ¶ 33 of Plaintiff's Complaint, as they appear to be Plaintiff's attempt to cherry pick information in an attempt to advance her case.  The qualifications of the three candidates who were awarded interviews for the superintendent position are public information and the District Defendants deny the allegations contained in ¶ 33 of Plaintiff's Complaint to the extent they misstate this public information.

25.     The District Defendants deny the allegations contained in ¶ 34 of Plaintiff's Complaint.

26.     The District Defendants admit Dr. McNulty interviewed for the position on April 3, 2018 and was shortly thereafter offered the position of PCSSD Superintendent.  The District Defendants deny the remaining allegations contained in ¶ 35 of Plaintiff's Complaint.

27.     The District Defendants deny the allegations contained in ¶ 36 of Plaintiff's Complaint.

28.     The District Defendants do not dispute Dr. Warren met the qualifications for the position of superintendent, but deny she was the most qualified amongst all candidates and deny

that their decision to choose a candidate besides Dr. Warren was discriminatory. The District Defendants deny the remaining allegations contained in ¶ 37 of Plaintiff's Complaint.

29.     The District Defendants admit Plaintiff filed a formal EEOC Charge which is attached as Exhibit L to Plaintiff's Complaint, as alleged in ¶ 38 of Plaintiff's Complaint. The District Defendants deny the allegations contained in the EEOC Charge.

30.     The allegations contained in ¶ 39 of Plaintiff's Complaint appear to be a recitation of the District's Response to Plaintiff's EEOC Charge, which speaks for itself. The District Defendants deny the allegations contained in ¶ 39 of Plaintiff's Complaint to the extent they are inconsistent with its Response to the EEOC Charge.

31.     The District Defendants admit the allegations contained in ¶ 40 of Plaintiff's Complaint.

32.     The District Defendants deny the allegations contained in ¶¶ 41-46 of Plaintiff's Complaint.

33.     The District Defendants deny the allegations contained in ¶¶ 47-51 of Plaintiff's Complaint.

34.     The District Defendants deny the allegations contained in ¶ 52 of Plaintiff's Complaint.

35.     The District Defendants admit the allegations contained in ¶ 53 of Plaintiff's Complaint.

36.     The District Defendants admit Exhibit B is an article published by the *Arkansas Democrat-Gazette*, but the District Defendants deny the accuracy of the article or that PCSSD was discriminatory in its conduct.

37.     The District Defendants deny the allegations contained in ¶ 55 of Plaintiff's Complaint.

38.     The District Defendants admit Exhibit C is a Report filed by the court expert, but the District Defendants deny the allegations contained in ¶ 56 of Plaintiff's Complaint to the extent they are inconsistent with the Report.

39.     The District Defendants admit it hired Ray and Associates, Inc. to assist with its superintendent search, but denies Dr. Warren was terminated from her position as interim superintendent, as she was only serving the position on an interim basis.  The District Defendants deny the remaining allegations contained in ¶ 57 of Plaintiff's Complaint.

40.     The District Defendants admit the allegations contained in ¶ 58 of Plaintiff's Complaint.

41.     The District Defendants admit that it selected three males, two black and one white, to interview before the Board, and that Dr. Warren was not chosen for an interview, as alleged in in ¶ 59 of Plaintiff's Complaint.  The District Defendants deny the remaining allegations contained in ¶ 59 of Plaintiff's Complaint.

42.     The District Defendants admit the PCSSD Board selected Dr. McNulty, Mr. Harris and Dr. Pruitt to interview before the Board and Dr. McNulty was selected for the position.  The District Defendants deny the remaining allegations contained in ¶ 60 of Plaintiff's Complaint.

43.     The District Defendants deny the allegations contained in ¶¶ 61-62 of Plaintiff's Complaint.

44.     The District Defendants deny the allegations contained in ¶¶ 63-67 of Plaintiff's Complaint.

45.     The District Defendants deny the allegations contained in ¶¶ 68-69 of Plaintiff's Complaint.

46.     The District Defendants admit race discrimination is illegal in public schools but the District Defendants deny that they in any way discriminated against Plaintiff.  The District Defendants deny the remaining allegations contained in ¶ 70 of Plaintiff's Complaint.

47.     The District Defendants deny the allegations contained in ¶ 71 of Plaintiff's Complaint.

48.     The District Defendants deny the allegations contained in ¶¶ 72-80 of Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief.

49.     The District Defendants join Plaintiff in a demand for a trial by jury.

50.     The District Defendants deny all allegations contained in Plaintiff's Complaint which are not specifically admitted herein.

51.     Plaintiff reserves the right to amend its Answer, conduct discovery and plead further.

## AFFIRMATIVE DEFENSES

52.     The District Defendants affirmatively plead Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is not entitled to damages.

53.     The District Defendants affirmatively plead all defenses available to it pursuant to Fed. R. Civ. P. 12(b).

54.     The District Defendants affirmatively state Plaintiff's claims for equitable relief are barred as a matter of law.

55.     The District Defendants affirmatively plead all actions taken by them with regard to Plaintiff were in good faith.

56.     The District Defendants assert they acted reasonably and in compliance with law at all times relevant hereto.

57.     The District Defendants affirmatively plead Plaintiff's claims are barred by the applicable statute of limitations contained in Ark. Code Ann. § 6-17-1501.

58.     The District Defendants affirmatively state an award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the Constitution of the State of Arkansas.

59.     Any award of punitive damages to the Plaintiff would be in violation of the constitutional rights and safeguards provided to the District Defendants under the Constitution of the United States of America including, without limitation, because there are no limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, the imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and Plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

60.     Imposition of punitive damages in this case would violate the District Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

61.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to the District Defendants under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of the Constitution of the State of Arkansas, in that punitive damages

and any method by which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

62.     Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Constitution of the State of Arkansas, in that said punitive damages would be an imposition of an excessive fine.

WHEREFORE, the District Defendants, Charles McNulty, Mike Kemp, Tina Ward, Linda Remele, Shelby Thomas, Alicia Gillen, Eli Keller, Brian Maune and the Pulaski County Special School District, pray that Plaintiff's Complaint be dismissed and that she take nothing thereby; for the District Defendants' attorneys' fees and costs incurred herein; and for all other just and proper relief to which the District Defendants may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: _____ **/s/ Cody Kees** _____
        Jay Bequette, #87012
        Cody Kees, #2012118