IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                             PLAINTIFF

v.                          No. 4:19-cv-00655-BSM

CHARLES MCNULTY, in his official capacity as
Superintendent of the Pulaski County Special
School District and in his official capacity;
MIKE KEMP, in his official capacity as a Member
of the Board of the Pulaski County Special School
District and in his individual capacity; TINA WARD,
in her official capacity as a Member of the
Board of the Pulaski County Special School
District and in her individual capacity; LINDA REMELE,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; SHELBY THOMAS,
in his official capacity as a Member of the Board
of the Pulaski County Special School District
and in his individual capacity; ALICIA GILLEN,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; ELI KELLER, in his
official capacity as a Member of the Board of the
Pulaski County Special School District
and in his individual capacity; BRIAN MAUNE, in his
official capacity as a Member of the Board of the
Pulaski County Special School District; and THE PULASKI
COUNTY SPECIAL SCHOOL DISTRICT                                   DEFENDANTS

**SEPARATE DEFENDANT ALICA GILLEN'S RESPONSES TO FIRST SET OF
INTERROGATORIES AND
SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

        General Objection.  Separate Defendant objects to this First Set of Interrogatories and

Second Set of Request for Production of Documents to the extent it seeks information regarding

documents that the Separate Defendant has not seen or had access to in nearly two years and seeks

information regarding conversations and impressions that are nearly two years old.  Separate

Defendant has responded as best he/she can given the limited context of the request. Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:** Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:** Alicia Michelle Gillen, ███████████████████████. Separate Defendant was born in ███████, California. Separate Defendant objects to the production of her social security number as an unnecessary invasion of her privacy. If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Separate Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:** Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:** Separate Defendant has lived in Maumelle the past 10 years.

**INTERROGATORY NO. 3:** List the names, ages, and addresses of all of your children, if any.

**RESPONSE:** Children over 18 include: ███████, daughter, 23, ███████, Arkansas. Separate Defendant has two daughters under 18.

**INTERROGATORY NO. 4:** State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:**  Separate Defendant was divorced six years ago, and her ex-husband does not live in the Central District.  Separate Defendant was divorced approximately 19 years ago and her ex-husband, ███████., resides in the Central District

**INTERROGATORY NO. 5:**  Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:**  ████████ daughter, 23, ██████████, Arkansas; ██████████, father, ████████, Arkansas; ████████, mother, ████, Arkansas; ██████████, stepfather, ████, Arkansas; ████████████, brother, ████, Arkansas.

**INTERROGATORY NO. 6:**  State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:**  Separate Defendant is a graduate of ████████ High School.  Separate Defendant was employed by the ████████████████ for five years and previously the ████████████████.

**INTERROGATORY NO. 7:**  List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:**  Separate Defendant was elected to the Board when local control was restored.

**INTERROGATORY NO. 8:**  If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**  None.

**INTERROGATORY NO. 9:**  If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each

arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**  Separate Defendant has had not an arrest for ███████████ years. Separate Defendant objects to the term "moral turpitude" as unclear and ambiguous which renders to Interrogatory incapable of response.

**INTERROGATORY NO. 10:**  Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:**  Separate Defendant recalls a divorce and related legal matters arising therefrom.

**INTERROGATORY NO. 11:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

**INTERROGATORY NO. 12:**  Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:**  Separate Defendant recalls completing the matrix after reviewing the videos and did not discuss her rankings with other board members.  Separate Defendant also recalls

this matrix helped with the overall discussion by the Board.  Separate Defendant believes when she completed the matrix she returned it to the packet and it was given to Ray and Associates.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:** As it relates to the superintendent search, Separate Defendant only reviewed documents provided to her by Ray and Associates.

**INTERROGATORY NO. 12b:** Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:** Defendant recalls completing this document but does not recall the exact notations and rankings made on the Matrix for Reaching Candidate Consensus Form.

**INTERROGATORY NO. 12c:** To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:** Ray and Associates.

**DOCUMENT REQUEST NO. 2:** If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:** Not applicable.

**INTERROGATORY NO. 12d:** Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**  Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed

**INTERROGATORY NO. 12e:**  Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**  Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested.

**INTERROGATORY NO. 12f:**  Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**  See response above.

**INTERROGATORY NO. 12g:**  Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**  Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.  Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial candidate video review meeting.

