IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                         PLAINTIFF

v.                  Case No. 4:19-cv-655-BSM

CHARLES MCNULTY, *et. al*                                                         DEFENDANTS

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR VOLUNTARY DISMISSAL OF ACTION AGAINST SEPARATE DEFENDANTS TINA WARD AND SUPERINTENDENT CHARLES MCNULTY

FACTUAL BACKGROUND

Defendant Tina Ward

In 2017 and 2018, Defendant Ward was a member of the Pulaski County Special School District's ("PCSSD") Board of Education ("Board"). She represented Zone 2 on the Board. Defendant Ward is the current representative of Zone 2. The Board appointed the Dr. Warren Interim Superintendent of PCSSD in July of 2017. Thereafter, the Board engaged a search committee to assist the Board in hiring a Superintendent. Dr. Warren applied for the position of Superintendent.

On March 27, 2018, the PCSSD Board selected three males, two Black and one White, for final interviews. Dr. Warren's qualifications were superior to those of the three male candidates selected. The Board did not invite Dr. Warren to interview. The Board did not give Dr. Warren a reason for not including her as a finalist. The Board did not provide her with an evaluation of her performance as Interim Superintendent. Dr. Warren filed formal charges of sex and race discrimination and retaliation with the Equal Employment Opportunity Commission on

October 1, 2018. She received her right to sue letter dated June 26, 2019, and commenced this action on September 23, 2019.

Defendant Ward, along with the other six members of the Board, was named a defendant in both her official and her individual capacity.  Defendant Ward's deposition was taken on June 15, 2020, and discovery closed on June 24, 2020, in this case.  Dr. Warren's second motion to compel responses by the seven Board members, filed on June 8, 2020, is pending.  None of the nine Defendants have filed a motion for summary judgment.

Discovery in this case indicates that Defendant Ward at all times supported Dr. Warren's role and performance as Interim Superintendent and her candidacy for the position of Superintendent.  The evidence establishes that Defendant Ward did not support the hiring of Dr. McNulty.  The evidence shows that Defendant Ward was not a party to the Board's adverse employment action that discriminated against Dr. Warren and violated her statutory right not to be limited or deprived as an applicant or employee of employment opportunities because of her sex and race.  The evidence also shows that Defendant Ward was not a party to the Board's retaliatory conduct against Dr. Warren's lawful conduct.  When Dr. Warren communicated to PCSSD's attorney and, thereby, the Federal District Court that PCSSD had deviated from the Court's orders and PCSSD's desegregation Plan, Dr. Warren was fulfilling a lawful obligation. Defendant Ward did not participate in the malicious unfounded criticism against Dr. Warren that surrounded the Board's processes, and Defendant Ward was not recklessly indifferent to Dr. Warren's federally protected employment rights.

### Defendant Superintendent McNulty

Defendant Superintendent McNulty is the "executive officer of the PCSSD Board and directs the affairs of the school district." Ark. Code Ann. § 6-13-109 (2020 Edition). As such, he

was sued in his official capacity. Defendant Superintendent McNulty commenced his role as Superintendent on July 1, 2018. Superintendent McNulty's deposition was taken on June 16, 2020. The evidence produced during discovery indicates that Superintendent McNulty has not engaged in conduct adverse to Dr. Warren's employment rights asserted in this case.

## ANALYSIS

Voluntary dismissal, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 41(a)(2) is discretionary and, unless otherwise indicated, operates as a dismissal without prejudice. In pertinent part, Rule 41(a)(2) provides that voluntary dismissal may be had

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. Pro. 41(a)(2).

Of primary importance when considering a voluntary motion to dismiss is prejudice to the defendant given the status of the matter before the Court. See generally, *Blaes v. Johnson & Johnson*, 858 F.3d 508 (8th Cir. 2017); *Kern v. TXO Production Corp.*, 738 F.2d 968 (8th Cir. 1984) (affirming a dismissal of the action after the commencement of the trial); *Page v. Ark. State Univ.*, No. 3:13-cv-00077-KGB (E.D. Ark. April 15, 2015) (identifying the four factors that govern voluntary dismissal under Rule 41(a)(2)). Four factors impact the decision to dismiss without prejudice: the defendant's effort and the expense in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff, insufficient explanation of the need for dismissal, and if a motion for summary judgment has been filed by the defendant. *Page, supra.*

First, neither Defendant Ward nor Superintendent McNulty will be prejudiced by

dismissal without prejudice.  Here, the time and effort and the stage of the case are not problematic.  The defendants have answered but have not filed a motion for summary judgment.  As dictated by the Final Scheduling Order, discovery closed June 24, 2020, and the trial is set for the week of November 16, 2020.  The nine defendants are unlikely to have commenced efforts toward the trial.  If efforts have been invested towards the trial, the dismissal of these two defendants will help narrow the issues; any effort and expense incurred in preparing for the trial is beneficial for the remaining six individual defendants and PCSSD.

Second, any delay in requesting a voluntary dismissal of these two defendants is a byproduct of the seven individual Defendants' delay and failure to respond appropriately to discovery. See Plaintiff's first (dkt. #12) and second (dkt. #18) Motions to Compel.  Dr. Warren has pursued discovery with diligence and the protection of her rights aggressively.

Third, the facts unearthed from the depositions and discussed above support the conclusion that these two defendants should be dismissed.  However, there is a slight possibility that the Defendants Ward and Superintendent McNulty might be brought back into this action.  The seven individual Defendants used standardized, uniform responses to Dr. Warren's First Set of Interrogatories. See Plaintiff's Second Motion to Compel (dkt#18). Phone records requested by Dr. Warren in her First Set of Requests for Document Production served on January 16, 2020, were only produced between June 17, a day after Plaintiff's scheduled depositions, and June 24, 2020, close of discovery.  Dr. Warren's counsel is review of this evidence.  Consequently, the possibility remains that these additional disclosures may warrant one or both of these two defendants being brought back into this litigation.

Fourth, the defendants have not filed a motion for summary judgment.  More importantly,

neither Defendant Ward nor Defendant Superintendent McNulty has incurred any financial loss or expense in participating in this litigation. Both are represented by the same legal counsel as the remaining six individual defendants and PCSSD. All motions and other filings filed on Defendant Ward's behalf were filed jointly with the remaining six individual defendants. Similarly, all motions and other filings filed on behalf of Superintendent McNulty were also filed for PCSSD. Furthermore, PCSSD is obligated by statute to bear the cost and expenses incurred by Defendant Ward when sued for action taken as a member of the Board and Defendant Superintendent McNulty when sued in his official capacity. Ark. Code Ann. § 6-13-623 (2020). Dismissal is proper here without conditions being imposed on Dr. Warren.

## CONCLUSION

Therefore, Plaintiff requests this Court to enter an Order of the dismissal of Defendant Ward in both her official and individual capacities and Defendant Superintendent McNulty, without prejudice and without the imposition of conditions.

Respectively submitted this 23rd day of July 2020,
Sarah Howard Jenkins
AR Bar No. 97046
Attorney for the Plaintiff
SARAH HOWARD JENKINS, PLLC
P.O. BOX 242694
Little Rock, AR 72223
Telephone No. (501) 406-0905
sarah@shjenkinslaw.com