RECEIVED

APR 1 1 2018

HUMAN RESOURCES

# SUPERINTENDENT'S CONTRACT
## Pulaski County Special School District

### July 1, 2018 to June 30, 2021

The Board of Directors of the Pulaski County Special School District (hereinafter "Board") and Charles McNulty (hereinafter "Superintendent") agree:

1.  **Employment.**  The Board agrees to employ the Superintendent as Superintendent of the Pulaski County Special School District ("District") for the period July 1, 2018 ("Effective Date") to June 30, 2021 ("Termination Date"), who shall serve as the District's chief administrative officer, and perform all duties and possess all powers granted by applicable Arkansas law, rules or regulations, and Board policy, until such time as this Agreement expires or is terminated, as provided in paragraphs 13 or 14.  The Superintendent agrees to accept the employment and faithfully discharge the duties incident to it.  During the term of this Agreement, the Superintendent agrees to devote his full attention to the performance of these duties, and will perform no other gainful employment or profession.

2.  **Compensation.**  The salary to be paid to Superintendent effective July 1, 2018, shall be at an annual rate of $205,000.00 prorated over the term of this 244-day annual contract until it terminates and payable in twenty-six (26) equal biweekly installments.  In addition, for each full school year during which Superintendent is employed by Board, the District will purchase a $10,000.00 annuity for the Superintendent.  The salary for the period July 1, 2018 to June 30, 2021 will be fixed by the Board prior to July 1, 2018, and the period July 1, 2019 to June 30, 2020 will be fixed by the Board prior to July 1, 2019.  Effective each July 1 during the term hereof, the salary to be paid to Superintendent shall be increased by the sum of the increase in the base salary schedule of any employee group in the District, if any, and an amount equal to the experience step awarded to the District's certified personnel.  The salary in each of these years will not be at a lesser annual rate than the prior year and shall be paid from State and local funds distributed to the Pulaski County Special School District, its successors, or assigns, if any.

3.  **Duties.**  The Superintendent shall have, subject to the control and regulations of the Board and all other applicable laws and regulations, full authority in connection with the operation of the Pulaski County Special School District, the education program of the Pulaski County Special School District, and all other matters pertaining thereto. The Superintendent shall perform such duties as shall be inherent in and necessary for the efficient discharge of his position



PLAINTIFF'S
EXHIBIT

36

as the Superintendent of the Pulaski County Special School District. During the term of this Agreement, the Superintendent agrees to devote full time to the performance of his duties as set forth under this Agreement to the exclusion of any other gainful employment or profession, and as further consideration therefore, is granted a three-year contract.

4. **Fitness for Duty.** The Superintendent represents that he is fully qualified to serve as Superintendent, and is fit and able to perform all physical and intellectual duties of the office.

5. **Professional Development and Activities.** Superintendent is encouraged and expected to participate in professional activities that will tend to enhance his professional competence and keep him abreast of developments in education and educational administration and his reasonable expenses incident to such activities including meetings, workshops, seminars, and other such programs; and his dues in professional organizations will be reimbursed. Superintendent is also encouraged and expected to participate in community and civic activities, and the District shall pay any membership fees and reasonable incidental expenses incurred by Superintendent in connection with such participation. Expenses incurred by the Superintendent, up to twenty-four hundred dollars ($2,400.00) per year during the term of his contract, will be reimbursed.

6. **Physical and Professional Conditions.** The parties hereto agree that there shall be filed in the records of the District an official transcript of the Superintendent's post-secondary course work; proof of his date of birth; a current, valid teaching license of the highest grade attainable with college credit; an Arkansas superintendent license; and any other documents necessary to comply with state and federal law. The Superintendent shall be responsible for maintaining his license in good standing for the duration of this Agreement. Any disciplinary suspension of the Superintendent's license by the Professional Licensing Standards Board shall constitute a material breach of this Agreement. In accordance with law and the regulations of the Arkansas State Board of Health, the Superintendent shall also file annually a certificate issued by a licensed physician reflecting his condition of physical and mental health. The Board shall bear the expense of the Superintendent's annual examination.

7. **Related Employees.** The Superintendent represents to the Board that he is not related to any member of the Board within the degrees prohibited by the laws of the State of Arkansas.

-2-

8. **Vacation, Sick Leave, Employment Benefits and Travel Reimbursement.** During the term hereof, Superintendent shall receive or participate in the benefits provided generally to all administrative employees of the District on the same basis as available to those staff members, including, but not limited to, health and life insurance, vacation leave, sick leave, and retirement benefits, and to such other benefits as may from time to time be approved by the Board of Education. For example, effective July 1, 2018, Superintendent shall be credited with twelve (12) days each of vacation days and sick days, and two personal days per year. Upon separation from the District, Superintendent shall be paid for any unused annual accrued or vacation leave at his then prevailing daily rate of pay. The Board shall also reimburse the Superintendent for travel expenses incurred in the course of his professional duties, including reimbursement in the amount of $0.42 per mile.

9. **Moving and Relocation Expenses.** The Superintendent agrees to relocate and continuously reside within Pulaski County, Arkansas as a term and condition of his employment by the Board. The Superintendent may submit paid receipts for moving and relocation expenses, including expenses incurred while searching for an appropriate dwelling, expenses for packing materials, movers, rental of moving vans or equipment, not to exceed $7,500.00.

10. **Incentive Payments.** The parties shall memorialize by supplemental or separate agreement an incentive payment plan based on the achievement of mutually agreed goals.

11. **Equipment.** The Superintendent shall use school owned and provided technology for school and business-related purposes, as well as for personal use; however, this use shall not conflict with any school district policy concerning technology or internet use.

