Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

## Plaintiff's Analysis of Defendants' Exhibit I & Exhibit H[1]
Pursuant to Fed. R. Evid. 601, 802 - 807

| Entry # | Statement Content | Linda Remele Has Personal Knowledge of the Fact | | Hearsay | | Within an Exception to Rule 802 | | Admissible in form presented | | Statement Content is a False Accusation, Mischaracterization of the Facts (M), or unknown (U) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Yes | No | Yes | No | Yes | No | Yes | No | |
| 1 | "Hired on July 18" | X | | X | | X | | | X | True |
| 2 | "On July 19, I hear she is having paneling in Superintendent's office-later find out it was removed" | | X | X | | X | | | X | M |
| 3 | "August 28 attend a meeting with Dr. Warren and Will Reid to preview pictures of Mills and Robinson athletic facilities. I already have an appointment to go see Robinson that afternoon since I would not be there to attend the grand opening on the 31st. I go to meals immediately after the meeting. I asked dr. Warren to hold off notifying the rest of the board until I can see the issue for myself." | X | | X | | X | | | X | True |
| 3 | "She disregards me request and immediately called the rest of the board to come in to see slides." | | X | X | | X | | | X | false |
| 4* | "Email of supplemental report to court sent to board on September 5th. This was filed without board input and Dr. Warren represented it numerous times to Sam Jones that the board supported this document. The majority of the board was unaware of the creation of this document." See P. Ex.18 | | X | X | | X | | | X | false |

[1] Before the filing of Defendants' Motion for Summary Judgment, Defense counsel was provided evidence that contradicted the allegations bearing an asterisk. The inclusion of these allegations in the Defendants' Motion for Summary Judgment raises an issue of counsel's breach of Fed. R. Civ. Pro. 11.


PLAINTIFF'S EXHIBIT 45

Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

| # | Statement | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | "We were never forwarded the original court document filed a week earlier by Sam Jones." | X | | X | | | X | | X | | true |
| 6* | "Email dated September 6th indicates Sam got it to you right before it was filed but you had been working on several draft of the document for at least four days prior to sending it to us." See P. Ex. 18 | | X | X | | | X | | X | false | |
| 6 | "I called you on the morning of September 5th and you said you were meeting with Sam right then to draft a response. I specifically asked if I could help and you quickly said NO. That I had helped enough when I told you the date the CAB heard the first report on Robinson." | X | X | X | | | X | | X | | M |
| 6 | "You chose not to include anyone on the board in the writing of the report." | | X | X | | | X | | X | false | |
| 6* | "You also met with John Walker at 2 p.m. to let him see the report prior to sending it out to the board later on September 5th." | | X | X | X 801(d)(2) | | X | | X | false | |
| 7 | "September 12 in executive session the board reminds you that you are interim and just to keep the ship afloat. Not make major changes and not remodel offices." | X | | X | | | X | | X | | true |
| 7 | "You respond by telling us how we won't find a better superintendent than you." | X | | | | | | X | X | | true |
| 8 | "Sept 22 I hear you have purchased and installed new furniture in your offices." | | X | X | | | X | | X | | true |

Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

| # | Quote | C1 | C2 | C3 | C4 | C5 | C6 | T/F | U |
|---|---|---|---|---|---|---|---|---|---|
| 8 | "I call you and tell you as a friend that the board as a whole would not be happy with this as we told you not to remodel" | X | | X | | X | X | | U |
| 8 | "and I suggested you send the furniture back." | X | | X | | X | X | true | |
| 8 | "You said you didn't think you could" | X | | X | | X | X | | U |
| 8 | "and I assured you the company would take it back" See P. Ex. 15 | X | X | X | | X | X | | U |
| 8 | "as they do a huge volume of business with us" | X | | X | | X | X | | U |
| 8 | "and want to continue outfitting three new schools." | X | | X | | X | X | | U |
| 9 | "Sept 25 you invite several of the board members into your office to see the new furniture" | X | | X | | X | | true | |
| 9 | "and explain that it was the superintendent's office turn to be remodeled." | X | | X | | X | X | true | |
| 9 | "This was not true." See P. Ex. 15 | | | X | | X | X | | |
| 9 | "The office had already had new carpet put down." | X | X | X | | X | X | true | |
| 9 | "and been updated" | | X | X | | X | X | false | |
| 9 | "The new furniture was an unnecessary expense" | | X | X | | X | X | false | U |
| 9 | "and even if Derek Scott suggested it in trying to win your favor you should have been a wise Steward of the district's money and declined any new purchases as an interim supt." | | X | X | | X | X | | U |
| 10 | "During preservice days in August it became apparent that you were moving all testing responsibilities to the media specialists." | | X | X | | X | X | true | |
| 10 | "I talked to you about this and" | X | X | X | | X | X | true | |
| 10 | "you said you would check on it." | X | | | X 801(d)(2) | X | X | true | |
| 10 | "This resulted in the LaJuana Green agreeing to the counselors accepting responsibility for the summative assessments only." | | X | X | | X | X | true | |

Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 10 | "Media specialist still would do the majority of the testing." See P. Ex. 15 | X | X | | X | X | false | | |
| 10 | "When I suggested closing the media centers for training and testing was an unacceptable idea" | X | X | | X | X | | | M |
| 10 | "you said we would hire subs for the media specialist." | X | | X 801(d)(2) | X | X | | true | |
| 10 | "This unnecessarily increases the cost of our substitute and our budget for Subs." See P. Ex. 15 | X | X | | X | X | false | | |
| 10 | "We do not hire subs for counselors. In past times counselors dealt with many mental health issues of students but currently all schools have a mental health provider and most cases are referred to them. The counselors have the time to deal with testing. Media specialist are already the technology person in the school and with the one-on-one initiative that takes a lot of additional time without the added burden of all the testing." Objection: Rule 401 | | X | | X | X | | true | |
| 11 | "You said the 4 high schools would continue to hire a testing coordinator." | X | | X 801(d)(2) | | | | true | |
| 11 | "As of the meeting on Nov 2 I believe all 4 high schools have a testing coordinator but that has not relieved the media specialist at those 4 high schools of the testing responsibility." | | X | X | X | X | | | M |
| 11 | "The newly hired coordinators are on contract and working but have been told to only take over a helping role and the media specialist is still the responsible person for testing up until the summative testing and then they will be in charge of the testing." See P.Ex. 15 | | X | X | X | X | false | | |
| 11 | "This is another COST item. We are paying for 4 testing coordinators who are not coordinating testing until April." See P.Ex. 15 | | X | X | X | X | false | | |

4

Prepared by Sarah Howard Jenkins  
Ark. Bar #97046  
September 9, 2020

| Page | Statement | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | "You were hired in 2012-13 school year as the Elem Dir. At the end of that year you assume the additional role of assistant superintendent for desegregation. That means you are beginning your 6 year as an employee of pcssd." | X | X | | X | | X | | | true | M |
| 12 | "On Oct 31 you refer to yourself as an outsider in a construction meeting. 6 years is no longer an outsider. You have been in a position of authority as assist supt for deseg for 4 years." | | X | | X | | X | false | | |
| 12 | "You are partially responsible for any disparity in the building of Mills. This was your job to see the district followed Plan 2000." Objection: Rule 701 | | X | X | | X | | X | false | | |
| 12 | "On Nov 1 you had a principals meeting where you tell them that they have not been following Plan 2000. If that is true then it is your fault as that was your job." | | X | X | | X | | X | false | | |
| 12 | "You cannot blame other people for PCSSD being out of compliance with plan 2000 for the past four years." | | X | X | | X | | X | false | | |
| 13 | "At summer administrator meetings you tell the principles it was unacceptable that we did not have higher academic achievement." | | X | X | | X | | X | | true | |
| 13 | "Once again, you have been the Elementary Director for 5 years" | X | X | X | | X | | X | | true | |
| 14* | "and you bear the burden of raising student achievement." Objection: Rule 701 | | X | X | | X | | X | false | | |
| 14* | "On Wed Oct 25 a potentially dangerous situation occurred at SH Freshman Academy." See P. Ex. 19 | X | X | X | | X | | X | false | | |
| 14* | "The board was not notified of this" | X | X | X | | X | | X | false | | |
| 14* | "and had to hear it from the community later that night." | | X | X | | X | | X | | | U |

Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

| # | Statement | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 14* | "I called you about it on Thursday to see why we were not notified and why Freshman Academy and Cato were not placed on lockdown." | X | | | | X | | true |
| 14* | "You indicated you had just heard the details that morning" | X | X | | | | | true |
| 14* | "That it is not true and should not be true. Your staff should keep you aware of any potential threat to students and staff and I know they did." | | X | X | | X | | |
| 14* | "You did not choose to inform the Board and did not question why the schools were not placed on lockdown once it was determined a threat have been made against a school." See P. Ex. 19 | | X | X | | X | | false |
| 14* | "11/14/17 ordered a hundred and fifty imprinted umbrellas for central office staff to give as Christmas gifts." See P. Ex. 15 | | X | X | | X | | false |
| 15 | "Cost of $2,436.84" See P. Ex. 15 | | X | X | | X | | true |
| 15 | "was told it would be an audit finding as you can't do that with taxpayer dollars." See P. Ex. 15 | | X | X | | X | | M |
| 15 | "Dr. Warren said she was told it was not an audit finding" See P. Ex. 15 | X | | X 801(d)(2) | | X | X | M |
| 15 | "I know she was told exact opposite." | | X | X | | X | | M |
| 16 | "11/14/17 Told to stop hiring subs for an administrator when there is another administrator in the building." | X | | X | | X | | true |
| 16 | "She said this was past practice." | X | | X 801(d)(2) | | X | X | true |
| 16 | "I reminded her it was not practice when we were both in the district." Objection: Rule 401 | X | X | | | X | | true |
| 17 | "11/14/17 Questioned about trip to Kansas City." | X | X | | | X | | true |

6

Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

| # | Statement | | | | | | |
|---|---|---|---|---|---|---|---|
| 17 | "She said ADE told them to visit and those going where Tackett, Reid, Altschul, Burgess and Whitfield" | X | | | X 801(d)(2) | | X | true |
| 17 | "She failed to tell us that she and Clayton were also going." | X | | X | | | X | false |
| 17 | "Also pretty sure ADE did not have them on a list to visit." Objection: Rule 701 | X | X | X | | | X | |
| 17 | "We explained the perception of all these trips when we have no money." | X | X | X | | | X | false | U |
| 18 | "11/14/17 told her to stop hiring Cherrie Johnson" | X | | X | | | X | true |
| 19* | "11/14/17 told her to start following policy on overtime and" | X | X | X | | | X | |
| 19* | Inference: Dr. Warren was not following Overtime Policy | X | X | X | | | X | false | |
| 19* | "it must be approved prior to it being taken" | X | X | X | | | X | true |
| 19* | Inference: Overtime is not being approved before it is being taken | | X | X | | | X | false |
| 20 | "4 district admin show up for the ASBA[2] conference in Jan." | X | | X | | | X | true |
| 20 | "It was not a joint conference" | | X | X | | | X | true |
| 20 | Inference: District administrators were ineligible to attend | | X | X | | | X | |
| 21 | "Slush fund comment in board meeting about fund balance" Objection: Rule 401 | X | | X 801(d)(2) | | X | | U |
| 22* | "Handling of issue at Robinson HS with gun. No police and AP chewed out for doing the right thing". See P. Ex. 56 | | X | X | | | X | false | |
| 23 | "Lance Levar issue" | | X | X | | | X | | U |

---

[2] ASBA, Arkansas School Board Association.

Prepared by Sarah Howard Jenkins
Ark. Bar #97046
September 9, 2020

| 24 | "Repeatedly berating the principals for perceived building discrepancies at Mills and Rob" | X | X | | | X | | X | false | |

# SWORN DECLARATION

STATE OF ARKANSAS
PULASKI COUNTY

Before me, the undersigned Notary, _Therese M Cheatham_, on this 9th day of September 2020, personally appeared Sarah Howard Jenkins, known to me to be a creditable person and of lawful age, who being first duly sworn by me, on her oath deposes and says:

On September 9, 2020, I compiled the attached Evidentiary Summary of Defendants' Exhibit I and corresponding Deposition testimony by Dr. Linda Remele, in Defendants' Exhibit H.

_____
Sarah Howard Jenkins
Ark. Bar # 97046
PO Box 242694
Little Rock, AR 72223

Subscribed and sworn to before me this 9th day of September, 2020

_____
Therese M. Cheatham
Notary Public

My commission expires: 06/23/2025, 2026