Created by Sarah Howard Jenkins
Ark. Bar #97047
created on or before May 23, 2020

# DEFENDANTS' IDENTICAL RESPONSES TO INTERROGATORIES 12, 12d, 12e, 12f, & 12g
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

| Board Member | Question 12: Did you receive a Matrix for Reaching Candidate Consensus Form for the nine candidates submitted by Ray & Associates during PCSSD's 2018 Superintendent search? If so, when? | Question 12d: Were the eleven (11) published qualifications for the position of Superintendent discussed by the Board on March 27, 2018, before, after, or during the Board's viewing of the nine candidate-videos? |
|---|---|---|
| Alicia Gillen | Separate Defendant recalls completing the matrix after reviewing the videos and did not discuss her rankings with other board members. Separate Defendant also recalls 5 this matrix helped with the overall discussion by the Board. Separate Defendant believes when she completed the matrix she returned it to the packet and it was given to Ray and Associates. | Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed |
| Eli Keller | Yes. Separate Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed. | Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed. |
| Mike Kemp | Separate Defendant is not certain | Separate Defendant cannot recall. |
| Brian Maune | Yes. Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed. | Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed. |



1

Created by Sarah Howard Jenkins
Ark. Bar #97047
created on or before May 23, 2020

| | | |
|---|---|---|
| Linda Remele | Yes. Separate Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed. | Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed. |
| Shelby Thomas | Yes, during the interview process when the videos of candidates were reviewed. | Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed. |
| Tina Ward | Yes. Defendant believes the matrix was provided at the board meeting when candidate video submissions were reviewed but she cannot be certain and does not recall the document with specificity. | Qualifications for the position of Superintendent would likely have been either part of discussion or part of individual board member's considerations, or possibly both, during the entire selection process, including the meeting when candidate videos were viewed, but Separate Defendant cannot recall with specificity. |
| Board Member | **Question 12e:** Describe the Board's March 27, 2018, discussion of the eleven (11) published qualifications for the position of Superintendent. Include in your description when the eleven qualifications were discussed, who made comments, the comments you recall, the comments you made, and how the discussion influenced your completion of the Matrix for Reaching Candidate Consensus Form. | **Question 12f:** Describe the process followed by the Board on March 27, 2018, to view the videos and to reach a decision on three finalists. |
| Alicia Gillen | Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested. | See response above. (Referring to Question 12e) |

2

Created by Sarah Howard Jenkins
Ark. Bar #97047
created on or before May 23, 2020

| | | |
|---|---|---|
| Eli Keller | Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested. | See response above. (Referring to Question 12e) |
| Mike Kemp | Separate Defendant cannot recall. | See response above. (Referring to Question 12e) |
| Brian Maune | Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee, Defendant does not recall the specific details as requested in Interrogatory No. 12e, as requested. | See response above. (Referring to Question 12e) |
| Linda Remele | Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested. | See response above. (Referring to Question 12e) |
| Shelby Thomas | Separate Defendant recalls viewing the candidate videos and discussing the candidates and that ultimately three finalists were invited to interview with the committee. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested. | See response above. (Referring to Question 12e) |
| Tina Ward | Separate Defendant recalls viewing the candidate videos and discussing the candidates. Defendant does not recall the specific details as request in Interrogatory No. 12e, as requested. | See response above. (Referring to Question 12e) |

Created by Sarah Howard Jenkins
Ark. Bar #97047
created on or before May 23, 2020

| Board Member | Question 12g: Did you choose Dr. Janice Warren as a preference among the nine (9) candidates for an interview? If not, why not? |
|---|---|
| Alicia Gillen | Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form. Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial [sic] candidate video review meeting. |
| Eli Keller | Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form. Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial [sic] candidate video review meeting. |
| Mike Kemp | Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the Matrix for Reaching Candidate Consensus Form. Nonetheless, Separate Defendant recalls that Dr. Warren was not awarded an interview after the intial [sic] candidate video review meeting. |
| Brian Maune | Separate Defendant objects to the Interrogatory to the extent it implies the Separate Defendant was supposed to choose a "preference" after viewing the candidate interviews, as Separate Defendant is not clear if that was what was required of the |