# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JANICE HARGROVE WARREN**            **PLAINTIFF**

v.            No. 4:19-cv-00655-BSM

**CHARLES MCNULTY, et al.**            **DEFENDANTS**

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Plaintiff, by and through her attorney Sarah Howard Jenkins, PLLC, responds to Defendants' Motion to Strike and states:

1. Plaintiff admits that Defendants timely filed their Motion for Summary Judgment, Dkt. ##27-29;

2. Plaintiff admits that her response was due August 26, 2020;

3. Plaintiff admits that she timely filed a Motion for an Extension of Time to respond to Defendants' motion and that Defendants did not oppose the Motion for an Extension, Dkt. #34;

4. Plaintiff admits that this Court granted Plaintiff's Motion for an Extension and entered an Order extending the time for filing her Response to September 9, 2020, Dkt. #35;

5. Plaintiff denies that her Response in Opposition to the Motion, Response to the Undisputed Statement of Facts, and Brief in Opposition were filed at 12:01 a.m. on September 10, 2020. The U.S. District Court for the Eastern District of Arkansas Notice of Electronic Filing Records provides that the documents were filed on 9/9/2020, and were entered on

1

9/10/2020 at 0:00 AM.  See Exhibit 1.  Plaintiff's filing was timely and, more importantly, Defendants were not prejudiced.  This filing was Plaintiff's counsel's first response to a Motion for Summary Judgment with 75 exhibits after a 32-year hiatus as a practitioner.  As is evident, counsel was unfamiliar with the Court's system for responding to a Motion for Summary Judgment.  Plaintiff's counsel commenced the filing of Plaintiff's Response between 11:40 and 11:50 p.m. as one filing without knowing that each of the responsive pleadings should have been a separate filing; the Response to Undisputed Statement of Facts and the Brief in Opposition were attached to the Response, Dkt. #36.  This was the first technical error.  Plaintiff admits that starting the filing earlier might have minimized some of the confusion.

  After filing Plaintiff's Response in Opposition to the Motion, Response to the Undisputed Statement of Facts, and Brief in Opposition as one filing, Plaintiff's counsel commenced a separate filing of the 75 exhibits.  Counsel selected exhibit #1 as the main document to avoid a second filing of the Response as the main document.  This was technical error #2.  Plaintiff's counsel decided to test the submission of her exhibits, submitted 28 exhibits, and received an error message identifying exhibit #1 as the problem.  Counsel then corrected the first attempt at filing the 28 exhibits by substituting a smaller exhibit, without recording its number, for exhibit #1 as the main document. The system accepted the filing of those exhibits at :18 AM on September 10, 2020, Dkt. #37.  Concluding, incorrectly, that the problem with exhibit #1 was its size, Plaintiff's counsel then continued by filing a second smaller batch of exhibits including exhibit #1 as the main document.  The system rejected the filing with an error message identifying exhibit #1 as the problem.  Again, counsel substituted a smaller randomly selected exhibit, without recording its number, as the main document and submitted thirteen more exhibits; these were accepted at :35 AM, Dkt. #38.  Counsel submitted ten more exhibits that

were accepted 2 AM, using an exhibit as the main documents.  Before beginning the fourth and final portion of the exhibits, wisdom counseled against continuing without consulting with the Clerk's office.  This process seemed incorrect.

      6.      Plaintiff's counsel spent the balance of September 10, 2020, seeking to determine if size of exhibit #1 was the problem.  Counsel determined that exhibit #1 was two-sided and that was likely the problem; counsel reduced the size of the exhibit and converted it to a one-sided document.  Counsel then reviewed the seventy-four remaining exhibits to determine if others were problematic.  To prepare for consulting with the Clerk's Office, counsel needed to determine the identity of the exhibits that were randomly selected in substitution for exhibit #1.  Did those need to be refiled?  On Thursday, September 10, 2020, at 5:51 p.m. defense counsel emailed Plaintiff's counsel recommending that the Clerk be consulted regarding the names of the documents and the ordering of the exhibits:

> Have you contacted the Clerk to correct the naming of your documents and the order of the exhibits? The exhibits are so out of order I cannot decipher what went wrong to try and correct it for my purposes. I expected the Clerk would automatically correct the docket today, but I did not see anything.
> It is impossible for me to start a reply given that your exhibits don't match the ECF docket number, coupled with the way you filed everything.
> Can you see if the Court plans to correct the docket or will you send me an exhibit index? Thanks.

