**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JANICE HARGROVE WARREN** **PLAINTIFF**

**v.** **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.** **DEFENDANTS**

**PLAINTIFF'S BRIEF IN SUPPORT OF HER RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

On August 12, 2020, PCSSD and six of the members of its Board of Education, defendants in this employment discrimination case, filed a Motion for Summary Judgment alleging that Plaintiff, PCSSD's Assistant Superintendent for Equity and Pupil Services and former Interim Superintendent, could not establish a prima facie case and, even if she could, Defendants had legitimate nondiscriminatory reasons for not appointing her as Superintendent. Defendants were wrong on both counts. Not only did Plaintiff establish a prima facia case with substantial evidence, Plaintiff established that the Defendants lacked admissible evidence of its purported legitimate nondiscriminatory reasons for hiring a lesser qualified, White male applicant. Unable to prevail on the merits and defeat the truth of Plaintiff's claims, Defendants now ask this Court to strike Plaintiff's responses as untimely under Local Rule 7.2(b). Again, Defendants' analysis fails to include relevant facts and the applicable standard if Plaintiff's response was untimely.

**The Applicable Standard**

First, Local Rule 7.2(b) provides:

> Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities.

However, subsection "f" of Local rule 7.2 further provides:

> The failure to timely respond to any *nondispositive* motion, as required by the Federal Rules of Civil Procedure . . . or by any local rule, shall be an adequate basis, without more, for granting the relief sought in said motion.

Local rule 7.2(f)(emphasis added). Defendants' motion to strike Plaintiff's response, if granted, operates as a failure to respond and could result in final disposition of all of Plaintiff's claims. Local rule 7.2(f) prohibits the automatic granting of the requested relief, summary judgment here, when a response to a dispositive motion is untimely. Even without a responsive pleading, Fed. R. Civ. Pro. 56 requires some assessment by this Court of the record to determine the absence of a disputed material fact. *Huggins v. FedEx Ground Package System, Inc*., 592 F.3d 853 (8th Cir. 2010)(delay in obtaining deposition testimony strategic not excusable neglect therefore motion for extension denied; but summary judgment inappropriate); *Griffin v. Super Valu*, 218 F.3d 869 (8th Cir. 2000)(plaintiff's conduct in discovery the basis for denying an extension for supplementing response; assessment of summary judgment made without considering that evidence).

Second, this District's and Eighth Circuit jurisprudence on untimely pleadings is substantial and clear. *See,e.g., Feeney v. AT & E, Inc*., 472 F.3d 560 (8th Cir. 2006) (eight-day delay and inadequate explanation for delay but meritorious defense; filing timely); *Griffin v. Super Valu*, 218 F.3d 869 (8th Cir. 2000)(district court's denial of an extension to respond was not an abuse of discretion because of plaintiff's dilatory behavior during litigation and failure to

certifying an attempt to reach an agreement with defendants); *Cook v. Triple Transport, Inc*., 928 F. Supp 2d 1016 (E.D. Ark. 2013)(3-day delay in responding to motion for summary judgment but no prejudice argued or shown, motion to strike denied); *Taylor–Shaw v. Bestway Rent to Own*, 2010 WL 1416536 (E.D. Ark 2010) (30-day delay in responding to request for admissions but no prejudice asserted by defendants and single act of dilatory conduct); see also *Backus v. Mena Newspapers, Inc.*, 224 F.Supp.2d 1228 (W.D. Ark. 2002)(response to motion for summary judgment 5 days late held timely because of defendant's failure to comply with plaintiff's discovery requests, failure to make initial disclosure, and supplying heavily redacted exhibits).

For relief from a judgment or untimeliness of a response, a court must consider if the delayed was caused by “mistake, inadvertence, surprise, or excusable neglect." *Feeney, supra*., p. 562-63; *Cook v. Triple Transport, Inc*., 928 F. Supp 2d 1016 (E.D. Ark. 2013) ("excusable neglect is an elastic concept that empowers courts to provide relief where a party’s failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party’s control"); Fed. R. Civ. Pro. 6(b)(1); 60(b)(1).

> determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party’s omission . . .The relevant circumstances include . . .'the danger of prejudice to [the party opposing an extension], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' The existence of a meritorious defense is also a relevant factor.

*Id*. (citation omitted).

**Argument**

a. Plaintiff's filing was timely.

Plaintiff's counsel commenced the filing of Plaintiff's Response between 11:40 and 11:50 p.m. as one filing without knowing that each of the responsive pleadings should have been a separate filing. The Response to Undisputed Statement of Facts and the Brief in Opposition were attached to the Response, Dkt. #36. This was the first technical error. Counsel would not have searched among the pulldown list for a response to a statement of facts or for a responsive brief selection option. Each of these were part of the response and attaching them to the Response seemed logical and appropriate. Counsel admits that starting the filing earlier so that the Office of the Clerk might be called for suggestions on the filing process would have been good and might have minimized some of the confusion. However, the Notice of Electronic Filing provides that the transaction was filed on 9/9/2020. See Exhibit 1 and the email from the system shows 12:00 a.m. as the time of the transmission of the email. The filing had to precede the transmission of the email. Plaintiff's resubmission was consistent with defense counsel's request to "contact the Clerk to correct the naming of your documents and the order of the exhibits." See Exhibit 2.

b. <u>No misrepresentation occurred.</u>

On September 11th, Plaintiff's counsel conferred, first by telephone, with the Office of the Clerk of the Court to determine those steps needed to correct the technical errors: 1) the filing of the exhibits, 2) the initial filing of the Response as a single document with attachments, and 3) to change the designation of the Response to "in opposition to" rather than "in support of the motion." The incorrect designation was chosen from the pulldown list. Plaintiff was not aware of the pulldown error until September 10th. The Clerk' Office worked patiently with Plaintiff's counsel. After getting instructions on these technical issues, counsel informed the Clerk's office of the need for exhibit numbers in the Brief in Opposition and the Response to the Undisputed

Statement of Facts and asked if an amended filing was necessary to add these. No amended filing was required; these could be inserted. An email to the Office of the Clerk followed the first call. See Exhibit 3. To minimize defense counsel's inconvenience, counsel worked diligently but with care to provide defense counsel with proper sequence of exhibits and named-designated documents.

c. Even assuming Plaintiff's filing was untimely, this Court must deny Defendants' motion to strike.

