IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                        **PLAINTIFF**

**v.**                          **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                       **DEFENDANTS**

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Comes now the Plaintiff through her attorney, Sarah Howard Jenkins, PLLC, to respond to Defendants' Motion for Leave to File Supplemental Brief in Support of their Motion for Summary Judgment ("Motion to File Supplement Brief") and says:

1.  On May 25, 2020, before the May 26, 2020, deadline set by this Court in its Final Scheduling Order (Dkt. No. 10), Plaintiff timely filed her First Motion to Amend her Complaint (Dkt. Nos. 16 & 17). In the draft-complaint attached to the Motion, Plaintiff asserted two additional claims not included in her original Complaint, a breach of contract claim and a claim for sex and race discrimination pursuant to 42 U.S.C. § 1983 against the members of the PCSSD Board of Education in their individual capacities.

2.  Plaintiff admits that the Motion for Summary Judgment deadline was July 20, 2020, as set in the Final Scheduling Order (Dkt. No. 10).

3.  Plaintiff admits that by order of this Court, the dispositive motions deadline was extended to August 12, 2020 (Dkt. Nos. 27-29).

4. Plaintiff admits that the Defendants timely filed their Motion for Summary Judgment and Brief in Support on August 12, 2020.  Before August 12, 2020, Defendants had notice of the Plaintiff's Motion to Amend the Complaint and notice of the two new claims asserted in the draft-complaint.

5. Defendants' August 12th motion addressed claims asserted in the Plaintiff's original complaint and, *improperly* included, one of the new claims asserted in the draft-complaint, her sex and race discrimination claim pursuant to 42 U.S.C. § 1983 against the members of the PCSSD Board of Education in their individual capacities.  *See* Def. Brief in Support of the Motion for Summary Judgment (Dkt. No. 28, p. 28-29).  Defendants did not address Plaintiff's breach of contract claim in their August 12, 2020, Motion for Summary Judgment.

6. On August 13, 2020, this Court granted Plaintiff's Motion to Amend her Complaint (Dkt. No. 30).  The amended complaint was timely filed on August 20, 2020 (Dkt. No. 31).

7. Defendants filed an Answer to the First Amended Complaint on August 24, 2020 (Dkt. No. 33). An Answer is a responsive pleading.  Fed. R. Civ. Pro. 12(a)(1)(A).

8. In their Motion to File Supplement Brief, Defendants assert they "could not have moved to dismiss Plaintiff's breach of contract claim prior to the dispositive motion."  Def. Motion to File Supplemental Brief, ¶ 5.  Defendants now ask to file a supplemental brief to address Plaintiff's breach of contract claim as part of their August 12, 2020, Motion for Summary Judgment.

9. Defendants are not entitled to file a supplemental brief.  After this Court granted Plaintiff's Motion to Amend, Defendants had the right, then and only then, to address claims

asserted in the First Amended Complaint. Fed. R. Civ. Pro. 15 (a)(3). The filing of a motion to dismiss would have been appropriate within 14-days of the filing of the Amended Complaint. Defendants chose, however, to Answer and, thereby, foreclosed the ability to file a Motion to Dismiss. Fed. R. Civ. Pro. 12(b). Rule 12(b) in pertinent part provides: "A motion asserting any of these defenses [failure to state a claim] must be made before pleading if a responsive pleading is allowed." *Id.* Defendants have no right to assert a motion to dismiss after filing an Answer.

Furthermore, having chosen to include *one* of the newly asserted claims in its August 12, 2020, Motion for Summary Judgment, Defendants waived the right to assert a motion for summary judgment on the omitted breach of contact claim. The substantive effect of this Motion to File a Supplemental Brief is the assertion of a Motion for Summary Judgment on the Plaintiff's breach of contract claim after the dispositive motion deadline. If the Defendants mistakenly believed that they had the right to include claims asserted in the draft-complaint, both should have been stated in the August 12th motion. The period for filing dispositive motions lapsed on August 12, 2020.

10.     Defendants' attorneys are seasoned litigators with substantial Title VII and Section 1983 experience and are representing one of the largest school districts in the State. Furthermore, the improper inclusion of the newly asserted draft-claim is consistent with defense counsel's conduct throughout this litigation. Defendants included the one claim from the draft-complaint improperly. Defendants must be equitably estopped from asserting the right to include the breach of contract claim in its August 12th motion by filing a supplemental brief. In choosing to include one of the newly identified claims, Defendants represented the existence of a right to include the claims asserted in the draft-complaint in their motion. Plaintiff changed

position in reliance on Defendants' representation and responded to the allegations and arguments raised by the Defendants against Plaintiff's Section 1983 claim. Because of the adverse effect of failing to respond to arguments raised in a Motion for Summary Judgment, Plaintiff's reliance was reasonable. Fed. R. Civ. Pro. 56(e)(2)(3)(4). Having taken the position that including the claim was appropriate, the Defendants should be barred from asserting a contrary position now. *See Bell v. Fowler*, 99 F.3d 262, 268-269 (8th Cir. 1996) (federal equitable estoppel requires affirmative conduct designed to mislead); accord, *In re Wertz*, 557 B.R. 695, 705–06 (Bankr. E.D. Ark. 2016).

11. Before August 12th, Defendants had several options regarding the claims asserted in Plaintiff's draft-complaint: 1) requesting this Court to extend further the dispositive motion deadline so that they could address all of Plaintiff's claims at one time or 2) requesting a ruling on Plaintiff's Motion to Amend before the August 12th deadline. They chose neither of these options but rather improperly included one of Plaintiff's newly identified claims in their Motion.

12. Therefore, Plaintiff objects to the granting of Defendants' Motion to File a Supplemental Brief.

WHEREFORE, Plaintiff requests this Court to deny Defendants' Motion to File a Supplemental Brief and to award Plaintiff attorneys' fees for the time expended responding to this Motion.

    Respectfully submitted this 1st day of October 2020,
    Sarah Howard Jenkins
    Ark. Sup. Ct. Reg. No. 97046
    SARAH HOWARD JENKINS, PLLC
    P.O. Box 242694
    Little Rock, AR 72223
    Telephone: (501) 406-0905
    Email address: sarah@shjenkinslaw.com
    Attorney for Plaintiff