IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                               PLAINTIFF

v.                                  No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                  DEFENDANTS

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN SUPPORT
TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY**

COMES now the Plaintiff, by and through her attorney, Sarah Howard Jenkins, PLLC., for her Response to Defendants' Motion to Strike her Surrely and says:

1. Plaintiff admits that Defendants timely filed on September 25, 2020, the extended deadline, their Reply (Dkt. No. 48) to her Response.

2. Plaintiff admits that she filed her Surreply (Dkt. No. 53) on October 2, 2020. With permission from the Office of the Clerk of the Court, she filed a substitute Surreply to correct two typographical errors on October 5, 2020.

3. Plaintiff denies that the Surreply is improper. Plaintiff's counsel inquired of the Court on the permissibility of a Surreply before filing.

4. Plaintiff denies that her Response to the Defendants' Motion for Summary Judgment was late. See Exhibit 1, acknowledgment by the Office of the Clerk of the Court. The Plaintiff filed her Response on September 9, 2020.

5. Plaintiff's counsel admits she failed to review the Court's Final Scheduling Order and did not considered the need to review it through inadvertence and mistake. Instead, she called the Court to ascertain if the Court permitted Surresponses and Surreplies. Having

1

ascertained that this Court permits a Surresponse and a Surreply, Plaintiff's counsel filed accordingly.  Plaintiff's counsel regrets that she failed to review the Final Scheduling Order and will make that a priority in the future.  Defendants have not argued or established that the filing prejudiced them.

      6.      See ¶5, above, for the Plaintiff's Response to paragraph 6.

      7.      Plaintiff disagrees with Defendants' allegation in ¶7 of its Motion to Strike.  Defendants' Reply raised issues beyond the scope of its Motion and Brief in Support, and included additional and, in some cases, incomplete authority.  For example:

      a.      the Defendants supplemented their argument that they had legitimate, nondiscriminatory reasons for their conduct even if false.  The Defendants suggested that any inadmissible evidence would be in an admissible form for trial (Dkt. No. 28, § D, ¶ 2, p. 26).  In 2017, Dr. Remele and Alicia Gillen, the Defendants' witnesses, lacked personal knowledge of the facts that are the Defendants' purported legitimate, nondiscriminatory reasons for their conduct.  Defendants' suggestion that their evidence would be in an admissible form for trial raised the question of the credibility of Defendants' witnesses.  This Court may not address the credibility of witnesses on a Motion for Summary Judgment.  *Reeves v. Sanderson Plumbing, Prods. Inc.*, 530 U.S. 133, 134,147, 120 S.Ct. 2097 (2000).

      The Surreply addressed this issue in ¶¶ 2 & 3.

      b.      the Defendants supplemented its argument that PCSSD was free to hire anyone it desired (Dkt. No. 28, § C. iii, p. 23) by arguing that the Board had the sole duty to hire the Superintendent and was not subject to its own certified personnel policies.  Defendants cited to Ark. Code Ann. § 6-13-620 but omitted a materially relevant part of the statute that requires the District to include its personnel policies in the Superintendent's contract.  To prevent this

Court from being misled, the Surreply identified the omitted material part of Ark. Code Ann. § 6-13-620 and other relevant statutory duties. These reinforce the applicability of the District's personnel policies to all hiring processes, including the hiring of the Superintendent.

The Surreply addressed this issue in ¶ 4.

c.  finally, the Defendants asserted that any inference of pretext or intentional discrimination arising from PCSSD's failure to pay Dr. Warren, a female, the same rate of compensation as the men who preceded and followed her was inappropriate. The two men, the Defendants argue, were distinguishable and not comparable employees because of their title and an alleged variant contract term. However, the Defendants failed to provide the applicable standard for determining under relevant Federal law if Dr. Warren's position was a comparable position.

The Surreply addresses the applicable standard and the substantive effect of the purported variant term in ¶ 5.

d.  beyond the clarity that Plaintiff sought to bring as stated above, the Surreply only restated the applicable standard for the granting and denying the Motion for Summary Judgment in ¶¶ 1, 2, 7, & 8.

8.  Defendants have not argued or established that the filing prejudiced them. Therefore, this Court must deny Defendants' Motion to Strike the Plaintiff's Surreply.

WHEREFORE, Plaintiff requests this Honorable Court to:

1.  deny Defendants' Motion to Strike Plaintiff's Surreply,

2.  deny Defendants' Motion for Summary Judgment,

3.  to award Plaintiff her attorneys fee for responding to Defendants' Motion to Strike and Motion for Summary, and

3

4. grant the Plaintiff all other equitable and legal relief that this Court deems appropriate.

Respectfully submitted this 12th day of October 2020,

Sarah Howard Jenkins
AR Bar No. 97046
SARAH HOWARD JENKINS, PLLC
P.O. BOX 242694
Little Rock, AR 72223
Telephone No. (501) 406-0905
sarah@shjenkinslaw.com
Attorney for the Plaintiff

4