IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                    PLAINTIFF

v.                                  No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                        DEFENDANTS

**PLAINTIFF'S MOTION *IN LIMINE* REGARDING ACCUSATIONS OF RESPONSIBILITY FOR MONITORING FACILITIES**

Plaintiff submits its Motion *in Limine* regarding PCSSD's and its Board members' accusations that Plaintiff failed to monitor facilities under Plan 2000 or that Plaintiff is responsible for the inequitable construction of Mills High School ("Mills") and says:

1. On February 17, 2020, individual defendants served their Responses to Dr. Warren's First Request for the Production of Documents. Among the documents were two unsigned and undated documents. One asserted that Dr. Warren is "partially responsible for any disparity in the building of Mills" (Dkt. No. 40-65, Remele's List). The other contained the following statement: "None of this facilities [sic] would be over budget would [sic] have happen [sic] if she would have done her job in Equity Services" (Dkt. No. 40-70).

2. On April 8, 2020, the Intervenors in *Little Rock School District v. Pulaski County Special School District* (*"LRSD v. PCSSD"*), Case No. 4:82-cv-866-DPM, currently pending before Chief District Judge Marshall, deposed Dr. Warren. During that deposition, the Intervenors questioned Plaintiff's performance and responsibility for monitoring facilities under Plan 2000.

1

3. Adverse findings in *LRSD v. PCSSD* could be used in a number of ways by PCSSD. PCSSD's Board could use them in this action or as a basis for terminating members of the current cabinet and administrators, including Dr. Warren.  Innocent administrators, including Dr. Warren, who did not know or participate in the misapplication or misappropriation of desegregation funds in the construction of Mills were at risk.  Given the effect of the principles of collateral estoppel, the disposition of *LRSD v. PCSSD* (Action #1), whether by judgment or consent decree, might impair or impede Dr. Warren's ability to protect her rights in this case (Action #2), Dr. Warren sought to intervene in *LRSD v. PCSSD*.

4. Both parties in *LRSD v. PCSSD*, PCSSD and the Intervenors, opposed Dr. Warren's intervention. (Dkt. No. 40-2, p. 2).

5. In briefing its case, PCSSD led the Court in *LRSD v. PCSSD* to believe that PCSSD did not intend to blame Dr. Warren for the inequities in the Mills' construction or accuse her of failing to fulfill her duties as Assistant Superintendent for Equity and Pupil Services. (Dkt. No. 40-2, p. 3).

6. The Court in *LRSD v. PCSSD* denied Dr. Warren's Motion to Intervene. (Dkt. No. 40-2, p. 4).

7. Judge Marshall issued his order on July 2, 2020.  PCSSD did not seek relief from the order or Judge Marshall's finding based on PCSSD's briefing. Fed. R. Civ. Pro. 60(b)(6); see also Fed. R. Civ. Pro. 52(a)(6) and 54(b). Because of PCSSD's representations to Judge Marshall in its briefing and PCSSD's failure to seek relief from the findings, Dr. Warren did not appeal the denial of her Motion to Intervene.

8. In their Motion for Summary Judgment, Defendants raised in their Statement of Facts (Dkt. No. 29, ¶ 3, p. 1) and their Reply (Dkt. No. 48, p. 11, ¶ 2 through p. 12, lines 1-14)

Dr. Warren's role as Assistant Superintendent for Equity and Pupil Services in the construction inequities between Mills High School and Robinson Middle School and her duty to monitor facilities as part of Plan 2000.

10. This Court must bar any assertion, whether in their Motion for Summary Judgment or at trial, of any adverse position, accusation, or defense seeking to blame Dr. Warren for the Mill's construction inequities based on the doctrine of judicial estoppel. Likewise, this Court must bar any adverse position, accusation, or defense asserted by the Defendants seeking to blame Dr. Warren for any alleged failure to monitor facilities based on judicial estoppel. *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) (the purpose of the doctrine of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment; ); *Gray v. City of Valley Park, Mo*., 567 F.3d 976, 981–82 (8th Cir.2009) (recognizing judicial estoppel but declining to apply it because the party's change of position questioned the court jurisdiction).

11. This Court must bar Defendants' assertion, whether in their Motion for Summary Judgment or at trial, of any adverse position, accusation, or defense seeking to blame Dr. Warren for the construction inequities between Mills High School and Robinson Middle School based on the doctrine of equitable estoppel. Similarly, Defendants' assertion, whether in their Motion for Summary Judgment or at trial, of any adverse position, accusation, or defense seeking to blame her for failing to monitor facilities must be barred based on the doctrine of equitable estoppel. *Bell v. Fowler*, 99 F.3d 262, 268-269 (8th Cir. 1996) (federal equitable estoppel requires affirmative conduct designed to mislead); accord, *In re Wertz*, 557 B.R. 695, 705–06 (Bankr. E.D. Ark. 2016).

12.     Submitted with this Motion is Plaintiff's Memorandum in Support.

WHEREFORE, Dr. Janice Warren respectfully requests this Court to grant her Motion *in Limine:* 1) barring the Defendants from asserting any adverse position or defense seeking to blame Dr. Warren for construction inequities between Mills High School and Robinson Middle School and 2) barring the Defendants from asserting any adverse position or defense seeking to blame Dr. Warren for failing to monitor facilities.

Dr. Warren further requests this Court to issue an order:

1. precluding or barring the Defendants' assertion of any adverse position or defense seeking to blame Dr. Warren for construction inequities between Mills High School and Robinson Middle School and barring the Defendants from asserting any adverse position or defense seeking to blame Dr. Warren for failing to monitor facilities in their Motion for Summary Judgment,

2. precluding or barring testimony or the introduction of evidence by the Defendants or any defense witness on any adverse position or defense seeking to blame Dr. Warren for construction inequities between Mills High School and Robinson Middle School and barring testimony or the introduction of evidence by the Defendants or any defense witness seeking to blame Dr. Warren for failing to monitor facilities pursuant to Plan 2000 at any trial or any hearing, and

3. precluding or barring the cross examination of Dr. Warren or any witness on the monitoring of facilities pursuant to Plan 2000 and Dr. Warren's role as Assistant Superintendent for Equity and Pupil Services at any trial or hearing.

      Respectfully submitted this 14th day of October 2020,
      Sarah Howard Jenkins
      Ark. Sup. Ct. Reg. No. 97046
      SARAH HOWARD JENKINS, PLLC

P.O. Box 242694
Little Rock, AR 72223
Telephone: (501) 406-0905
Email address:  sarah@shjenkinslaw.com
Attorney for Plaintiff