**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                                **PLAINTIFF**

**v.**                                    **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                                          **DEFENDANTS**

**BRIEF IN SUPPORT OF DEFENDANTS' FIRST MOTION IN LIMINE REGARDING GENERAL MATTERS**

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., respectfully submit this Brief in Support of their First Motion in Limine Regarding General Matters. For the reasons set forth herein and in their accompanying Motion in Limine ("Motion"), each of the specific items addressed should be excluded from evidence at the scheduled trial in this matter.

Defendants anticipate Plaintiff will attempt to elicit testimony from witnesses and/or introduce exhibits relating to numerous irrelevant, highly prejudicial matters which should be excluded pursuant to the Federal Rules of Evidence. A motion in limine is an accepted procedural device in Arkansas. This has been upheld by the Supreme Court of Arkansas in *Arkansas State Highway Commission v. Pulaski Investment Co.*, 272 Ark. 389, 614 S.W.2d 675 (1981).

All relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this state. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. In the event the Court determines that the evidence complained of herein is relevant, then the evidence should be excluded on the basis of Fed. R. Evid. 403, which provides, in part, that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

For the reasons set forth herein, the following documents and issues should be excluded from evidence at the trial of this case, and Defendants request the Court to instruct Plaintiff's counsel to refrain from inquiring of any witness as to the following matters and to refrain from making these statements in voir dire, and opening and closing statements.

1. **Witnesses' Reasons for Leaving PCSSD.** Several of the potential witnesses at trial were employees of the District during the events at issue, but have since left the District for new employment or retirement. The reasons for the witnesses' decisions to leave their employment with the Pulaski County Special School District is not relevant to the issues of this case, and such testimony, if elicited by Plaintiff, would only be for the sake of suggesting the District has a high turnover rate, has a difficult time retaining qualified employees, or to otherwise suggest the District is not a favorable place to work. This testimony has no relevance to the issues of the case and would only seek to prejudice the jury.

Accordingly, Plaintiff should be allowed to ask any witness their current employment, but should not ask why they chose to leave the Pulaski County Special School District or otherwise elicit testimony which would cause the witness to explain their decision for leaving employment with the Pulaski County Special School District. Plaintiff should be instructed not to enter into this line of questioning. *See* Fed. R. Evid. 401, 402, and 403.

2. **Settlement Discussions.** Whether the Plaintiff and Defendants have engaged in settlement discussions is irrelevant and should not be admitted. Such discussions are inadmissible pursuant to Fed. R. Evid. 408, which provides that the occurrence of settlement discussions or settlement is not admissible.

3. **Pulaski County Special School District's Pending Litigation.** Whether there is past or currently pending claims or lawsuits against the District, including similar claims against the District, are of no relevance to the issues before this Court. This is not a class action and

Plaintiff has made no claims as to comparators or similarly situated individuals. Plaintiff should not be allowed to reference the District's involvement in the long-running desegregation case. Accordingly, Plaintiff should not be allowed to elicit any testimony as to any past, present or ongoing litigation in which the District is involved. Such matters should be excluded from the evidence at trial pursuant to Fed. R. Evid. 402 and 403.

    4.    **<u>Pulaski County School District's Climate and/or Culture.</u>** Plaintiff's counsel has been involved in litigation against the District, including the long-running desegregation case, for decades. Admittedly, Plaintiff's counsel is well versed in management of the District, and is very knowledgeable in its employment practices. Plaintiff's counsel's knowledge of the District and past discriminatory practices, whether alleged or proven, are not relevant to this case, and would only serve to prejudice a jury. Plaintiff's counsel should be admonished from making global statements that the District has a history of alleged discriminatory practices or other insinuations that would lead a jury to believe the District has had any previous litigation or discriminatory practice outside of the specific facts at issue in this litigation, specifically regarding Plaintiff. Such matters should be excluded from the evidence at trial pursuant to Fed. R. Evid. 402 and 403.

