**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                                **PLAINTIFF**

**v.**                                         **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                                                **DEFENDANTS**

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S SECOND MOTION IN LIMINE—REMELE'S AND GILLEN'S LISTS OF INADMISSIBLE DOCUMENTS AND TESTIMONY REGARDING THESE LISTS AND THEIR CONTENTS**

Comes now Defendants, by and through its attorneys, Bequette, Billingsley & Kees, P.A., respectfully submits this Response to Plaintiff's Second Motion in Limine—Remele's and Gillen's Lists of Inadmissible Documents and Testimony Regarding These Lists and Their Contents.

Plaintiff has moved to exclude contemporaneously prepared documents by Defendants Remele and Gillen, which were prepared by each Defendant during Dr. Warren's tenure as Interim Superintendent. Defendants plan to rely on the documents and to admit them into evidence at trial. Plaintiff asserts that the documents constitute hearsay and, consequently, are inadmissible.

Hearsay is an out of court statement that is offered to prove the truth of the matter asserted and is inadmissible unless a federal statute, the Federal Rules of Evidence, or the Supreme Court provides otherwise. USCS Fed Rules Evid R 801(c); 802. Under Rule 803(1), "a statement describing or explaining an event or condition made while or immediately after the declarant perceived it" is not excluded by the rule against hearsay. This exception, known as "present sense impression," generally allows for notes or other contemporaneously prepared documents to be admitted into evidence. *See e.g. Cargill, Inc. v. Boag Cold Storage Warehouse*, 71 F.3d 545, 555 (6th Cir. 1995) (notes made by employees in course of investigation properly admitted under

present sense impression exception); *United States v. Perl*, 492 F. App'x 37, 40 (11th Cir. 2012) (notes taken by witnesses contemporaneously with telephone conversations properly admitted under Fed. R Evid. 803(1)).

The lists created by Defendants Remele and Gillen are not hearsay, as they are not being offered to prove the truth of the matters considered within, but rather, to show that both Remele and Gillen kept detailed notes contemplating deficiencies in Dr. Warren's performance while she served as Interim Superintendent.  This fact alone goes to show that the deficiencies in Dr. Warren's performance were great enough to warrant two board members, who served in a supervisory capacity to Dr. Warren, to keep contemporaneous lists documenting their concerns. Both Remele and Gillen are party opponents and can testify to the documents. They have previously testified that they kept these lists because they anticipated that having a running account of issues regarding Dr. Warren's performance would be necessary in the event that Dr. Warren chose to apply for the superintendent's position.

Accordingly, the documents can be authenticated by Remele and Gillen at trial, who are the authors, and they will not be admitted to prove the truth of each statement contained in the document but, rather, for the sole purpose of demonstrating that these two board members' concerns with Dr. Warren began well before she was denied a final interview for the superintendent position.  As a result, the documents are not hearsay, do not fit the rule, and are admissible evidence.

Moreover, assuming *in arguendo* that the documents do constitute hearsay, the 'present sense impression' exception articulated in Rule 803(1) applies as these documents were created contemporaneously with the events giving rise to Gillen and Remele's concerns.  USCS Fed Rules Evid R 803(1).

For the foregoing reasons, Defendants respectfully requests that Dr. Warren's Motion in Limine Remele's and Gillen's Lists of Inadmissible Documents and Testimony Regarding These Lists and Their Contents be denied.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: __**W. Cody Kees**__
     Jay Bequette, #87012
     W. Cody Kees, #2012118