IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                           PLAINTIFF

v.                              No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                                         DEFENDANTS

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants, Pulaski County Special School District ("District"), Mike Kemp, Linda Remele, Shelby Thomas, Alicia Gillen, Eli Keller, and Brian Maune, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Answer to Plaintiff's Second Amended Complaint (ECF Doc. 65), allege and state:

1. Defendants admit the allegations contained in ¶¶ 1-8 of Plaintiff's Second Amended Complaint.

2. Defendants admit this Court has subject matter jurisdiction over Plaintiff's Second Amended Complaint, as alleged in ¶ 9.

3. Defendants admit this Court has supplemental jurisdiction over Plaintiff's state law claims, as alleged in ¶ 10 of Plaintiff's Second Amended Complaint, but deny all allegations related to Plaintiff's state law claims and the remaining allegations contained in ¶ 10.

4. Defendants admit this Court has personal jurisdiction over all parties, as alleged in ¶ 11 of Plaintiff's Second Amended Complaint. Defendants deny the allegations in ¶ 11 of Plaintiff's Second Amended Complaint to the extent they are misstatements of law.

5. Defendants admit venue is proper before this Court as alleged in ¶ 12 of Plaintiff's Second Amended Complaint.

6. Defendants admit the allegations contained in ¶ 13 of Plaintiff's Second Amended Complaint that speak to Plaintiff's job history. Defendants deny the remaining allegations of ¶ 13

of Plaintiff's Second Amended Complaint which speak to opinions as to Plaintiff's experience and accomplishments or are otherwise misstatements of Plaintiff's work history.

7. Defendants admit Plaintiff was a superintendent of the Crossett School District, as alleged in ¶ 14 of Plaintiff's Second Amended Complaint, but is otherwise without specific information or belief as to the allegations contained in ¶ 14 of Plaintiff's Second Amended Complaint, and therefore denies the same.

8. Defendants admit the allegations contained in ¶ 15 of Plaintiff's Second Amended Complaint which speak to Plaintiff's roles and responsibilities in the District.  However, the District denies that this is an exhaustive list of Plaintiff's duties and further denies that any one responsibility as outlined in ¶ 15 was the sole responsibility of Plaintiff, but may have been shared with other administrators of the District.

9. Defendants admit the allegations contained in ¶ 16 of Plaintiff's Second Amended Complaint.

10. Defendants admit the allegations contained in ¶ 17 of Plaintiff's Second Amended Complaint to the extent it is referring to Dr. Warren in her interim capacity, as she was never the Superintendent of PCSSD, only an interim.

11. The District admits that with significant input and ultimate approval from Dr. Warren it filed a Status Report with the federal court on September 5, 2017, prior to a scheduled status conference, where the District alerted the Court of the status as to its facilities, but denies that it ever admitted it engaged in discriminatory practices. The District admits a September 8, 2017 status conference was held where the court expert was asked to prepare a separate report on the matter, as alleged in ¶ 18 of Plaintiff's Second Amended Complaint.  The District denies the remaining allegations of ¶ 18 of Plaintiff's Second Amended Complaint.

12.     Defendants admit the existence of the *Arkansas Democrat-Gazette* article, Exhibit 2 to Plaintiff's Second Amended Complaint, but deny the allegations and statements contained in the article and further deny the allegations contained in ¶ 19 of Plaintiff's Second Amended Complaint.

13.     Defendants deny the allegations contained in ¶ 20 of Plaintiff's Second Amended Complaint.

14.     Defendants admit that in or around November 2017, they received information from its third-party provider as to the superintendent search, and the Board hired Ray and Associates to conduct a superintendent search, as alleged in ¶ 21 of Plaintiff's Second Amended Complaint. Defendants deny that it "fire[d]" Dr. Warren, as she was only serving in an interim capacity as superintendent of schools, and therefore could not be "fire[d]." Defendants agree the school board hires a superintendent and that the process in place which led to the hiring of Dr. Charles McNulty as superintendent followed applicable law and District policy. All meetings of the PCSSD School Board and minutes are maintained online and Defendants admit the existence of such meeting and minutes, as reflected on the District website. Defendants admit that the court expert in the desegregation case filed a report on November 9, 2017, where it identified inequities between the sport facilities in Mills High School and Robinson Middle School, but Defendants deny any discriminatory intent. Defendants deny the remaining allegations not specifically admitted herein as ¶ 21 of Plaintiff's Second Amended Complaint.

