IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                  PLAINTIFF

v.                                No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                           DEFENDANTS

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PRETRIAL DISCLOSURE SHEET**

      Pursuant to Fed. R. Civ. Pro. 26 (a)(3)(B), Plaintiff by and through her Attorneys, Sarah Howard Jenkins, PLLC, and Porter Law Firm, raises the following objections to Defendants' Pretrial Disclosures and says:

  a. **Defendants' Disclosure:**

11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer. The following exhibits will be offered at the trial of this matter:

(l)      Issues Leading to a Lack of Confidence in Dr. Warren by Linda Remele (Doc. No. 27-9);

**Plaintiff's Objection:** Plaintiff objects to the admissibility of this document. The following entries contain elements that are not within Dr. Remele's personal knowledge, or the entries are hearsay: 2, 3, 4, 6, 7, 8,9,10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, and 24. See Dkt. 40-45 for the application of the Federal Rules of Evidence to the Dr. Remele's list. Plaintiff will not object to a rewritten list that eliminates without redaction the inadmissible portions. See, an example attached as Exhibit 1.

(m)      Concerns Identified by Alicia Gillen (Dkt. No. 40-70);

**Plaintiff's Objection:** Plaintiff objects to the admissibility of this document. The following entries contain elements that are either not based on personal knowledge or are hearsay: 1, 2, 3, 4, 5, 6, 7, 8, 9. Plaintiff's assessment of this document pursuant to the Federal Rules of Evidence is attached as Plaintiff's Exhibit 2.

b. **Defendants' Disclosure: The following exhibits may be offered at the trial of this matter:**

(i) Board Minutes of the Crossett School District during Plaintiff's tenure as Superintendent;

**Plaintiff's Objection:** **Fed. R. Evid. 401, 403, & 404 Relevancy.**

Defendants' attempt to introduce evidence of Board Minutes of Crossett School District from 2001 through 2011, between six and sixteen years before the issues in this case arose, must be denied based on Relevancy. Dr. Warren's relationship with a different board, comprised of different individuals, occurring six to sixteen years ago, is irrelevant. This evidence will not have the tendency to make any fact asserted as a defense or allegation against Dr. Warren more or less probable than the omission of the evidence. More importantly, Fed. R. Evid. 404 prohibits the use of circumstantial evidence to infer conduct consistent with a purported character trait or act of misconduct. *Id.*

Assuming for the sake of argument that the evidence is relevant, the evidence is unfairly prejudicial; its probative value is substantially outweighed by the danger of unfair prejudice and misleading of the jury. Fed. R. Evid. 403.

(j) Newspaper articles from the Ashely County Ledger during Plaintiff's tenure as Superintendent of the Crossett School District;

**Plaintiff's Objection:**      Fed. R. Evid. 401, 403, & 404 Relevancy.

Defendants' attempt to introduce evidence of newspaper articles published in the Ashley County Ledger between 2001 and 2011, six to sixteen years before the issues occurring in this case must be denied on the basis of Relevancy. This evidence is irrelevant; it will not make any fact asserted as a defense or allegation against Dr. Warren more or less probable than the omission of the evidence. More importantly, Fed. R. Evid. 404 prohibits the use of circumstantial evidence to infer conduct consistent with a purported character trait or act of misconduct.

Assuming for the sake of argument that the evidence is relevant, the evidence is unfairly prejudicial; its probative value is substantially outweighed by the danger of unfair prejudice and misleading of the jury. Fed. R. Evid. 403.

c. **Defendants' Disclosure:** Defendants <u>may</u> call the following witnesses at trial:

(u)   Any persons identified by the other parties in this case, and any persons identified in any documents disclosed by the parties.

**Plaintiff's Objection:**      Defendants list as potential witnesses, "any persons identified in any documents disclosed by the parties." This broad, opened statement violates the requirements and the spirit of the Pretrial Disclosures. First, Fed. R. Civ. Pro. 26(a)(3)(A)(i) *requires the name, the address, and telephone number* of each witness. *Id*. (emphasis added). Defendants' designation does not satisfy the Rule. No witness is identified by merely stating "any persons identified in any documents disclosed by the parties." See, generally, 20 Fed. Prac. & Proc. Deskbook § 89 (2d ed. April 2019 update).

Second, litigation under the Federal Rules of Civil Procedure is designed to resolve disputes and to determine the truth. To achieve that goal, the parties are *required* to disclose the identity and means to locate witnesses so that both parties are adequately prepared for

trial and neither party is surprised. Given Defendants' broad, over inclusive statement, is Plaintiff to interview the Judges who signed orders that have been make a part of the record? Or, interview reporters whose names are included in by-lines of newspaper articles made a part of the record?  Should the Plaintiff anticipate that former spouses will be called?  All of these are examples of persons identified in documents. Here, Defendants continue to play fast and loose with this Court in a contemptuous disregard for the spirit of the Federal Rules. Plaintiff requests this Court to strike Defendants' disclosure "u" and prohibit the Defendants from calling as a witness a person who has not been identified as required by Fed. R. Civ. Pro. 26(a)(3)(A)(i).  Disclosure (t), "Any persons identified in any pleadings or attachments thereto in this litigation," suffers from the same defect and should likewise be stricken.

Respectfully submitted this 2nd day of November, 2020,

Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)