**PLAINTIFF'S EVIDENTARY ASSESSMENT OF DEFENDANTS' (Bates No. 152)**

**Alicia Gillen's List[1]**

**(1)**      **"New furniture lying to the Board about funding"**

This entry is an out of court statement offered for the truth of the contents to prove that Dr. Warren demonstrated poor judgment when handling District finances. Defs. Brief, p. 20. This written statement is hearsay and is not within a hearsay exception. Fed. R. Evid. 801. Ms. Gillen admits in her deposition that she lacked personal knowledge regarding the source of funding for the furniture. Ms. Gillen also acknowledged that she did not know that Derek Scott, former Executive Director of Operations, recommended to Dr. Warren that she permit the Superintendent's Office to be painted. Plaintiff's Exhibit 10, p. 105, line 13 - p. 107, line 17. If the Plaintiff seeks to use Ms. Gillian's testimony, the testimony is not hearsay and is admissible against her as an Opposing Party Statement. Fed. R. Evid. 801(d)(2)(A). Plaintiff objects to the admission of Gillen's List and Entry #1 of that List.

**(2)**      **"Law suit [sic] documents that were filed. That were not sent to board"**

This entry is an out of court statement offered for the truth of the contents to prove that Dr. Warren was not working cooperatively with the Board. Defs. Brief, p. 21. This written statement is hearsay and is not within a hearsay exception. Fed. R. Evid. 801. This statement lacks specificity; the Plaintiff cannot determine if Ms. Gillen is referring to the copy of the Supplemental Status Report that was forwarded to her on September 5, 2017, at 3:10 p.m. and responded to at 6:18 p.m. or some other unidentified court

---

[1] See Plaintiff's Brief in Support of her Response to Defendants' Motion for Summary Judgment, p. 77-78.

documents.  Plaintiff's Exhibit 18, Status Report Emails.  Plaintiff objects to the admission of Gillen's List and entry #2 of that List.

**(3)     "None of this facilities [sic] would be over budget would [sic] have happen if she would have done her job in Equity Services"**

Alicia Gillen's evasive deposition testimony demonstrates that she lacks personal knowledge about Dr. Warren's job responsibilities.  Consequently, Ms. Gillen is not competent to testify on the question of whether Dr. Warren performed her job.  See Plaintiff's Exhibit 10, p. 16, line 5 - p. 25, line 24.  This entry is also an out of court statement offered for the truth of the contents to prove that Dr. Warren was not working cooperatively with the Board.  Defs. Brief, p. 21.  This written statement is hearsay and is not within an exception to hearsay.  Fed. R. Evid. 801.  Plaintiff objects to the admission of Gillen's List and Entry #3 of that List.

**(4)     "What was her role . . . she knew about the court order"**

Entry #4 is an out of court statement offered for the truth of the contents to prove that Dr. Warren was not working cooperatively with the Board.  Alicia Gillen's deposition testimony demonstrates that she lacks personal knowledge about Dr. Warren's responsibilities and Plan 2000.  Plaintiff objects to the admission of Gillen's List and Entry #4 of that List.

**(5)     "Where is [sic] the monitoring reports with facilities [sic]"**

Entry #5 is an out of court statement offered for the truth of the contents to prove that Dr. Warren was not working cooperatively with the Board.  Alicia Gillen's deposition testimony demonstrates that she lacks personal knowledge about Dr. Warren's responsibilities and isn't competent to testify on the issue of Dr. Warren's responsibilities.

When asked if Derek Scott's monthly facilities-monitoring reports to the caused her concern, Ms. Gillen stated that she did not believe the reports were factual. She did not, however, communicate her concerns to Dr. Warren or anyone else. Plaintiff's Exhibit 10, p. 32, line 22 - p. 34, line 18.

(6) **"Terminated a coach when Paul Brewer was on Vacation against his instructions"**
Ms. Gillen lack personal knowledge about the circumstances referenced in this statement and she is not competent to testify about this entry. Consequently, her written statement is not admissible. This entry also demonstrates Ms. Gillen's lack of knowledge of District rank and authority of personnel. She assumes that the Black female Interim Superintendent is subject to the direction of the Assistant Superintendent of Personnel, a White male. The Assistant Superintendent for Personnel recommends the termination of employees to the Superintendent.

(7) **Norma Dixon access to Derrick Scott email - Norma has previous law suits [sic] against the district and had John Walker as council [sic].**
Ms. Gillen lacks personal knowledge of Norma Dixon's right to continue her employment after litigating against the District. This entry demonstrates Ms. Gillen's lack of personal knowledge of the District's legal obligation towards Ms. Dixon, and the Interim Superintendent's role and duty toward employees. Ms. Gillen's criticism is without justification.

(8) **Wanted to fire Denise Palmer (abuse of power)**

Dr. Warren, a Black female Interim Superintendent's, desire to terminate Denise Palmer, the District's former CFO, for failing to manage the District's budget is characterized as an abuse of power by Ms. Gillen. However, Ms. Gillen explains that Dr. Charles

McNulty's subsequent termination of Ms. Palmer was permissible because he was forming his Cabinet.  Ms. Gillen clearly has separate standards for White males and Black females.  Plaintiff's Exhibit 10 p.110, line 25 - p. 113, line 16. This entry is an out of court statement offered for the truth of its contents.  Plaintiff objects to its admission by the Defendants.  If used by the Plaintiff as an Opposing Party Statement offered against the Party to show that the list is a pretext for intentional discrimination, entry #8 is not hearsay.  Fed. R. Evid. 801(d)(2)(A).