IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                        PLAINTIFF

v.                        No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                       DEFENDANTS

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM – BREACH OF CONTRACT**

Defendants, by and through their attorneys, Bequette, Billingsley & Kees, P.A., respectfully submit this Reply to Plaintiff's Response (Dkt. 83) opposing Defendants' Supplemental Brief in Support of Motion for Summary Judgment on Breach of Contract Claim (Dkt. 70), and state:

The facts in this case are straightforward and well-documented; the facts relevant to Warren's breach of contract claim even more so. Warren entered into a one-year contract ("Contract" or "Agreement") to serve as Interim Superintendent of Pulaski County Special School District ("PCSSD") on July 18, 2017 after Superintendent Guess was terminated. *See* Warren Interim Superintendent's Contract, Dkt. 40-4, p. 1. There was no conversation as to the "optics" of who would look best in filling the temporary position, only discussion as to who was qualified and able to assume the role on short notice. Per the terms of Warren's Contract, the interim position was for a term of one-year, running from July 18, 2017 to June 30, 2018. *See* Warren Interim Superintendent's Contract, p. 1. She was awarded an annual salary of $195,000.00 as well as vacation, sick leave, and employment benefits. *Id.* at p. 1, 2-3. Finally, upon the expiration of the Agreement, Warren would return to her position as Assistant Superintendent for Equity and Pupil Services. *Id.* at p. 4. The Contract was duly executed on August 8, 2017. *Id.* at p. 5.

Warren served as the Interim Superintendent of PCSSD from July 18, 2017 until June 30, 2018. She was paid the commensurate salary and was not deprived of any vacation, sick leave, employment, or other benefit afforded to her under the terms of the Contract. Upon the natural conclusion of her interim superintendency, Warren resumed her role as the Assistant Superintendent for Equity and Pupil Services at her same rate of pay. Per the unambiguous language of the Agreement, PCSSD did not fail to satisfy a single duty or obligation owed to Warren.

In her Response, Warren reasserts that PCSSD committed a breach by failing to provide three "rights" granted to her by the District's Personnel Policies for Certified Employees which, she argues, were automatically incorporated into the Agreement. *See* Plaintiff's Response, Dkt. 83, p. 5, 7-14. These "rights" were: (1) a hiring preference, (2) a right to an interview based on PCSSD-custom, and (3) a right to an evaluation of her work as Interim Superintendent. *Id.* at p. 7-8. As considered in detail in Defendants' Supplemental Brief in Support of its Motion for Summary Judgment on Remaining Claim – Breach of Contract, the internal candidate 'hiring preference' is not applicable to the hiring of a superintendent as it would contravene the role of the Board as the exclusive power authorized to fill the role of superintendent. Further, Board Policy 1.7P does not apply to interim positions and, subsequently, could not have entitled Warren to a formal evaluation of her performance as she *knew* her appointment was an interim one and would not result in a contract extension. *See* Dkt. 27-1, p. 17 of 29 (Warren Depo.).

Assuming, *arguendo*, that Warren was entitled to either a hiring preference or a formal evaluation, she still cannot establish that PCSSD breached the Agreement as, at best, she has only demonstrated that PCSSD did not substantially comply with two policies, not with the body of the Personnel Policies as a whole, which comprise 198 pages and 9 different policy sub-categories.

Moreover, she has also failed to prove damages as an essential element as any injury done to her was only a breach of her interim contract, which expired on June 30, 2018. Warren served in the interim role through June 30, 2018, at the pay listed in the interim contract, and thereafter returned to her previous position at the same rate of pay. Stated plainly, Warren suffered no damages as Interim Superintendent – a sentiment echoed in her Answer Brief wherein she lists her expectation "interest" and "future risk" as her damages.

In sum, Warren assumed the role of Interim Superintendent on July 18, 2017. She served in this role until her contract ended on June 30, 2018, at which point she resumed her position as the Assistant Superintendent for Equity and Pupil Services at her same rate of pay. While serving as Interim, Warren was compensated appropriately and was not deprived of any benefit afforded by the terms of the Agreement. Further, to the extent that any miscellaneous policy *may* have applied to her, Warren still has not demonstrated that PCSSD failed to *substantially comply* with its declared policies sufficient to establish that a breach occurred. She also has failed to establish that she suffered damages as a result of any alleged PCSSD breach. As Warren cannot demonstrate that a breach occurred, or that she was injured as a result, her breach of contract claim cannot stand.

For the foregoing reasons, Defendants respectfully submit that they are entitled to judgment as a matter of law and that Plaintiff's Breach of Contract claim be dismissed.

                    Respectfully submitted,

                    BEQUETTE, BILLINGSLEY & KEES, P.A.
                    425 West Capitol Avenue, Suite 3200
                    Little Rock, AR 72201-3469
                    Phone: (501) 374-1107
                    Fax: (501) 374-5092
                    Email: ckees@bbpalaw.com

By:        **W. Cody Kees**
      W. Cody Kees, Ark. Bar #2012118
      Jay Bequette, Ark. Bar #87012