INSTRUCTION NO. _____

AGENCY

Arkansas law declares that PCSSD is a corporate body.  As a corporate body, PCSSD acts only through its Board of Education or its employees. Therefore, when mention is made of PCSSD doing or not doing something, then, of course, it means the Board, or the Board members, or PCSSD's employees acting within the scope of their employment. The Board of Education, a Board member, or an employee of a corporate body may bind or obligate PCSSD by acts and statements made while acting within the scope of the authority delegated to the Board of Education or within the scope of his or her duties as a Board of Education member or as an employee of PCSSD.

.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.23 (2019); Kevin F. O'Malley, Jay E. Greniga, Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 108:01 (6th ed. 2020 update); Ark. Code. Ann. § 6-13-102 (a).

INSTRUCTION NO. _____

BURDEN OF PROOF

You will have to decide whether certain facts have been proved. A fact has been proved if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." "Proof beyond a reasonable doubt" applies in criminal cases, but not in this civil case; so put it out of your mind.

GIVEN:   _____

MODIFIED:   _____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 3.04 (2019).

INSTRUCTION NO. ____

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness' memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 3.03 (2019).

INSTRUCTION NO. _____

Expert Opinion

You are about to hear testimony from one who will testify to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

GIVEN            _____

REFUSED          _____

MODIFIED         _____

WITHDRAWN        _____

Model Civ. Jury Instr. 8th Cir. 3.08 (2019)

INSTRUCTION NO. _____

DEFINITION:  MOTIVATING FACTOR


As used in these instructions, the plaintiff's sex or race was a "motivating factor," if the plaintiff's sex or race played a part in the defendant's decision not to hire the plaintiff. However, the plaintiff's sex or race need not have been the only reason for the defendant's decision not to hire the plaintiff.


GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.21 (2019)

INSTRUCTION NO. _____

Title VII:  Race Discrimination

Elements of the Claim


Your verdict must be for the plaintiff, Dr. Janice Warren, and against the defendant, PCSSD, on the plaintiff's claim of race discrimination if both of the following elements have been proved:

*First*, the PCSSD Board did not hire or promote the plaintiff to the position of Superintendent; and

*Second*, the plaintiff's race was a motivating factor, played a part, in the Board's decision.

As used in these instructions, the plaintiff's race was a "motivating factor," if the plaintiff's race played a part in the Board's decision. The plaintiff's race does not need to be the only reason for the Board's decision about the plaintiff's application.

You may find that the plaintiff's race was a motivating factor if it has been proved that the Board's reasons for its decision are not the real reasons. But, are a pretext to hide race discrimination.

If either the *first* or the *second* element listed above have not been proved, your verdict must be for PCSSD.


GIVEN: _____

MODIFIED: _____

REFUSED: _____


Model Civ. Jury Instr. 8th Cir. 5.20, 5.21, & 5.40 (2019).

INSTRUCTION NO. _____

TITLE VII RACE DISCRIMINATION:  SAME DECISION

If you find in favor of the plaintiff under Instruction _____, then you must answer the following question in the verdict form: Has it been proved that the defendants would not have hired the plaintiff regardless of her race?

Place an "X" on the appropriate line:

YES _____                               NO _____

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.0.

7

INSTRUCTION NO. ___

TITLE VII ACTUAL DAMAGES:  RACE DISCRIMINATION

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to hire her for the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO. _____

PUNITIVE DAMAGES:  TITLE VII RACE CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, under Instruction ____, and if you answer "no" in response to Instruction ____, then you must decide whether PSSD's Board acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of race. The defendant acted with malice or reckless indifference if:

It has been proved that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas knew that failing to select Dr. Janice Warren as Superintendent was in violation of the law prohibiting discrimination on the basis of race, or that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas made a good-faith effort to comply with the law prohibiting race discrimination.

If you find that the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ____.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII RACE CLAIM

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD's Board and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the PCSSD's financial condition, to punish the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII RACE CLAIM


You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.


