INSTRUCTION NO.\_\_\_\_

Breach of Contract:  Contract Formation

The plaintiff, Dr. Janice Warren, claims that PCSSD breached her employment contract and Dr. Warren has the burden of proving each of four essential propositions:

*First*, that Dr. Janice Warren and PCSSD entered into a contract;

*Second*, that the contract required the PCSSD Board of Education to perform certain acts;

*Third*, Dr. Janice Warren did what the contract required of her:  she applied for the position of Superintendent and was qualified for the position; and

*Fourth*, that PCSSD's Board of Education did not do what the contract required of it:

    a) The Board did not grant her an interview; and

    b) The Board did not determine if Dr. Warren's ability, qualifications, and credentials were equal to the external candidates chosen as finalists; and

    c) The Board did not determine if Dr. Warren was entitled to a hiring preference.

If you find that Dr. Warren has proved any of the *four* propositions, then your verdict should be for Dr. Warren. If, however, Dr. Warren has failed to prove any one or more of the *four* propositions, then your verdict should be for PCSSD

GIVEN:  \_\_\_\_\_
MODIFIED:  _____
REFUSED:  _____
AMI 2401 Issues—Breach of Contract

1

INSTRUCTION NO. \_\_\_\_\_

RESOLVING AN AMBIGUITY

The parties dispute the meaning of the following language in their contract:

***[Insert ambiguous language]***

I have determined that the term or a phrase of the parties' contract is ambiguous. When I use the term ambiguous, I mean that a term or a phrase of the contract is susceptible to two or more reasonable meanings. Therefore, it is your duty to interpret the contract to give effect to what the parties intended when they made their agreement. In determining the meaning of the language, you must take into consideration the language of the contract, the circumstances surrounding the making of the contract, the subject of the contract, the purpose of the contract, the situation and relation of the parties at the time the contract was made, the parties' subsequent course of performance, and PCSSD's customary conduct regarding the term or phrase.

GIVEN: _____
MODIFIED: _____
REFUSED: _____

AMI 2412 Contract Interpretation—General Rule—Ambiguity in Language.

INSTRUCTION NO. \_\_\_

**Contract Interpretation—Construction Against One Who Drafted Contract**

If you cannot determine the intention of the parties after considering the instructions that I have already given you concerning the interpretation of the ambiguous language in the contract, then you should interpret the ambiguous language against the party who prepared the contract.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

AMI 2424 Contract Interpretation—Construction Against One Who Drafted Contract

INSTRUCTION NO. \_\_\_\_

Breach of Contract:  Implied Covenant of Good Faith & Fair Dealing

In addition to the express terms of a contract, Arkansas law implies a promise between the parties that they will act in good faith and deal fairly with one another in performing and enforcing their obligations under the contract. Stated another way, the law implies a promise between the parties that they will not do anything to prevent or hinder the performance or the enforcement of the contract. However, the implied promise does not obligate either party to take any action that is contrary to the express terms of the contract.

You may consider the alleged actions by Dr. Linda Remele and Alicia Gillen or the decision of the entire Board only as evidence of a breach of the Board's duty to determine in good faith if Dr. Warren's ability, qualifications, and credentials were equal to those of the external candidates chosen as finalists.

GIVEN: \_\_\_\_\_
MODIFIED: _____
REFUSED: _____

AMI 2426 Implied Covenant of Good Faith and Fair Dealing

INSTRUCTION NO. \_\_\_\_
Performance or Breach

The parties dispute whether PCSSD's Board did what the contract required of it. A party's failure to do what the contract required of it is a "breach" of the contract.

If PCSSD's Board of Education did not substantial comply with its declared personnel policies, PCSSD breached its contract with Dr. Janice Warren. PCSSD's Board Policies required the Board:

1) to grant Dr. Warren, a qualified internal candidate, an interview;

2) to evaluate Dr. Warren's ability, qualifications, and credentials;

3) to determine, based on her ability, qualifications, and credentials, if she was equally qualified as the external candidates chosen as finalists; and

4) to grant Dr. Warren a hiring preference over equally qualified external candidates.

*First*, if the Board did not grant Dr. Warren, a qualified internal candidate, an interview, PCSSD breached its contract with Dr. Warren;

*Second*, if the Board did not evaluate Dr. Warren's ability, qualifications, and credentials, the Board did not substantially comply with its Policies and PCSSD breached its contract with Dr. Warren.

*Third*, if the Board did not compare Dr. Warren's ability, qualifications, and credentials with those selected as finalists, PCSSD breached its contract with Dr. Warren;

*Fourth*, if the Board compared Dr. Warren's ability, qualifications, and credentials with those selected as finalists but the Board's decision is not supportable on any rational basis, the Board did not substantially comply with its Personnel Policies and PCSSD breached its contract.

    An action or a decision lacks a rational basis if the action or decision was a willful and unreasoning decision, without deliberation and with a disregard of the facts or circumstances of the case.

  If you find that the Board did not perform one or more of the *four* actions or decisions listed above, PCSSD breached its contract with Dr. Warren.

GIVEN: \_\_\_\_\_

MODIFIED: _____

REFUSED: _____

AMI 2427 Breach; *Arkansas Prof'l Bail Bondsman Licensing Bd. v. Oudin*, 348 Ark. 48, 55, 69 S.W.3d 855, 860 (2002); *McElroy v. Jasper School Dist.*, 617 S.W.2d 356, 273 Ark. 143 (Ark. 1981) (recognizing the principle of substantial compliance in the context of a probationary teacher) (emphasis added); *Helena-West Helena School Dist. No. 2 v. Randall*, 796 S.W.2d 586, 32 Ark.App. 50 (Ark. App. 1990).

INSTRUCTION NO. \_\_\_\_\_

Breach of Contracts:  Damages

If you decide for the plaintiff Dr. Janice Warren on the question of breach of contract, you must then fix the amount of money that Dr. Warren proved will reasonably and fairly compensate her for the elements of damage resulting from PCSSD's breach of contract.

In order to fairly compensate Dr. Warren, any award should put her in no better position than she would have been in if both Dr. Warren and PCSSD had performed all of their promises under the contract.

The element of damage that plaintiff claims is the amount you find that would place her in the same position she would have been if the Board had substantially complied with its Transfer and Promotion Policies.

Whether this element of damage has been proved by the evidence is for you to determine.


GIVEN:  \_\_\_\_\_
MODIFIED:  _____
REFUSED:  _____

AMI 2201 Measure of Damages—General Instruction

## **VERDICT FORM**

We, the Jury, find in favor of Dr. Janice Warren, the plaintiff, and against PCSSD, the defendant, and award damages in the following amount:

$

Foreperson

## **VERDICT FORM**

We, the Jury, find in favor of PCSSD, the defendant, and against, Dr. Janice Warren, the plaintiff.

Foreperson