ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jul-15  10:17:06
60CV-20-3866
C06D16 : 4 Pages

IN THE CIRCUIT COURT

OF

PULASKI COUNTY ARKANSAS

JANICE HARGROVE WARREN                                              PLAINTIFF

V.                                NO:

PULASKI COUNTY SPECIAL SCHOOL DISTRICT
DR. CHARLES MCNULTY, SUPERINTENDENT                    DEFENDANTS

## COMPLAINT

Plaintiff Janice Warren brings this action under the Arkansas Freedom of Information Act ("FOIA"), Ark. Code Ann. §§ 25-19-101 et seq., and states her cause of action as follows:

1. Plaintiff is a citizen of the State of Arkansas, residing in Pulaski County at 8917 Northwood Creek Drive, Apt. B, North Little Rock, AR 72113;

2. Defendant Pulaski County Special School District is ("PCSSD") is a public school district with its central office located in Sweet Home, Arkansas. It is a corporate body with the power to sue and be sued. Ark. Code Ann. § 6-13-102;

3. Dr. Charles McNulty is a natural person and is named in his official capacity. As Superintendent, Dr. McNulty is the custodian of the public records to which Plaintiff has been denied access under the Arkansas FOIA ("AFOIA").

4. This court has jurisdiction under Ark. Code Ann. § 25-19- 107(a). Venue is proper under the same provision.



1

5. On May 4, 2020, Plaintiff's representative, Sarah Howard Jenkins ("Jenkins") -- SARAH HOWARD JENKINS, PLLC, presented an email FOIA request for public documents to Jill Clark ("Clark"), Communications Legal Associate for PCSSD and the person designated by Dr. McNulty as the proper recipient of all AFOIA request.  (See Exhibit 1.) The requested public records included letters, emails, and text messages between PCSSD's Board of Education or its members and PCSSD's attorneys and memoranda on designated topics.  PCSSD's legal counsel, Cody Kees ("Kees"), BEQUETTE, BILLINGSLEY & KEES, P.A., responded on May 4, 2020. (See Exhibit 1)  Despite a later agreement to limit the request to records dated before September 23, 2019, the date Plaintiff commenced her Federal employment discrimination suit against PCSSD and other defendants, the requested public records were not made accessible.

6. Despite the Arkansas Supreme Court's opinion in *Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (Ark. 1998), AFOIA law on requests by a representative remains murky, creating a question on the identity of the proper plaintiff when a request is presented by a representative.  In an abundance of caution, on June 27, 2020, Plaintiff transmitted to Clark a substantially similar AFOIA request by email for access to the public records.  Plaintiff believes the following business day, June 29, 2020, was the effective date of her request.  Thereafter, Plaintiff's legal representative agreed to a modification of the request with Kees, PCSSD's legal representative.  As previously agreed, the modification limited the requested records to those dated before September 23, 2019. PCSSD, through its legal representative Kees, notified Jenkins that PCSSD did not have in *its* possession any of the requested records.  (See July 7, 2020, email from Kees, attached as Exhibit 2.)  Plaintiff was denied access to the requested public records.

6. Thereafter, Plaintiff's legal representative presented a substantially similar AFOIA request on BEQUETTE, BILLINGSLEY & KEES, P.A., as constructive custodian of the

2

requested public documents. See generally, Ark. Code Ann. § 25-19-103 (1)(A), " 'Custodian,' except as otherwise provided by law and with respect to any public record, means the person having administrative control of that record." Kees denied the request asserting he was not the "custodian" of the records, citing *Nabholz Const. v. Contractors for Public*, 266 S.W.3d 689, 371 Ark. 411 (Ark. 2007) (see Exhibit 3).

7. Plaintiff emailed her third substantially similar AFOIA request to PCSSD on July 7, 2020, and copied BEQUETTE, BILLINGSLEY & KEES, P.A. and other PCSSD-lawyers. (Attached as Exhibit 4.) The request included an explicit clarification that Plaintiff sought those responsive public records in PCSSD's attorneys' possession to avoid, yet again, PCSSD's assertion that it did not have responsive records in *its* actual possession (see Exhibit 4). Neither *Nabholz Const. v. Contractors for Public*, 266 S.W.3d 689, 371 Ark. 411 (Ark. 2007), nor *City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d 275 (Ark. 1990), require a citizen to identify the constructive custodian of the public entity's public records. Once the public entity determines that documents are public records, whether the public entity has the public records in its actual or constructive possession, the public records are to be accessible for copying or inspecting or copies are to be provided. See, e.g., *City of Fayetteville v. Edmark*, *supra*. Although PCSSD provided notice that the request had been received, the requested records have not been provided to the Plaintiff.[1] A failure to provide the requested documents constitutes a denial. Watkins, John J., et al. *The Arkansas Freedom of Information Act*, University of Arkansas Press, 2017. ProQuest Ebook Central, https://ebookcentral.proquest.com/lib/ualrlaw/detail.action?docID=5573496.

---

[1] On July 10, 2020, PCSSD provided access to 103 public records via email as a purported response to the May 4, 2020, request. The provided documents were expressly excluded from the Plaintiff's July 7, 2020, request.

8. The public records sought by the Plaintiff are not subject to an exemption. Ark. Code Ann. § 25-19-105 (3)(b), *City of Fayetteville v. Edmark*, supra; *Scott v. Smith*, 292 Ark 174, 728 S.W.2d 515 (1987). PCSSD's and its attorneys' failure to provide access to the requested records constitutes a violation of the AFOIA.

WHEREFORE, Plaintiff asks this Court to take jurisdiction of this case and to set, within seven days, a hearing on this matter pursuant to Ark. Code Ann. § 25-19-107(b); to order Defendant and its attorneys, pursuant to Ark. Code Ann. § 25-19-107(c), to make available to the Plaintiff all records in her request dated July 7, 2020; to grant Plaintiff reasonable attorney's fees and litigation expenses pursuant to Ark. Code Ann. § 25-19-107(d); and to grant any other relief to which Plaintiff may be entitled.

Respectfully submitted,

Sarah Howard Jenkins, PLLC

<u>Sarah Howard Jenkins</u>
Sarah Howard Jenkins
Ark. Sup. Ct. Reg. No. 97046
Attorney at Law
PO Box 242694, Little Rock, AR 72223
**Phone:** (501) 406-0905
**Email:** sarah@shjenkinslaw.com
Attorney for the Plaintiff
Dr. Janice Hargrove Warren