IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                               PLAINTIFF

v.                              No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                              DEFENDANTS

### BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendants, by and through their attorneys, Bequette, Billingsley & Kees, P.A., respectfully submit this Brief in Support of their Motion for Protective Order pursuant to Fed. R. Civ. P. 26. For the reasons discussed herein, Defendants' Motion for Protective Order should be granted.

Plaintiff, through her attorney, Sarah Jenkins, continues to request records from Defendant Pulaski County Special School District ("PCSSD") via the Arkansas Freedom of Information Act ("FOIA"). Since April 2020, Ms. Jenkins has made eight (8) FOIA requests to PCSSD, many involving follow-up responses and further document production. *See* Emails from Ms. Jenkins to PCSSD, attached to Defendants' Motion as Exhibit 1. While Ms. Jenkins does not specify her requests are part of her representation of Plaintiff Warren in the present lawsuit, any reasonable observer can see the requests all relate to the pending case. Moreover, PCSSD has no record of Ms. Jenkins making any requests for records prior to her representation of Plaintiff Warren. Furthermore, Plaintiff Warren filed a FOIA lawsuit in Pulaski County in July of 2020, represented by Ms. Jenkins. *See* FOIA Complaint, attached to Defendants' Motion as Exhibit 2. That FOIA lawsuit was resolved.

PCSSD has obliged Ms. Jenkins and Plaintiff Warren in her FOIA requests to date, but the ongoing requests are clearly attempts to circumvent the discovery deadline in this pending case and the Court's Final Scheduling Order. Discovery in this case closed on June 24, 2020.

However, Plaintiff continues to circumvent and evade discovery deadlines by requesting new information through FOIA requests. PCSSD has complied with all of Plaintiff's previous FOIA requests, but Plaintiff's attorney's requests have become excessive, burdensome, and are clearly being used to circumvent the discovery deadlines in the Final Scheduling Order issued by this Court. Furthermore, the trial of this matter is just over a month away and PCSSD is unduly prejudiced by Plaintiffs ongoing FOIA request after over two years of litigation and a year past the discovery deadline. PCSSD must now seek relief.

Federal Rule of Civil Procedure 16 governs the issuance of a scheduling order in federal cases. Here, the Court issued an Amended Final Scheduling Order, ECF Doc. No. 89. Discovery must be conducted pursuant to that Order and otherwise pursuant to the Federal Rules of Civil Procedure. This is a federal-question action; this Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1331. Arkansas's FOIA does not overrule federal law and render discoverable something that would not be discoverable under federal law. *See Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, No. 4:82CV00866 WRW/JTR, slip op. at 1 (E.D. Ark. July 1, 2002) and *Smith v. Ark. Highway Police*, No. 4:13CV00301 JLH, E.D. Ark. Aug. 22, 2014) (Dkt. 39).

First, Plaintiff cannot use FOIA to circumvent the discovery process under the Federal Rules of Civil Procedure. The Supreme Court of the United States has ruled that the primary purpose of FOIA is not to benefit private litigants or to serve as a substitute for civil discovery. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153, 110 S. Ct. 471 (1989); *see also U.S. v. Weber Aircraft Corp.*, 465 U.S.792, 104 S. Ct. 1488 (1984); *see also Baldrige v. Shapiro*, 455 U.S. 345, 102 S. Ct. 1103 (1982). The United States Court of Appeals for the Eighth Circuit has also recognized that a FOIA request cannot be used to circumvent the discovery rules and limitations of a civil action. *In re Dep't of Justice*, 999 F.2d 1302, 1311 (8th Cir. 1993). The United States District Court for the Eastern District has issued similar protective orders in the past.

*See Sanders v. Davis, et. al*., Case No.5:12-cv-0007 KGB (E.D. Ark. May 3, 2013) (Dkt. 15) (providing temporary reprieve from complying with Arkansas FOIA to allow court to study issue); *McMillan v. Live Nation Entertainment, et. al.*, Case No. 4:11-cv-00332 JMM (E.D. Ark. May 24, 2011) (Dkt. 22) (creating rules for Arkansas FOIA requests); *Donald R. Frazier, Jr. v. The City of Pine Bluff, Ark., et. al*., Case No. 5:16-cv-00135 BSM (E.D. Ark. Aug. 5, 2016) (Dkt. 25) (creating rules for Arkansas FOIA requests). Defendants have complied with all discovery requests and prior FOIA requests to date. Plaintiff's actions demonstrate a disregard for the discovery process and violate the spirit of the Final Scheduling Order and intent of FOIA laws.

Next, Amendment 80 to the Arkansas Constitution and the Federal doctrine of separation of powers prohibit the use of FOIA in lieu of discovery to obtain documents in support of one's case, after a lawsuit has been filed and a court's jurisdiction has been engaged. Section 3 of Amendment 80 of the Arkansas Constitution states: "the Supreme Court shall prescribe the rules of pleading, practice and procedure for all courts…" Any encroachment on this authority violates the separation of powers. Federal Rule of Civil Procedure 26(a) specifically states the types of discovery that a litigant may use in obtaining documents or other types of discoverable materials, in support of a claim or defense; absent is the use of the FOIA to obtain documents from a litigant. Fed. R. Civ. P. 26(a). Therefore, any legislative action, including FOIA, that is alleged to grant a litigant access or use of discovery methods not permitted by rule of the court, is a violation of the doctrine of separation of powers.

Finally, the FOIA statute recognizes that courts can limit access to documents. Ark. Code Ann. § 25-19-105(b)(8) (documents protected from disclosure by order or rule of court are exempt from the FOIA.). Federal Rule of Civil Procedure 26(c) contains a list of remedies a court may employ to protect a party when another party violates the Rules of Civil Procedure and, specifically, the rules of discovery. "The court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c).

In the present matter, Plaintiff has failed to comply with the Court's Final Scheduling Order, as she is continuing discovery through the Arkansas FOIA. For the reasons discussed herein, Defendants ask that this Court issue a protective order in favor of the Defendants, that this Court find that Plaintiff is in violation of Federal Rule of Civil Procedure 16 and Amendment 80 of the Arkansas Constitution, and that Plaintiff be compelled to comply with federal law and the scheduling order.

## CONCLUSION

Based upon the foregoing argument and authority, Defendants respectfully submit that their Motion for Protective Order should be granted.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: __**W. Cody Kees**__
     Jay Bequette, Ark. Bar #87012
     W. Cody Kees, Ark. Bar #2012118