IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                            PLAINTIFF

v.                                     No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                             DEFENDANTS

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**INTRODUCTION:**

    This matter is an employment discrimination, Title VII, 42 USC §§ 1981 and 1983, and breach of contract case brought by Dr. Janice Warren ("Dr. Warren"), Assistant Superintendent for Equity and Pupil Services and former Interim Superintendent, against her employer Pulaski County Special School District ("PCSSD"). Dr. Warren is a black female.

    This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically 42 U.S.C. §§ 1981, 1983, 2000e-2(a)(1), 2000e-2(a)(2), 2000e-3(a), and 2000e-5(f)(1). Furthermore, this Court has Supplemental Jurisdiction over Dr. Warren's state law claim against PCSSD pursuant to 28 U.S.C. § 1367(a). Dr. Warren's state law claim arises from the same nucleus of operative facts asserted against PCSSD, Superintendent McNulty, and the PCSSD Board members in their official and individual capacities such that Dr. Warren's state law claim is essentially the same case or controversy under Article III of the United States Constitution. Dr. Warren, as a plaintiff, would be expected to try these claims in one judicial proceeding. *Osborn v. The President, Directors, and Company of the Bank of the United States*, 22 U.S. (9

1

Wheat.) 738, 822-28 (1824); see also *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) (discussing the two purposes of ancillary jurisdiction, the first being applicable here).

## 1. Status of this matter

The trial of this matter is scheduled for the week of September 20, 2021. On March 27, 2020, this Court issued an order approving an agreed to Protective Order (Plaintiff's Exhibit 2; dkt #11); discovery closed on July 24, 2020, as calendared by this Court in its Final Scheduling Order filed on February 24, 2020 (dkt #10). Defendants Motions for Summary Judgment were denied on March 29, 2021.

## 2. The dispute and its resolution

The defendants filed a Motion for a Protective Order on August 9, 2021, rather than responding to plaintiff's August 4, 2021, Arkansas FOIA ("FOIA") request. That request was one of several FOIA requests presented during the pendency of this matter. The plaintiff's first request was presented on April 3, 2020. See Defs. Exhibit 1, p. 1 (dkt #92-1). Defendants now assert that the plaintiff is using her FOIA requests "to evade and circumvent discovery deadlines, that her requests are in violation of the Federal Rules of Civil Procedure ("Fed. R. of Civ. Pro."), and have become harassing and unduly burdensome. This Court must summarily dismiss the Defendants' request for a Protective Order. First, the defendants failed to satisfy the condition precedent to its request for a Protective Order stated in Fed. R. Civ. Pro. 26(c)(1) and Local Rule 7.2(g). Defendants have not made "a good faith effort to resolve the dispute without court action" and have not alleged in their Motion their good faith effort to resolve the dispute.

Second, plaintiff's conduct in seeking public records via FOIA has been and continues to be part of the plaintiff's ongoing preparation for the trial of this matter. Indeed, the parties stipulated Protective Order approved by this Court in early 2020 anticipated the use of FOIA

for obtaining public records. (Plaintiff's Exhibit 2, Agreed to Protective Order, ¶7.) Defendants' belated request to bar the use of FOIA is inconsistent with the parties' course of conduct and results in surprise and hardship to the plaintiff. Defendants had the opportunity to address procedures for FOIA not only in the stipulated Protective Order but also from the time of plaintiff's first request on April 3, 2020. Given their course of conduct, defendants waived the right to bar FOIA requests or to insist on the institution of procedures other than those imposed under FOIA. Defendants' request comes too late. For examples of FOIA guidelines, see, generally, *Frazier v. The City of Pine Bluff*, Case No. 5:16 CV-00135 BSM (E.D. Ark. August 5, 2016) (motion for protective order establishing FOIA guidelines filed 79 days after the filing of the complaint and 30 days after the scheduling order); *McMillan v. Live Nation Entertainment, et al.*, Case No. 4:11-CV-00332 JMM (E.D. Ark. May 24, 2011), Doc. No. 22 (motion for protective order to regulate FOIA filed 35 days after the complaint and 8 days after the initial scheduling order). Other than ¶ 7 of the stipulated Protective Order, no orders by this Court limit the plaintiff's access to public records. Ark. Code Ann. § 25-19-105(8).

Finally, at this late date, a total ban on FOIA requests would "cut too deeply" into the plaintiff's rights and Arkansas law. *Fatemi v. White*, No. 4:11-cv-458-DPM, 2014 WL 12754937, at *2 (E.D. Ark. March 27, 2014). From the email exchange included in defendants' Exhibit 1, Plaintiff believes that the records requested on August 4, 2021, have been compiled by PCSSD and are being held at the request of defense counsel. See Defs. Exhibit 1, pp. 23-25.

### 3. FOIA is not Discovery

Defendants assert that the plaintiff's use of FOIA is an attempt "to circumvent the discovery deadline and the Court's Final Scheduling Order." Defendants' Brief in Support of

Motion ("Defs. Brief"), p. 1 ¶3.  Defendants' position is contrary to both Arkansas law and Federal procedural rules. "The FOIA and discovery rules "are independent of one another" with varing goals, objectives, scope and procedures. Watkins, Peltz-Steele, & Steinbuch, *Arkansas Freedom of Information Act* ("Watkins") 455 (6th ed. 2017), citing Ark. Op. Att'y Gen. No. 2010-038. In, *Frazier, supra.,* this Court recognized that FOIA is not discovery.  The two rights are distinguishable.  "FOIA and the discovery rules operate independently." *Watkins, supra.*, at 460, citing *Berry v. Saline Memorial Hosp.*, 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995).  The Arkansas Supreme Court consistently recognizes FOIA rights as separate and distinct from rules of discovery and that litigation does not limit access to public records via FIOA.  *Berry v. Saline Mem'l Hosp.*, 907 S.W.2d 736, 738 (Ark. 1995); *City of Fayetteville v. Edmark*, 304 Ark. 179, 184–85, 801 S.W.2d 275, 278 (1990).

