IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**  PLAINTIFF

v.   CASE NO. 4:19-CV-00655 BSM

**CHARLES McNULTY, in his official**  DEFENDANTS
**capacity as Superintendent of the Pulaski**
**County Special School District, et al.**

## ORDER

The parties' joint motion for a protective order [Doc. No. 9] is granted. Their stipulated protective order [Doc. No. 9 at Ex. 1] is approved and hereby entered.

IT IS SO ORDERED this 27th day of March 2020.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                                 PLAINTIFF

v.                                          No. 4:19-cv-00655-BSM

CHARLES McNULTY, ET AL.                                                               DEFENDANTS

## AGREED PROTECTIVE ORDER

The Parties to this action the Plaintiff, Janice Warren, and Defendants, Charles McNulty, *et al*., by their respective counsel, have agreed to the entry of an Agreed Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery requests in this action. Accordingly, good cause having been shown within the meaning of the applicable laws and procedural rules, and it appearing that the parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

1. The Agreed Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. The Agreed Protective Order shall govern all materials deemed and designated or labeled as "Confidential Information." Such Confidential Information shall include the following:

   a. All documents produced, or the contents of documents, and electronic information produced by the parties that are sensitive, proprietary and confidential records and employment information about the Pulaski County Special School District's past and present employees;

      b.      Records and employment information about the Pulaski County Special School District's past and present employees including all copies, summaries, compilations, notes or abstracts thereof;

      c.      Any document or electronic information relating to the Plaintiff's financial, tax, and medical records or history;

      d.      Any document or electronic information relating to the Plaintiff's compensation file or history; and

      e.      Any portion of depositions, audio or video, where Confidential Information is disclosed or used as exhibits.

3.      In the case of documents and its contents, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "<u>CONFIDENTIAL</u>" or otherwise expressly identified as confidential. In the case of electronic information, designation of Confidential Information produced shall be made by placing the "CONFIDENTIAL" legend on the cover to the image or otherwise expressly identified as confidential. Defendants will use their best efforts to limit the number of documents and electronic information designated as Confidential.

4.      Documents and information bearing the "Confidential" designation shall be used in this action and as permitted by the Federal Rules of Evidence and the Arkansas Rule of Evidence in other matters. The confidential designation status shall specifically survive this litigation.

5.      Documents and information designated confidential may be used only in connection with this lawsuit, in other matters as permitted by the Federal Rules of Evidence or the Arkansas Rules of Evidence, and may only be disclosed to qualified recipients.

6.      Qualified recipients shall include only the following:

a. Counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

b. Deposition court reporters and staff;

c. Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

d. Deponents during the course of their depositions or potential witnesses of this case;

e. The parties to this litigation, their officers, and professional employees; and

g. The Court and the Court's personnel, including members of the jury, when Confidential Information is considered in conjunction with motions and responses or introduced into evidence at the trial of this action. Confidential Information submitted in support of motions and responses shall be submitted <u>under seal</u>.

7. No document or electronic information which is otherwise subject to disclosure under the Arkansas Freedom of Information Act shall be designated as "confidential" by either party.

8. Any party who objects to the proffering party designating a document or electronic information as "confidential," but believes the document or electronic information should be of public record, shall confer with the designating party in good faith on the matter. The party that designates a document(s) or electronic information as confidential has the burden of proof if there's a dispute. If a resolution cannot be reached, the party challenging the "confidential" designation

3

shall file a motion with the Court, attaching the documents or electronic information in question under seal, asking the Court to determine if the documents are or are not subject to confidentiality. The proffering party may respond. Each party agrees to be bound by the ruling of this Court as to the confidentiality of documents or electronic information. If the Court declines to intervene on matters involving whether a document or electronic information is or is not "confidential" under this Agreed Protective Order, the designation first given by the proffering party prevails.

9. If confidential documents or confidential electronic information are used during depositions, that portion of the deposition shall be treated as confidential in accordance with paragraph 2 (e), *supra*.

10. Any document, electronic information or deposition or portion of a deposition designated as confidential under this Order shall, when filed with the Court, be clearly marked "confidential," sealed, placed in separate, secure, storage by the clerk, and opened only by authorized court personnel.

11. Disclosure to persons other than qualified recipients shall be conditioned upon (a) the written agreement of the producer or provider of the confidential information, or (b) an order of the Court directing disclosure.

12. Upon dissemination of any of the confidential information furnished by the parties to any other person, firm, or organization who is not a qualified recipient, the parties by whom such information was disseminated shall maintain a list of the names, addresses, place of employment, and capacity of all persons to whom the information is disclosed until further order of the Court.

13. Each counsel shall be responsible for providing notice of the Agreed Protective Order and its terms to persons to whom "Confidential Information," as defined by the terms of the Agreed Protective Order, is disclosed.

14. Persons to whom confidential information is shown shall be informed of the terms of this Agreed Protective Order and advised that a party who breaches same may be punished or sanctioned as contempt of the Court.

15. Deponents, who have been informed of the terms of this Agreed Protective Order, may be shown Confidential Information during their deposition but shall not be permitted to keep copies of the Confidential materials or any portion of the deposition transcript reflecting the Confidential Information.

16. Each person examining the subject documents and/or notes to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this Court for contempt in any other appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

17. This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

18. Entry of this Order shall not preclude the parties from objecting to production of documents or electronic information which it deems confidential or not discoverable.

19. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

IT IS SO ORDERED this _____ day of _____, 2020.

_____
HONORABLE BRIAN S. MILLER

Approved and Agreed to:

SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
Email: sarah@shjenkinslaw.com

By: ___***Sarah Howard Jenkins***___
      Sarah Howard Jenkins, Bar Number 97046

*Attorney for Plaintiff*


Approved and Prepared by:

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:     (501) 374-5092
E-mail: jbequette@bbpalaw.com
      ckees@bbpalaw.com

By: ___***W. Cody Kees***___
      Jay Bequette, Bar Number 87012
      W. Cody Kees, Bar Number 2012118

*Attorneys for Defendants*