IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                     **PLAINTIFF**

v.                    Case No. 4:19-cv-00655-BSM

**CHARLES MCNULTY, et al.**                                     **DEFENDANTS**

### PLAINTIFF'S BRIEF IN SUPPORT OF HER UNOPPOSED MOTION FOR REMOTE APPEARANCE BY MOLLY SCHWARZHOFF, EXECUTIVE VICE PRESIDENT OF RAY AND ASSOCIATES, INC.

This matter is an employment discrimination, Title VII, 42 U.S.C. §§ 1981 and 1983, and breach of contract case brought by Dr. Janice Warren ("Dr. Warren"), Assistant Superintendent for Equity and Pupil Services and former Interim Superintendent, against her employer Pulaski County Special School District ("PCSSD"). Dr. Warren is a black female.

This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically 42 U.S.C. §§ 1981, 1983, 2000e-2(a)(1), 2000e-2(a)(2), 2000e-3(a), and 2000e-5(f)(1). Furthermore, this Court has Supplemental Jurisdiction over Dr. Warren's state law claim against PCSSD pursuant to 28 U.S.C. § 1367(a).

The trial of this matter is scheduled for the week of September 20, 2021. The parties have requested a jury trial.

FACTUAL BACKGROUND

On December 12, 2017, The PCSSD Board of Education voted to hire Ray and Associates to conduct a nationwide search to fill the School District's opening for a permanent

Superintendent. Dkt. No. 40-40, Minutes December 12, 2017.  Ray and Associates' services include the recruiting of candidates, advertising the position, hosting of local fora, and assisting the Board in developing the hiring rubric for selecting the candidate.  During the 2018 PCSSD search, Molly Schwarzhoff ("Schwarzhoff"), Executive Vice President of Ray and Associates, oversaw the administrative procedures during PCSSD's search and supervised Kelli Patterson, the clerk assisting the on the ground consultants with PCSSD's search.  Kelli Patterson is no longer employed with Ray and Associates.  Ms. Schwarzhoff is familiar with Ray and Associates' business practices and search processes.  Her testimony is essential for the admission of documents relevant to Dr. Warren's case and the jury's understanding of the Superintendent-search processes, including developing the advertising and hiring criteria or rubric.

    During discovery, Ryan Ray, former President of Ray and Associates, directed plaintiff's counsel to contact Ms. Schwarzhoff regarding a subpoena duces tecum.  Ms. Schwarzhoff responded on behalf of Ray and Associates and was generally available for questions.  Plaintiff's counsel also interviewed the two on the ground consultants that interacted and met with the Board in Arkansas.  When questioned on relevant processes, the consultants referred plaintiff's counsel to Ms. Schwarzhoff.

## ARGUMENT

    The entire process of witness testimony is subject to the control of the District Court. Fed. R. Evid. 611(a)(1).  For "good cause in compelling circumstances and with appropriate safeguards," this Court may permit testimony in open court by contemporaneous transmission from a different location. Fed. R. Civ. Pro. 43(a).  Fed. R. Evid. 611(a)(1) instructs the district court to "exercise reasonable control over the mode and order" of witness examination so that the examination "effective for determination of the truth; avoid wasting time; and protect

witnesses from harassment or undue embarrassment." Fed. R. Evid 611(a)(1); Federal Trial Handbook Civil § 44:1 (4th ed.). The Court's discretion to control the examination of a witness is unquestioned.

1.  Good cause in compelling circumstances exists in this case.

The surge in infections and deaths from the delta variant of Covid-19 was unforeseeable. Ms. Schwarzhoff resides in Cedar Rapids, Iowa, with her special needs child. With the surging rates of infections and deaths from the delta variant of Covid-19, travel is not only high-risk for Ms. Schwarzhoff but impossible. Ms. Schwarzhoff is willing to testify at the Federal Courthouse in Cedar Rapids, Iowa. The plaintiff envisions no more than one hour on one day for Ms. Schwarzhoff's testimony. It is unlikely that the defendants would require more than an hour for their cross-examination.

Ms. Schwarzhoff's testimony will assist the jury in understanding the processes used by Ray and Associates to assist the Board, including developing the criteria for advertising and selecting a permanent Superintendent. Ms. Schwarzhoff's testimony will assist the jury in determining the truth.

2.  Plaintiff's motion is unopposed.

Plaintiff's counsel discussed the filing of this motion with defense counsel Cody Kees. Defendants are not opposing this motion. Although the parties' agreement is relevant for this Court's deliberation, the Court's decision is solely an exercise of its discretion. *Jennings v. Bradley*, 419 Fed. Appx. 594, 598 (6th Cir. 2011) (compelling circumstances justified requiring Jennings' witnesses to testify via video teleconferencing); *Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59-CJW-KEM, 2019 WL 7761808, at *1 (N.D. Iowa Oct. 28, 2019) (Good

cause and compelling circumstances are established with "relative ease" when the parties have agreed upon the transmission of testimony).

## CONCLUSION

Because of the health risks created by the delta variant of Covin-19, plaintiff requests this Court to permit Ms. Schwarzhoff to testify remotely from her office or the Federal Courthouse in Cedar Rapids, Iowa.

    Respectfully submitted this 25th day of August, 2021,
<u>Sarah Howard Jenkins</u>
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)