Case 4:19-cv-00655-BSM   Document 104   Filed 09/08/21   Page 1 of 6

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 08 2021

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~WESTERN~~ DIVISION
CENTRAL

**Janice Hargrove Warren**                                             PLAINTIFF

v.                       Case No 4:19-CV-655 BSM

**Charles McNulty, et al.**                                           DEFENDANTS

<u>**BRIEF IN SUPORT OF MOTION TO QUASH OF SECRETARY
OF EDUCATION JOHNNY KEY**</u>

Secretary of Education Johnny Key, who is not a party to the present case, sets forth the following in support of his Motion to Quash the subpoena issued by plaintiff Janice Hargrove Warren seeking to have him testify at trial in the present case.

**I. INTRODUCTION**

Johnny Key is the Secretary of Education and also acts as the Commissioner of Education. *See* Ark. Code Ann. § 25-43-503 (authorizes dual function). Plaintiff Janice Warren, who is employed by the Pulaski County Special School District, served Key with a subpoena to appear at trial to take place on September 20, 2021. *Motion to Quash* Ex. 1. Warren attached two items to the subpoena "to assist [Key] in preparing for [his] testimony": (1) construction project documents signed by PCSSD Superintendent Jerry Guess, an architect, and a construction manager, and (2) a board resolution dated March 15, 2016, in which Key (who at the time was acting in lieu of the PCSSD Board of Directors) approved the expenditure of $80 for replacement projects recommended by Guess at Mills High School and Robinson Middle School. A letter accompanying Warren's subpoena read that Warren seeks testimony involving the attached board resolution and contract, as well as "ADE's Monitoring Protocol of PCSSD in 2016-2017."

The projects represented in the attached documents were part of the PCSSD's desegregation obligation under Plan 2000 in *Little Rock School District, et al. v. Pulaski County Special School District, et al.,* Case No. 4:82-cv-866 DPM.  The monitoring protocol also appears to concern the desegregation litigation.  For the reasons stated *infra*, Key did not control or provide input into decision making concerning PCSSD's desegregation obligations, and thus does not have personal knowledge of facts relevant to this case.  Consequently, the testimony Warren seeks would be inadmissible under Federal Rules of Evidence 401 and 602, thus rendering Key's compulsory attendance at trial unreasonable and unduly burdensome, and her subpoena should be quashed in accordance with Federal Rule of Civil Procedure 45(d)(3)(A).

## II.  STATEMENT OF FACTS

1. The State Board of Education assumed authority over the PCSSD in June of 2011 after classifying the District as being in fiscal distress.  During the period of fiscal distress, the Commissioner of Education (which for a time was Key) acted in lieu of the District's local board of directors.  This governance structure created a potential conflict of interest, however, because both the PCSSD and Arkansas Department of Education were parties to the *LRSD et al. v. PCSSD et al.* desegregation case.  To avoid any conflict of interest, United States District Judge Price Marshall ordered that Key not be involved in decision making concerning PCSSD's desegregation obligations.  Instead, Judge Marshall and the parties agreed that all decisions related to PCSSD desegregation would be made by PCSSD Superintendent Jerry Guess *without* input from Key.  This separation is reflected in a Report filed in December of 2014, which read:

> On June 2, 2011, the State Board took administrative control of PCSSD, by removing its elected school board and superintendent.  The Commissioner employed a new superintendent, Dr. Jerry Guess, who remains PCSSD superintendent.  This created the situation in *LRSD et al., v. PCSSD et al.,*

2

> wherein PCSSD, The Commissioner, and ADE were all parties defendant with conflicting interests. The Court resolved the situation by proposing that the PCSSD superintendent in all matters related to the desegregation litigation be deemed free to act for and on behalf of PCSSD without consultation with the Commissioner specifically, and the State of Arkansas generally. All parties to the desegregation litigation agreed without objection. The litigation has continued, and continues today, with this party alignment . . . Dr. Jerry Guess, in his capacity as PCSSD superintendent, continues to act in this litigation for and on behalf of PCSSD with no obligation to consult with, or report to, the Commissioner in regard to desegregation issues.

