IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                    PLAINTIFF

v.                          Case No. 4:19-cv-00655-BSM

CHARLES MCNULTY, et al.                                    DEFENDANTS

PLAINTIFF'S RESPONSE TO SECRETARY
OF EDUCATION JOHNNY KEY'S MOTION TO QUASH

Comes now the Plaintiff, Dr. Janice Warren, by and through her attorney Sarah Howard Jenkins,

PLLC and says:

1.  Plaintiff admits that on September 2, 2021, she served a subpoena upon Secretary of

Education Johnny Key seeking to have him testify at trial in the above referenced case.

2.  Plaintiff admits that her subpoena included a cover letter listing items about which she

seeks Commissioner Key's testimony and also attached documents "'to assist [Key] in preparing

[his] testimony.'"

3.  Plaintiff denies that Commissioner Key lacks personal knowledge of facts relevant to

this case.  Plaintiff is seeking Commissioner Key's testimony about a document he signed when

he served as governing authority of Defendant PCSSD in 2016 and testimony on monitoring

activities by the Desegregation Monitoring Unit of the Division of Public School Accountability

of the Arkansas Department of Education ("ADE") that he oversaw in school years 2015-2016

and 2016-2017.  The members of the Desegregation Monitoring Unit have retired, their direct

supervisor retired, ADE's General Counsel has no knowledge of the whereabouts of these

individuals and no replacements were hired. ADE's response to Plaintiff's FOIA requesting the

quarterly monitoring reports supplied by ADE to Defendant PCSSD produced only two unsigned

monitoring reports.  Plaintiff counsel's interview of retired employee Willie Morris raised

questions regarding his competency to testify.

    4.  Because no employee is available to testify regarding ADE's monitoring activities,

Commissioner Key is the sole person who can share ADE's knowledge of its relevant activities.

Therefore, Commissioner Key's compulsory attendance at trial is not unreasonable and not unduly

burdensome under Federal Rule of Civil Procedure 45(d)(3)(A)(iv). *Bank of the Ozarks v. Cap.*

*Mortg. Corp.*, No. 4:12-MC-00021 KGB, 2012 WL 2930479, at *1 (E.D. Ark. July 18, 2012);

*Wal-Mart Stores, Inc. v. Vidalakis*, No. 5:07-CV-00039-RTD, 2007 WL 4591569, at *2 (W.D.

Ark. Dec. 28, 2007).

    For the foregoing reasons and those stated in her brief in support, plaintiff requests that

this Court deny Commissioner Key's motion to quash the subpoena issued against him.

Because this matter is set for trial the week of September 20, 2021, plaintiff respectfully

requests this Court to expedite its consideration of Commissioner Key's motion.

Respectfully submitted this 10th day of September, 2021,

Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)