**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JANICE HARGROVE WARREN                                              PLAINTIFF

v.                                      CASE NO.  4:19-CV-00655 BSM

CHARLES MCNULTY, ET AL.                                             DEFENDANTS

## THIRD AMENDED FINAL SCHEDULING ORDER

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.     TRIAL DATE**

This case is scheduled for a **JURY TRIAL** before Judge Brian S. Miller commencing at **9:30 a.m.** sometime during the week of **February 14, 2022**, in Courtroom #2D, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas 72201.  The case will be tried to a twelve member (12) jury, unless the parties stipulate to a jury of six (6) members.  Counsel are directed to file by **February 9, 2022**, a statement indicating whether they agree to a six (6) member jury. If counsel wish to bring electronic devices to the courthouse for any proceeding, please note General Order No. 54.

**2.     MOTION DEADLINE**

Motions in limine must be filed on or before **February 4, 2022**, and responses must be filed five (5) calendar days thereafter.  Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within fourteen (14) days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities. A party moving for summary judgment will have seven (7) days to file a reply in further support of the motion."  The Court may or may not wait on the filing of a reply before ruling on the motion.  No surresponse or surreply will be permitted.

**3.     PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Laura Bichlmeier, and opposing counsel no later than **January 14, 2022**.  The Court's requirement that witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

**4.     DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **January 14, 2022**.  Counter-designations must be made by **January 24, 2022**.  Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **January 27, 2022**, with the response due **January 31, 2022**.  Depositions to be read at trial must be marked as exhibits.

**5.      JURY INSTRUCTIONS AND STATEMENT OF CASE**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **February 4, 2022**.  Standard instructions from AMI, Eighth Circuit or Federal Jury Practice and Instructions (Latest Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction.  A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions must be submitted in WordPerfect or Word format electronically to bsmchambers@ared.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire, and also any proposed voir dire questions it wishes the Court to pose to the panel.

**6.      STIPULATIONS**

The parties should stipulate in writing to the facts not in controversy on or before **February 9, 2022**.

**7.      INTRODUCTION OF EXHIBITS**

All exhibits must be listed on the enclosed form in numerical sequence.  Exhibits must be made available to all parties and reviewed by counsel prior to the trial date.  The lists must be submitted to the Courtroom Deputy 30 minutes prior to trial, with notations made on the Court's copy noting exhibits to which there is an objection.  The Court will receive all stipulated exhibits at the beginning of the trial.

**8.      CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.  If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Laura Bichlmeier, Courtroom Deputy, at 501-604-5404, or laura_bichlmeier@ared.uscourts.gov, to ascertain your position on the calendar as the trial date approaches.  In the event of settlement, advise Ms. Bichlmeier immediately.  The case will not be removed from the trial docket until an order of dismissal has been entered.

Dated December 2, 2021

AT THE DIRECTION OF THE COURT
**TAMMY H. DOWNS, CLERK**

By:    Laura Bichlmeier
              Courtroom Deputy

## M E M O R A N D U M

TO:            Lawyers

FROM:       Judge Miller

RE:            Guidelines for Jury Trials

Please keep in mind the following:

1.        In cases where there is a jury demand, twelve (12) jurors will be impaneled, unless the parties stipulate to six (6) jurors.

2.        Be prepared, during the court portion of the voir dire, to stand and call out the names of each of your witnesses, as well as your client(s) or representative of your party.

3.        Lawyers will be permitted to voir dire the jury with these guidelines:

    a.        Ask questions of the entire panel, unless there is a reasonable ground for singling out an individual juror.

    b.        Do not use voir dire to argue the case or commit the jury to your theory of the case.

    c.        If you want to challenge a juror during voir dire, please feel free to request a bench conference to make the challenge.

    d.        If there are questions you would prefer that the Court ask, please advise.

    e.        Batson challenges: party whose strike is overruled by Batson challenge will be given another strike.

4.        Objections and motions in front of the jury should be spare and to the legal point.

5.        Speaking objections and sidebar comments are inappropriate.

6.        Please stand when you speak.

7.        Jury Instructions:

    a.        Instructions proposed by each party prior to trial, pursuant to the Court's Scheduling Order, are considered by the Court in formulating the Court's own set of Proposed Instructions, but are not considered proffered instructions which become part of the record.

    b.        Prior to the on-the-record instruction conference with me, the law clerk assigned to the case may review the Court's proposed set of instructions with lawyers for both parties. Lawyers may relate any objections or requests for modifications or additional instructions to the law clerk at this time in attempting to work out any problems prior to the final instruction conference; however, lawyers are responsible for making

objections and proffering any changes or additional instructions that they wish to become a part of the record during the on-the-record instruction conference.

c.     In all civil cases, Court will instruct before arguments.

8.     Stipulate to all exhibits about which there is no dispute and which exhibits can be used during opening statements.

9.     Arrange for appearance of witnesses so that it will not be necessary to adjourn before 5:00 p.m. for lack of available witnesses.

✎ AO187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

EASTERN      DISTRICT OF      ARKANSAS

JANICE HARGROVE WARREN
V.
CHARLES MCNULTY, ET AL.

**EXHIBIT AND WITNESS LIST**

Case Number:   4:19-CV-00655 BSM

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Brian S. Miller | | |

| TRIAL DATE (S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| February 14, 2022 | | Laura Bichlmeier |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187A (Rev. 7/87)          **EXHIBIT AND WITNESS LIST – CONTINUATION**

| JANICE HARGROVE WARREN | | vs. | CHARLES MCNULTY, ET AL. | | CASE NO: 4:19-CV-00655 BSM | |
|---|---|---|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Page_____ of _____ Pages

(Post 09/2015) Notice Regarding Magistrate Judge Consent Program (ARED rev. 7/6/2021)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| JANICE HARGROVE WARREN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.   4:19-CV-00655 BSM |
| CHARLES MCNULTY, ET AL. | ) | |
| *Defendant* | ) | |

### MAGISTRATE JUDGE CONSENT PROGRAM
### (MANDATORY RESPONSE REQUIRED)


Enclosed you will find a form titled Notice, Consent and Reference of a Civil Action to a United States Magistrate Judge. If the parties consent, a Magistrate Judge will conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals if an appeal is filed.

Consent to proceed before a Magistrate Judge is entirely voluntary. There will be no adverse, substantive consequences if you do not consent. Even if you do not consent, under Local Rule 72.1, however, a Magistrate Judge will still handle all non-dispositive pretrial motions in your case until ten days before trial.

**You must return the Consent Form to the Clerk of Court's office within 21 days indicating whether or not you consent.**

TAMMY H. DOWNS, CLERK

Mail Attached Form To: Clerk of Court
United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A-149
Little Rock, Arkansas 72201

(Post 09/2015) Notice, Consent and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| JANICE HARGROVE WARREN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.    4:19-CV-00655 BSM |
| CHARLES MCNULTY, ET AL. | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT AND REFERENCE OF A CIVIL ACTION
## TO MAGISTRATE JUDGE
## (MANDATORY RESPONSE REQUIRED)

*Notice of a Magistrate Judge's availability.* A United States Magistrate Judge of this court is available to conduct all proceedings in this civil action and to order the entry of a final judgment. The judgment may then be appealed directly to the United States Court of Appeals like any other judgment of this court. A Magistrate Judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a Magistrate Judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

**You must return this form to the Clerk of Court's office within 21 days from date of this notice regardless of whether or not you are consenting to the exercise of jurisdiction by a United States Magistrate Judge.**

☐    Election to have case remain with a United States District Judge

☐    *Consent to a Magistrate Judge's authority.*  The following parties consent to have a United States Magistrate Judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*