IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**Janice Hargrove Warren**                                                                                     **Plaintiff**

    v.        Case No. 4:19-cv-655-BSM

**Mike Kemp, et. al**                                                                                                **Defendants**

### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLETE DISCLOSURE TO PLAINTIFF'S FOIA REQUESTS FOR ELECTRONICALLY STORED INFORMATION

      Pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Pro."), plaintiff, Dr. Janice Warren, through her legal counsel, SARAH HOWARD JENKINS, PLLC, asks this Honorable Court to compel defendant PCSSD to provide complete disclosures to her January 2022 Arkansas Freedom of Information Act ("FOIA") requests and says:

      1.      On August 13, 2021, this Court denied defendants' Motion for a Protective Order (Defs. Motion, Dkt. No. 92; Order, Dkt. No. 96) regarding the plaintiff's requests pursuant to FOIA for access to public records related to matters before this Court;

      2.      Consistent with her FOIA rights and this Court's order, plaintiff submitted three FOIA requests for electronic communications between former PCSSD employees or between former PCSSD employees and defendant Dr. Linda Remele, PCSSD Board of Education President during periods related to matters before this Court:

      a.      FOIA #1 on January 4, 2022 (Exhibit 1):

      1) Emails between former Executive Director of Communications Deb Roush and Chief Technology Officer Will Reid from January 1, 2016, through January 31, 2019;

1

      2) Emails between former Chief Technology Officer Will Reid and Executive Director of Operations Derek Scott from January 1, 2016, through January 31, 2019;

      3) Emails between former Executive Director of Communications Deb Roush and former Executive Director of Operations Derek Scott from January 1, 2016, through November 1, 2018; and

      4) Emails between former Superintendent Dr. Jerry Guess and former Executive Director of Operations Derek from January 1, 2016, through September 30, 2017.

  b.  FOIA #2 on January 5, 2022 (Exhibit 2):

      (1) Emails between former Chief Technology Officer Will Reid and Dr. Linda Remele from January 1, 2016, through January 31, 2019;

      (2) Emails between former Executive Director of Operations Derek Scott and Dr. Linda Remele from January 1, 2016, through September 30, 2017; and

      (3) Emails between former Executive Director of Operations Derek Scott and defendant Brian Maune from January 1, 2016, through September 30, 2017.

  c.  FOIA #3, mislabeled as FOIA #4 on January 5, 2022 (Exhibit 4):

      1) Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from January 1, 2016, through December 31, 2017;

      2) Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from July 1, 2013, through December 31, 2015;

      3) Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from January 1, 2011, through June 30, 2013.

  3.  On Wednesday, January 5, 2022, plaintiff counsel received notice from Valerie Bailey ("Ms. Bailey"), PCSSD Communications Legal Associate,

      a.      that Ms. Bailey was reviewing and making necessary redactions on the pages generated by requests 1 (9,303 pages) & 2 (68 pages);

      b.      that Ms. Bailey was required to complete the review process from home because of the school district's orders regarding the Omicron variant of Covid-19;

      c.      that Ms. Bailey would provide access today, Friday, January 7, 2022, to the documents she processed and an update. (Exhibit 3, p.1)

    4.      Plaintiff's counsel suggested and Ms. Bailey agreed to an approach to access that was sensitive to the volume of pages and Ms. Bailey's obligation to work at home (Exhibit 3, p.2-4):

      a.      Ms. Bailey promised to provide the 68 pages responsive to FOIA #2 on Thursday, January 6, 2022;

      b.      Without waiving the right of access to the 9,303 responsive pages, Plaintiff's counsel provided bracketed terms for searches to narrow and organize the review of FOIA #1 as rolling access to the 9,303 responsive pages:

"Each letter bracket might be a separate run of the documents satisfying the requests. Each bracket of responses might be separately provided.

    A.  Mills Robinson;

    B.  Antiquated Facilities;

    C.  Linda Remele;

    D.  Value Engineered or Value Engineer;

    E.  Janice Warren;

    F.  Paul Brewer;

    G.  John Tackett."

  c. Plaintiff's counsel suggested that FOIA #3 was unlikely to generate the volume of pages as FOIA #1 and might be processed before FOIA #1.

 5. On Thursday, January 6, 2022, Cody Kees, defense counsel, requested 30 days to respond to *all* three requests, citing *Frazier v. The City of Pine Bluff*, Case No. 5:16-cv-00135-BSM (E.D. August 5, 2016). Plaintiff objected, *Fraizer, supra.,* was a case-specific ruling addressing the use of FOIA to avoid discovery and is inapplicable in this case.  In the Court's August 13, 2021, ruling on defendants' motion for a protective order, this Court did not impose a response period for FOIA requests (Exhibit 5).

 6. On January 6, 2022, defendant PCSSD did not provide access to the promised 68 pages responsive to FOIA #2.  Other suggested resolutions exchanged between counsel for the parties have not resolved the plaintiff's right to access the public records responsive to her requests and defendant PCSSD's obligation to provide complete disclosure beyond the number of responsive pages.

 7. As required by Local Rule 7.2, the parties have conferred in good faith on the specific issues in dispute and are unable to resolve their disagreements without the intervention of this Court.

 8. The trial of this matter is scheduled for the week of February 14, 2022, approximately 37 days.  Exhibit and Witness lists must be filed, simultaneously, on January 14, 2022.

 WHEREFORE, plaintiff asks this Court: (1) to expedite its review of her motion, (2) to compel the defendant PCSSD to provide immediate access to the public records responsive to FOIA #2 or demonstrate to this Court, *in camera*, the exempt character of the withheld emails and redacted information, (3) to update the plaintiff on the status of the review of FOIA #1 and

FOIA #3, (4) to order defendant PCSSD to provide rolling access the requested information, and (5) to order defendants and their attorney, Cody Kees, to pay the plaintiff's reasonable expenses incurred in making this motion, including her attorney's fees. Fed. R. Civ. Pro. 37(a)(5)(A). Plaintiff's Memorandum in support of her motion is attached.

    Respectfully submitted this 8th day of January, 2022,

    Sarah Howard Jenkins
    AR Bar No. 97046
    SARAH HOWARD JENKINS, PLLC
    P.O. BOX 242694
    Little Rock, AR 72223
    Telephone No. (501) 406-0905
    sarah@shjenkinslaw.com
    Attorney for the Plaintiff