### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                    **PLAINTIFF**

**v.**                              **No. 4:19-cv-00655-BSM**

**MIKE KEMP, et al.**                                              **DEFENDANTS**

### PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO COMPEL ACCESS TO PUBLIC RECORDS

### INTRODUCTION:

This matter is an employment discrimination, Title VII, 42 USC §§ 1981 and 1983, and breach of contract action brought by Dr. Janice Warren ("Dr. Warren"), Assistant Superintendent for Equity and Pupil Services and former Interim Superintendent, against her employer Pulaski County Special School District ("PCSSD") and six members of PCSSD's 2017-2018 Board of Education. Dr. Warren is a black female.

This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically 42 U.S.C. §§ 1981, 1983, 2000e-2(a)(1), 2000e-2(a)(2), 2000e-3(a), and 2000e-5(f)(1). Furthermore, this Court has Supplemental Jurisdiction over Dr. Warren's state law claim against PCSSD pursuant to 28 U.S.C. § 1367(a). Dr. Warren's state law claim arises from the same nucleus of operative facts asserted against PCSSD and the six PCSSD Board members in their official and individual capacities. Dr. Warren's state law claim is essentially the same case or controversy under Article III of the United States Constitution. Dr. Warren, as a

1

plaintiff, would be expected to try these claims in one judicial proceeding. *Osborn v. The President, Directors, and Company of the Bank of the United States*, 22 U.S. (Wheat.) 738, 822-28 (1824); see also *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) (discussing the two purposes of ancillary jurisdiction, the first applicable here).

### 1.    Status of this matter.

The trial of this matter is scheduled for the week of February 14, 2022, approximately 37 days.  Exhibit and Witness lists must be filed simultaneously on January 14, 2022.

### 2.    The dispute.

Consistent with her FOIA rights and this Court's order, plaintiff submitted three FOIA requests,[1] one on January 4, 2022 (Exhibit 1), and two on January 5, 2022 (Exhibits 2 & 4).  The third request, incorrectly labeled as FOIA #4, was submitted on January 5, 2022, at 5:30 p.m., following an exchange of emails with Valerie Bailey ("Ms. Bailey"), PCSSD's Communications Legal Associate, and notice that the request was coming (Exhibit 3).  Each request sought access

---

[1] FOIA #1: 1) Emails between former Executive Director of Communications Deb Roush and Chief Technology Officer Will Reid from January 1, 2016, through January 31, 2019; 2) Emails between former Chief Technology Officer Will Reid and Executive Director of Operations Derek Scott from January 1, 2016, through January 31, 2019; 3) Emails between former Executive Director of Communications Deb Roush and former Executive Director of Operations Derek Scott from January 1, 2016, through November 1, 2018; and 4) Emails between former Superintendent Dr. Jerry Guess and former Executive Director of Operations Derek from January 1, 2016, through September 30, 2017. (See Exhibit 1)

FOIA #2: (1) Emails between former Chief Technology Officer Will Reid and Dr. Linda Remele from January 1, 2016, through January 31, 2019; (2) Emails between former Executive Director of Operations Derek Scott and Dr. Linda Remele from January 1, 2016, through September 30, 2017; and (3) Emails between former Executive Director of Operations Derek Scott and defendant Brian Maune from January 1, 2016, through September 30, 2017. (See Exhibit 2)

FOIA #3, mislabeled as FOIA #4 on January 6, 2022:  1)  Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from January 1, 2016, through December 31, 2017; 2); Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from July 1, 2013, through December 31, 2015; 3)  Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from January 1, 2011, through June 30, 2013. (See Exhibit 4)

to electronic communications among four former PCSSD employees or between one of the four former PCSSD employees and defendant Dr. Linda Remele, PCSSD Board of Education President, during periods related to matters before this Court. The former employees included Derek Scott, the Executive Director of Operations. Under the supervision of former Superintendent Dr. Jerry Guess, Derek Scott oversaw the construction of Mills High School and Robinson Middle School. These employees had access to information concerning matters before this Court.

On Wednesday, January 5, 2022, plaintiff's counsel received notice from Ms. Bailey of the volume of pages generated by the two requests (Exhibit 3, p. 1). Surprisingly, the exchanged emails among the employees, FOIA #1, generated 9,303 pages (*Id*.).  However, their exchanges with Dr. Remele, FOIA #2, only generated 68 pages (*Id*.). Ms. Bailey also shared that she was required to complete her review of the generated documents from home. Because of the Omicron variant of Covid-19, the school district canceled in-person classes and ordered remote work for its employees.  However, Ms. Bailey responded that she would provide access to reviewed documents on Friday, January 7, 2022, and update her progress.

