**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                                  **PLAINTIFF**

**v.**                                          **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                                      **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION TO REGULATE PLAINTIFF'S ARKANSAS FREEDOM OF INFORMATION ACT REQUESTS

Defendants, by and through their attorneys, Bequette, Billingsley & Kees, P.A., respectfully submit this Brief in Support of their Motion to Regulate Plaintiff's Arkansas Freedom of Information Act Requests, pursuant to Fed. R. Civ. P. 26.  For the reasons discussed herein, Defendants' Motion should be granted.

Just over a month from the scheduled trial date, Plaintiff, through her attorney, Sarah Jenkins, continues to request records from Defendant Pulaski County Special School District ("PCSSD") via the Arkansas Freedom of Information Act ("FOIA").   Since April 2020, Plaintiff has made eight (8) FOIA requests to PCSSD, many involving follow-up responses and further document production.  *See* ECF Doc. 93-1.

Last week, Plaintiff filed three more FOIA requests related to this case.  *See* ECF Doc. 121.  Plaintiff then filed over the weekend a motion to compel PCSSD to provide responses to her FOIA requests, without even giving PCSSD the three days to respond under the Arkansas FOIA statute.  *Id*.  A response by PCSSD to that motion is forthcoming, as PCSSD is still working to comply with the FOIA requests.

Today, Plaintiff filed a fifth FOIA request.  *See* Exhibit 1.  Plaintiff continues to file FOIA requests, largely email exchanges between parties and witnesses in this case, all related to this pending litigation.

Defendant filed a Motion for Protective Order on August 9, 2021, asserting that all FOIA requests relate to the pending case, a fact that Plaintiff admitted in her Response to Defendants' Motion for Protective Order.   *See* ECF Doc. 94.   As argued in the Defendants' Motion for Protective Order, PCSSD contend that these requests were clear attempts to circumvent the discovery deadline in this pending case and the Court's Final Scheduling Order.   Discovery in this case closed on June 24, 2020.

Plaintiff's FOIA requests continue.   These requests are excessive, burdensome, and are clearly being used to circumvent the discovery deadlines in the Final Scheduling Order issued by this Court.   Furthermore, the trial of this matter is a month away and PCSSD is unduly prejudiced by Plaintiffs ongoing FOIA request after over two years of litigation and a year past the discovery deadline.

This is a federal-question action; this Court has subject-matter jurisdiction.   *See* 28 U.S.C. § 1331.   Arkansas's FOIA does not overrule federal law and render discoverable something that would not be discoverable under federal law.   *See Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, No. 4:82CV00866 WRW/JTR, slip op. at 1 (E.D. Ark. July 1, 2002) and *Smith v. Ark. Highway Police*, No. 4:13CV00301 JLH, E.D. Ark. Aug. 22, 2014) (Dkt. 39).

Plaintiff cannot use FOIA to circumvent the discovery process under the Federal Rules of Civil Procedure.   The Supreme Court of the United States has ruled that the primary purpose of FOIA is not to benefit private litigants or to serve as a substitute for civil discovery.   *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153, 110 S. Ct. 471 (1989); *see also U.S. v. Weber Aircraft Corp.*, 465 U.S.792, 104 S. Ct. 1488 (1984); *see also Baldrige v. Shapiro*, 455 U.S. 345, 102 S. Ct. 1103 (1982).   The United States Court of Appeals for the Eighth Circuit has also recognized that a FOIA request cannot be used to circumvent the discovery rules and limitations of a civil action.   *In re Dep't of Justice*, 999 F.2d 1302, 1311 (8th Cir. 1993).   The United States

2

District Court for the Eastern District has issued similar protective orders in the past.   *See Sanders v. Davis, et. al*., Case No.5:12-cv-0007 KGB (E.D. Ark. May 3, 2013) (Dkt. 15) (providing temporary reprieve from complying with Arkansas FOIA to allow court to study issue); *McMillan v. Live Nation Entertainment, et. al.*, Case No. 4:11-cv-00332 JMM (E.D. Ark. May 24, 2011) (Dkt. 22) (creating rules for Arkansas FOIA requests); *Donald R. Frazier, Jr. v. The City of Pine Bluff, Ark., et. al*., Case No. 5:16-cv-00135 BSM (E.D. Ark. Aug. 5, 2016) (Dkt. 25) (creating rules for Arkansas FOIA requests).   Defendants have complied with all discovery requests and prior FOIA requests to date.   Plaintiff's actions demonstrate a disregard for the discovery process and violate the spirit of the Final Scheduling Order and intent of FOIA laws.

The Arkansas FOIA statute recognizes that courts can limit access to documents.   Ark. Code Ann. § 25-19-105(b)(8) (documents protected from disclosure by order or rule of court are exempt from the FOIA.).   Federal Rule of Civil Procedure 26(c) contains a list of remedies a court may employ to protect a party when another party violates the Rules of Civil Procedure and, specifically, the rules of discovery.   "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c).

This Court previously issued an Order in which a plaintiff was required to notify defense counsel before filing an Arkansas FOIA request, and plaintiff was required to state in the request that plaintiff was agreeable to a thirty-day period for response to the request.   *Frazier v. The City of Pine Bluff*, Case No. 5:16-cv-00135-BSM (E.D. Ark. August 5, 2016), Doc. No. 25 (establishing rules to balance Frazier's right to disclosure with the need to regulate discovery).   In Frazier, this Court noted that is has the power to limit Arkansas FOIA requests under Ark. Code Ann. 25-19-105(b)(8). A trial court has inherent authority to protect the integrity of its court, and irrespective of Arkansas's law, federal courts have the authority to regulate discovery. *See City of Fayetteville*

*v. Edmark*, 801 S.W.2d 275, 281-282 (Ark. 1990); *see also Frazier*, Case No. 5:16-cv-00135-BSM (E.D. Ark. August 5, 2016).

The present issue before this Court is indistinguishable from the issue in the Order in *Frazier*.  In *Frazier*, Defendants sought relief from burdensome FOIA requests leading up to trial. Defendants in Frazier requested plaintiffs to grant them thirty (30) days to respond to the requests, as Federal Rules would allow.  Defendants' requests were ignored.  In the present case, Defendants are submitting their second filing to request different relief from burdensome FOIA requests just weeks before trial.

In the present matter, Defendants respectfully amend their request and ask that this Court issue an order congruent with the Order in *Frazier*. *Id*. Plaintiff is continuing discovery through Arkansas FOIA requests.  While Defendants do not dispute that they must disclose documents under FOIA, Defendants respectfully request the Court limit Plaintiff's ability to compel production sooner than what the Federal Rules would allow in the course of discovery.

## CONCLUSION

Based upon the foregoing argument and authority, Defendants respectfully submit that their Motion to Regulate Plaintiff's Arkansas FOIA Requests be granted.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: _____**W. Cody Kees**_____
        Jay Bequette, Ark. Bar #87012
        W. Cody Kees, Ark. Bar #2012118

4