IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


JANICE HARGROVE WARREN                                    PLAINTIFF

v.                              No. 4:19-cv-00655-BSM

MIKE KEMP, et al.                                        DEFENDANTS


**PLAINTIFF'S BRIEF IN SUPPORT OF HER OPPOSITION TO DEFENDANTS'
MOTION TO REGULATE PLAINTIFF'S FOIA REQUESTS**

**INTRODUCTION:**

    This matter is an employment discrimination, Title VII, 42 USC §§ 1981 and 1983, and breach of contract action brought by Dr. Janice Warren ("Dr. Warren"), Assistant Superintendent for Equity and Pupil Services and former Interim Superintendent, against her employer Pulaski County Special School District ("PCSSD") and six members of PCSSD's 2017-2018 Board of Education.  Dr. Warren is a black female.

    This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically 42 U.S.C. §§ 1981, 1983, 2000e-2(a)(1), 2000e-2(a)(2), 2000e-3(a), and 2000e-5(f)(1). Furthermore, this Court has Supplemental Jurisdiction over Dr. Warren's state law claim against PCSSD pursuant to 28 U.S.C. § 1367(a).  Dr. Warren's state law claim arises from the same nucleus of operative facts asserted against PCSSD and the six PCSSD Board members in their official and individual capacities. Dr. Warren's state law claim is essentially the same

case or controversy under Article III of the United States Constitution. Dr. Warren, as a plaintiff, would be expected to try these claims in one judicial proceeding. *Osborn v. The President, Directors, and Company of the Bank of the United States*, 22 U.S. (Wheat.) 738, 822-28 (1824); see also *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) (discussing the two purposes of ancillary jurisdiction, the first applicable here).

### 1.    Procedural history and status of this matter.

Plaintiff filed her Complaint on September 23, 2019. PCSSD and the individual defendants, members of the PCSSD Board of Education and Superintendent Charles McNulty, Answered on November 12, 2019. On March 27, 2020, this Court entered its order granting the parties' Joint Motion for a Protective Order. On March 27, 2020, the plaintiff filed her first Motion to Compel the Production of Documents requested pursuant to Fed. R. Civ. 34 (Dkt. No. 10). This Court granted her motion on April 26, 2020 (Dkt. No. 15). Thereafter, on June 8, 2020, the plaintiff sought an order compelling the defendants to engage in a conscientious effort to respond to her Interrogatories and sanctions (Dkt. No. 18). This Court granted her request in part and denied her request in part on October 21, 2020 (Dkt. No. 68).

Defendants sought a protective order on August 9, 2021, to bar plaintiff's use of FOIA after the discovery deadline (Dkt. No. 92).  This Court entered its order denying the defendants' motion on August 13, 2021 (Dkt. No. 96).  The trial of this matter is scheduled for the week of February 14, 2022, in approximately 30 days. The parties must file Exhibit and Witness Lists simultaneously on January 14, 2022, two days from the date of this Brief.

2.      **Factual Background of the Defendants' Motion**

Consistent with her FOIA rights and this Court's order dated August 13, 2021, plaintiff submitted three FOIA requests,[1] one on January 4, 2022 (Dkt. No. 121, Exhibit 1), and two on January 5, 2022 (Dkt. No. 121, Exhibit 2).  The third request, incorrectly labeled as FOIA #4, was submitted on January 5, 2022, at 5:30 p.m., following an exchange of emails (Dkt. No. 121, Exhibit 3) with Valerie Bailey ("Ms. Bailey"), PCSSD's Communications Legal Associate.  The plaintiff provided notice that the third request was coming (Dkt. No. 121, Exhibit 4).  Each request sought disclosure of electronic communications among four former PCSSD employees or between one of the four former PCSSD employees and defendant Brian Maune, a former board member, or Dr. Linda Remele, PCSSD Board of Education President during periods related to matters before this Court. The former employees included Derek Scott, the former Executive Director of Operations. Under the supervision of former Superintendent Dr. Jerry Guess, Derek Scott oversaw the construction of Mills High School and Robinson Middle School.

