**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                                              **PLAINTIFF**

**v.**                              **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                                              **DEFENDANTS**

**DEFENDANTS' PRETRIAL DISCLOSURE SHEET**

Defendants, Mike Kemp, Linda Remele, Shelby Thomas, Alicia Gillen, Eli Keller, Brian Maune and the Pulaski County Special School District ("PCSSD" and/or "District"), by their attorneys, Bequette Billingsley & Kees, P.A., respectfully submit their Pretrial Disclosure Sheet:

1. <u>The identity of the party submitting information</u>.   Defendants.

2. <u>The names, addresses and telephone numbers of all counsel for the party</u>.

   BEQUETTE, BILLINGSLEY & KEES, P.A.
   Jay Bequette
   Cody Kees
   425 West Capitol Avenue, Suite 3200
   Little Rock, Arkansas 72201-3469
   Email: jbequette@bbpalaw.com
          ckees@bbpalaw.com

   SARAH HOWARD JENKINS, PLLC
   Sarah Howard Jenkins
   P.O. Box 242694
   Little Rock, Arkansas 722223
   Email: sarah@shjenkinslaw.com

   PORTER LAW FIRM
   Austin Porter
   323 Center Street #1300
   Little Rock, AR 72201
   Email:   aporte5640@aol.com

3. <u>A brief summary of claims and relief sought</u>.   Plaintiff claims she was not given a final interview and thereafter not selected for the permanent Superintendent position of PCSSD in 2018 because of her race (black) and gender (female) in violation of Title VII of the Civil Rights

Act of 1964 and 42 U.S.C. §§1981 and 1983. Plaintiff further alleges the Board's actions were retaliatory under Title VII because she had previously advised the Board of issues related to PCSSD's construction of new facilities under its Plan 2000 desegregation obligations. Plaintiff also alleges breach of employment contract related to claims that the Board failed to follow its internal promotion policy as to Plaintiff. Plaintiff seeks back pay, front pay, other compensatory damages, and punitive damages, along with her attorney's fees and costs.

4. <u>Prospects for settlement</u>. Unlikely.

5. <u>The basis for jurisdiction and objections to jurisdiction</u>. Federal question jurisdiction. No objection.

6. <u>A list of pending motions</u>.

(a) Plaintiff's Motion to Compel FOIA Requests (Doc. Nos. 121-134) and

(b) Defendants' Motion to Regulate FOIA Requests (Docs. Nos. 124-125)

7. <u>A concise summary of the facts</u>. This is an employment discrimination case. Plaintiff, Dr. Janice Warren, contends that the PCSSD Board of Directors ("Board") intentionally discriminated against her when it failed to select her as a finalist for the position of PCSSD Superintendent in the spring of 2017. Dr. Warren was appointed the Interim Superintendent by the Board on July 18, 2017, after the Board terminated the contract of its then superintendent, Dr. Jerry Guess. Dr. Warren served as the Assistant Superintendent for Equity and Pupil Services for PCSSD prior to her interim appointment and returned to that position on July 1, 2018, the position she still holds today.

Shortly after Dr. Warren's interim appointment, the Board began the process of hiring a national search firm to locate a permanent superintendent. The Board retained Ray & Associates, a third-party search firm, on December 12, 2017, to provide a national search for the permanent

superintendent. The entire search process was administered by Ray & Associates, who ultimately presented nine candidates (seven men and two woman and six black and three white) to the Board for initial consideration. Dr. Warren was one of the nine individuals considered by the Board via recorded interviews and resume reviews. During the Board meeting where the nine candidates (including Dr. Warren) were considered, the Board was instructed by Ray & Associates to complete a "Matrix for Reaching Candidate Consensus" in order to determine which candidates would move on to the in-person interview. Dr. Warren was not selected as a final candidate. Dr. Charles McNulty, a white male, was selected for the position of Superintendent and still serves in the role today.

The Board has presented numerous issues it had with Dr. Warren's performance during her time as Interim Superintendent. These issues were legitimate and non-discriminatory concerns the Board had with Dr. Warren. These issues, coupled with the non-discriminatory interview process, led the Board to not select Dr. Warren for the permanent position. Defendants deny that their decision to not employ Dr. Warren for the permanent position was discriminatory and Defendants deny all allegations that they violated any applicable law.

8. <u>All proposed stipulations</u>. Defendants would stipulate to all of the facts set forth in their Statement of Material Facts, including but not limited to:

(a) Plaintiff's work history at PCSSD;

(b) Plaintiff's salary at all times employed at PCSSD;

(c) Plaintiff's contracts at PCSSD;

(d) Current Superintendent Salary; and

(e) That Plaintiff applied for the position of Superintendent in 2018 and was not hired.

9. <u>The issues of fact expected to be contested</u>.  *See* Defendants' Statement of Material Facts (Doc. No. 29) and Plaintiff's Response to Statement of Facts (Doc. No. 42).

10. <u>The issues of law expected to be contested</u>.  *See* Defendants' Motion for Summary Judgment (Doc. No. 27) and Brief in Support (Doc. No. 28).

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.  Separately designate those documents and exhibits which the party expects to offer and those which the party may offer</u>.

