IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                              **PLAINTIFF**

**v.**                                   **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                                     **DEFENDANTS**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS' COMPLETE DISCLOSURE TO PLAINTIFF'S FOIA REQUESTS
FOR ELECTRONICALLY STORED INFORMATION**

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Response to Plaintiff's Motion to Compel Defendants' Complete Disclosure to Plaintiff's FOIA Requests for Electronically Stored Information (Doc. No. 121), allege and state:

**INTRODUCTION**

Plaintiff is asking this Court to compel Defendants' compliance with her numerous and ongoing public records requests under the Arkansas Freedom of Information Act ("AFOIA"). Nothing in the Federal Rules of Civil Procedure gives this Court jurisdiction over an AFOIA request. The clear reading of Ark. R. Civ. P. 37 is not applicable to AFOIA requests. The exclusive remedy for a party aggrieved under an AFOIA request (here, the Plaintiff) is found in Ark. Code Ann. § 25-19-107, which is an appeal to the Pulaski County Circuit Court or the circuit court where the aggrieved party is located.

Here, Pulaski County Circuit Court is the proper venue for Plaintiff to grieve her disputes under AFOIA. Indeed, Plaintiff previously filed an AFOIA lawsuit against PCSSD, 60CV-20-3866, related to records request as part of this federal litigation. Plaintiff knows full well her sole remedy is to seek relief in state court, as she did previously. While the state court case is closed, Plaintiff has the option of re-opening that case to litigate her present AFOIA dispute.

The Court's Order denying the District's Motion for Protective Order (ECF Doc. No. 96) did not expand this Court's jurisdiction over all of Plaintiff's ongoing and future AFOIA requests. The only way this Court could take jurisdiction over Plaintiff's AFOIA concerns is for Plaintiff to amend her federal complaint raising a cause of action under AFOIA, pursuant to Ark. Code. Ann. § 25-19-107, and asking this Court to take supplemental jurisdiction over her state law cause of action pursuant to 28 U.S.C. § 1367(a). However, the time for amending Plaintiff's Complaint has run and she has not sought such relief.

Still, setting aside this Court's lack of jurisdiction over the matter, PCSSD is actively fulfilling its obligation under AFOIA to Plaintiff. To date, PCSSD has provided 3,909 documents responsive to Plaintiff's current AFOIA request that is at issue in her motion to compel.

To the extent this Court takes jurisdiction over Plaintiff's outstanding AFOIA request, PCSSD requests a full evidentiary hearing pursuant to Ark. Code Ann. § 25-19-107.

## RESPONSE

1.Plaintiff admits the allegations contained in ¶ 1 of Plaintiff's Motion, that this Court previously denied PCSSD's Motion for a Protective Order regarding Plaintiff's ongoing AFOIA request.

2.Defendants admit Plaintiff has made multiple and ongoing AFOIA requests as alleged in ¶ 2 of her Motion, including AFOIA Request Nos. 1, 2, and 3. The District has provided responsive documents to the ongoing AFOIA request.

3.The District generally admits the allegations contained in ¶ 4 of Plaintiff's Motion, related to her recitation of her interaction with the District's AFOIA associate, Ms. Bailey.

4.The District admits it attempted to remedy this issue with Plaintiff through email correspondence on Thursday, January 6, 2022, as alleged in ¶ 5 of Plaintiff's Motion. The good faith effort by the District was to avoid this Court's involvement in an AFOIA issue, and the

District requested relief akin to what this Court has previously provided litigants. Ultimately, the District filed its Motion to Regulate Plaintiff's AFOIA Request (ECF Doc. No. 124).

5. The District denies the allegations contained in ¶¶ 6 and 7 of Plaintiff's Motion.

6. The District admits the allegations contained in ¶ 8 of Plaintiff's Motion.

7. The District denies all allegations and averments contained in Plaintiff's WHEREFORE clause.

## CONCLUSION

Based on the foregoing argument and authority, Defendants respectfully submit that this Court should deny Plaintiff's Motion to Compel Defendants' Complete Disclosure to Plaintiff's FOIA Requests for Electronically Stored Information.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: _____**W. Cody Kees**_____
    Jay Bequette, Ark. Bar #87012
    W. Cody Kees, Ark. Bar #2012118

*Attorneys for Defendants*