**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                              **PLAINTIFF**

**v.**                                    **No. 4:19-cv-00655-BSM**

**CHARLES MCNULTY, et al.**                                              **DEFENDANTS**

**PLAINTIFF'S BRIEF IN SUPPORT OF HER RESPONSE TO DEFENDANTS' SECOND**
**MOTION IN LIMINE REGARDING PUNITIVE DAMAGES**

**BACKGROUND**

This case is an employment discrimination case.  On July 18, 2017, Dr. Janice Warren
was appointed Interim Superintendent of PCSSD with all the obligations, duties, and rights of
her predecessor, Dr. Jerry Guess. Without evaluating her performance as required by Board
Policy and Arkansas Law, PCSSD's Board of Education did not extend Dr. Warren's position as
Interim Superintendent, did not offer her the position of Superintendent, and did not offer her an
interview as part of the Board's selection processes as required by its policies for internal,
qualified, certified employees.

In response to Defendants' Motion for Summary Judgment, Dr. Warren that Defendants'
conduct was motivated by intentional discrimination because of her sex and race, and in
retaliation of her notification of the Federal Court of PCSSD's discriminatory construction of
Mills High School. In this case, Dr. Warren bears the ultimate burden of persuasion on her Title
VII, Sections 1981 and 1983 claims, and her breach of contract claim.

Defendants now request this Court to bar the admission of witness testimony and the
introduction of exhibits on punitive damages and to bar the Plaintiff's use of the words "punitive

damages" and "punish." This issue was raised, indirectly, in Defendants' first Motion in Limine with reference to specific categories of evidence that might be used to prove punitive damages, such as: witnesses' reasons for leaving PCSSD; PCSSD's then-pending litigation; PCSSD's climate and/or culture; superintendent salaries; and deposition testimony in other pending litigation. Defendants now argue that witness testimony and exhibits on punitive damages if relevant would be prejudicial. Defendants' request is inconsistent with the applicable standard and must be denied.  Defendants' request is an attempt to impede Dr. Warren's proof of her case, insulate the Defendants from their liability, cover up PCSSD's wrongful conduct, prevent the "airing of its [PCSSD's] dirty laundry,"[1] and to permit PCSSD to continue its culture of race and sex discrimination, retaliation, and institutionalized fear.

Defendants' motion is also an attempt to seek summary judgment on punitive damages after the lapse of the deadline for filing a Motion for Summary Judgment. Defendants' motion must be denied.

## THE APPLICABLE STANDARD

The Federal Rules of Evidence ("Fed. R. Evid.") govern the introduction of evidence in this case.  Fed. R. Evid. 101.  Unless the United States Constitution, a federal statute, or the Fed. R. Evid. or other rules issued by the Supreme Court direct otherwise, Fed. R. Evid. 402 declares that relevant evidence is admissible.  Fed. R. Evid. 402.   In their page and a fourth brief, Defendants cite to the Federal Rule of Evidence as primary authority for their broad request to bar and exclude the admission of witness testimony and exhibits. The Fed. R. Evid. do not support the Defendants' request. Their request must be denied.

---

[1] Dr. Remele's remark after the September 8, 2017, Federal Court's Status Hearing on PCSSD's discriminatory construction of Mills High School.

The broad base mandate of Rule 402 may be limited by this Court's exercise of its discretion. Fed. R. Evid. 403.

'Discretion" means . . . that something is to be done according to the rules of reason and justice, not according to private opinion; according to law, and not humour. It is to be, not arbitrary, vague, and fanciful, but legal and regular. And it must be exercised within the limit, to which an honest man competent to the discharge of his office ought to confine himself.'

22A Fed. Prac. & Proc. Evid. § 5212 (2d ed.), quoting, 19 A.L.I. Proceedings, p. 226 (1942). This exercise of reason and justice to exclude evidence is an extraordinary remedy and is subject to a condition precedent. *See*, *generally*, 12 Fed. Proc., L. Ed. § 33:105 (exclusion of relevant evidence under Fed. R. Evid. 403 is an extraordinary remedy to be used sparingly).

Rule 403 provides:

The court may exclude relevant evidence *if* its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403 (emphasis added). Before granting the extraordinary remedy of excluding relevant evidence, this Court must balance the "probative value of and need for the evidence against the harm likely to result from its admission." Only then *may* this Court exclude relevant evidence. This Court is *not* required to exclude the evidence despite a conclusion that the probative value is substantially outweighed by one or more of the dangers identified in Rule 403. *Id.*

Several factors impact this weighing process.  First, the evidence must be *unfairly* prejudicial, not merely prejudicial or highly prejudicial as the Defendants assert. Rule 403 requires the weighing of probative value of evidence against *unfairly* prejudicial evidence. Logically powerful evidence that is relevant to the Plaintiff's case will be prejudicial to the Defendants, just as logically powerful evidence that is relevant to Defendants' case will be prejudicial to the Plaintiff.  The standard for the exclusion of prejudicial evidence articulated in Fed. R. Evid. 403 is "unfairly" prejudicial.  Fed. R. Evid. 403.  *Unfair* prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 650, 136 L. Ed. 2d 574 (1997), *Burris v. Gulf Underwriters Ins. Co.,* 787 F.3d 875, 881 (8th Cir. 2015) (prejudicial evidence of attorney's disciplinary history not unfairly prejudicial).  Unfair prejudice "means an *undue* tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief, supra.*, 519 U.S. 172, 180, 117 S. Ct. 644, 650, 136 L. Ed. 2d 574 (1997), *quoting*, Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C.App., p. 860.  None of the Defendants' requested exclusions are unfairly prejudicial or are likely to "lure" a federal jury to find facts contrary to proof of material issues.  Indeed, the Eighth Circuit's Model Civil Jury Instructions use the term "punish" as one of the purposes for punitive damages. Federal law authorizes punitive damages when wrongdoing defendants, as the six individual Defendants, act with malice or reckless disregard of Federal law.

