IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                                     **PLAINTIFF**

v.               Case No. 4:19-cv-00655-BSM

**KEMP, et al.**                                                                        **DEFENDANTS**

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO STRIKE EVIDENCE AND TO INSTRUCT THE JURY OR DECLARE A MISTRIAL ON "TAINTED ASSOCIATION" DEFENSE**

This matter is an employment discrimination, Title VII, 42 U.S.C. §§ 1981 and 1983, and breach of contract case brought by Dr. Janice Warren ("Dr. Warren"), Assistant Superintendent for Equity and Pupil Services ("Asst. Sup. Equity") and former Interim Superintendent, against her employer Pulaski County Special School District ("PCSSD"). This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically 42 U.S.C. §§ 1981, 1983, 2000e-2(a)(1), 2000e-2(a)(2), 2000e-3(a), and 2000e-5(f)(1). Furthermore, this Court has Supplemental Jurisdiction over Dr. Warren's State law claim against PCSSD pursuant to 28 U.S.C. § 1367(a).

A. **PROCEDURAL POSTURE**

The trial of this matter commenced on Monday, February 14, 2022. Plaintiff anticipates resting her case on Tuesday, February 22, 2022.

B. **FACTUAL BACKGROUND**

No earlier than Thursday evening, February 17, 2022, defendants began offering testimony on a purported "tainted association" defense or legitimate business reason based on "tainted association" ("defense"). Dr. Warren's name appears in documents generated during the negotiations of a Staffing Stipulation in *Little Rock School District v. PCSSD*, 4:1982-cv-00866.

1

Defendants sought to use this evidence as a non-discriminatory reason for not hiring Dr. Janice Warren. This evidence was offered as the members of the PCSSD Board of Education testified. The Board members asserted they were motivated by Dr. Warren's association with the Staffing Stipulation not her sex or race in deciding not to hire her as Superintendent. The culmination of this "tainted association" defense was Board Member Alicia Gillen's testimony that Dr. Warren was offered the position of Interim Superintendent, not intending to give Dr. Warren fair consideration for the position of Superintendent because of her association with the Staffing Stipulation.

None of the defendants' pleadings, in this case asserted, a "tainted association" defense. No allegation of this defense was included in either their Answer or their Motion for Summary Judgment. The time for amending their Answer lapsed on May 26, 2020.  Consequently, defendants waived the defense of "tainted association" by failing to assert the defense in their Answer.  Fed. R. Civ. Pro. 8(c)(1).  A failure to raise an affirmative defense is a waiver of the defense. *Id*.

### C. ARGUMENT

Defendants' Answer to the Second Amended Complaint contains affirmative defenses, including a boilerplate citation to Fed. R. Civ. Pro. 8, but does not state the defense of "tainted association."  Defendants must affirmative assert their affirmative defenses and have failed to do so.

### AFFIRMATIVE DEFENSES

64. Defendants affirmatively plead Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is not entitled to damages.

65. Defendants affirmatively plead all defenses available to them pursuant to Fed. R. Civ. P. 12(b).

66. Defendants affirmatively state Plaintiff's claims for equitable relief are barred as a matter of law.

67. Defendants affirmatively plead all actions taken by them with regard to Plaintiff were in good faith.

68. Defendants assert they acted reasonably and in compliance with the law at all times relevant hereto.

69. Defendants affirmatively plead Plaintiff's claims are barred by the applicable statute of limitations contained in Ark. Code Ann. § 6-17-1501.

70. Defendants affirmatively state an award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the Constitution of the State of Arkansas.

Defs' Answer Docket #79, pp. 9-10.

Paragraph 65 of defendants' affirmative defenses is, indeed, a boilerplate all-inclusive, assertion of all affirmative defenses. Defendants' reference to Fed R. Civ. Pro. 8 does not meet the pleading requirements of Fed. R. Civ. Pro. 8 and must be stricken. *Denton v. Conveyor Tech.*, No. 4:12-CV-00191 KGB, 2013 WL 12139147, at *2 (E.D. Ark. Jan. 31, 2013) (the Court struck as insufficient defendants' affirmative defense that asserted "all other affirmative defenses that may arise during discovery as provided for by Rule 8(c) of the Federal Rules of Civil Procedure"); *Ash Grove Cement Co. v. MMR Constructors, Inc.*, No. 4:10-CV-04069, 2011 WL 3811445, at *2 (W.D. Ark. Aug. 29, 2011)(a party must affirmatively state any avoidance or affirmative defense); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn.

