**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                          **PLAINTIFF**

**v.**                                        **No. 4:19-cv-00655-BSM**

**MIKE KEMP, et al.**                                          **DEFENDANTS**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' EVIDENCE ON "TAINTED ASSOCIATION" AND REQUEST FOR
A CURATIVE INSTRUCTION TO THE JURY OR MOTION FOR A MISTRIAL**

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Response to

Plaintiff's Motion to Strike Defendants' Evidence on "Tainted Association" and Request for a

Curative Instruction to the Jury or Motion for a Mistrial ("Motion") (ECF Doc. 157), state:

1.       Defendants deny the allegations in Plaintiff's Motion and deny Plaintiff is entitled

to any relief.

2.       Dr. Warren claims that Defendants offered testimony at trial, through Board

Member Alicia Gillen, of a "tainted association" as a reason for not hiring Dr. Warren—i.e., her

past relationship with Dr. Guess, who had been terminated as superintendent, was a reason she

was not hired for the superintendent position.   Furthermore, Warren argues this "tainted

association" included Warren's involvement in a Staffing Stipulation as part of the desegregation

case between PCSSD and the Intervenors.   *See* Def. Ex. 4.   Warren argues this reason – "tainted

association" – should have been offered as an affirmative defense by Defendants prior to trial, and

since it was only raised at trial, it must be excluded.   This argument is baseless.

3.       Defendants were not required to affirmatively plead that Warren's association with

Guess and the Staffing Stipulation as reason for not being hired is not an affirmative defense.   Fed.

R. Civ. P. 8.   Still, this defense was well known to Warren years ago.   "When an affirmative

defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal."   *Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007).

4.     Defendants could find no mention of a "tainted association" defense anywhere in the Eighth Circuit.   It appears to be manufactured.   Instead, Defendants have simply put forward a legitimate and non-discriminatory reason for the employment decision which was well known to Warren.   Warren cannot claim surprise by Board Members raising her association with Guess and Warren's involvement in the Desegregation Staff Stipulation as a reason for her not being hired. Warren was not selected for the Deputy Superintendent position in June of 2017 at a public board meeting.   She knew then that Board Members were aware of the Staffing Stipulation which had been released to the public (including Board Members) as part of a Freedom of Information Act request.   Warren knew that Board Members were aware she was included in the "horse trading" between Guess and the Intervenors to reach a Staffing Stipulation, all at the angst of the Board Members who did not approve Warren as Deputy Superintendent once the Staffing Stipulation became known.   All this was months before Warren applied for and was not awarded the superintendent's position.

5.     Then, in July of 2016, Guess was terminated, further solidifying that Guess was at odds with the Board and members were not pleased with the Staffing Stipulation that included Warren.   This was all known to Warren.

6.     Warren claims surprise about Board Member Gillen raising this issue at trial, but Gillen discussed the matter in her deposition in June of 2020.   Gillen testified that she became aware in May of 2017 that Guess was making "backdoor deals" with John Walker for the Intervenors and it included promoting Warren to deputy superintendent.   Gillen was clear that she

was not pleased with this issue—the Staffing Stipulation.  Warren then knew no later than June of 2020 that her association with Guess and her involvement in the Staffing Stipulation was a problem for Gillen.

WHEREFORE, Defendants pray that Plaintiff's Motion to Strike Defendants' Evidence on "Tainted Association" and Request for a Curative Instruction to the Jury or Motion for a Mistrial be denied; for Defendants' attorneys' fees and costs incurred herein; and for all other appropriate relief to which Defendants may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:     **Cody Kees**
        Jay Bequette, Ark. Bar #87012
        Cody Kees, Ark. Bar #2012118

*Attorneys for Defendants*