**INTERROGATORY NO. 13:**  At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you

receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**  If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 14a:**  If yes, list when and from whom you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: _____**/s/ Cody Kees**_____
     Jay Bequette, #87012
     Cody Kees, #2012118

## CERTIFICATE OF SERVICE

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com

By: _____**/s/ Cody Kees**_____
     Cody Kees

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                        PLAINTIFF

v.                          No. 4:19-cv-00655-BSM

CHARLES MCNULTY, in his official capacity as
Superintendent of the Pulaski County Special
School District and in his official capacity;
MIKE KEMP, in his official capacity as a Member
of the Board of the Pulaski County Special School
District and in his individual capacity; TINA WARD,
in her official capacity as a Member of the
Board of the Pulaski County Special School
District and in her individual capacity; LINDA REMELE,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; SHELBY THOMAS,
in his official capacity as a Member of the Board
of the Pulaski County Special School District
and in his individual capacity; ALICIA GILLEN,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; ELI KELLER, in his
official capacity as a Member of the Board of the
Pulaski County Special School District
and in his individual capacity; BRIAN MAUNE, in his
official capacity as a Member of the Board of the
Pulaski County Special School District; and THE PULASKI
COUNTY SPECIAL SCHOOL DISTRICT                               DEFENDANTS

SEPARATE DEFENDANT ELI KELLER'S RESPONSES TO
FIRST SET OF INTERROGATORIES AND SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
KEMP, WARD, REMELE, THOMAS, GILLEN, KELLER, AND MAUNE

        General Objection.  Separate Defendant objects to this First Set of Interrogatories and

Second Set of Request for Production of Documents to the extent it seeks information regarding

documents that the Separate Defendant has not seen or had access to in nearly two years and seeks

information regarding conversations and impressions that are nearly two years old. Separate Defendant has responded as best he/she can given the limited context of the request. Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:** Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:** Eli Austin Kelle, ███████████████████, Arkansas 72113. Separate Defendant was born in ████████, North Carolina on ████████████. Defendant objects to the production of his social security number as an unnecessary invasion of his privacy. If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:** Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:** Separate Defendant has lived at the same address for roughly 10 years.

**INTERROGATORY NO. 3:** List the names, ages, and addresses of all of your children, if any.

**RESPONSE:** Separate Defendant has two children under the ages of 18.

**INTERROGATORY NO. 4:** State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:** Separate Defendant is not married. Separate Defendant's ex-wife is ███████████ who lives in ████████ County, Arkansas.

**INTERROGATORY NO. 5:**  Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:**  Separate Defendant's parents, ███████████ and ███████████, uncle.

**INTERROGATORY NO. 6:**  State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:**  Separate Defendant graduated high school at the ████████████ ███████████, South Africa.  Separate Defendant has been employed by the ████████ ████████████ since 2006.

**INTERROGATORY NO. 7:**  List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:**  Separate Defendant was elected to the Board of Education when local control was restored.

**INTERROGATORY NO. 8:**  If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 9:**  If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 10:**   Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:** Separate Defendant was involved in a divorce action and a former ███████ proceeding.

**INTERROGATORY NO. 11:**   Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

**INTERROGATORY NO. 12:**   Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:**  Yes.  Separate Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:** Separate Defendant only recall reviewing material related to the Superintendent search at board meetings.

**INTERROGATORY NO. 12b:**   Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:**   Separate Defendant recalls completing this document but does not recall the exact notations and rankings made on the Matrix for Reaching Candidate Consensus Form.

**INTERROGATORY NO. 12c:**   To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:**   Separate Defendant is not certain, but suspects someone with Ray and Associates.

**DOCUMENT REQUEST NO. 2:**   If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 12d:**   Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**   Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed.

**INTERROGATORY NO. 12e:**   Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the

comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**  Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested.

**INTERROGATORY NO. 12f:**   Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**  See response above.

**INTERROGATORY NO. 12g:**  Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**  Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.  Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial candidate video review meeting.