12. **Disability.** In the event the Superintendent shall be disabled and unable to perform his duties under this Agreement by reason of sickness, accident, or other cause beyond his control and such disability continues for more than thirty (30) days, the Board may terminate this Agreement. In the event of termination due to disability, the Superintendent shall continue to receive the salary provided for under paragraph 2 of this Agreement for a period of six (6) months from the date the Superintendent becomes disabled and has exhausted any sick leave available to him under paragraph 8 hereof. The Board's decision and determination as to the disability of the Superintendent shall be final.

13. **Evaluation and Termination for Cause.**   The Board shall evaluate the Superintendent at least annually, using the last adopted evaluation instrument for the Superintendent, or the evaluation instrument required by law, if one exists.   If the Board does not use an evaluation instrument, but votes to extend the Agreement of the Superintendent, that vote shall constitute an evaluation of the Superintendent's job performance.   The failure of the Board to evaluate the Superintendent or to extend the Agreement of the Superintendent into the future as an evaluation of the Superintendent shall not constitute a material breach of this Agreement.

The Board shall have the right to terminate this Agreement for good cause.   In the event the Board exercises such right, the Board shall follow the procedures provided by Ark. Code Ann. §§ 6-17-1501, *et seq.*, and any supplementary or amending act of the General Assembly of the State of Arkansas in effect at such time.   While the parties to this Agreement agree that the Arkansas Teacher Fair Dismissal Act is neither relevant nor controlling as it relates to the termination of a superintendent, notice to the Superintendent shall be provided, and an opportunity to a hearing modeled after the hearing provisions in the Arkansas Teacher Fair Dismissal Act shall be provided in the event that a majority of the Board votes to initiate termination proceedings for material breach of this Agreement, or other just cause.   The decision of the Board shall be final. In the event of termination hereunder, the salary and benefits of the Superintendent shall terminate immediately.

14. **Early Termination.**   Prior to June 30, 2021, this contract may be terminated by either party at any time with or without cause.   A termination of the contract by Superintendent shall be accomplished by Superintendent providing the Board with thirty (30) days' written notice. During the thirty (30) day notice period, Superintendent shall continue to faithfully report to work and fully perform his duties, unless expressly excused therefrom in writing by the Board.   In the event of termination of the contract by Superintendent, the District shall not continue to compensate Superintendent after the effective date of termination.   A termination of the contract by the Board without cause shall be accomplished by written notice of the termination from the Board to Superintendent. Such notice of termination may be effective immediately or upon a stated date no greater than thirty (30) days in the future.   Superintendent shall be excused from reporting to work and performing any duties for the District after the effective date of termination, but the District shall continue to compensate Superintendent after the effective date of its early termination

of the contract at the contract rate of pay for twelve (12) months after the effective date of termination; however, an early termination of this contract by the Board during the last twelve (12) months of the three year term shall result in the District continuing to compensate Superintendent for only so much of the three year term as remains after the effective date of the early termination.

15.    **Suspension.**   If, by majority vote, the Board votes to suspend the Superintendent from the performance of his duties under this Agreement, the Superintendent will surrender all school district property, with the exception of his school-owned cell phone, and shall remain available to the school district for consultation, advice and return to duties.   Every day that the Superintendent is not available to the school district shall be accounted for as a vacation day, or, if appropriate documentation from a physician is presented and subject to district policy, a sick day.   If a suspended Superintendent wishes to accept other employment during a term of suspension, to resign from his Agreement, or to retire as the word is defined by the Arkansas Teacher Retirement System, the Board agrees to immediately release him from his contractual obligation to be available to the district.   At the end of sixty (60) consecutive days of paid suspension, unless the Agreement has expired on its own terms, the Superintendent will be recalled to duty, if the Board has not terminated him for cause as provided for in paragraph 13.

16.    **Waiver.**   The failure of either party to insist, in any one or more instances, upon performance of any of the terms or conditions of this Agreement shall not be construed as a waiver of relinquishment of any right granted hereunder or of the future performance of any such terms or conditions, but the obligations of either party with respect thereto shall continue in full force and effect.

17.    **Severability.**   In case any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18.    **Entire Agreement.**   This instrument contains the entire Agreement of the parties. It may not be changed orally, but only by an agreement in writing signed by all parties hereto.

19.    **Indemnification; Legal Representation.**   The District shall indemnify and hold the Superintendent harmless from and against any claims, actions, suits and proceedings at law or equity brought against Superintendent in his capacity and arising out of his reasonable and lawful actions as Superintendent and employee of the Board; provided, however, that the District reserves

-5-

the right to select such counsel to represent the Superintendent subject to the Superintendent's consent, such consent not to be unreasonably withheld.

20.     **Governing Law.**  This Agreement shall be governed by the laws of the State of Arkansas.

21.     **Amendment.**  This Agreement cannot be amended, modified or revised unless done in writing and signed by the Board and the Superintendent.

22.     **Binding Effect.**  The terms and conditions contained in this Agreement will bind and inure to the benefit of the parties, their respective heirs, executors, administrators, successors and assigns.

23.     **Background Check.**  This Agreement is contingent upon the Superintendent passing a background check in the sole discretion of the Board.

**IN WITNESS WHEREOF,** the parties have executed this Agreement on April ___, 2018, to become effective July 1, 2018.

**PULASKI COUNTY SPECIAL**
**SCHOOL DISTRICT**                              **SUPERINTENDENT**

By: _____              _____
        President of Board                                   Charles McNulty

By: _____
        Secretary of Board

Z:\PCSSD\Superintendent's Contract (McNulty).docx