Exhibit 2.  In his email, defense counsel makes no mention of prejudice and no assertion of a potential motion to strike Plaintiff's response.  Plaintiff's counsel emailed an apology and consented to an extension at 6:57 p.m., promising to have everything corrected on September 11,

3

2020. Defense counsel at 7:05 p.m. replied, "Thanks!" Exhibit 2. Defendants Reply was due September 16, 2020. They sought an extension without opposition to September 25th, nine (9) additional days to Reply, Dkt. #44. This Court granted the motion for an extension, Dkt. #45.

7. Plaintiff's counsel representation to the Court on September 11, 2020, was *not* false. Plaintiff's counsel conferred by telephone with the Office of the Clerk of the Court to determine those steps needed to correct: 1) the filing of the exhibits, 2) the initial filing of the Response as a single document with attachments, and 3) to change the designation of the Response to "in opposition to" rather than "in support of the motion." The incorrect designation was chosen from the pulldown list. After getting instructions on these technical issues, counsel informed the Clerk's office of the need for exhibit numbers in the Brief in Opposition and the Response to the Undisputed Statement of Facts and asked if an amended filing was necessary to add these. No amended filing was required; these could be inserted. An email followed the telephone call to the Office of the Clerk. See Exhibit 3. To minimize defense counsel's inconvenience and facilitate his Reply, Plaintiff's counsel corrected the filing of exhibits first, including all 75 of them in proper order as an addendum as directed by the Clerk's office (Dkt. #40).

8. Plaintiff's response Brief of September 11, 2020, included the omitted exhibit numbers. Plaintiff's counsel also reordered a responsive argument as three separate parts rather than as one argument to mirror Defendants' ordering of their arguments. Plaintiff's counsel added an introduction to two of the reorder parts and expounded briefly for clarity.

9. Plaintiff admits non-substantive changes for ease of reading were made such as the addition of page numbers to "supra" citations, consistent usage of short form case names, definitions to create short form exhibit names, use of short form exhibit names, and several

typographical corrections such as deletion of unnecessary space or commas.  Review of Defendants' Comparison exhibit indicates that their complaint is without merit.  Defense counsel did not start his Reply but waited from 5:15 p.m. on the 10th to 1:11 p.m. on the 11th for the corrected submissions.  See Exhibit 2, p. 1.

10. Plaintiff denies that her response was late; Plaintiff admits that it was resubmitted on September 11th; and denies any misrepresentation to this Court.  The resubmission was to correct the numerous technical errors and, with permission, to add exhibit numbers.

11. Plaintiff did not request a second extension in time because the initial filing was timely, permission was granted to add exhibit numbers, and any other changes were insubstantial, de minimis changes to facilitate the review of the document by the Defendants and this Court.  Plaintiff's Brief is substantially the same document.

12. Plaintiff's Response was timely, the substantial portion of her exhibits, 55%, were filed within 35 minutes of the deadline and the balance held to avoid further confusion of the record. At 1:11 p.m. on September 11, 2020, all 75 of the exhibits were filed as an addendum in perfect chronological order (Dkt. #40).  Plaintiff acted diligently in good faith and her initial filing was timely; the corrective resubmissions were made 38 hours or approximately a day and half after the timely filing; defendants have not asserted prejudice and, with a nine-day extension, have not experienced, argued, or shown any prejudice. Rather, they advocate for rigid adherence to procedure to avoid a resolution on the merits and the truth of the claims asserted. See, generally *Taylor–Shaw v. Bestway Rent to Own*, 2010 WL 1416536 (E.D. Ark 2010) (despite a 30-day delay in responding to request for admissions, justice would not be served by granting summary judgment based on a single instance of failing to respond in a timely fashion when no apparent prejudice to the defendant).

Plaintiff's claims and her defense to the Motion to Strike are meritorious. She established a prima facie case with substantial evidence and asserted facts that support a conclusion that intentional discrimination motivated the Defendants' conduct and that the alleged legitimate nondiscriminatory reasons were pretextual. Defendants do not have admissible evidence that establishes a legitimate nondiscriminatory reason for their conduct. Defendants' Motion to Strike and their Motion for Summary Judgment should be denied. *Doug Feeney v. AT & E, Inc.*, 472 F.3d 560 (8th Cir. 2006) (8-day delay coupled with an inadequate explanation for the delay but the existence of a meritorious defense a relevant factor for determining response was timely*)*.

WHEREFORE, Plaintiff requests this Honorable Court to deny Defendants' Motion to Strike and to deny Defendants' Motion for Summary Judgment.

Respectfully submitted this 29th day of September 2020,

Sarah Howard Jenkins
AR Bar No. 97046
SARAH HOWARD JENKINS, PLLC
P.O. BOX 242694
Little Rock, AR 72223
Telephone No. (501) 406-0905
sarah@shjenkinslaw.com
Attorney for the Plaintiff