Even assuming Plaintiff's filing was untimely, this Court must deny Defendants' motion to strike. The filing and resubmission were the result of excusable neglect. Application of the applicable standard to the circumstances show that the equitable scales are tilted in Plaintiff's favor.

1. Plaintiff's technical errors were the result of a mistaken belief

Plaintiff's counsel mistakenly believed that the responsive pleadings were to comprise one filing and that exhibits could be added as a responsive pleading. Only after conferring with the Clerk's Office was Plaintiff's counsel aware of the use of the addendum feature for correctly submitting the exhibits. This responsive filing to Defendants' Motion for Summary Judgment was Plaintiff's counsel's first response to a Motion for Summary Judgment with 75 exhibits after a 32-year hiatus as a practitioner. Counsel mistakenly believed, as is evident, that her experience with an electronic filing of a motion with a limited number of exhibits was sufficient preparation for handling the Court's system for responding to a Motion for Summary Judgment. Counsel was wrong.

2. Defendants were not prejudiced.

Defendants do not argue in their motion or their Brief in support of their motion that they were prejudiced. No prejudice was incurred, none is argued or established. *Cook v. Triple Transport, Inc.*, 928 F. Supp 2d 1016 (E.D. Ark. 2013)(3-delay because of counsel's miscalculation of the due date but no argument or showing of prejudice). In exchange for a 38-hour delay in receiving the numbered exhibits in chronological order, the Defendants requested a 9-day extension to Reply (Dkt. # 44). In bad faith they allege an untimely filing and misrepresentation. Their motion to strike is intended to subvert justice and prevent the resolution of the issues in this case on the merits and must be denied. *Taylor–Shaw v. Bestway Rent to Own*, 2010 WL 1416536 (E.D. Ark 2010). Defendants' motion is consistent with their conduct throughout discovery. Objections to Interrogatories and Requests for Documents were asserted without bases in law or fact and not intended as a good faith extension of the law. Their objections were asserted to delay and hinder Plaintiff's acquisition of evidence. See Plaintiff's First and Second Motions to Compel. Seven individual defendants served identical responses to Plaintiff's Interrogatories with a group statement of verification, individually signed. See Plaintiff's Second Motion to Compel. Critical documents requested in January of 2020 were only provided a shortly before or on the day discovery closed. See footnote 3, Plaintiff's Second Motion to Compel. Given their conduct, Defendants' motion to strike should not only be denied but they should be sanctioned for delay. *Backus v. Mena Newspapers, Inc.*, 224 F.Supp.2d 1228 (W.D. Ark. 2002)(response to motion for summary judgment 5 days late held timely because of defendant's conduct during discovery).

3. <u>The length of the delay and its potential impact on judicial proceedings.</u>

Plaintiff's responsive pleadings were timely filed. See Exhibit 1. The correction of technical error occurred within 38 hours of the filing of the responsive pleadings. Plaintiff took a

day and a half to provide chronological filing of the numbered exhibits; the Defendants have not asserted any adverse impact on their Reply or these proceedings from the 38 hours that Plaintiff used to correct technical issues. *Cook v. Triple Transport, Inc*., 928 F. Supp 2d 1016 (E.D. Ark. 2013)(3-delay because of counsel's miscalculation of the due date timely; no argument or showing of prejudice, motion to strike denied); *Taylor–Shaw v. Bestway Rent to Own*, 2010 WL 1416536 (E.D. Ark 2010) (30-day delay in responding to request for admissions but no prejudice asserted by defendants and single act of dilatory conduct).

4. <u>Plaintiff's position in this litigation and defense to Defendants' motion are a meritorious.</u>

Plaintiff's claims in this lawsuit are meritorious and her defense to the Motion to Strike is likewise meritorious. In her response to Defendants' Motion for Summary Judgment, Plaintiff established a prima facie case with substantial evidence and asserted facts that support a conclusion that intentional discrimination motivated the Defendants' conduct and that the alleged legitimate nondiscriminatory reasons were pretextual. Defendants do not have admissible evidence that establishes a legitimate nondiscriminatory reason for their conduct in hiring a lesser qualified, White male applicant for the position of Superintendent. Unable to prevail on the merits and in disregard for the truth of Plaintiff's claims, Defendants now ask this Court to strike Plaintiff's responses. The Court must not permit "subver[sion of the] search for the truth without compellingly evident cause" and should not permit these Defendants' *demand* a result in this case determined on something other than its underlying merit. *Taylor–Shaw v. Bestway Rent to Own*, 2010 WL 1416536 (E.D. Ark 2010). Defendants' Motion to Strike and their Motion for Summary Judgment must be denied. *Doug Feeney v. AT & E, Inc*., 472 F.3d 560 (8th Cir. 2006)

(8-day delay coupled with an inadequate explanation for the delay but the existence of a meritorious defense a relevant factor for determining that the response was timely*)*.

Respectfully submitted this 29th day of September 2020,

Sarah Howard Jenkins
AR Bar No. 97046
SARAH HOWARD JENKINS, PLLC
P.O. BOX 242694
Little Rock, AR 72223
Telephone No. (501) 406-0905
sarah@shjenkinslaw.com
Attorney for the Plaintiff