    5.    **<u>Unrelated Racially Inflammatory Situations, Social Justice Organizations, Social Justice Movements and Current Events.</u>** Defendants move to exclude reference at trial to current events highlighting ongoing social injustices in America, unrelated racially inflammatory situations, social justice organizations, social justice movements and other current issues in America not related to the case, including, but not limited to, recent police shootings, protesting of police, political marches, rioting, etc., as well as social justice movements such as Black Lives Matter. While Defendants recognize that discussing these current events with prospective jurors during voir dire may be helpful in selecting the best jurors, such references

should be precluded in all other parts of the case, including opening and closing statements, and during direct and cross-examination, as such references would be unduly prejudicial and irrelevant to this case.

Defendants move to exclude any reference to current events highlighting ongoing social injustices in America, including, but not limited to, recent police shootings, protesting of police, political marches, rioting, etc., as well social justice movements such as Black Lives Matter. These events and issues have nothing to do with the current case at issue, are not relevant, and thus, should be excluded under Fed. R. Evid. 403. Furthermore, mention of these current events would only serve to divert the jury's attention from the facts at issue and create a broader narrative, undoubtedly more advantageous to the Plaintiff's case. It is highly prejudicial and has no probative value. Reference to these current events does not shed light on any factual disputes in this case. To allow Plaintiff or her counsel to reference these events could cause the jury to base its decision not on the facts, but emotion. *See Combs v. The Cordish Cos.*, No. 14-0227-CV-W-ODS, 2018 U.S. Dist. LEXIS 47846 (W.D. Mo. Mar. 23, 2018). Evidence is unduly prejudicial if it creates genuine risk that emotions of jury will be excited to irrational behavior, and risk is disproportionate to probative value of offered evidence. *See United States v. Miller* (7th Cir. Ill. July 27, 2012), 688 F.3d 322.

Defendants recognize that discussing these current events with the prospective jurors during voir dire may be helpful in selecting the best jurors. However, such references should be precluded in all other parts of the case, including opening and closing statements, and during direct and cross-examination, as such references would be unduly prejudicial and irrelevant to this case.

All of the above items are not relevant to the issues of this claim or would otherwise only seek to impassion the emotions of the jury, having them rely upon their emotional response and not the evidence and Court's instructions. Furthermore, to the extent any of the aforementioned

items are relevant, the risk of undue prejudice to the District greatly outweighs any potential relevance.  *See* Fed. R. Evid. 401, 402 and 403.

6. **Superintendent Salaries.**  Plaintiff was hired as Interim Superintendent for a one-year term and was paid a salary of $195,000.00, along with other non-monetary consideration, such as the guarantee that Plaintiff could resume her position as the Assistant Superintendent for Equity and Pupil Services once her tenure as Interim Superintendent ended. What the former Superintendent, Dr. Jerry Guess, received or the current Superintendent, Dr. Charles McNulty, receives as an annual salary is of no relevance to the issues before this Court as Plaintiff has not put forth a claim of wage discrimination under the Equal Pay Act. 29 U.S.C. § 206(d).  Allowing Plaintiff to present evidence of current and former Superintendent salaries would be highly inflammatory, confusing, and unduly prejudicial as: (1) Plaintiff has not put forth a claim of wage discrimination; (2) Plaintiff did not occupy the position of Superintendent, but rather that of Interim Superintendent; and, finally, (3) each of Plaintiff's disparate treatment allegations (gender, race, retaliation) are centered on an event that occurred eight months (Defendant's March, 2018 decision not to select Plaintiff as a position finalist) after she entered into the contract for the role of Interim Superintendent.  Furthermore, the District has put forth substantial legitimate and non-discriminatory reasons that Plaintiff's pay as interim was less (she was interim-not permanent, and she received additional consideration in interim contract to return to her previous role when her interim role expired).  *See* Dkt. No. 48.  As a result, any evidence as to Plaintiff's salary while Interim Superintendent, or as to the salary of past and current Superintendents, is irrelevant and should be excluded pursuant to Fed. R. Evid. 402 and 403.

7. **Witnesses' Deposition Testimony in Other Pending Litigation.** At least one of the witnesses in this case has been deposed in another case in which both the District and the Plaintiff are involved. To the extent that Plaintiff attempts to introduce any deposition testimony

not taken in direct correlation with this case, Defendants move to have it excluded as irrelevant under Fed. R. Evid. 402.