15.     Defendants deny the allegations contained in ¶ 22 of Plaintiff's Second Amended Complaint.

16.     Defendants admit the allegations contained in ¶ 23 of Plaintiff's Second Amended Complaint.

17. Defendants deny the allegations contained in ¶ 24 of Plaintiff's Second Amended Complaint.

18. The District's personnel policies for certified staff speak for themselves. Defendants deny the allegations contained in ¶ 25 of Plaintiff's Second Amended Complaint to the extent they are inconsistent with its policies. Defendants deny the remaining allegations contained in ¶ 25 of Plaintiff's Second Amended Complaint.

19. Defendants admit that Plaintiff attached as Exhibit 8 to her Second Amended Complaint a PCSSD Superintendent Candidate Comparison Table, but Defendants did not create this document and cannot speak to its complete accuracy; therefore, the allegations in ¶ 26 are denied.

20. Defendants admit that it selected three males, two black and one white, to interview for the superintendent position, and that Dr. Warren was not invited to officially interview. Defendants deny the remaining allegations in ¶ 27 of Plaintiff's Second Amended Complaint.

21. Defendants admit the allegations contained in ¶ 28 of Plaintiff's Second Amended Complaint.

22. Defendants deny Dr. Warren's qualifications were superior to those of the other candidates. Defendants admit Candidate Harris withdrew his application prior to his interview but otherwise deny the remaining allegations contained in ¶ 29 of Plaintiff's Second Amended Complaint.

23. Defendants admit the allegations contained in ¶ 30 of Plaintiff's Second Amended Complaint as to Dr. Warren's budgetary oversight while interim superintendent, but deny the remaining allegations contained in ¶ 30 of Plaintiff's Second Amended Complaint.

24. Defendants admit Dr. Warren's qualifications as outlined in ¶ 31 of Plaintiff's Second Amended Complaint, but deny these qualifications were superior to the other candidates.

25. Defendants deny the allegations contained in ¶ 32 of Plaintiff's Second Amended Complaint, as they appear to be Plaintiff's attempt to cherry-pick information in an attempt to advance her case. The qualifications of the three candidates who were awarded interviews for the superintendent position are public information and Defendants deny the allegations contained in ¶ 32 of Plaintiff's Second Amended Complaint to the extent they misstate this public information.

26. Defendants deny the allegations contained in ¶ 33 of Plaintiff's Second Amended Complaint.

27. Defendants admit Dr. McNulty interviewed for the position on April 3, 2018 and was shortly thereafter offered the position of PCSSD Superintendent. Defendants deny the remaining allegations contained in ¶ 34 of Plaintiff's Second Amended Complaint.

28. Defendants deny the allegations contained in ¶ 35 of Plaintiff's Second Amended Complaint.

29. Defendants do not dispute Dr. Warren met the qualifications for the position of superintendent, but deny she was the most qualified or best suited among all candidates, and deny that their decision to choose a candidate besides Dr. Warren was discriminatory. Defendants deny the remaining allegations contained in ¶ 36 of Plaintiff's Second Amended Complaint.

30. Defendants admit Plaintiff filed a formal EEOC Charge which is attached as Exhibit 12 to Plaintiff's Second Amended Complaint, as alleged in ¶ 37 of Plaintiff's Second Amended Complaint. Defendants deny the allegations contained in the EEOC Charge.