GIVEN: _____

MODIFIED: _____

REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 5.72 (2019)**

VERDICT FORM
Title VII Race Discrimination


On the race discrimination claim of Dr. Janice Warren, we find in favor of

Plaintiff Dr. Janice Warren                    or                    Defendant PCSSD

**Note**:          Answer the next question only if the above finding is in favor of the plaintiff.  If

the above finding is in favor of the defendant, have your foreperson sign and date

this form because you have completed your deliberations on this claim.


Has it been proved that the defendants would not have hired or promoted the plaintiff

regardless of her race?

_____ Yes              _____ No
(Mark an "X" in the appropriate space)

**Note**:          Complete the following paragraphs only if your answer to the proceeding

question is "no."  If you answered "yes" to the preceding question, have your

foreperson sign and date this form because you have completed your deliberation

on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$_____ (stating the amount or, if you find that the plaintiff's damages do
not have a monetary value, write in the nominal amount of One Dollar ($1.00)].

_____
                                                                      Foreperson

Dated: _____

12

INSTRUCTION NO. _____

Title VII:  Sex Discrimination

Elements of the Claim


Your verdict must be for the plaintiff, Dr. Janice Warren, and against the defendant, PCSSD, on the plaintiff's claim of sex discrimination if both of the following elements have been proved:

*First*, the PCSSD Board did not hire or promote her to the position of Superintendent; and

*Second*, the plaintiff's sex was a motivating factor, played a part in the Board's decision.

As used in these instructions, the plaintiff's sex was a "motivating factor," if the plaintiff's sex played a part in the Board's decision. The plaintiff's sex does not need to be the only reason for the Board's decision about the plaintiff's application.

You may find that the plaintiff's sex was a motivating factor if it has been proved that the Board's reasons for its decision are not the real reasons. But, are a pretext to hide sex discrimination.

If either the first or the second element listed above have not been proved, your verdict must be for PCSSD.


GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____


Model Civ. Jury Instr. 8th Cir. 5.20, 5.21, & 5.40 (2019).

INSTRUCTION NO. _____

TITLE VII SEX DISCRIMINATION:  SAME DECISION

If you find in favor of the plaintiff under Instruction _____, then you must answer the following question in the verdict form: Has it been proved that the defendants would not have hired the plaintiff regardless of her sex?

Place an "X" on the appropriate line:

YES _____                                    NO _____

GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.0.

INSTRUCTION NO. ____

TITLE VII ACTUAL DAMAGES:  SEX DISCRIMINATION

If you find in favor of the plaintiff under Instruction ____, and if you answer "no" in response to Instruction _____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to hire or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for sex discrimination.

GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO. _____

PUNITIVE DAMAGES:  TITLE VII SEX CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, under Instruction ___, and if you answer "no" in response to Instruction ___, then you must decide whether PSSD's Board acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of sex. The defendant acted with malice or reckless indifference if:

It has been proved that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas knew that failing to select Dr. Janice Warren as Superintendent was in violation of the law prohibiting discrimination on the basis of sex, or that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas made a good-faith effort to comply with the law prohibiting sex discrimination.

If you find that the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ___.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII SEX CLAIM

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD's Board and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the PCSSD's financial condition, to punish the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII SEX CLAIM

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 5.72 (2019)**

VERDICT FORM

Title VII Sex Discrimination

On the sex discrimination claim of Dr. Janice Warren, we find in favor of

| Plaintiff Dr. Janice Warren | or | Defendant PCSSD |
|---|---|---|

**Note**:         Answer the next question only if the above finding is in favor of the plaintiff.  If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has it been proved that the defendants would not have hired or promoted the plaintiff regardless of her sex?

_____ Yes               _____ No
(Mark an "X" in the appropriate space)

**Note**:         Complete the following paragraphs only if your answer to the proceeding question is "no."  If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$_____ (stating the amount or, if you find that the plaintiff's damages do not have a monetary value, write in the nominal amount of One Dollar ($1.00).