      Where, however, FOIA conflicts with Federal common law rights such as the attorney-client privilege or lawyer work product, Federal common law controls because of the Supremacy Clause.  *Fatemi, supra.*  Federal common law is inapplicable here.  Likewise, holdings pursuant to the Federal Freedom of Information Act ("FFOIA"), 5 U.S.C. § 552, are inapplicable. Defendants cite to *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 147, 110 S. Ct. 471, 472-473, 107 L. Ed. 2d 462 (1989) (FFOIA, 5 U.S.C. § 552, addressing Exemption 7, § 552(b)(7) exempting from disclosure records or information compiled for law enforcement); *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 793–94, 104 S. Ct. 1488, 1489–90, 79 L. Ed. 2d 814 (1984) (confidential statements made to air crash safety investigators are privileged with respect to pretrial discovery); *In re Dep't of Just.*, 999 F.2d 1302, 1305 (8th Cir. 1993) (deciding the question of whether the district court's order directing the Department to produce a Vaughn index in the face of Exemption 7(A) constituted a judicial usurpation of power).  The FFOIA is

inapplicable here, even if asserted as an analogy. None of the documents sought by the plaintiff fall within an analogous category of FOIA of those cited by the defendants.

Finally, the defendants have not demonstrated as required by their burden of proof that the requested documents fall within an exemption. They have not requested an *in camera* inspection for the Court's determination of whether the records are exempt. *Gannett River States Publishing Company v. Arkansas Industrial Development Commission*, 303 Ark. 684, 799 S.W.2d 543 (1990); *Watkins, supra.*, at 411. Below is the list of documents listed on her August 4, 2021, request. None fall within an exception:

1. Board Approved Hiring Allocations for Central Office Administrative Staff school years 2011 through 2021;

2. Time Records for Bequette, Billingsley & Kees, P.A., or predecessor firm, for services provided to PCSSD from July 1, 2017, through July 1, 2018 (not with the scope of Federal common law);

3. Check Out or Custody Log for Dr. Linda Remele's personnel records (this is not a request for personnel records but the custody log);

4. Job descriptions of cabinet level positions from 2007 to 2020;

5. Settlement Agreements for Title VII Sex/Gender, Race, and Retaliation claims and/or Section 1981, Section 1983 Race and Retaliation claims from 2011 through 2021, excluding Settlement Agreements for Dr. Hobson, Dr. Bowles, Dr.Nellums, and Norma Dixon (authorized by Ark. Code Ann. § 25-19-105(h);

6. Settlement Agreements for Arkansas Civil Rights Act, Ark. Code Ann. 16-123-107, not included in entry five (5) above, from 2011 through 2021 (authorized by Ark. Code Ann. § 25-19-105(h);[1]

7. The employment contract for Robert McGill, Acting Superintendent. (The Superintendent's contract is a part of his personnel record but his salary is published annually on the PCSSD website and can be otherwise disclosed (Ark. Code Ann. § 25-19-105(c)(4)). Therefore, the request for his contract does not "constitute a clearly unwarranted invasion of *personal* privacy" within Ark. Code Ann. § 25-19-105(12). Furthermore, any personal information or exempt portion may be deleted or redacted. Public duties and contract benefits may then be disclosed. Ark. Code Ann. § 25-19-105(f)(1)(2); see generally *State Journal-Register v. Univ. of Ill. Springfield*, 2013 IL App (4th) 120881, 994 N.E.2d 705, 373 Ill.Dec. 936 (Ill. App. 2013).

CONCLUSION

Having failed to allege a good faith effort to resolve the dispute, the defendants' Motion for a Protective Order must be summarily dismissed. Fed. R. Civ. Pro. 26(c)(1) and Local Rule 7.2(g). If not summarily dismissed, the defendants' Motion for a Protective Order must be denied for the following reasons:

1) the request is untimely and after a waiver of a right to object to plaintiff's FOIA requests or to seek FOIA guidelines;

2) defendants failed to satisfy their burden of proof that the requested public records are exempt from disclosure;

---

[1] Ark. Code Ann. § 25-19-105(h): (h) Notwithstanding any Arkansas law to the contrary, at the conclusion of any investigation conducted by a state agency in pursuit of civil penalties against the subject of the investigation, *any settlement agreement entered into by a state agency shall be deemed a public document for the purposes of this chapter.*

3)  FOIA is not discovery and not subject to Fed. R. Civ. Pro. 26(c); and

4)  even assuming that FOIA requests are subject to Fed. R. Civ. Pro. 26(c) because of this Court's right to control the integrity of its processes, the defendants' bald allegation of a burden fails to establish that the plaintiff's request imposes an undue burden.

Respectfully submitted this 12th day of August, 2021,
<u>Sarah Howard Jenkins</u>
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)