*Motion to Quash* Ex. 2, Doc. 5080 and Ex. 5080-1 (filed 12/11/14). *See also Motion to Quash* Ex. 3, Doc. 5088 (filed 12/22/14) (Order approving plan set forth in 5080-1). In a subsequent Order, Judge Marshall wrote: "As between the Department of Education and PCSSD, Dr. Guess still has the final word on all desegregation issues involved in PCSSD's operation. He's the captain of the ship." *Motion to Quash* Ex. 4, Doc. 5165 (filed 10/14/15). Consequently, Key's approval of Guess's $80 million recommendation for Mills and Robinson construction projects in March of 2016—which action Key took acting in lieu of the PCSSD board of directors—was merely perfunctory considering that the federal court and parties all recognized that PCSSD's superintendent was to make all desegregation-related decisions *without* input from Key. In March of 2016, the State Board determined that the PCSSD would be returned to local control upon the election of a local board of directors in November of 2016. *Motion to Quash* Ex. 5.

  2. According to her Second Amended Complaint, plaintiff Janice Warren was hired by the PCSSD in July of 2012. *Second Am. Complaint* at ¶ 15. During her tenure, she was involved in the District's desegregation efforts. *Id.* at ¶¶ 15, 16. In July of 2017, the locally-elected PCSSD Board of Directors terminated Guess's employment and appointed Warren interim superintendent. *Id.* at ¶ 16. Warren alleges that in August and September of 2017, she reported to PCSSD's board and lawyer that the District had violated the federal court's

3

directive concerning facilities. *Id.* at ¶ 18. The Court subsequently recognized inequities between the Mills and Robinson facilities. *Id.* at ¶ 21.

In March of 2018, the PCSSD Board interviewed three people for the permanent superintendent position—not including Warren—and ultimately hired a Caucasian male. *Id.* at ¶ 34. Warren's lawsuit alleges sex and race discrimination, retaliation, and breach of her 2017-2018 employment contract.

### III. ANALYSIS

As the above shows, Key does not have personal knowledge of facts relevant to Warren's case and thus has nothing admissible about which to testify, which would render his compulsory attendance unreasonable and unduly burdensome. *See* Federal Rule of Civil Procedure 45(d)(3)(A)(iv). Guess's termination, Warren's interim appointment, Warren's allegation of desegregation order violations, and Warren not getting an interview for or being awarded the superintendent position all occurred *after* the District returned to the control of a local board of directors. Key was not acting in lieu of the PCSSD board when any of those event occurred, had no involvement in them, and thus has no personal knowledge of them.

The same is true concerning the desegregation-related issues. Judge Marshall made perfectly clear that Superintendent Jerry Guess would address those matters *without* any input from Key. It is Guess, not Key, who has personal knowledge of desegregation-related issues such as facilities contracting, change orders, and monitoring. Although Key authorized the Mills and Robinson replacement projects for a total of $80 million, he did so in a perfunctory manner at Guess's recommendation. Contrary to Warren's depiction of the $80 million approval as an "Agreement between [Key] and former Pulaski County Special School District ("PCSSD") Superintendent, Jerry Guess," it instead was Key's approval (acting in lieu of the

PCSSD Board) of a recommendation made by Guess –the desegregation litigation "captain of the ship"—concerning desegregation-related issues.

Federal Rule of Evidence 401 provides that evidence is "relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Rules also require that a witness may testify to a matter *only if* the witness has personal knowledge of the matter (and only if evidence is introduced sufficient to support a finding that the witness has personal knowledge). Fed. R. Evid. 602. Because Key does not have personal knowledge of facts relevant to Warren's case, any testimony sought would be inadmissible under Rules 401 and 602, thus rendering his compulsory attendance at trial unreasonable and unduly burdensome.

For the foregoing reasons, Secretary of Education Johnny Key respectfully requests that this Court quash the subpoena issued against him.

                                        Respectfully submitted,

By:    Lori Freno  (97042)
           General Counsel
           Arkansas Department of Education
           Four Capitol Mall, Room 302A
           Little Rock, AR  72201
           Phone:  (501) 682-4234
           Fax:  (501) 682-4249
           lori.freno@ade.arkansasag.gov

Attorney for Secretary of Education Johnny Key

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2021, I sent a copy of the foregoing to the following via regular U.S. Mail and electronic mail:

Sarah Howard Jenkins
37 Deauville Circle
P.O. Box 242694
Little Rock, AR  72223
sarah@shjenkinslaw.com

Austin Porter, Jr.
Porter Law Firm
323 Center Street, Suite 1300
Little Rock, AR  72201
Aporte5640@aol.com

George Jay Bequette, Jr.
William Cody Kees
Bequette, Billingsley, and Kees
Simmons Bank Building
425 West Capitol Avenue
Suite 3200
Little Rock, AR  72201
jbequette@bbpalaw.com
ckees@bbpalaw.com

                                                Lori Freno