Plaintiff's counsel responded and suggested an approach for plaintiff's access sensitive to the voluminous pages and Ms. Bailey's obligation to work at home (Exhibit 3, p. 2). Ms. Bailey liked the suggestion and agreed; she promised to provide the 68 responsive pages on Thursday, January 6, 2022 (Exhibit 3, p. 3). First, Ms. Bailey would review FOIA #2, 68 pages. Second, plaintiff's counsel would provide bracketed terms for searching the 9,303 pages, FOIA #1, to narrow and organize Ms. Bailey's review of FOIA #1 as rolling access to the 9,303 responsive pages.  Without waiving the right to review all responsive pages, Plaintiff's counsel suggested:

Each letter bracket might be a separate run of the documents satisfying the requests.  Each bracket of responses might be separately provided.

    A.  Mills  Robinson;

    B.  Antiquated Facilities;

    C.  Linda Remele;

    D.  Value Engineered or Value Engineer;

    E.  Janice Warren;

    F.   Paul Brewer;

    G.  John Tackett.

(Exhibit 3, p. 4). Plaintiff's counsel also suggested that FOIA #3 was unlikely to generate the volume of pages as FOIA #1 and might be reviewed before FOIA #1.

On Thursday, January 6, 2022, Cody Kees, defense counsel in this matter, requested 30 days to respond to *all* three requests, citing *Frazier v. The City of Pine Bluff*, Case No. 5:16-cv-00135-BSM (E.D. Ark. August 5, 2016) (Exhibit 5, p. 1). Plaintiff objected, *Fraizer, supra.,* was a case-specific ruling addressing the use of FOIA to avoid discovery timeframes. *Fraizer, supra.,* is inapplicable to this case (Exhibit 5, pp. 2, 4). This Court in its August 13, 2021, ruling on defendants' motion for a protective order regarding FOIA requests, did not impose a response period (Dkt. No. 96). Cody Kees responded, reiterating his request for 30 days to provide access to documents responsive to the three requests (Exhibit 5, p. 3). Later, defense counsel suggested a second option to the 30-day delay to access.

Another option is for you [plaintiff's counsel] to come to the District and review the PDF documents on a school computer, unredacted, with your agreement that if you see student or personnel data not subject to FOIA you will keep that confidential per our protective

order.  Then, any document for which you want an actual copy, you mark that page

number down and the district will supply those exact documents to you (subject to any

required redaction).  Then, we know exactly what limited documents we are

providing.  This would be helpful and agreeable to us.

(Exhibit 6, p. 1).

Plaintiff's counsel expressed her willingness to agree to the option and provided notice of

the school district's closure in response to the Omicron variant (Exhibit 6, p. 2).  As a

modification to the proposal, plaintiff's counsel suggested that she review the documents

remotely, subject to the Agreed Protective Order (Dkt. No. 11) (Exhibit 6, p. 3).  In response,

defense counsel asserted a right to re-run the three responsive searches (Exhibit 7).  Because the

response to FOIA #2 was limited to 68 pages and those pages had been reviewed for redaction,

plaintiff's counsel objected to re-running those pages (Exhibit 8).

Regrettably, defendant PCSSD did not provide access to the promised 68 pages

responsive to FOIA #2 on January 6, 2022.  Defense counsel did not respond to plaintiff's

January 6, 2022, demand for the 68 pages (Exhibit 9) until 5:15 p.m. on Friday, January 7, 2022

(Exhibit 10). Cody Kees only provided 31 of the 68 pages (Exhibit 13). Most of the pages were

blank, lacked a notation that they were redacted, and did not provide access to the attachments

(Exhibit 13).  Although FOIA does not require the public agency to state its reasons for denying

access, "the Attorney General has opined that the exemption relied upon as the basis for denying

access should be provided." Ark. Op. Att'y Gen. No. 2016-095 (Sept. 2, 2016), *citing*, Ark. Op.

Atty. Gen. Nos. 84-79 (March 5, 1984), 95-108 (June 1, 1995) (as a practical matter this

information must be forthcoming in the event of an appeal of the public agency's decision).

Defense counsel did not state his reasons for limiting access to 37 responsive pages.  Defense

counsel has not responded to plaintiff's request, emailed January 7, 2022, at 6:45 a.m., for an agreement on rolling access (Exhibit 12). The parties have attempted in good faith to resolve this dispute but cannot without this Court's intervention.

  **3.**  **The applicable law.**

  "Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, *all* public records shall be open to inspection and copying . . . by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." Ark. Code Ann. § 25-19-105(a)(1)(A)(emphasis added); accord Ark. Op. Att'y Gen. No. 2016-095 (Sept. 2, 2016). "A document must be disclosed in response to a FOIA request if the FOIA request is directed to an entity subject to the act; the requested document constitutes a public record; and no exceptions allow the document to be withheld." Ark. Op. Att'y Gen. No. 2016-095 (Sept. 2, 2016).  Arkansas law further provides that if a public record is not available at the time it is requested, "the custodian shall certify this fact in writing to the applicant and set a date and hour within *three (3) working days* at which time the record will be available for the exercise of the right given in this chapter." Ark. Code Ann. § 25-19-105(e) (emphasis added).