---

[1] FOIA #1: 1) Emails between former Executive Director of Communications Deb Roush and Chief Technology Officer Will Reid from January 1, 2016, through January 31, 2019; 2) Emails between former Chief Technology Officer Will Reid and Executive Director of Operations Derek Scott from January 1, 2016, through January 31, 2019; 3) Emails between former Executive Director of Communications Deb Roush and former Executive Director of Operations Derek Scott from January 1, 2016, through November 1, 2018; and 4) Emails between former Superintendent Dr. Jerry Guess and former Executive Director of Operations Derek from January 1, 2016, through September 30, 2017.

FOIA #2: (1) Emails between former Chief Technology Officer Will Reid and Dr. Linda Remele from January 1, 2016, through January 31, 2019; (2) Emails between former Executive Director of Operations Derek Scott and Dr. Linda Remele from January 1, 2016, through September 30, 2017; and (3) Emails between former Executive Director of Operations Derek Scott and defendant Brian Maune from January 1, 2016, through September 30, 2017. (See Exhibit 2)

FOIA #3, mislabeled as FOIA #4 on January 6, 2022:  1)  Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from January 1, 2016, through December 31, 2017; 2); Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from July 1, 2013, through December 31, 2015; 3)  Emails between former Superintendent Dr. Jerry Guess and Dr. Linda Remele from January 1, 2011, through June 30, 2013. (See Exhibit 4)

These employees had access to information concerning matters before this Court. None of the FOIA requests seek electronic information that might be characterized as attorney-client privilege, attorney work-product, or a combination of the two. *Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at *1-2 (E.D. Ark. Mar. 27, 2014).

On Wednesday, January 5, 2022, plaintiff's counsel received notice from Ms. Bailey reporting the volume of pages generated by the two requests (Dkt. No. 121, Exhibit 3, p. 1). The exchanged emails among the employees, FOIA #1, generated 9,303 pages (*Id.*).  However, Ms. Bailey shared that the employees' exchanges with Dr. Remele, FOIA #2, only generated 68 pages (*Id.*). The request for emails between Derek Scott and Brian Maune, Board member for the Robinson area, did not generate a responsive record (*Id.*). Ms. Bailey also shared that she was required to complete her review of the generated documents from home. Because of the Omicron variant of Covid-19, the school district canceled in-person classes and ordered remote work for its employees beginning Thursday, January 6, 2022.  However, Ms. Bailey responded that on Friday, January 7, 2022, she would provide access to the documents she had reviewed and update her progress (*Id.*).

Plaintiff's counsel responded and suggested rolling access because of the voluminous pages and Ms. Bailey's obligation to work at home (Dkt. No. 121, Exhibit 3, p. 2). Ms. Bailey liked the suggestion and agreed; she promised to provide the 68 responsive pages on Thursday, January 6, 2022 (Dkt. No. 121, Exhibit 3, p. 3). First, Ms. Bailey would review FOIA #2, 68 pages. Second, the plaintiff's counsel would provide suggested bracketed terms for searching the 9,303 pages of FOIA #1, to narrow and organize Ms. Bailey's review of FOIA #1 as rolling access to the 9,303 responsive pages.  Without waiving the right to review all responsive pages, plaintiff's counsel suggested:

Each letter bracket might be a separate run of the documents satisfying the requests.  Each bracket of responses might be separately provided.

    A.  Mills  Robinson;

    B.  Antiquated Facilities;

    C.  Linda Remele;

    D.  Value Engineered or Value Engineer;

    E.  Janice Warren;

    F.  Paul Brewer;

    G.  John Tackett.

(Dkt. No. 121, Exhibit 3, p. 4). Rather than a topic-focused review, plaintiff's counsel might have suggested a page number bracket such as 1500 pages or a designated period of time such as ten months. Plaintiff's counsel also believed that FOIA #3 was unlikely to generate the volume of pages as FOIA #1 and might be reviewed before FOIA #1.