The following exhibits <u>will be</u> offered at the trial of this matter:

(a) Plaintiff's Contracts (Doc. No. 40-4);

(b) Board Meeting Minutes dated December 13, 2016 (Doc. No. 27-2);

(c) Board Meeting Minutes dated November 14, 2017 (Doc. No. 40-60);

(d) Board Meeting Minutes dated December 12, 2017 (Doc. No. 27-5);

(e) Board Meeting Minutes dated April 3, 2018 (Doc. No. 27-12);

(f) PCSSD Superintendent Search Report by Ray and Associates (Doc. No. 27-4);

(g) PCSSD Top Ten Themes for Superintendent by Ray and Associates;

(h) PCSSD Superintendent Search Public Posting (Doc. No. 40-21);

(i) PCSSD Matrix for Reaching Candidate Consensus by Ray and Associates (Doc. No. 27-6) and General Information, Purpose and Directions (Doc. No. 40-8);

(j) PCSSD Superintendent Search Process and Timeline (Doc. No. 40-5);

(k) Emails regarding Federal Deseg Court Filing (Doc. Nos. 27-10 and 40-18);

(l)     Issues Leading to a Lack of Confidence in Dr. Warren by Linda Remele (Doc. No. 27-9);

(m)    Concerns Identified by Alicia Gillen (Bates No. 152);

(n)     PCSSD Board Policy- Governance and Operations (Doc. No. 27-11);

(o)     December 7, 2016 Deseg Meeting Letter by Dr. Warren.

The following exhibits <u>may be</u> offered at the trial of this matter:

(a)     PCSSD Policies;

(b)     PCSSD Board Minutes;

(c)     Candidate File- Charles McNulty (Doc. No. 40-25);

(d)     Plaintiff's Superintendent Applicant Information (Doc. No. 40-38);

(e)     Documents produced regarding Plaintiff's purchase of office furniture, repainting and staff gifts-umbrellas;

(f)     Correspondence between John Walker and Allen Roberts regarding Dr. Warren's appointment to Deputy Superintendent;

(g)     Doctorate dissertations/thesis of Drs. Warren and McNulty;

(h)     Plaintiff's EEOC Charge and file;

(i)     Board Minutes of the Crossett School District during Plaintiff's tenure as Superintendent;

(j)     Newspaper articles from the Ashely County Ledger during Plaintiff's tenure as Superintendent of the Crossett School District;

(k)     All documentation submitted by Drs. Warren and McNulty during Superintendent search;

(l)     Superintendent McNulty's Contract (Doc. No. 40-36);

    (m)    Depositions in this proceeding;

    (n)    All documents identified during any discovery or depositions in this litigation;

    (o)    Any documents identified by Plaintiff;

    (p)    Any documents attached to any pleadings filed in this litigation.

12. <u>The names, addresses, and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>.

Defendants <u>will</u> call the following witnesses at trial:

    (a)    Dr. Linda Remele
             c/o Defense Counsel

    (b)    Mike Kemp
             c/o Defense Counsel

    (c)    Tina Ward
             c/o Defense Counsel

    (d)    Shelby Thomas
             c/o Defense Counsel

    (e)    Alicia Gillen
             c/o Defense Counsel

    (f)    Eli Keller
             c/o Defense Counsel

    (g)    Brian Maune
             c/o Defense Counsel

    (h)    Molly Schwarhoff and/or Carl Davis and/or Bill Newman
             Ray and Associates Executive Leadership Search
             901 17th Street NE
             Cedar Rapids, IA 524020

    (i)    Dr. Janice Warren

Defendants <u>may</u> call the following witnesses at trial:

(j)    Dr. Charles McNulty
c/o Defense Counsel

(k)    Shawn Burgess
c/o Defense Counsel

(l)    Denise Palmer
190 Northwind Lane
Cabot, AR 72023
(501) 941-7086
(501) 605-7033

(m)    Paul Brewer
217 Gregory Drive
Hot Springs, AR 71913

(n)    Dr. John Tackett
401 West Holly Street
Lonoke, AR 72086
501-676-2042

(o)    Dr. Jerry Guess
4000 Camden Road
Pine Bluff, AR 71603
870-879-3230

(p)    Sam Jones
Mitchell, Williams, Selig, Gates & Woodyard
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
501-688-8800

(q)    Margie Powell
United States District Court
500 West Capitol Avenue, Room B149
Little Rock, AR 72201
501-604-5410

(r)    Any witnesses identified by Plaintiffs;

(s)    Any witnesses identified in any discovery or depositions in this litigation;

(t)    Any persons identified in any pleadings or attachments thereto in this litigation;

(u) Any persons identified by the other parties in this case, and any persons identified in any documents disclosed by the parties.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery</u>. Discovery is complete.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action</u>. Defendants do not anticipate its case-in-chief taking more than two (2) days. Defendants believe trial may be expedited by allowing Defendants to question their witnesses during Plaintiff's case-in-chief, if Plaintiff also calls her witnesses during her case.

    Respectfully submitted,

    BEQUETTE, BILLINGSLEY & KEES, P.A.
    425 West Capitol Avenue, Suite 3200
    Little Rock, AR 72201-3469
    Phone: (501) 374-1107
    Fax: (501) 374-5092
    Email: jbequette@bbpalaw.com
    Email: ckees@bbpalaw.com

By: **W. Cody Kees**
    Jay Bequette, Ark. Bar #87012
    W. Cody Kees, Ark. Bar #2012118