Second, the availability of other means of proof is an appropriate factor when deciding to exclude relevant evidence that may also have an adverse element of *unfair* prejudice. "The determination must be made whether the danger of undue prejudice outweighs the probative

value of the evidence *in view of the availability* of other means of proof and other facts appropriate for making decision of this kind under 403." *Old Chief, supra.*, at 184–85, 117 S. Ct. 644, 652, 136 L. Ed. 2d 574 (1997), *quoting*, Advisory Committee's Notes on Fed. Rule Evid. 404, 28 U.S.C.App., p. 861 (emphasis added).  See also 22 C. Wright & K. Graham, Federal Practice and Procedure § 5250, pp. 546–547 (1978) ("The probative worth of any particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point").

Third, the impact of negative inferences must be weighed. Of concern is the absence of evidence the jurors expect in the proof of employment discrimination.

> There lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be. Some such demands they bring with them to the courthouse, assuming, for example, that a charge of using a firearm to commit an offense will be proven by introducing a gun in evidence. A prosecutor who fails to produce one, or some good reason for his failure, has something to be concerned about. 'If [jurors'] expectations are not satisfied, triers of fact may penalize the party who disappoints them by drawing a negative inference against that party.'"

*Old Chief*, *supra*, at 188, 117 S. Ct. 644, 654, 136 L. Ed. 2d 574 (1997), *quoting*, Saltzburg, *A Special Aspect of Relevance: Countering Negative Inferences Associated with the Absence of Evidence*, 66 Calif. L.Rev. 1011, 1019 (1978).

In employment discrimination cases the Plaintiff must prove and jurors expect to hear about the work environment; the work culture; the treatment of comparable employees; a comparison of benefits, compensation, duties, and quality of performance; the employer's

conduct, words, and history. Suppose witnesses are barred from testifying about facts that establish the right to punitive damages and the Defendants' reprehensible conduct.  A substantial risk arises that the jury will draw the negative inference that Janice Warren is merely a single disgruntled PCSSD-employee complaining about an effective, fair, and law-abiding employer. If testimony and exhibits are barred and excluded, a risk is created that the jury will infer that PCSSD provides a positive, healthy work environment when indeed PCSSD's employees, even in the highest echelons of authority, work in an environment charged with fear of retaliation and intimidation (See Dkt. No.  40-56 & 40-69). More importantly, Congress' goal of eradicating discrimination in employment will fail.

Fourth, the Supreme Court recognized that the party with the burden of persuasion not only "needs evidentiary depth to tell a continuous story" but has a right to tell *its* story with its choice of evidence. "Making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness." *Old Chief, supra*, at 190, 117 S. Ct. at 654. The narrative itself is relevant. This Court must weigh the probative value of the specific evidence the Defendants seek to exclude and the purported dangers alleged by the Defendants against admission.

Fifth, Defendants' motion is a Motion for Summary Judgment rather than a Motion in Limine. This Court must deny the Defendants' motion as a Motion for Summary Judgment. The extended deadline for Motions for Summary Judgment elapsed on August 12, 2020. Defendants' Motion for Summary Judgment (Dkt. No. 27) addressed all of Plaintiff's claims. In her response to Defendants' Motion for Summary Judgment, the Plaintiff raised relevant facts responsive to the question of punitive damages by addressing the knowledge of each Defendant and whether he or she act in violation of federal law or a perceived risk of violating federal law (Dkt. No 36,

pp. 80-81). *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 527, 119 S. Ct. 2118, 2120, 144 L. Ed. 2d 494 (1999).  Because of material issues of fact, the motion was denied on March 29, 2021 (Dkt. No. 90).

Finally, the Defendants allege Arkansas' standard of proof (Defs. 2nd Motion, ¶4, p. 1-2) as the applicable standard of proof for punitive damages in this case rather than the standard established by the United States Supreme Court in *Kolstad, supra*.  See, Howard W. Brill & Christian H. Brill, *Arkansas Practice Series: Law of Damages* §9.1 (2014). The issues before this Court on employment discrimination are issues of Federal Law not state law.

CONCLUSION

The Defendants seek three things in their purported Second Motion in Limine: Summary Judgment on the issue of punitive damages, (Defs. 2nd Motion"), p. 1-2, ¶4); to limit the introduction of evidence relevant to punitive damages (Defs. 2nd Motion p. 1, ¶3); and to bar the Plaintiff's use, during voir dire, opening statement, and closing statement, of the words "punitive damages" and "punishing the defendants" (Defs. 2nd Motion, p. 1, ¶3). The deadline for motions for summary judgment elapsed August 12, 2020.  Defendants have the right to object to specific testimony or the introduction of specific exhibits when offered. Federal law authorizes the imposition of punitive damages to effectuate the policy goals reflected Title VII, Section 1981, and Section 1983 and as a tool to eradicate discrimination in employment.  Therefore, Defendants' motion must be denied.

Respectfully submitted this 6th day of February, 2020,
Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)