2010) (the listing of affirmative defenses is sufficient). The listing of affirmative defenses is required so that plaintiffs have notice of the potential defenses that a defendant might raise. Here, the defendants failed to provide notice of a "tainted association" defense or that "tainted association" was a legitimate business reason for not hiring Dr. Janice Warren. The defense is waived.

Like the defendants in *Denton*, the defendants in this case needed to have amended their Answer before introducing evidence to support "tainted association" at trial. Time to amend their Answer expired on May 26, 2020, well in advance of the defendants' cross examination of the members of the PCSSD School Board beginning on February 17, 2022. Consequently, the defendants lacked a legal basis for offering evidence to prove the affirmative defense by failing to plead as required by Fed. R. Civ. Pro. 8(c).

Because the defendants lacked a legal basis for asserting the defense of "tainted association," this Court must strike the evidence and provide the jury with a curative instruction or declare a mistrial. The defense of "tainted association" was asserted ineffectively by the defendants. *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 862 (8th Cir. 2001); *Walker v. Missouri Dep't of Corr.*, 138 F.3d 740, 742 (8th Cir. 1998); *Williams v. City of St. Louis*, 783 F.2d 114, 116 (8th Cir. 1986). The defendants must raise affirmative defenses before relying upon them when making closing arguments or to prevail in this case. 1 Federal Rules of Civil Procedure, *Rules and Commentary Rule 8*. Defendants seek to use evidence of "tainted association" to establish a non-discriminatory reason for the defendants' adverse employment action.

    1.    *The limited exceptions to Fed. R. Civ. 8 are inapplicable here.*

The Eighth Circuit has recognized the availability of affirmative defenses when introduced at later stages of litigation. None of the exceptions on the limited ability to introduce affirmative defenses are applicable here.

First, in *First Union Nat. Bank v. Pictet*, the Eighth Circuit affirmed the general rule that the failure to plead an affirmative defense is a waiver of that defense. Fed. R. Civ. P. 8(c). Id. at 622. The purpose of the pleading requirement is to give the opposing party both notice of the affirmative defense and an opportunity to rebut it. Id. Asserting an affirmative defense at a later stage is permissible but only in a context that does not result in surprise or prejudice to the plaintiff. Id. In *First Union Nat. Bank*, *supra*., no unfair surprise or prejudice resulted because First Union had informed the plaintiff twice of its intent to use the Connecticut Act as a defense against Pictet's breach of fiduciary duty claim prior to Pictet's motion for summary judgment. First Union asserted its affirmative defense in its response to Pictet's motion for reconsideration and then in its subsequent appellee's brief filed in the first appeal between the parties. In its filing, First Union not only specified and paraphrased the relevant code sections but also described the effect on Pictet's claim. Pictet also demonstrated its awareness of the defense by addressing it in its reply brief. Notice from prior filings operated, in the Eighth Circuit's view, as a constructive amendment of First Union's pleading.

In the case sub judice, "tainted association" with Staffing negotiation was not asserted in any prior pleadings or motion. Defendants' primary focus has been Dr. Warren's alleged failure to communicate with the Board, or work cooperatively with the Board, and her purported lack of fiscal judgment.

Second, in *Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir. 1992). The government filed its Answer asserting the affirmative defenses of failure to state a claim and lack of

jurisdiction.  Two months later, the government filed its motion to dismiss for failure to state a claim asserting the statute of limitations. The plaintiff responded that the defense of the statute of limitations was waived. It had not been pleaded. The Eighth Circuit found the government had a right to amend its pleading to add the statute of limitations as a defense. The substance of the statute of limitation defense was a failure to state a claim. Most importantly, only two months had elapsed between the filing of the Answer and the Motion to Dismiss.  Because of these facts, the Eighth Circuit did not find an abuse of discretion by the district court in granting the Motion to Dismiss. Given the timing, neither surprise nor prejudice resulted.

In contrast here, the defendants' right to amend their Answer expired on May 26, 2020; their Answer to the Complaint was filed on November 19, 2019.  The Answer to the Second Amended Complaint was filed on October 27, 2020, sixteen months before they asserted their affirmative defense during the trial of this matter. Moreover, the affirmative defense is not analogous to the defenses alleged and asserted by the defendants in this lawsuit.