**INTERROGATORY NO. 13:**   At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**  If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 14a:**  If yes, list when and from whom you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: __/s/ Cody Kees_____
    Jay Bequette, #87012
    Cody Kees, #2012118

## CERTIFICATE OF SERVICE

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com

By: __/s/ Cody Kees_____
    Cody Kees

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                    **PLAINTIFF**

**v.**                               **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, in his official capacity as**
**Superintendent of the Pulaski County Special**
**School District and in his official capacity;**
**MIKE KEMP, in his official capacity as a Member**
**of the Board of the Pulaski County Special School**
**District and in his individual capacity; TINA WARD,**
**in her official capacity as a Member of the**
**Board of the Pulaski County Special School**
**District and in her individual capacity; LINDA REMELE,**
**in her official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in her individual capacity; SHELBY THOMAS,**
**in his official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in his individual capacity; ALICIA GILLEN,**
**in her official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in her individual capacity; ELI KELLER, in his**
**official capacity as a Member of the Board of the**
**Pulaski County Special School District**
**and in his individual capacity; BRIAN MAUNE, in his**
**official capacity as a Member of the Board of the**
**Pulaski County Special School District; and THE PULASKI**
**COUNTY SPECIAL SCHOOL DISTRICT**                              **DEFENDANTS**

**SEPARATE DEFENDANTS MIKE KEMP'S RESPONSES TO**
**FIRST SET OF INTERROGATORIES AND SECOND REQUESTS**
**FOR PRODUCTION OF DOCUMENTS**

General Objection. Separate Defendant objects to this First Set of Interrogatories and

Second Set of Request for Production of Documents to the extent it seeks information regarding

documents that the Separate Defendant has not seen or had access to in nearly two years and seeks

information regarding conversations and impressions that are nearly two years old. Separate

Defendant has responded as best he/she can given the limited context of the request.  Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:**  Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:**  Tommy  Mike  Kemp; ███████████; ██████████████ ████████, Arkansas, 72103.  Defendant objects to the production of his social security number as an unnecessary invasion of his privacy.  If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:**  Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:**  Please see Response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**  List the names, ages, and addresses of all of your children, if any.

**RESPONSE:**  ███████████, Saline County and ████████████, 1980, Pulaski County.

**INTERROGATORY NO.  4:**  State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:**  ████████████.

**INTERROGATORY NO. 5:**  Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:**  Separate Defendant's wife and ▮ adult children.

**INTERROGATORY NO. 6:**  State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:**  Separate Defendant graduated high school from the ▮▮▮▮▮ ▮▮▮▮ and attended college but did not receive a degree.

**INTERROGATORY NO. 7:**  List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:**  Separate Defendant was elected to the Board of Education when local control was restored.

**INTERROGATORY NO. 8:**  If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**  Mayor ▮▮▮▮ since 2011, previously held the office of council member and ▮▮ County Justice of the Peace.

**INTERROGATORY NO. 9:**  If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**  Separate Defendant was charged ▮▮▮▮▮▮▮, but all charges were dismissed.

**INTERROGATORY NO. 10:**  Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:**  Any litigation Separate Defendant can recall was related to his roles as an elected official.

**INTERROGATORY NO. 11:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:**  Per Counsel for Plaintiff, not applicable.

**INTERROGATORY NO. 12:**  Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:**  Separate Defendant is not certain.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:**  Separate Defendant only reviewed what was provided to him by the individual coordinating the search process.

**INTERROGATORY NO. 12b:**   Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:**  Separate Defendant cannot recall.

**INTERROGATORY NO. 12c:**   To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:**  Separate Defendant cannot recall.

**DOCUMENT REQUEST NO. 2:**   If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:**  No.

**INTERROGATORY NO. 12d:**   Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**  Separate Defendant cannot recall.

**INTERROGATORY NO. 12e:**   Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**  Separate Defendant cannot recall.

**INTERROGATORY NO. 12f:**   Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**   Separate Defendant recalls reviewing candidate videos as part of the search process.

**INTERROGATORY NO. 12g:**  Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**   Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.   Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial candidate video review meeting.