Specifically, Dr. Linda Remele was deposed on June 4, 2019 in *Beasley, et. al. v. PCSSD*, Case No. 4:18-cv-508-DPM ("Beasley Case").  During that deposition – all part of a separate case, separate parties, separate lawyers and facts – Dr. Remele was asked whether she believed Plaintiff was well qualified for the position of Superintendent, to which Dr. Remele replied that she believed she was. Dr. Remele was then asked whether she believed Plaintiff became less qualified for the position between July 18, 2017 and July 1, 2018, to which Dr. Remele testified that she did not believe Plaintiff had become less qualified.  Introduction of this testimony in a separate case, however, would be misleading as it was not given within the context of the facts of this case and would be deceptive to a jury.  Here, Plaintiff has made an issue of the term "qualified" and given it a different context than how it was used in the Beasley Case during a singular line of questioning in one deposition.  Dr. Remele has testified that performance issues with Plaintiff during her term as Interim Superintendent made her less desirable of a candidate, and impacted her qualifications for the position, albeit Dr. Warren did not become "less qualified" in terms of her experience or education.  The comparison of testimony by Remele in the Beasley Case to this case are inapposite, as they had different context and meaning.  This would only confuse the jury.  Such evidence should be excluded at trial pursuant to Fed. R. Evid. 402 and 403.  There is a legal precedent for excluding such prior testimony when a Plaintiff cannot demonstrate that the issues in the prior case were the same as the issues in the present case.  *See Ecolab USA Inc. v. Diversey, Inc.*, No. 12-CV-1984, 2015 U.S. Dist. LEXIS 63978 at *27 (D. Minn. May 15, 2015) and *McAllister-Lewis v. Goodyear Dunlop Tires N. Am., Ltd.*, No. CIV 14-4103, 2017 U.S. Dist. LEXIS 167919 at *5 (D.S.D. Oct. 11, 2017).

8. **Miscellaneous Issues.** Defendants will request the Court to instruct Plaintiff's counsel to refrain from inquiring of any witness as to the following matters and to refrain from making these statements in voir dire, and opening and closing statements:

(a) that the District has settled prior employment-related claims;

(b) that juries in this state or around the nation have awarded damages to Plaintiff in employment cases, and referencing the amount of those awards;

(c) that any recovery made by the Plaintiff in this case would be shared with her attorneys or that Plaintiff has been required to incur expenses to bring this action;

(d) the size or wealth of the District and telling the jury that it should "do unto others as you would have them do unto you" or should apply "Golden Rule" telling the jury that it should attempt to "send the District a message" or any other such language which is calculated to have the jury assess damages based upon emotional response and not upon the evidence and the Court's instructions;

(e) referring to any objections to interrogatories or other discovery made by the District;

(f) Plaintiff should be prohibited from exhibiting for the jury or offering into evidence for the jury any reports and/or photographs and/or exhibits which were not responsive and forwarded to Defendants on a timely basis in response to Defendants' written discovery responses or pursuant to the orders of this Court;

(g) Plaintiff be prohibited from introducing hearsay statements through Plaintiff or her witnesses.

All of the above items are not relevant to the issues of this claim or would otherwise only seek to impassion the emotions of the jury, having them rely upon their emotional response and not the evidence and Court's instructions. Furthermore, to the extent any of the aforementioned

items are relevant, the risk of undue prejudice to Defendants greatly outweighs any potential relevance.  *See* Fed. R. Evid. 401, 402 and 403.

        Respectfully submitted,

        BEQUETTE, BILLINGSLEY & KEES, P.A.
        425 West Capitol Avenue, Suite 3200
        Little Rock, AR 72201-3469
        Phone: (501) 374-1107
        Fax: (501) 374-5092
        Email: jbequette@bbpalaw.com
        Email: ckees@bbpalaw.com

By:     **Cody Kees**
        Jay Bequette, #87012
        Cody Kees, #2012118

*Attorneys for Defendants*