31. The allegations contained in ¶ 38 of Plaintiff's Second Amended Complaint appear to be a recitation of the District's Response to Plaintiff's EEOC Charge, which speaks for itself. Defendants deny the allegations contained in ¶ 38 of Plaintiff's Second Amended Complaint to the extent they are inconsistent with its Response to the EEOC Charge.

32. Defendants admit the allegations contained in ¶ 39 of Plaintiff's Second Amended Complaint.

33. Defendants deny the allegations contained in ¶¶ 40-45 of Plaintiff's Second Amended Complaint.

34. Defendants deny the allegations contained in ¶¶ 46-50 of Plaintiff's Second Amended Complaint.

35. Defendants deny the allegations contained in ¶ 51 of Plaintiff's Second Amended Complaint.

36. Defendants admit the allegations contained in ¶ 52 of Plaintiff's Second Amended Complaint.

37. Defendants admit Exhibit 2 is an article published by the *Arkansas Democrat-Gazette*, but Defendants deny the accuracy of the article or that PCSSD was discriminatory in its conduct as alleged in ¶ 53 of Plaintiff's Second Amended Complaint.

38. Defendants deny the allegations contained in ¶ 54 of Plaintiff's Second Amended Complaint.

39. Defendants admit Exhibit 3 is a report filed by the court expert, but Defendants deny the allegations contained in ¶ 55 of Plaintiff's Second Amended Complaint to the extent they are inconsistent with the report.

40. Defendants admit it hired Ray and Associates, Inc. to assist with its superintendent search, but denies Dr. Warren was terminated from her position as interim superintendent, as she was only serving the position on an interim basis. Defendants deny the remaining allegations contained in ¶ 56 of Plaintiff's Second Amended Complaint.

41. Defendants admit the allegations contained in ¶ 57 of Plaintiff's Second Amended Complaint.

42. Defendants admit that it selected three males, two black and one white, to interview before the Board, and that Dr. Warren was not chosen for an interview, as alleged in in ¶ 58 of Plaintiff's Second Amended Complaint. Defendants deny the remaining allegations contained in ¶ 58 of Plaintiff's Second Amended Complaint.

43. Defendants admit the PCSSD Board selected Dr. McNulty, Mr. Harris and Dr. Pruitt to interview before the Board and Dr. McNulty was selected for the position. Defendants deny the remaining allegations contained in ¶ 59 of Plaintiff's Second Amended Complaint.

44. Defendants deny the allegations contained in ¶¶ 60 and 61 of Plaintiff's Second Amended Complaint.

45. Defendants deny the allegations contained in ¶¶ 62-66 of Plaintiff's Second Amended Complaint.

46. Defendants deny the allegations contained in ¶¶ 67 and 68 of Plaintiff's Second Amended Complaint.

47. Defendants admit race discrimination is illegal in public schools but Defendants deny that they in any way discriminated against Plaintiff. Defendants deny the remaining allegations contained in ¶ 69 of Plaintiff's Second Amended Complaint.

48. Defendants deny the allegations contained in ¶ 70 of Plaintiff's Second Amended Complaint.

49. Defendants deny the allegations contained in ¶¶ 71 and 72 of Plaintiff's Second Amended Complaint.

50. Except where previously admitted herein, Defendants deny the allegations contained in ¶ 73 of Plaintiff's Second Amended Complaint.

51. Defendants admit Exhibit 19 attached to Plaintiff's Second Amended Complaint is a copy of the District's interim superintendent contract with Plaintiff, which speaks for itself.

Defendants otherwise deny the allegations contained in ¶ 74 of Plaintiff's Second Amended Complaint.

52.     Defendants admit the existence of the documents, laws, regulations, and legal authority referred to in ¶¶ 75 and 76 of Plaintiff's Second Amended Complaint, which speak for themselves. The policy referenced in ¶ 75 is not applicable to candidates for superintendent, which is clear based on the reading of the policy. Defendants otherwise deny the remaining allegations contained in ¶¶ 75 and 76.