_____
Foreperson

Dated: _____

19

INSTRUCTION NO. _____

TITLE VII:  RETALIATION

Your verdict must be for plaintiff, Dr. Janice Warren,  and against defendants, PCSSD and its Board, on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the Board and PCSSD's attorney, and thereby, to the Federal District Court that the Mills' High School students, parents, and Community were being discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that the Mills' High School students, parents, and Community were being discriminated against on the basis of race; and

*Third,* the defendants refused to hire the plaintiff for the position of Superintendent; and

*Fourth*, the plaintiff's failure to be selected for the position of Superintendent might well dissuade or discourage a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

*Fifth*, the defendants would have selected the plaintiff for the position of Superintendent but-for plaintiff's complaint of race discrimination.

"But-for" does not require that the plaintiff's complaint of discrimination was the only reason for the decision made by the defendant.

You may find the defendant would have selected the plaintiff "but-for" plaintiff's complaint of discrimination if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are pretext to hide retaliation.

INSTRUCTION NO. _____

TITLE VII:  RETALIATION


If any of the above *five* elements have not been proved, your verdict must be for the defendants

and you need not proceed further in considering this claim.




GIVEN: _____

MODIFIED: _____

REFUSED: _____



**Model Civ. Jury Instr. 8th Cir. 10.41 (2019)**

INSTRUCTION NO. ____

TITLE VII ACTUAL DAMAGES:  RETALIATION

If you find in favor of the plaintiff under Instruction ____, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's retaliation against her. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN:  ____

MODIFIED:  ____

REFUSED:  ____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO. _____

PUNITIVE DAMAGES:  TITLE VII RETALIATION CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, under Instruction ____, and if you answer "no" in response to Instruction ____, then you must decide whether PSSD's Board acted with malice or reckless indifference to the plaintiff's right not to be retaliated against on the basis of race. The defendants acted with malice or reckless indifference if:

It has been proved that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas knew that failing to select Dr. Janice Warren as Superintendent was in violation of the law prohibiting discrimination on the basis of race, or that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas made a good-faith effort to comply with the law prohibiting retaliation.

If you find that the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ____.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII RETALIATION CLAIM

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD's Board and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the PCSSD's financial condition, to punish the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII RETALIATION CLAIM

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 5.72 (2019)**

VERDICT FORM
TITLE VII RETALIATION

On the retaliation claim of plaintiff Dr. Janice Warren, as submitted in Instruction No.

_____, we find in favor of

---

Plaintiff Dr. Janice Warren                     or                     Defendant PCSSD


**Note**:          Complete the following paragraphs only if the above finding is in favor o

the plaintiff.  If the above finding is in favor of the defendant, have your

foreperson sign and date this form because you have completed your

deliberations on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none")

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$_____ (stating the amount or, if you find that the plaintiff's damages do

not have a monetary value, write in the nominal amount of One Dollar ($1.00).


_____
Foreperson


Dated: _____

INSTRUCTION NO._____

RACE SECTION 1981:  ELEMENTS OF THE CLAIM

(Motivating Factor)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendant PCSSD on plaintiff's claim of discrimination on the basis of race, if all the following elements have been proved:

*First*, the defendants failed to hire or promote her for the position of Superintendent; and

*Second*, the plaintiff's race was a motivating factor, played a part, in the defendants' decision.

You may find that race discrimination was a motivating factor, played a part, in the defendants' decision if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.

However, your verdict must be for the defendants if any of the above elements has not been proved, or if it has been proved that the defendants would not have decided to hire or promote the plaintiff to the position of Superintendent regardless of race.

GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

**Model Civ. Jury Instr. 8th Cir. 11.40 (2019)**

27

INSTRUCTION NO.____

RACE SECTION 1981:  ELEMENTS OF THE CLAIM

(But-for Causation)

Your verdict must be for plaintiff Dr. Janice Warren and against defendant PCSSD on the plaintiff's race discrimination claim if all the following elements have been proved:

*First*, the defendants did not hire or promote the plaintiff to Superintendent; and

*Second*, the defendants would not have failed to hire or promote the plaintiff but-for plaintiff's race.