  PCSSD is an entity subject to FOIA.  Each request identified with specificity the desired documents. The identified documents are not within an exemption; no designation of an exemption was provided. On January 5, 2022, Ms. Bailey notified plaintiff's counsel that the documents requested pursuant to FOIA #2 would be available on January 6, 2022 (Exhibit 3, p.3). Based on Ms. Bailey's notice, these 68 pages had been reviewed, were not subject to an exemption, and plaintiff should have been granted access to all 68 pages. "[T]he custodian [does not] get to choose to release only records it deems relevant." *Daugherty v. Jacksonville Police Dep't*, 2012 Ark. 264, 8, 411 S.W.3d 196, 201 (2012). Defense counsel denied access to public

records within the scope of FOIA #2. The reasonable inference from defense counsel's conduct is that the requested records adversely impact the defendants' position in the case *sub judice*.

### a.     Voluminous response: FOIA #1.

Mere volume isn't a basis for an exemption to providing access.  "An agency may not use such circumstances [voluminous records] to delay timely responding to the FOIA request and should be prepared to justify and document the necessity of any delay to the requester and a reviewing court." Watkins, Peltz-Steel, Steinbuch, *Arkansas Freedom of Information Act*, p. 309, n.870 (6th ed. 2017) ("Watkins"). "Nothing in the FOIA allows a public agency to decline to reply to a request on this basis [that it is too broad or burdensome]." *Daugherty v. Jacksonville Police Dep't.,* 2012 Ark. 264, 7, 411 S.W.3d 196, 200 (2012).  Here, Ms. Bailey, PCSSD's legal associate for FOIA requests, identified the responsive public records, began the review process, and welcomed the suggested more narrowly focused review of 9,303 pages. Ms. Bailey committed to updating her progress on Friday, January 7, 2022.  The update was not been provided.  Defense counsel disrupted communications with Ms. Bailey and has not responded to plaintiff's counsel's request for agreed-to rolling access (Exhibit 12).

### b.     PCSSD must prove that the withheld records are exempt from access.

PCSSD withheld 37 pages of emails responsive to FOIA #2 and many of the pages provided were blank and did not include the contents of an attachment (Exhibit 13). The only basis for denying access to public records pursuant to FOIA is a recognized statutory exemption. Ark. Code Ann. § 25-19-105 (b). When access is denied, a requester may seek a determination of the exempt character of the withheld document or redacted/withheld information. *Gannett River States Pub. Co. v. Arkansas Indus. Dev. Comm'n*, 303 Ark. 684, 690, 799 S.W.2d 543, 547 (1990); Watkins, *supra*, at 411-412.  The public agency bears the burden of proving the exempt character

of the withheld record or information. *Gannett River States*, *supra,* at 547 (1990) (the Commission has the burden of proving its affirmative allegation of exemption).

 Should PCSSD assert that the 37 pages or information redacted from the delivered pages are exempt from access, plaintiff requests this Court to review, *in camera*, the withheld pages and the redacted contents from the blank pages and determine if the emails or information fall within any exemption asserted by PCSSD in its Response to this motion. Plaintiff also requests this Court to direct PCSSD to provide an index describing the records. The index should specify the subject and date of the records, identify the authors and recipient, state a factual description of the information without revealing the asserted exempt information, delineate the statutory exemptions relied upon, and the reasons justifying nondisclosure according to the asserted exemption. See, e.g., *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  This information will assist the plaintiff in defending her right to access and the Court in determining if PCSSD has met its burden.

## CONCLUSION

 As required by Ark. Code Ann. § 25-19-105 and defendant PCSSD's obligation pursuant to Fed. R. Civ. Pro. 37(a)(4) to provide complete disclosure beyond the number of responsive pages, plaintiff requests this Court to:

 a. order defendant PCSSD to provide plaintiff with rolling access to public records requested via FOIA;

 b. order PCSSD to provide immediate access to the 37 remaining pages that were responsive to FOIA #2 or demonstrate, *in camera*, their exempt character;

     c.  order PCSSD to provide immediate access to the redacted contents of Exhibit 13 that were responsive to FOIA #2 or demonstrate, *in camera*, the exempt character of the undisclosed contents;

     d.  order an update on the status of PCSSD's review of pages responsive to FOIA's #1 and #3, with rolling access.

 The trial of this matter is scheduled for the week of February 14, 2022. The parties must disclose their Exhibit and Witness Lists on January 14, 2022. Plaintiff asks this Court to expedite its review of plaintiff's motion.

Respectfully submitted this 8th day of January, 2022
Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905