On Thursday, January 6, 2022, Cody Kees, defense counsel in this matter, requested 30 days to respond to *all* three requests, citing *Frazier v. The City of Pine Bluff*, Case No. 5:16-cv-00135-BSM (E.D. Ark. August 5, 2016) (Dkt. No. 121, Exhibit 5, p. 1). Plaintiff objected, *Fraizer, supra.,* was a case-specific ruling addressing the use of FOIA by Frazier to deliberately avoid discovery timeframes. *Fraizer, supra.,* is inapplicable to this case (Dkt. No. 121, Exhibit 5, pp. 2, 4).[2] Cody Kees responded, reiterating his request for 30 days to provide access to documents responsive to the three requests (Exhibit 5, p. 3). Later, defense counsel suggested a second option to the 30-day delay to access: plaintiff's counsel could review the unredacted-PDF

---

[2] This Court in its August 13, 2021, ruling on defendants' motion for a protective order regarding FOIA requests, did not enlarge or impose a response period contrary to or in addition to Ark. Code Ann. §§ 25-19-101-110 (2021) (Dkt. No. 96).

documents on a school computer. If the plaintiff's counsel agreed to keep specified information confidential consistent with the parties' agreed-to protective order, the district would supply the selected documents, subject to any required redaction, (Dkt. No. 121, Exhibit 6, p. 1).

Plaintiff's counsel agreed to the option but told defense counsel that the school district's offices would be closed in response to the Omicron variant (*Id.*, p. 2).  As a modification to the proposal, the plaintiff's counsel suggested that she review the documents remotely, subject to the Agreed Protective Order (Dkt. No. 121, Exhibit 6, p. 3).  In response, defense counsel asserted a right to re-run the three responsive searches (Dkt. No. 121, Exhibit 7).  Because the response to FOIA #2 was limited to 68 pages, those pages had been reviewed for a determination of their exempt status, and were redacted, the plaintiff's counsel objected to re-running those pages (Dkt. No. 121, Exhibit 8).

Regrettably, defendant PCSSD did not provide access to the promised 68 pages responsive to FOIA #2 on January 6, 2022. Defense counsel did not respond to plaintiff's January 6, 2022, demand for the 68 pages (Dkt. No. 121, Exhibit 9) until 5:15 p.m. on Friday, January 7, 2022 (Dkt. No. 121, Exhibit 10). On January 7, 2022, PCSSD did not provide the promised update on FOIA #1 and did not provide the portion of FOIA #1 documents that had been reviewed. Defense counsel failed to respect the agreed-to rolling-disclosure designed to give PCSSD a reasonable time to complete its processes. Defense counsel did not respond to the plaintiff's January 6, 2022, invitation to negotiate a rolling disclosure; therefore, plaintiff filed her Motion to Compel.  Defendants, now, renew their request for a 30-day response period for any FOIA request including FOIA's 1 and 3 that were presented before the defendants' motion (Dkt. No. 123).

6

3.    **Defendants' Motion Must be Denied.**

The defendants' request for reconsideration of its August 9, 2021, Motion for a Protective

Order must be denied:

        a.    FOIA isn't discovery;

        b.    the defendants have not stated a right based on the Arkansas Freedom of

                Information Act ("FOIA"), Ark. Code Ann. §§ 25-19-101-110 (2021);

        c.    the defendants have not stated a right based on the Agreed to Protective

                Order (Dkt. No. 11); and

        d.    the plaintiff's exercise of her rights pursuant to FOIA does not impair

                defendants' Federal common law litigation rights such as the attorney-

                client privilege, the work product protection, or a combination of the two.

                *Fatemi v. White*, No. 4:11-cv-458-DPM, 2014 WL 12754937, at *1-2

                (E.D. Ark. Mar. 27, 2014).

Therefore, the plaintiff's exercise of her rights as a citizen of Arkansas are governed by Ark.

Code Ann. §§ 25-19-101-110 (2021).

    a.    **FOIA isn't Discovery.**

Defendants assert that the plaintiff's use of FOIA is an attempt "to circumvent the

discovery deadline and the Court's Final Scheduling Order." Defendants' Brief in Support of

the Motion ("Defs. Brief") (Dkt. No. 125, p. 2 ¶2). In *Frazier, supra.,* this Court recognized

that FOIA is not discovery. The two rights are distinguishable. "FOIA and the discovery

rules operate independently." *Watkins, Peltz-Steele, & Steinbuch, Arkansas Freedom of*

*Information Act* ("Watkins") at 460 (6th ed. 2017), citing *Berry v. Saline Memorial Hosp*., 322

Ark. 182, 185, 907 S.W.2d 736, 738 (1995). The Arkansas Supreme Court consistently

recognizes FOIA rights as separate and distinct from rules of discovery and that litigation does not limit access to public records via FIOA. *Berry v. Saline Mem'l Hosp.*, 907 S.W.2d 736, 738 (Ark. 1995); *City of Fayetteville v. Edmark*, 304 Ark. 179, 184–85, 801 S.W.2d 275, 278 (1990).