Third, *Stoebner v. Parry, Murray, Ward & Moxley*, 91 F.3d 1091, 1093 (8th Cir. 1996). Parry, Murray raised collateral estoppel in its summary judgment motion. Stoebner failed to show that he lacked notice of the defense and that Parry, Murray's delay prejudiced his ability to respond. Consequently, the affirmative defense was not waived.  The Eighth Circuit cited *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993), to support its conclusion.  There, the Ninth Circuit permitted prison officials to assert the affirmative defense of qualified immunity in their Motion for Summary Judgment because no prejudice was claimed or shown in the record.

Unlike the plaintiffs in *Stoebner* and *Camarillo*, the plaintiff, here, raised their surprise after opening statement at the assertion of an association with Dr. Guess defense. Plaintiff now raises her surprise and the highly prejudicial effect of defendants' "tainted association with

6

Staffing negotiation" in their cross examination of the Board members. Completely out of left field, 29 months into this litigation, attacking all of plaintiff's employment discrimination claims, defendants raise a defense that was not mentioned in their:

      1) Answer,

      2) Answer to the First and Second Amended Complaints,

      3) Motion for Summary Judgment on all of plaintiffs' claims, or

      4) the Supplemental Brief in Support of their Motion for Summary Judgment.

Defendant's actions are highly prejudicial. Plaintiff's lack of notice hinders her ability to rebut this allegation and hindered her redirect examination during her case in chief. The mention of her name in Staffing negotiation was not addressed in plaintiff's interrogatories or other discovery tools. The Board's decision not to give her fair consideration was not addressed during discovery. The undue delay in raising the "tainted association" defense on the third day of trial may rob Dr. Warren of substantial rights should the jury believe the belated testimony of the Board as to their motives and decisions.

      2.      Striking the evidence and a curative instruction

Federal courts have inherent power to sanction conduct that abuses the judicial process. Rutter Group Prac. Guide Fed. Civ. Trials & Ev., Ch. 13-B, § 13:69 - 13:74 (2021-2022). "This power is 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id*, citing, *Link v. Wabash R.R. Co.* (1962) 370 US 626, 630-631, 82 S.Ct. 1386, 1388-1389 (1962). Rutter Group *Prac. Guide Fed. Civ. Trials & Ev.*, Ch. 13-B, § 13:69 - 13:74 (2021-2022). The jury must not consider the improper evidence. This Court must strike the testimony and letter regarding the Staffing negotiation and give a curative instruction or declare a mistrial to avoid

prejudice to Dr. Warren. Plaintiff attaches to her brief as Exhibit 1, her proposed Curative Instruction.

## CONCLUSION

The defendants failed to assert "tainted association" as a legitimate business reason for failing to hire Dr. Warren as Superintendent in their Answer as an affirmative defense or their Motion for Summary Judgment. Introducing evidence on tainted association without prior notice to Dr. Warren violates the pleading requirements of Fed. R. Civ. 8 and is highly prejudicial. The Court must sanction this conduct. Plaintiff insists that the defendants' duty was to identify, by listing, any affirmative defense the defendants deemed applicable to plaintiffs' claims and to assert all purported legitimate business reasons in their Motion for Summary Judgment.

Defendants did not comply with Fed. R. Civ. P. 8(c) and did not include the "tainted association" in their Motion for Summary Judgment. Plaintiff lacked notice of any defense other than the allegations that she failed to communicate with the Board, was uncooperative in working with the Board, and lacked fiscal judgment. This Court has the power to prevent the likely prejudice resulting from this belated affirmative defense.

Respectfully submitted this 19th day of February 2022,

>Sarah Howard Jenkins
>AR Bar No. 97046
>Attorney for the Plaintiffs
>SARAH HOWARD JENKINS, PLLC
>P.O. BOX 242694
>Little Rock, AR 72223
>Telephone No. (501) 406-0905
>Email: sarah@shjenkinslaw.com
>
>Austin Porter Jr., No. 86145
>PORTER LAW FIRM
>323 Center Street, Suite 1035
>Little Rock, Arkansas 72201
>Telephone: 501-244-8220

Facsimile: 501-372-5567
Email: Aporte5640@aol.com