**INTERROGATORY NO. 13:**    At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**   None that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**  If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**   Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

**RESPONSE:**  None that Separate Defendant can recall.

**INTERROGATORY NO. 14a:**  If yes, list when and from whom you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

**RESPONSE:**  Per Counsel for Plaintiff, not applicable.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:   **/s/ Cody Kees**
        Jay Bequette, #87012
        Cody Kees, #2012118

## <u>CERTIFICATE OF SERVICE</u>

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com


By: __**/s/ Cody Kees**_____
Cody Kees

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                 **PLAINTIFF**

**v.**                          **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, in his official capacity as**
**Superintendent of the Pulaski County Special**
**School District and in his official capacity;**
**MIKE KEMP, in his official capacity as a Member**
**of the Board of the Pulaski County Special School**
**District and in his individual capacity; TINA WARD,**
**in her official capacity as a Member of the**
**Board of the Pulaski County Special School**
**District and in her individual capacity; LINDA REMELE,**
**in her official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in her individual capacity; SHELBY THOMAS,**
**in his official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in his individual capacity; ALICIA GILLEN,**
**in her official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in her individual capacity; ELI KELLER, in his**
**official capacity as a Member of the Board of the**
**Pulaski County Special School District**
**and in his individual capacity; BRIAN MAUNE, in his**
**official capacity as a Member of the Board of the**
**Pulaski County Special School District; and THE PULASKI**
**COUNTY SPECIAL SCHOOL DISTRICT**                          **DEFENDANTS**

**SEPARATE DEFENDANT BRIAN MAUNE'S RESPONSES**
**TO FIRST SET OF INTERROGATORIES AND**
**SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

General Objection.  Separate Defendant objects to this First Set of Interrogatories and

Second Set of Request for Production of Documents to the extent it seeks information regarding

documents that the Separate Defendant has not seen or had access to in nearly two years and seeks

information regarding conversations and impressions that are nearly two years old.  Separate

Defendant has responded as best he/she can given the limited context of the request.  Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:**  Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:**  Brian Lawrence Maune; ▮▮▮▮▮▮▮▮, Little Rock, AR 72223. Separate Defendant objects to the production of his social security number as an unnecessary invasion of his privacy.  If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Separate Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:**  Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:**  Separate Defendant has lived at ▮▮▮▮▮▮▮▮, Little Rock, AR 72223 (1.5 years) and ▮▮▮▮▮▮, Little Rock, AR (9 years).

**INTERROGATORY NO. 3:**  List the names, ages, and addresses of all of your children, if any.

**RESPONSE:**  Separate Defendant has ▮ children under the age of 18

**INTERROGATORY NO. 4:**  State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:**  ▮▮▮▮▮▮▮▮.

**INTERROGATORY NO. 5:**  Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:**  Parents: ███████████████, Little Rock AR and Brother: ███████, ████████ County, Arkansas.

**INTERROGATORY NO. 6:**  State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:** BS in Chemistry, ██████████, 2003; MS Operational Management , ██████ – ████████.

**INTERROGATORY NO. 7:**  List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:**  Separate Defendant was elected to the Board of Education when local control over the school district was restored.

**INTERROGATORY NO. 8:**  If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 9:**  If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 10:**  Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in

which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 11:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:**  Per counsel, not applicable.

**INTERROGATORY NO. 12:**  Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:**  Yes.  Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:**  As it relates to the Matrix for Reaching Candidate Consensus Form and other documents provided by Ray & Associates, Defendant believes that was provided at the March 27, 2018 meeting.

**INTERROGATORY NO. 12b:**  Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:**  Defendant recalls completing this document but does not recall the exact notations and rankings made on the Matrix for Reaching Candidate Consensus Form.

**INTERROGATORY NO. 12c:**   To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:**  An agent or representative for Ray & Associates.

**DOCUMENT REQUEST NO. 2:**   If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 12d:**   Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**  Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed.

**INTERROGATORY NO. 12e:**   Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**  Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee, Defendant does not recall the specific details as requested in Interrogatory No. 12e, as requested.

**INTERROGATORY NO. 12f:**   Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**   See response above.

**INTERROGATORY NO. 12g:**   Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**   Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.   Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the initial candidate video review meeting.