53.     Defendants deny the allegations contained in ¶ 77 of Plaintiff's Second Amended Complaint, as the policy referenced was not applicable to the selection of a superintendent.

54.     Defendants deny the allegations contained in ¶ 78 of Plaintiff's Second Amended Complaint. The policy referenced was not applicable to Dr. Warren. Furthermore, the cases cited are only applicable to teachers under the Arkansas Teacher Fair Dismissal Act ("Act"), which is not applicable to the hiring of a superintendent, a position expressly omitted from the Act.

55.     Defendants deny the allegations contained in ¶ 79 of Plaintiff's Second Amended Complaint. Defendants evaluated the performance of Dr. Warren on an ongoing basis and had conversations with her regarding her performance. Defendants did not provide Dr. Warren with a written evaluation as she was not the superintendent, but only an interim, and her contract was for one year. Dr. Warren has no legal right to continue in the role as an interim and an evaluation was neither required nor necessary.

56.     Defendants deny the allegations contained in ¶ 80 of Plaintiff's Second Amended Complaint.

57.     Defendants admit the allegations contained in ¶ 81 of Plaintiff's Second Amended Complaint.

58. Defendants deny the allegations contained in ¶ 82 of Plaintiff's Second Amended Complaint.

59. Defendants deny the allegations contained in ¶¶ 83-87 of Plaintiff's Second Amended Complaint.

60. Defendants deny the allegations contained in ¶¶ 88-97 of Plaintiff's Second Amended Complaint and further deny that Plaintiff is entitled to any relief.

61. Defendants join Plaintiff in her jury demand as set forth in ¶ 98 of Plaintiff's Second Amended Complaint.

62. Defendants deny all allegations contained in Plaintiff's Second Amended Complaint which are not specifically admitted herein.

63. Defendants reserve the right to amend their answer or otherwise plead further.

## **AFFIRMATIVE DEFENSES**

64. Defendants affirmatively plead Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is not entitled to damages.

65. Defendants affirmatively plead all defenses available to them pursuant to Fed. R. Civ. P. 12(b).

66. Defendants affirmatively state Plaintiff's claims for equitable relief are barred as a matter of law.

67. Defendants affirmatively plead all actions taken by them with regard to Plaintiff were in good faith.

68. Defendants assert they acted reasonably and in compliance with the law at all times relevant hereto.

69. Defendants affirmatively plead Plaintiff's claims are barred by the applicable statute of limitations contained in Ark. Code Ann. § 6-17-1501.

70. Defendants affirmatively state an award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the Constitution of the State of Arkansas.

71. Any award of punitive damages to Plaintiff would be in violation of the constitutional rights and safeguards provided to Defendants under the Constitution of the United States of America including, without limitation, because there are no limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, the imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and Plaintiff impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

72. Imposition of punitive damages in this case would violate Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

73. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendants under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of the Constitution of the State of Arkansas, in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

74. Any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Constitution of the State of Arkansas, in that said punitive damages would be an imposition of an excessive fine.

WHEREFORE, Defendants, Mike Kemp, Linda Remele, Shelby Thomas, Alicia Gillen, Eli Keller, Brian Maune, and the Pulaski County Special School District, pray that Plaintiff's Second Amended Complaint be dismissed and that she take nothing thereby; for Defendants' attorneys' fees and costs incurred herein; and for all other just and proper relief to which Defendants may be entitled.

                                        Respectfully submitted,

                                        BEQUETTE, BILLINGSLEY & KEES, P.A.
                                        425 West Capitol Avenue, Suite 3200
                                        Little Rock, AR 72201-3469
                                        Phone: (501) 374-1107
                                        Fax: (501) 374-5092
                                        Email: jbequette@bbpalaw.com
                                        Email: ckees@bbpalaw.com

                            By:       **W. Cody Kees**
                                        Jay Bequette, Ark. Bar #87012
                                        W. Cody Kees, Ark. Bar #2012118