If any of the above elements has not been proved, your verdict must be for the defendant PCSSD.

"But-for" does not require that race was the only reason for the decision made by the defendants. You may find that the defendants would not have failed to hire or promote the plaintiff "but-for" the plaintiff's race if it has been proved that the defendants' stated reasons for their decision are not the real reason(s), but are a pretext to hide their race discrimination.

GIVEN:        _____

MODIFIED:     _____

REFUSED:      _____

Model Civ. Jury Instr. 8th Cir. 11.41 (2019)

28

INSTRUCTION NO. ___

SECTION 1981 ACTUAL DAMAGES:  RACE DISCRIMINATION

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to hire her or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO. _____

42 U.S.C. SECTION 1981:  RETALIATION

Elements of the Claim (But-for Causation)

Your verdict must be for plaintiff, Dr. Janice Warren,  and against defendants, PCSSD and its Board, on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the Board and PCSSD's attorney, and thereby to the Federal District Court that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that the Mills' High School students, parents, and Community were being discriminated against on the basis of race; and

*Third,* the defendants refused to hire or promote the plaintiff to the position of Superintendent; and

*Fourth*, the defendants' failure to hire or promote the plaintiff to the position of Superintendent might well dissuade or discourage a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

*Fifth*, the defendants would have hired or promoted the plaintiff to the position of Superintendent but-for plaintiff's complaint of race discrimination.

"But-for" does not require that the plaintiff's complaint of discrimination was the only reason for the decision made by the defendant.

You may find the defendant would have selected the plaintiff "but-for" plaintiff's complaint of discrimination if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are pretext to hide retaliation.

30

INSTRUCTION NO. _____
42 U.S.C. SECTION 1981:  RETALIATION

Elements of the Claim (Motivating Factor)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants, PCSSD and its Board, on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the Board and PCSSD's attorney, and thereby, to the Federal District Court that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that the Mills' High School students, parents, and Community were being discriminated against on the basis of race; and

*Third*, the defendants refused to hire the plaintiff for the position of Superintendent; and

*Fourth*, the plaintiff's failure to be selected for the position of Superintendent might well dissuade or discourage a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

*Fifth*, the plaintiff's notifying the PCSSD's Board, PCSSD's Attorney and, thereby the Federal District Court about the racial discrimination by PCSSD in constructing Mills High School was a motivating factor, played a part, in the defendants' decision.

You may find that race discrimination was a motivating factor, played a part, in the defendants' decision if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.

If any of the above *five* elements have not been proved, your verdict must be for the defendants and you need not proceed further in considering this claim.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 11.40 & 11.41 (2019)

INSTRUCTION NO. ____

SECTION 1981 ACTUAL DAMAGES:  RETALIATION

If you find in favor of the plaintiff under Instruction ____, and if you answer "no" in response to Instruction _____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to hire her or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not retaliated against her March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO.____
Damages: Punitive (42 U.S.C. § 1981)

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction(s)____ and if it has been proved that the conduct of the defendants as submitted in Instruction ____ was malicious or recklessly indifferent to the plaintiff's contract and employment rights then you may award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendants for engaging in misconduct and discouraging the defendants and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering PCSSD's financial condition, to punish the defendants for their wrongful

INSTRUCTION NO._____
Damages: Punitive (42 U.S.C. § 1981)

conduct toward the plaintiff and to deter the defendants and others from similar wrongful

conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm

caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to

impose punitive damages. If punitive damages are assessed against more than one defendant, the

amounts assessed against those defendants may be the same or they may be different.


GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

**Model Civ. Jury Instr. 8th Cir. 11.72 (2019)**

SPECIAL VERDICT FORM
42 U.S.C. 1981

**Your verdict in this case will be determined by your answers to the following questions. Read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.**

**<u>Question No. 1</u>**: Has it been proved that the defendants would have selected the plaintiff as a Superintendent but-for the plaintiff's race? "But-for" does not require that race was the only reason for the decision made by the defendants.