The defendants argue that the plaintiff's requests are excessive and burdensome. The terms "excessive" and "burdensome" are inapplicable to FOIA requests. "Nothing in the FOIA allows a public agency to decline to reply to a request on this basis [that it is too broad or burdensome]." *Daugherty v. Jacksonville Police Dep't*, 2012 Ark. 264, 7, 411 S.W.3d 196, 200 (2012). The FOIA and discovery rules "are independent of one another" with varying goals, objectives, scope and procedures. *Watkins, supra*., at 455 (6th ed. 2017), citing Ark. Op. Att'y Gen. No. 2010-038. FOIA isn't discovery. *Warren v. McNulty*, Case No. 4:19-cv-00655-BSM (E.D. Ark. August 13, 2021).

The defendants argue that FOIA does not preempt Federal Law or render discoverable something that would not be discoverable under Federal Law (Def. Brief, Dkt. No. 125, p.2, ¶ 3). The defendants cite *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, No. 4:82-cv-00866 WRW/JTR, slip op. at 1 (E.D. Ark. July 1, 2002) (Dkt. No. 3611) and *Smith v. Ark. Highway Police*, No. 4:13-cv-301 (E.D. Ark. Aug. 22, 2014) (Dkt. No. 39) to support their thesis. Both cases are distinguishable and, indeed, support the plaintiff's position in this matter. In *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist*, the Joshua Intervenors filed a FOIA request two days *after* the deadline for submitting Exhibit and Witness Lists. The court assumed, without determining, that FOIA was permissible in Federal question litigation in Federal Court. However, there, the court ruled that the FOIA request was untimely. Here, the requests were made ten (10) to four (4) days in advance of the date of the exchange of Exhibit and Witness Lists. More importantly, this Court ruled more than four (4)

months ago that FOIA was permissible in Federal Court litigation and that FOIA is distinguishable from Discovery! *Warren v. McNulty*, Case No. 4:19-cv-00655-BSM (E.D. Ark. August 13, 2021).

In *Smith v. Ark. Highway Police*, the plaintiff sought written communications that were subject to the attorney-client privilege or work product doctrine. There, consistent with *Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at *1-2 (E.D. Ark. Mar. 27, 2014), the court held such documents were "not discoverable" pursuant to Federal Law. Here, Dr. Warren has not sought electronic communications subject to the attorney-client privilege or the work product doctrine. *Smith* is inapplicable to the issue raised in the defendants' motion.

**b.     The defendants have not stated a right for increased response time based on FOIA.**

Defendants asked this Court to modify the response period under FOIA to 30 days for requests related to the current litigation. Again, the defendants seek to impose the Federal discovery deadlines to FOIA requests. The discovery deadlines of the Fed. R. Civ. Pro. are inapplicable to FOIA requests. Rather, Ark. Code Ann. §§ 25-19-105(c)(1)(3)(A) and 25-19-105(e) impose on defendant PCSSD: 1) a duty to determine, within 24-hours after receiving a request, if the requested public records are exempt from disclosure, 2) to make an effort to notify the person making the request that the records are exempt from disclosure, and 3) if the record is in active use or, as here, in storage, PCSSD must set a date within three working days and grant the requester access to the public records. (*Id*.)  Given the volume of responsive records, plaintiff suggested rolling access to the requested public records so that PCSSD's Communications Legal

Associate could perform other duties of her job.  This recommended approach enlarged the amount of time for PCSSD's response beyond the 3-days.

The defendants have not stated a right pursuant to FOIA to support their motion. Therefore, this Court must deny the defendants' motion.