**INTERROGATORY NO. 13:**   At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**   Not that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**   If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**   Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**   Not that Separate Defendant can recall.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14a:**  If yes, list when and from whom you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: ___ **/s/ Cody Kees** _____
        Jay Bequette, #87012
        Cody Kees, #2012118

## <u>CERTIFICATE OF SERVICE</u>

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com


By:   **/s/ Cody Kees**
         Cody Kees

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                              PLAINTIFF

v.                              No. 4:19-cv-00655-BSM

CHARLES MCNULTY, in his official capacity as
Superintendent of the Pulaski County Special
School District and in his official capacity;
MIKE KEMP, in his official capacity as a Member
of the Board of the Pulaski County Special School
District and in his individual capacity; TINA WARD,
in her official capacity as a Member of the
Board of the Pulaski County Special School
District and in her individual capacity; LINDA REMELE,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; SHELBY THOMAS,
in his official capacity as a Member of the Board
of the Pulaski County Special School District
and in his individual capacity; ALICIA GILLEN,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; ELI KELLER, in his
official capacity as a Member of the Board of the
Pulaski County Special School District
and in his individual capacity; BRIAN MAUNE, in his
official capacity as a Member of the Board of the
Pulaski County Special School District; and THE PULASKI
COUNTY SPECIAL SCHOOL DISTRICT                                      DEFENDANTS

**<u>SEPARATE DEFENDANTS LINDA REMELE'S RESPONSES TO FIRST SET OF
INTERROGATORIES AND
SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

General Objection.  Separate Defendant objects to this First Set of Interrogatories and

Second Set of Request for Production of Documents to the extent it seeks information regarding

documents that the Separate Defendant has not seen or had access to in nearly two years and seeks

information regarding conversations and impressions that are nearly two years old.  Separate

Defendant has responded as best he/she can given the limited context of the request.  Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:**  Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:**  Linda Gay Remele, █████████████, ████████, Arkansas 72120, ███████████.  Separate Defendant objects to the production of her social security number as an unnecessary invasion of her privacy.  If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Separate Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:**  Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:**  Separate Defendant has lived in ████████, Arkansas since 2011.

**INTERROGATORY NO. 3:**  List the names, ages, and addresses of all of your children, if any.

**RESPONSE:**  ██████████████████, █, Austin, Texas.

**INTERROGATORY NO.  4:**  State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:**  ████████████████.  Defendant was previously married.

**INTERROGATORY NO. 5:**  Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:** ███████████ and ███████████.

**INTERROGATORY NO. 6:**   State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:** ████ ███, BS, 1972; ████ ███ 1995; ███, ███., 1981. Employment includes many decades in PCSSD.

**INTERROGATORY NO. 7:**   List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:** Separate Defendant was elected to the Board of Education when local control over the school district was restored.

**INTERROGATORY NO. 8:**   If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 9:**   If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 10:**   Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:** Nothing besides divorces or lawsuits in conjunction with Separate Defendant's service to PCSSD.

**INTERROGATORY NO. 11:** Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:** Per counsel for Plaintiff, not applicable.

**INTERROGATORY NO. 12:** Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:** Yes.  Separate Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:** As it relates to the Matrix for Reaching Candidate Consensus Form and other documents provided by Ray & Associates, Defendant believes that was provided at the March 27, 2018 meeting.

**INTERROGATORY NO. 12b:** Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:** Separate Defendant recalls completing this document but does not recall the exact notations and rankings made on the Matrix for Reaching Candidate Consensus Form.

**INTERROGATORY NO. 12c:**   To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:**  An agent or representative for Ray and Associates.

**DOCUMENT REQUEST NO. 2:**   If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 12d:**   Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**  Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed.

**INTERROGATORY NO. 12e:**   Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**  Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested.

**INTERROGATORY NO. 12f:**   Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**  See response above.

**INTERROGATORY NO. 12g:**  Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**  Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.  Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial candidate video review meeting.

**INTERROGATORY NO. 13:**  At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**  If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic

communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

 **RESPONSE:**  Not that Separate Defendant can recall.

 **INTERROGATORY NO. 14a:** If yes, list when and from whom you received the communication(s)?

 **RESPONSE:**  Not applicable.

 **DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

 **RESPONSE:**  Not applicable.

 **INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

 **RESPONSE:**  Per counsel for Plaintiff, not applicable.


      Respectfully submitted,

      BEQUETTE, BILLINGSLEY & KEES, P.A.
      425 West Capitol Avenue, Suite 3200
      Little Rock, AR 72201-3469
      Phone: (501) 374-1107
      Fax: (501) 374-5092
      Email: jbequette@bbpalaw.com
      Email: ckees@bbpalaw.com