> You may find that the defendants would have selected the plaintiff as Superintendent "but-for" the plaintiff's race if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide race discrimination.

_____Yes                    _____No

**(Mark an "X" in the appropriate space.)**

**Note: If you answered "yes" to Question No. 1, skip Questions 2 and 3, and answer questions 4 and 5. If you answered "no" to Question No. 1, proceed to Question No. 2.**

SPECIAL VERDICT FORM:  42 U.S.C. 1981

**Question No. 2**: Has it been proved that the plaintiff's race was a motivating factor, played a part, in the defendants' act of not hiring or promoting the plaintiff to Superintendent? Race was a "motivating factor" if the plaintiff's race played a part in the defendants' decision not to hire or promote the plaintiff to the position of Superintendent. However, the plaintiff's race need not have been the only reason for the defendants' actions. You may find that race was a motivating factor if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.

_____Yes                 _____No

**(Mark an "X" in the appropriate space.)**

**Note: If you answered "yes" to Question No. 2, continue on to Question No. 3. If you answered "no" to Question No. 1 and "no" to Question No. 2, you should have your foreperson sign and date this form because you have completed your deliberations on this race discrimination claim.**

SPECIAL VERDICT FORM:  42 U.S.C. 1981

**Question No. 3**: Has it been proved that the defendants would not have hired or promoted the plaintiff to the position of Superintendent regardless of her race?

_____Yes                    _____No

**(Mark an "X" in the appropriate space.)**

**Note: Answer Questions 4 and 5 if you answered "yes" to Question No. 1 or if you answered "yes" to Question No. 2 and "no" to Question No. 3. If you answered "yes" to Question No. 3, have your foreperson sign and date this form because you have completed your deliberations on this (race) discrimination claim.**

**Question No. 4**: State the amount of the plaintiff's actual damages as that term is defined in Instruction ___. $_____. Or, if you find that the plaintiff's damages have no monetary value, write in the nominal amount of One Dollar $1.00.

**Question No. 5**: What amount, if any, do you assess for punitive damages as that term is defined in Instruction ___? $_____. Or, if none, write the word "none".

_____                    _____
    Date                              Foreperson

GIVEN: _____

MODIFIED: _____

REFUSED: _____                    **Model Civ. Jury Instr. 8th Cir. 11.90 (2019)**

INSTRUCTION NO.____

Race Discrimination (42 U.S.C. § 1983)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas on the plaintiff's claim of race discrimination if all the following elements have been proved:

*First*, the defendants did not hire or promote her to the position of Superintendent;

*Second*, the plaintiff's race was a determining factor in the defendants' decision.

"Race was a determining factor" only if the defendants would not have failed to hire or promote the plaintiff but for the plaintiff's race; it does not require that race was the only reason for the decision made by the defendants.

You may find race was a determining factor if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide race discrimination.

and

*Third*, when defendants did not hire or promote the plaintiff to the position of Superintendent, the defendants' actions are done in the performance of their official duties under state law.

Your verdict must be for the defendants if any of the elements, *First, Second,* and *Third* listed above has not been proved.

GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____                    Model Civ. Jury Instr. 8th Cir. 12.41 (2019).

INSTRUCTION NO.____

Sex Discrimination (42 U.S.C. § 1983)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas on the plaintiff's claim of sex discrimination if all the following elements have been proved:

*First*, the defendants did not hire or promote the plaintiff to the position of Superintendent; and

*Second*, the plaintiff's sex was a determining factor in the defendants' decision.

"Sex was a determining factor" only if the defendants would have selected the plaintiff as a finalist but for the plaintiff's sex; it does not require that sex was the only reason for the decision made by the defendants.

You may find sex was a determining factor if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide sex discrimination.

and

*Third*, when defendants did not select the plaintiff as a finalist and hire or promote her to the position of Superintendent, the defendants' actions are done in the performance of their official duties under state law.

Your verdict must be for the defendants if any of the first two elements, *First and Second* listed above, has not been proved.