**c.    The defendants have not stated a right based on the Agreed-to Protective Order.**

The defendants correctly state that FOIA recognizes that courts may limit access to documents. Ark. Code Ann. § 25-19-105(b)(8) (documents protected from disclosure by order or rule of court are exempt from FOIA).  Here, the Court granted the parties Joint Agreed-to Protective Order. The order did not limit or protect any category of public records from disclosure. This Court has not ordered the nondisclosure of any category of public records. Furthermore, the defendants have not requested that a single public record be protected from disclosure. Rather, they are demanding a modification in the FOIA time provisions to delay the disclosure of public records to which Dr. Warren is entitled as a citizen of Arkansas and to distract the parties from their pending obligation to provide Exhibit and Witness Lists. Defendants have not stated a right pursuant to the Agreed-to Protective Order (Dkt. No. 11) that supports their demand for a 30-day response period. Their motion must be denied.

**d.    The plaintiff's exercise of her rights pursuant to FOIA has not impaired the defendants' Federal common law litigation rights.**

None of the public records sought fall within the defendants' federally protected litigation rights such as the attorney-client privilege, the work product protection, or a combination of the two.  Plaintiff's requested emails transmitted among former employees who were closely connected with Derek Scott, the former Executive Director of Operations. Derek Scott oversaw the construction of Mills High School and Robinson Middle School under the supervision of

10

former Superintendent Dr. Jerry Guess. These public records do not fall within the defendants'

federally protected litigation rights. Because the plaintiff's requests do not impairs the

defendants federally protected common law litigation rights, the plaintiff's requests are

governed by Ark. Code Ann. §§ 25-19-101-110 (2021) and the Agreed to Protective Order.

*Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at *1-2 (E.D. Ark. Mar. 27,

2014).

   e.    **Granting the defendants' Motion "cuts too deeply" into the plaintiff's rights and Arkansas law.**

The defendants' belated request to regulate the use of FOIA is inconsistent with the

parties' course of conduct during this litigation and results in surprise and hardship to the

plaintiff. Defendants had the opportunity to address procedures for FOIA not only in the

stipulated Protective Order but also immediately following plaintiff's first FOIA request on

April 3, 2020. They did not.

Precedent establishes that FOIA guidelines are imposed early in the litigation. See, e.g.,

*Frazier v. The City of Pine Bluff*, Case No. 5:16 CV-00135 BSM (E.D. Ark. August 5, 2016)

(motion for protective order establishing FOIA guidelines filed 79 days after the filing of the

complaint and 30 days after the scheduling order); *McMillan v. Live Nation Entertainment*, et

al., Case No. 4:11-cv-00332 JMM (E.D. Ark. May 24, 2011) (motion for protective order to

regulate FOIA filed 35 days after the complaint and eight days after the initial scheduling

order).

Here, the plaintiff presented three FOIA requests on or before January 6, 2022, and one

on January 10, 2022. The defendants' motion was filed approximately 30 days before trial, six

days before the ordered filing of the Exhibit and Witness Lists; one year, 9 months and fourteen

(14) days after this Court granted the parties' Agreed-to Protective Order; and more than four

(4) months after this Court denied the defendants' First Motion for a Protective Order regarding FOIA Requests.  The defendants' request is untimely.

Finally, defendants' request is interposed of delay. The parties must file their Exhibit and Witness Lists on January 14, 2022. Any emails that the plaintiff might include on her Exhibit List must be identified and served on the defendants. Then, the emails must be listed on Dr. Warren's Exhibit List on January 14, 2022. Had defendant PCSSD performed its duty under FOIA and followed the suggested rolling bracketed disclosure, plaintiff would meet the deadline imposed by this Court's Third Amended Final Scheduling Order (Dkt. No. 114, ¶ 3).

## CONCLUSION

The defendants' motion to regulate the plaintiff's use of FOIA must be denied.  The defendants have not stated a right based on Arkansas Law, Ark. Code Ann. §§ 25-19-101-110 (2021) to enlarge the time for their response to 30 days.  They have not stated a right to 30 days to respond based on the Agreed-to Protective Order. The plaintiff's conduct has not impaired the defendants' Federal common law litigation rights, such as the attorney-client privilege, the work product protection, or a combination of the two.  More importantly, the plaintiff's conduct has not resulted in surprise or hardship to the defendants but rather is consistent with her conduct from the beginning of this litigation.  Enlarging the period of the defendants' response would disrupt the plaintiff's acquisition of evidence to prove her case and cut too deeply into her rights as a citizen of Arkansas.

Respectfully submitted this 12th day of January, 2022
Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com