     By:  **/s/ Cody Kees**
        Jay Bequette, #87012
        Cody Kees, #2012118

## CERTIFICATE OF SERVICE

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com

By:   **/s/ Cody Kees**
Cody Kees

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                     **PLAINTIFF**

**v.**                                  **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, in his official capacity as
Superintendent of the Pulaski County Special
School District and in his official capacity;
MIKE KEMP, in his official capacity as a Member
of the Board of the Pulaski County Special School
District and in his individual capacity; TINA WARD,
in her official capacity as a Member of the
Board of the Pulaski County Special School
District and in her individual capacity; LINDA REMELE,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; SHELBY THOMAS,
in his official capacity as a Member of the Board
of the Pulaski County Special School District
and in his individual capacity; ALICIA GILLEN,
in her official capacity as a Member of the Board
of the Pulaski County Special School District
and in her individual capacity; ELI KELLER, in his
official capacity as a Member of the Board of the
Pulaski County Special School District
and in his individual capacity; BRIAN MAUNE, in his
official capacity as a Member of the Board of the
Pulaski County Special School District; and THE PULASKI
COUNTY SPECIAL SCHOOL DISTRICT**                              **DEFENDANTS**

## SEPARATE DEFENDANT SHELBY THOMAS'S RESPONSES TO FIRST SET OF INTERROGATORIES AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

General Objection. Separate Defendant objects to this First Set of Interrogatories and Second Set of Request for Production of Documents to the extent it seeks information regarding documents that the Separate Defendant has not seen or had access to in nearly two years and seeks information regarding conversations and impressions that are nearly two years old. Separate

Defendant has responded as best he/she can given the limited context of the request.  Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:**  Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:**  Shelby Curtis Thomas; ████████████, ████████, Arkansas; ████████ ████; Little Rock, Arkansas.  Separate Defendant objects to the production of his social security number as an unnecessary invasion of her privacy.  If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Separate Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:**  Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:**  ████████████ (16 years) and ████████████ (7 months).

**INTERROGATORY NO. 3:**  List the names, ages, and addresses of all of your children, if any.

**RESPONSE:**  ████████████, daughter, age 24, ████████████, Arkansas; ████████ ████, son, age 23, Pulaski County; and ████████████, age 20.

**INTERROGATORY NO. 4:**  State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:**  ████████████, spouse.

**INTERROGATORY NO. 5:**   Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:**   See previous responses, as well ██████████, mother.

**INTERROGATORY NO. 6:**   State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:**   ████████  ███████  ██  ████████, Associates Degree, Electronic Engineering, 1992; currently employed with ███████., an electrical distributor, but under ████████ ████████ to Covid-19 pandemic.  Prior employer was ████████████████.

**INTERROGATORY NO. 7:**   List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:**   Separate Defendant was elected to the Board of Education when local control over the school district was restored.

**INTERROGATORY NO. 8:**   If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 9:**   If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 10:**   Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in

which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:**  Former litigation involving a ███████████████████████ ████████ .

**INTERROGATORY NO. 11:**   Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

**INTERROGATORY NO. 12:**   Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:**  Yes, during the interview process when the videos of candidates were reviewed.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:**  Separate Defendant recalls completing a matrix after the videos were viewed.  Separate Defendant does not recall how he ranked candidates.  Separate Defendant believes when the board members left the meeting after reviewing the videos that the top three candidates had been calculated.  Separate Defendant believes his matrix was given to a Ray and Associates representative.

**INTERROGATORY NO. 12b:**   Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:**   Separate Defendant cannot recall with enough specificity to recreate this document.

**INTERROGATORY NO. 12c:**   To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:**   Ray and Associates.

**DOCUMENT REQUEST NO. 2:**   If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 12d:**   Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**   Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed.

**INTERROGATORY NO. 12e:**   Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**   Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested.

**INTERROGATORY NO. 12f:**   Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**   See responses above.

**INTERROGATORY NO. 12g:**   Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**   Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.  Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial candidate video review meeting.

**INTERROGATORY NO. 13:**   At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**   Not that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**   If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**   Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 14a:** If yes, list when and from whom you received the communication(s)?