GIVEN: ____

MODIFIED: ____

REFUSED: _____                              Model Civ. Jury Instr. 8th Cir. 12.41 (2019).

INSTRUCTION NO. _____

Punitive Damages 42 U.S.C. 1983

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, and against defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas, and if it has been proved that the defendants' failure to hire or failure to promote the plaintiff was motivated by evil motive or intent, or that the defendants were recklessly indifferent to the plaintiff's rights, then in addition to any other damages that you find the plaintiff entitled to, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction _____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit or intentional malice; whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.   You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendants' financial condition, to punish the defendant for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

GIVEN:  _____

MODIFIED:  _____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 12.72 (2019)

VERDICT

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in

Instruction ____, we find in favor of

Plaintiff Janice Warren

or

Defendant Dr. Linda Remele

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Dr. Linda Remele, as submitted in

Instruction ____, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____                          _____

        Date                                                                    Foreperson

43

## VERDICT

### 42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____, we find in favor of

      Plaintiff Janice Warren

      Or

      Defendant Alicia Gillen

 Note: Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

 $_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Alicia Gillen, as submitted in Instruction ____, as follows:

 $_____ (stating the amount or, if none, write the word "none").


_____                           _____
      Date                                                 Foreperson

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____,

we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Mike Kemp

 Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Mike Kemp, as submitted in Instruction ____, as

follows:

$_____ (stating the amount or, if none, write the word "none").

_____               _____

     Date                                      Foreperson

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____, we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Eli Keller

 Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

      We assess punitive damages against defendant Eli Keller, as submitted in Instruction ____, as follows:

$_____ (stating the amount or, if none, write the word "none").

_____

     Date                                          Foreperson

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Brian Maune

 Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

      We assess punitive damages against defendant Brian Maune, as submitted in Instruction

___, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____            _____

      Date                                               Foreperson

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____,

we find in favor of

Plaintiff Janice Warren

or

Defendant Shelby Thomas

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have

no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Shelby Thomas, as submitted in

Instruction ____, as follows:

$_____ (stating the amount or, if none, write the word "none").

_____                         _____
        Date                                                          Foreperson

48

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 12.80 (2019)

VERDICT FORM

42 U.S.C. § 1983_ RACE

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in

Instruction ____, we find in favor of

Plaintiff Janice Warren

or

Defendant Dr. Linda Remele

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Dr. Linda Remele, as submitted in

Instruction ____, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____               _____

Date                                                           Foreperson

50

VERDICT

42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____, we find in favor of

>       Plaintiff Janice Warren

>       Or

>       Defendant Alicia Gillen

 Note: Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

 $_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Alicia Gillen, as submitted in Instruction ____, as follows:

 $_____ (stating the amount or, if none, write the word "none").


_____                    _____
        Date                                                          Foreperson

VERDICT

42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___, we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Mike Kemp

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Mike Kemp, as submitted in Instruction ___, as follows:

$_____ (stating the amount or, if none, write the word "none").

_____                    _____
Date                                                                    Foreperson

VERDICT

42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

Plaintiff Janice Warren

or

Defendant Eli Keller

 Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Eli Keller, as submitted in Instruction ___,

as follows:

$_____ (stating the amount or, if none, write the word "none").

_____                    _____

Date                                                            Foreperson

53

VERDICT

42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____,

we find in favor of

Plaintiff Janice Warren

or

Defendant Brian Maune

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If
the above finding is in favor of the defendant, have your foreperson sign and date this form
because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages
have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Brian Maune, as submitted in Instruction
____, as follows:

$_____ (stating the amount or, if none, write the word "none").

_____                    _____

Date                                                                 Foreperson

54

VERDICT

42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___, we find in favor of

> Plaintiff Janice Warren

> or

> Defendant Shelby Thomas

 Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

 We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

 $_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

 We assess punitive damages against defendant Shelby Thomas, as submitted in Instruction ___, as follows:

 $_____ (stating the amount or, if none, write the word "none").

_____
Date

_____
Foreperson

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 12.80 (2019)