**RESPONSE:** Not applicable.

**DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:    **/s/ Cody Kees**
     Jay Bequette, #87012
     Cody Kees, #2012118


## <u>CERTIFICATE OF SERVICE</u>

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com

By:    **/s/ Cody Kees**
     Cody Kees

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                                      **PLAINTIFF**

**v.**                         **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, in his official capacity as**
**Superintendent of the Pulaski County Special**
**School District and in his official capacity;**
**MIKE KEMP, in his official capacity as a Member**
**of the Board of the Pulaski County Special School**
**District and in his individual capacity; TINA WARD,**
**in her official capacity as a Member of the**
**Board of the Pulaski County Special School**
**District and in her individual capacity; LINDA REMELE,**
**in her official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in her individual capacity; SHELBY THOMAS,**
**in his official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in his individual capacity; ALICIA GILLEN,**
**in her official capacity as a Member of the Board**
**of the Pulaski County Special School District**
**and in her individual capacity; ELI KELLER, in his**
**official capacity as a Member of the Board of the**
**Pulaski County Special School District**
**and in his individual capacity; BRIAN MAUNE, in his**
**official capacity as a Member of the Board of the**
**Pulaski County Special School District; and THE PULASKI**
**COUNTY SPECIAL SCHOOL DISTRICT**                         **DEFENDANTS**

## SEPARATE DEFENDANT TINA WARD'S RESPONSES TO FIRST SET OF INTERROGATORIES AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS KEMP, WARD, REMELE, THOMAS, GILLEN, KELLER, AND MAUNE

General Objection.  Separate Defendant objects to this First Set of Interrogatories and

Second Set of Request for Production of Documents to the extent it seeks information regarding

documents that the Separate Defendant has not seen or had access to in nearly two years and seeks

information regarding conversations and impressions that are nearly two years old. Separate Defendant has responded as best he/she can given the limited context of the request. Separate Defendant reserves the right to give a more detailed answer in a deposition or through other testimony if his or her recollection is refreshed or more context is given to the question. Notwithstanding, Separate Defendant has made all good faith efforts to respond to these requests.

**INTERROGATORY NO. 1:** Please list your name, address, date of birth, place of birth, and Social Security Number.

**RESPONSE:** Tina Renee Ward, ████████, ████████, AR 72206. ████████ ████████, Arkansas. Separate Defendant objects to the production of her social security number as an unnecessary invasion of her privacy. If Plaintiff can articulate a legitimate reason the information is needed to conduct discovery then Separate Defendant will work with Plaintiff on providing the information, under limited scope, as necessary.

**INTERROGATORY NO. 2:** Kindly provide all addresses where you have resided over the past ten (10) years.

**RESPONSE:** Same address as listed in Int. No. 1.

**INTERROGATORY NO. 3:** List the names, ages, and addresses of all of your children, if any.

**RESPONSE:** ████████, 29, Central Arkansas and ████████, 32, Central Arkansas.

**INTERROGATORY NO. 4:** State whether you are married and list your marriages by providing the names of your current spouse, former spouses, the dates of your marriages, the method of terminating the marriage, and the present address of each former spouse.

**RESPONSE:** ████████.

**INTERROGATORY NO. 5:**   Please list all relatives by blood or marriage who are over the age of eighteen (18) and who currently reside in the Eastern District of Arkansas.

**RESPONSE:**   Separate Defendants two children and mother, ███████████, along with relatives, most of who have last name would be ████, █████████ and █████.

**INTERROGATORY NO. 6:**   State your educational background and employment history or provide a copy of your current resume as a Response to Document Production Request number 1.

**RESPONSE:** HS, █████████████████ in Michigan and attended █████████ in 2010. Currently works at ███████, 16 years.

**INTERROGATORY NO. 7:**   List the dates of each term you were elected to serve on the PCSSD Board of Education.

**RESPONSE:**   Defendant was elected to the Board of Education when local control over the school district was restored.

**INTERROGATORY NO. 8:**   If you have served in any other political or elected Office, list the dates of service and the Office to which you were elected.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 9:**   If you have been arrested, charged, or convicted of a felony or a crime involving moral turpitude, state the date and location of the incident, the result of each arrest, charge or conviction including, if applicable, the name and address of the court and prison term or fine imposed, if any.

**RESPONSE:**   Separate Defendant objects to the term "moral turpitude" as unclear and ambiguous which renders to Interrogatory incapable of response.

**INTERROGATORY NO. 10:**  Please list all lawsuits or administrative proceedings, including without limitation union grievances, workers' compensation, or disability actions, in which you were a party.  Provide the approximate filing date, the court or tribunal in which the matter was filed.  Supply the names of all parties and attorneys, a general summary of the claims involved, and the ultimate disposition of the dispute or claim.

**RESPONSE:**  Separate Defendant recalls ███ matters related to ███.

**INTERROGATORY NO. 11:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after watching the videos of the nine candidates submitted to the PCSSD Board of Education during the 2018 Superintendent search? If so, when did you receive the Candidate Impression Form?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

**INTERROGATORY NO. 12:**  Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search?  If so, when?

**RESPONSE:**  Yes.  Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed but she cannot be certain and does not recall the document with specificity.

**INTERROGATORY NO. 12a:** List the documents, materials, videos, or communications you received, from whom, when it was received, and indicate if you reviewed it before the March 27, 2018, Executive Session.

**RESPONSE:**  Separate Defendant cannot recall the documents she reviewed with specificity, but would have reviewed anything provided to the Board and nothing else.

**INTERROGATORY NO. 12b:**   Using Attachment A to this set of Interrogatories, indicate the choices you made during the Executive Session on March 27, 2018, to select the finalists for interviews for the position of Superintendent for PCSSD in 2018.

**RESPONSE:**   Separate Defendant vaguely recalls this document, but not with specificity.

**INTERROGATORY NO. 12c:**   To whom did you surrender possession of your Matrix for Reaching Candidate Consensus Form?

**RESPONSE:**   Separate Defendant assumes an agent or representative for Ray and Associates.

**DOCUMENT REQUEST NO. 2:**   If you took a picture or image of your completed Matrix for Reaching Candidate Consensus Form or made a duplicate, provide a copy of it as your response to the plaintiff's document request number 2.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 12d:**   Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos?

**RESPONSE:**   Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed, but Separate Defendant cannot recall with specificity.

**INTERROGATORY NO. 12e:**   Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent.  Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the

comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form.

**RESPONSE:**  Separate Defendant recalls viewing the candidate videos and discussing the candidates.  Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested.

**INTERROGATORY NO. 12f:**  Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists.

**RESPONSE:**  See Response above.

**INTERROGATORY NO. 12g:**  Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview?  If not, why not?

**RESPONSE:**  Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form.  Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the initial candidate video review meeting.

**INTERROGATORY NO. 13:**  At any time before or during the March 27, 2018, Executive Session for selecting the finalists for the position of Superintendent for PCSSD, did you receive email(s), text message(s), note(s), call(s), or other oral, written, or electronic communication(s) asking for your preferences, directing or requesting you to make or agree to any preference or particular choice or choices among the candidates?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 13a:**  If you responded "yes" to Interrogatory number 13, list when you received the communication(s), from whom you received the communication(s), and how you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #3:** If you responded "yes" to Interrogatory number 13, provide a copy of the communication(s) you received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14:**  Before the 5:30 p.m. Executive Session on April 3, 2018, did you receive an email(s), text message(s), note(s), or other oral, written, or electronic communication(s) asking or requesting you to state your vote or position on a particular finalist or to make or consider making any particular choice or choices among the finalists?

**RESPONSE:**  Not that Separate Defendant can recall.

**INTERROGATORY NO. 14a:**  If yes, list when and from whom you received the communication(s)?

**RESPONSE:**  Not applicable.

**DOCUMENT PRODUCTION REQUEST #4:**  If you responded "yes" to Interrogatory number 14, provide a copy of the communication(s) your received.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 14b:**  Did you receive a Candidate Impression Form for submission to the Ray and Associates consultant after interviewing Charles McNulty or Erick Pruitt?

**RESPONSE:**  Per counsel for Plaintiff, not applicable.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: ___**/s/ Cody Kees**_____
      Jay Bequette, #87012
      Cody Kees, #2012118

## <u>CERTIFICATE OF SERVICE</u>

I, Cody Kees, hereby certify that on April 22, 2020, I emailed and mailed the foregoing to the following:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com

By: ___**/s/ Cody Kees**_____
      Cody Kees