U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**FILED**

FEB 2 5 2022

IN OPEN COURT
TAMMY H. DOWNS
By:_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                    **PLAINTIFF**

**v.**                                   **No. 4:19-cv-00655-BSM**

**MIKE KEMP, et al.**                                    **DEFENDANTS**

**PLAINTIFF'S PROFFERED JURY INSTRUCTIONS**

Respectfully submitted this 4th day of February, 2022,
Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)

1

INSTRUCTION NO. _____
AGENCY

Arkansas law declares that PCSSD is a corporate body.  As a corporate body, PCSSD

acts only through its Board of Education or its employees. Therefore, when mention is made of

PCSSD doing or not doing something, then, of course, it means the Board, or the Board

members, or PCSSD's employees acting within the scope of their employment. The Board of

Education, a Board member, or an employee of a corporate body may bind or obligate PCSSD

by acts and statements made while acting within the scope of the authority delegated to the

Board of Education or within the scope of his or her duties as a Board of Education member or

as an employee of PCSSD.

.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.23 (2019); Kevin F. O'Malley, Jay E. Greniga, Hon. William C.
Lee, 3 Fed. Jury Prac. & Instr. § 108:01 (6th ed. 2020 update); Ark. Code. Ann. § 6-13-102 (a).

INSTRUCTION NO. _____

BURDEN OF PROOF


You will have to decide whether certain facts have been proved. A fact has been proved if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." "Proof beyond a reasonable doubt" applies in criminal cases, but not in this civil case; so, put it out of your mind.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 3.04 (2019).

INSTRUCTION NO. ___

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness' memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

GIVEN: ____

MODIFIED: ____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 3.03 (2019).

INSTRUCTION NO.____
EXPLANATORY:  DEMONSTRATIVE SUMMARIES
NOT RECEIVED AS EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

GIVEN              _____

REFUSED            _____

MODIFIED           _____

Model Civil Jury Instr. 2.11, 8th Cir.(2020)

INSTRUCTION NO. ___
EXPLANATORY: STIPULATED FACTS

The plaintiff and the defendants have stipulated -- that is, they have agreed -- that certain

facts are as counsel have just stated. You must, therefore, treat those facts as having been proved.


GIVEN                    _____

REFUSED                  _____

MODIFIED                 _____


Model Civ. Jury Instr. 8th Cir. 2.03 (2021).

6

INSTRUCTION NO. _____
EXPLANATORY: "If you find or "If you decide"

When I instruct you that a party has the burden of proof on any proposition, or use the

expression "if you find," or "if you decide," I mean that you must be persuaded, considering all

the evidence in the case that the proposition is more probably true than not.


GIVEN                    _____

REFUSED                  _____

MODIFIED                 _____



3 Fed. Jury Prac. & Instr. § 104:04 (6th ed.)

INSTRUCTION NO. _____
EXPERT OPINION

You are about to hear testimony from one who will testify to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

GIVEN                    _____

REFUSED                  _____

MODIFIED                 _____

Model Civ. Jury Instr. 8th Cir. 3.08 (2019)

INSTRUCTION NO._____
INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.


GIVEN                    _____

REFUSED                  _____

MODIFIED                 _____

3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.)

INSTRUCTION NO. _____
Destruction of Evidence: Adverse Inference

If a party destroys or directs the destruction of evidence under that party's control and

reasonably available to that party and not reasonably available to the adverse party, then you may

infer that the evidence is unfavorable to the party who could have preserved the evidence and did

not.


GIVEN                    _____

REFUSED                  _____

MODIFIED                 _____

3 Fed. Jury Prac. & Instr. § 104:26 (6th ed.)

INSTRUCTION NO._____
BUSINESS JUDGMENT

You may not return a verdict for the plaintiff just because you might disagree with defendants' decision or believe the decision to be harsh or unreasonable as long as the defendants would have reached the same decision regardless of plaintiff's sex, and race, and her protected activity against racial discrimination.

An employer has the right to make subjective personnel decisions for any reason that is not discriminatory or that does not breach the employee's contract rights.

GIVEN                    _____

REFUSED                  _____

MODIFIED                 _____

Model Civ. Jury Instr. 8th Cir. 5.02 (2021) (modified).

INSTRUCTION NO.___

DEFINITION:  MOTIVATING FACTOR

As used in these instructions, the plaintiff's sex or race was a "motivating factor," if the plaintiff's sex or race played a part in the defendant's decision not to interview or hire the plaintiff. However, the plaintiff's sex or race need not have been the only reason for the defendant's decision not to interview or hire the plaintiff.

GIVEN:              _____

MODIFIED:       _____

REFUSED:         _____

Model Civ. Jury Instr. 8th Cir. 5.21 (2019)

INSTRUCTION NO.\_\_\_\_
DEFINITION: PRETEXT

You may find that the plaintiff's race was a motivating factor in the defendant's decision if it has

been proved that the defendants' stated reasons for their decision are not the real reason, but are a

pretext to hide race discrimination.


GIVEN:          _____

MODIFIED:    _____

REFUSED:      _____

INSTRUCTION NO. _____

Title VII:  RACE DISCRIMINATION

Elements of the Claim

Your verdict must be for the plaintiff, Dr. Janice Warren, and against the defendant, PCSSD, on the plaintiff's claim of race discrimination if both of the following elements have been proved:

*First*, the PCSSD Board did not select her for an interview or hire or promote the plaintiff to the position of Superintendent; and

*Second*, the plaintiff's race was a motivating factor, played a part, in the Board's decision.

As used in these instructions, the plaintiff's race was a "motivating factor," if the plaintiff's race played a part in the Board's decision. The plaintiff's race does not need to be the only reason for the Board's decision about the plaintiff's application.

You may find that the plaintiff's race was a motivating factor if it has been proved that the Board's reasons for its decision are not the real reasons. But, are a pretext to hide race discrimination.

If either the *first* or the *second* element listed above have not been proved, your verdict must be for PCSSD.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.20, 5.21, & 5.40 (2019).

14

INSTRUCTION NO. _____
## TITLE VII RACE DISCRIMINATION:  SAME DECISION

If you find in favor of the plaintiff under Instruction _____, then you must answer the

following question in the verdict form: Has it been proved that the defendants would not have

selected her for an interview or hired the plaintiff regardless of her race?


Place an "X" on the appropriate line:

YES _____                              NO _____


GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.0.

INSTRUCTION NO. ___
TITLE VII ACTUAL DAMAGES: RACE DISCRIMINATION

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to select her for an interview or hire or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN: ____

MODIFIED: ____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

16

INSTRUCTION NO. _____
PUNITIVE DAMAGES:  TITLE VII RACE CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, under Instruction ___, and if you answer "no" in response to Instruction ___, then you must decide whether PCSSD's Board acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of race. The defendants acted with malice or reckless indifference if:

It has been proved that defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Corporate Account Executive Brian Maune, and Pastor Shelby Thomas knew that not selecting her for an interview or hiring or promoting Dr. Janice Warren as Superintendent was in violation of the law prohibiting discrimination on the basis of race, OR

It has been proved that defendants that defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Corporate Account Executive Brian Maune, and Pastor Shelby Thomas acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that defendants made a good-faith effort to comply with the law prohibiting race discrimination.

If you find that the defendants acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and future board members from engaging in such misconduct. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ___.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII RACE CLAIM

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD's Board and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering PCSSD's financial condition, to punish the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas for wrongful conduct toward the plaintiff and to deter the defendants and future board members from similar wrongful conduct. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

18

INSTRUCTION NO. _____
PUNITIVE DAMAGES TITLE VII RACE CLAIM

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 5.72 (2019)**

19

VERDICT FORM
TITLE VII RACE DISCRIMINATION

On the race discrimination claim of Dr. Janice Warren, we find in favor of

Plaintiff Dr. Janice Warren                 or                 Defendant PCSSD

**Note**:        Answer the next question only if the above finding is in favor of the plaintiff.  If

the above finding is in favor of the defendant, have your foreperson sign and date

this form because you have completed your deliberations on this claim.

Has it been proved that the defendants would not have selected her for an interview or

hired the plaintiff regardless of her race?

_____ Yes                 _____ No

(Mark an "X" in the appropriate space)

**Note**:        Complete the following paragraphs only if your answer to the proceeding

question is "no."  If you answered "yes" to the preceding question, have your

foreperson sign and date this form because you have completed your deliberation

on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$_____ (stating the amount or, if you find that the plaintiff's damages do

not have a monetary value, write in the nominal amount of One Dollar ($1.00).

_____
Foreperson

Dated: _____
GIVEN _____
MODIFIED____
REFUSED _____                 **Model Civ. Jury Instr. 8th Cir. 5.80 (2019)**

20

INSTRUCTION NO. ____
TITLE VII: SEX DISCRIMINATION

Elements of the Claim

Your verdict must be for the plaintiff, Dr. Janice Warren, and against the defendant, PCSSD, on the plaintiff's claim of sex discrimination if both of the following elements have been proved:

*First*, the PCSSD Board did not select her for an interview or hire or promote her to the position of Superintendent; and

*Second*, the plaintiff's sex was a motivating factor, played a part, in the Board's decision.

As used in these instructions, the plaintiff's sex was a "motivating factor," if the plaintiff's sex played a part in the Board's decision. The plaintiff's sex does not need to be the only reason for the Board's decision about the plaintiff's application.

You may find that the plaintiff's sex was a motivating factor if it has been proved that the Board's reasons for its decision are not the real reasons. But, are a pretext to hide sex discrimination.

If either the *first* or the *second* element listed above have not been proved, your verdict must be for PCSSD.

GIVEN: ____
MODIFIED: ____
REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.20, 5.21, & 5.40 (2019).

21

INSTRUCTION NO. \_\_\_\_\_
TITLE VII SEX DISCRIMINATION:  SAME DECISION

If you find in favor of the plaintiff under Instruction \_\_\_\_, then you must answer the

following question in the verdict form: Has it been proved that the defendants would not have

selected her for an interview or hired the plaintiff regardless of her sex?

Place an "X" on the appropriate line:

YES _____                              NO _____

GIVEN:  \_\_\_\_

MODIFIED:  \_\_\_\_

REFUSED:  \_\_\_\_\_

Model Civ. Jury Instr. 8th Cir. 5.0.

INSTRUCTION NO. ___
TITLE VII ACTUAL DAMAGES:  SEX DISCRIMINATION

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to select her for an interview or hire or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for sex discrimination.

GIVEN: ____
MODIFIED: ____
REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO. _____

PUNITIVE DAMAGES:  TITLE VII SEX CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, under Instruction ____, and if you answer "no" in response to Instruction ____, then you must decide whether PCSSD's Board acted with malice or reckless indifference to the plaintiff's right not to be discriminated against on the basis of sex. The defendants acted with malice or reckless indifference if:

It has been proved that defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Corporate Account Executive Brian Maune, and Pastor Shelby Thomas knew that not interviewing or hiring Dr. Janice Warren as Superintendent was in violation of the law prohibiting discrimination on the basis of sex,

OR that defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Corporate Account Executive Brian Maune, and Pastor Shelby Thomas acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved defendants made a good-faith effort to comply with the law prohibiting sex discrimination.

If you find that the defendants acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and future board members from engaging in such misconduct. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ____.

24

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII SEX CLAIM

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD's Board and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering PCSSD's financial condition, to punish the defendants for wrongful conduct toward the plaintiff and to deter the defendants and future board members from similar wrongful conduct. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

INSTRUCTION NO. _____

PUNITIVE DAMAGES TITLE VII SEX CLAIM

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 5.72 (2019)**

VERDICT FORM
Title VII SEX DISCRIMINATION

On the sex discrimination claim of Dr. Janice Warren, we find in favor of

| Plaintiff Dr. Janice Warren | or | Defendant PCSSD |

**Note**: Answer the next question only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has it been proved that the defendants would not have selected the plaintiff for an interview or hired or promoted the plaintiff regardless of her race?

_____ Yes                _____ No
(Mark an "X" in the appropriate space)

**Note**: Complete the following paragraphs only if your answer to the proceeding question is "no." If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$_____ (stating the amount or, if you find that the plaintiff's damages do not have a monetary value, write in the nominal amount of One Dollar ($1.00).

_____
Foreperson

Dated: _____

GIVEN ____ MODIFIED____ REFUSED _____**Model Civ. Jury Instr. 8th Cir. 5.80 (2019)**

27

INSTRUCTION NO. _____
TITLE VII:  RETALIATION

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants, PCSSD and its Board, on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the Board and PCSSD's attorney, and, thereby, to the Federal District Court that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Second,* the defendants refused to select her for an interview or hire or promote the plaintiff for the position of Superintendent; and

*Third*, the plaintiff's failure to be selected for an interview or hire her for the position of Superintendent might well dissuade or discourage a reasonable worker in the same or similar circumstances from opposing race discrimination; and

*Fourth*, the defendants would have selected the plaintiff for an interview and hired her for the position of Superintendent but-for plaintiff's complaint of race discrimination by PCSSD in the construction of Mills High School.

"But-for" does not require that the plaintiff's complaint of discrimination was the only reason for the decision made by the defendants.

You may find the defendants would have selected the plaintiff "but-for" plaintiff's complaint of discrimination, if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are pretext to hide retaliation.

If any of the above four elements have not been proved, your verdict must be for the defendants and you need not proceed further in considering this claim.

GIVEN: _____   MODIFIED: _____   REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 10.41 (2019)**

28

INSTRUCTION NO. _____
TITLE VII RETALIATION:  SAME DECISION

If you find in favor of the plaintiff under Instruction _____, then you must answer the following question in the verdict form: Has it been proved that the defendants would not have selected the plaintiff for an interview or hired the plaintiff regardless of her opposition to race discrimination?

Place an "X" on the appropriate line:

YES _____                              NO _____

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.0.

29

INSTRUCTION NO. ___
TITLE VII RETALIATION:  ACTUAL DAMAGES

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's retaliation against her. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

30

INSTRUCTION NO. _____
PUNITIVE DAMAGES:  TITLE VII RETALIATION CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, under Instruction ___, and if you answer "no" in response to Instruction ___, then you must decide whether PCSSD's Board acted with malice or reckless indifference to the plaintiff's right not to be retaliated against on the basis of race. The defendants acted with malice or reckless indifference if:

It has been proved that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas knew that not selecting Dr. Janice Warren for an interview and not hiring Dr. Janice Warren as Superintendent was in violation of the law prohibiting discrimination on the basis of race,

OR that defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that defendants made a good-faith effort to comply with the law prohibiting retaliation.

If you find that the defendants acted with malice or reckless indifference to the plaintiff's rights, then, in addition to any other damages to which you find the plaintiff entitled, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ___.

31

INSTRUCTION NO. _____
PUNITIVE DAMAGES TITLE VII RETALIATION CLAIM

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD's Board and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering PCSSD's financial condition, to punish the defendants Dr. Linda Remele, Alicia Gillen, Mike Kemp, Eli Keller, Brian Maune, and Shelby Thomas for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

GIVEN: _____ MODIFIED: _____ REFUSED: _____

**Model Civ. Jury Instr. 8th Cir. 5.72 (2019)**

VERDICT FORM
Title VII:  RETALIATION

On the Title VII Retaliation claim of Dr. Janice Warren, we find in favor of

---

Plaintiff Dr. Janice Warren                     or                     Defendant PCSSD

**Note**: Answer the next question only if the above finding is in favor of the plaintiff.  If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

Has it been proved that the defendants would not have selected her for an interview or hired or promoted the plaintiff regardless of her opposition to PCSSD's racial discrimination in constructing Mills High School?

_____ Yes                    _____ No
(Mark an "X" in the appropriate space)

**Note**: Complete the following paragraphs only if your answer to the proceeding question is "no."  If you answered "yes" to the preceding question, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find the plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

We find the plaintiff's other damages, excluding lost wages and benefits, to be:

$_____ (stating the amount or, if you find that the plaintiff's damages do not have a monetary value, write in the nominal amount of One Dollar ($1.00).

Dated: _____          _____
                                                              Foreperson

GIVEN _____ MODIFIED_____ REFUSED _____**Model Civ. Jury Instr. 8th Cir. 5.80 (2019)**

33

INSTRUCTION NO.____
RACE SECTION 1981:  ELEMENTS OF THE CLAIM
(Motivating Factor)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendant PCSSD on plaintiff's claim of discrimination on the basis of race, if all the following elements have been proved:

*First*, the defendants failed to select her for an interview or hire or promote her for the position of Superintendent; and

*Second*, the plaintiff's race was a motivating factor, played a part, in the defendants' decision.

You may find that race discrimination was a motivating factor, played a part, in the defendants' decision if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.


However, your verdict must be for the defendants if any of the above elements has not been proved, or if it has been proved that the defendants would not have decided to select her for an interview or hire or promote the plaintiff to the position of Superintendent regardless of race.


GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____

**Model Civ. Jury Instr. 8th Cir. 11.40 (2019)**

INSTRUCTION NO.____
RACE SECTION 1981:  ELEMENTS OF THE CLAIM
(But-for Causation)

Your verdict must be for plaintiff Dr. Janice Warren and against defendant PCSSD on the plaintiff's race discrimination claim if all the following elements have been proved:

*First*, the defendants did not select her for an interview or hire or promote the plaintiff to Superintendent; and

*Second*, the defendants would not have failed to select her for an interview or hire or promote the plaintiff but-for plaintiff's race.

If any of the above elements has not been proved, your verdict must be for the defendant PCSSD.

"But-for" does not require that race was the only reason for the decision made by the defendants. You may find that the defendants would not have failed to select her for an interview or hire or promote the plaintiff "but-for" the plaintiff's race if it has been proved that the defendants' stated reasons for their decision are not the real reason(s), but are a pretext to hide their race discrimination.


GIVEN:            _____

MODIFIED:      _____

REFUSED:        _____


Model Civ. Jury Instr. 8th Cir. 11.41 (2019)

INSTRUCTION NO. ___
SECTION 1981 ACTUAL DAMAGES:  RACE DISCRIMINATION

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to select her for an interview or hire her or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not discriminated against her on March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN: ____

MODIFIED: ____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO.____
DAMAGES: PUNITIVE (42 U.S.C. § 1981)

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction(s)____ and if it has been proved that the conduct of the defendants as submitted in Instruction ____ was malicious or recklessly indifferent to the plaintiff's contract and employment rights then you may award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendants for engaging in misconduct and discouraging the defendants and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice; whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

37

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering PCSSD's financial condition, to punish the defendants for their wrongful

INSTRUCTION NO.＿＿＿＿   (Continued)
Damages: Punitive (42 U.S.C. § 1981)

conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

GIVEN: ＿＿＿＿

MODIFIED: ＿＿＿＿

REFUSED: ＿＿＿＿

**Model Civ. Jury Instr. 8th Cir. 11.72 (2019)**

SPECIAL VERDICT FORM
42 U.S.C. 1981:  RACE DISCRIMINATION

**Your verdict in this case will be determined by your answers to the following questions. Read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.**

**Question No. 1**: Has it been proved that the defendants would have selected the plaintiff for an interview and as a Superintendent but-for the plaintiff's race? "But-for" does not require that race was the only reason for the decision made by the defendants.

> You may find that the defendants would have selected the plaintiff as Superintendent "but-for" the plaintiff's race if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide race discrimination.

_____Yes               _____No

**(Mark an "X" in the appropriate space.)**

**Note: If you answered "yes" to Question No. 1, skip Questions 2 and 3, and answer questions 4 and 5. If you answered "no" to Question No. 1, proceed to Question No. 2.**

SPECIAL VERDICT FORM: 42 U.S.C. 1981

**Question No. 2**: Has it been proved that the plaintiff's race was a motivating factor, played a part, in the defendants' act of not selecting her for an interview or hiring or promoting the plaintiff to Superintendent? Race was a "motivating factor" if the plaintiff's race played a part in the defendants' decision not to select her for an interview or hire or promote the plaintiff to the position of Superintendent. However, the plaintiff's race need not have been the only reason for the defendants' actions. You may find that race was a motivating factor if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.

_____Yes                      _____No

**(Mark an "X" in the appropriate space.)**

**Note: If you answered "yes" to Question No. 2, continue on to Question No. 3. If you answered "no" to Question No. 1 and "no" to Question No. 2, you should have your foreperson sign and date this form because you have completed your deliberations on this race discrimination claim.**

SPECIAL VERDICT FORM:  42 U.S.C. 1981

**Question No. 3**: Has it been proved that the defendants would not have selected her for an interview or hired or promoted the plaintiff to the position of Superintendent regardless of her race?

_____Yes          _____No

**(Mark an "X" in the appropriate space.)**

**Note: Answer Questions 4 and 5 if you answered "yes" to Question No. 1 or if you answered "yes" to Question No. 2 and "no" to Question No. 3. If you answered "yes" to Question No. 3, have your foreperson sign and date this form because you have completed your deliberations on this (race) discrimination claim.**

**Question No. 4**: State the amount of the plaintiff's actual damages as that term is defined in Instruction ___. $_____. Or, if you find that the plaintiff's damages have no monetary value, write in the nominal amount of One Dollar $1.00.

**Question No. 5**: What amount, if any, do you assess for punitive damages as that term is defined in Instruction ___? $_____. Or, if none, write the word "none".

_____          _____
Date                 Foreperson

GIVEN: _____

MODIFIED: _____

REFUSED: _____          **Model Civ. Jury Instr. 8th Cir. 11.90 (2019)**

41

INSTRUCTION NO. _____
42 U.S.C. SECTION 1981:  RETALIATION
Elements of the Claim (But-for Causation)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants, PCSSD and its Board, on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the Board and PCSSD's attorney, and, thereby, to the Federal District Court that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Third,* the defendants refused to select her for an interview or hire or promote the plaintiff to the position of Superintendent; and

*Fourth*, the defendants' failure to select her for an interview or hire or promote the plaintiff to the position of Superintendent might well dissuade or discourage a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

*Fifth*, the defendants would have selected her for an interview or hired or promoted the plaintiff to the position of Superintendent but-for plaintiff's complaint of race discrimination.

"But-for" does not require that the plaintiff's complaint of discrimination was the only reason for the decision made by the defendant.

You may find the defendant would have selected the plaintiff "but-for" plaintiff's complaint of discrimination if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are pretext to hide retaliation.

GIVEN: _____ MODIFIED: _____ REFUSED: _____

42

INSTRUCTION NO. _____
42 U.S.C. SECTION 1981: RETALIATION
Elements of the Claim (Motivating Factor)

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants, PCSSD and its Board, on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the Board and PCSSD's attorney, and, thereby, to the Federal District Court that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that the Mills' High School students, parents, and community were being discriminated against on the basis of race; and

*Third*, the defendants refused to select her for an interview or hire the plaintiff for the position of Superintendent; and

*Fourth*, the plaintiff's failure to be selected for an interview or hired for the position of Superintendent might well dissuade or discourage a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

*Fifth*, the plaintiff's notifying PCSSD's Board, PCSSD's Attorney, and, thereby, the Federal District Court about the racial discrimination by PCSSD in constructing Mills High School was a motivating factor, played a part, in the defendants' decision.

You may find that race discrimination was a motivating factor, played a part, in the defendants' decision if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.

If any of the above *five* elements have not been proved, your verdict must be for the defendants and you need not proceed further in considering this claim.

GIVEN: _____   MODIFIED: _____   REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 11.40 & 11.41 (2019)

43

INSTRUCTION NO. ___
SECTION 1981 ACTUAL DAMAGES:  RETALIATION

If you find in favor of the plaintiff under Instruction ___, and if you answer "no" in response to Instruction ____, you must award the plaintiff the sum that you find will fairly and justly compensate her for any damages you find the plaintiff sustained as a direct result of the Board's decision not to select her for an interview or hire her or promote her to the position of Superintendent. The plaintiff's claim for damages includes two distinct types of damages. You must consider them separately:

*First*, determine the amount of any wages and fringe benefits the plaintiff would have earned from her employment with PCSSD if the Board had not retaliated against her March 27, 2018, through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second,* you must determine the amount of any damages sustained by the plaintiff, such as damages for emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. You must enter a separate amount for each type of damages in the verdict form and must not include the same item in more than one category for race discrimination.

GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____

Model Civ. Jury Instr. 8th Cir. 5.70 (2019).

INSTRUCTION NO.____
DAMAGES: PUNITIVE (42 U.S.C. § 1981)

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction____ and if it has been proved that the conduct of the defendants as submitted in Instruction ____ was malicious or recklessly indifferent to the plaintiff's contract and employment rights then you may award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendants for engaging in misconduct and discouraging the defendants and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit, intentional malice; whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendants' wrongful conduct caused the plaintiff and could cause the plaintiff in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering PCSSD's financial condition, to punish the defendants for their wrongful

INSTRUCTION NO.____ (Continued)
Damages: Punitive (42 U.S.C. § 1981)

conduct toward the plaintiff and to deter the defendants and others from similar wrongful

conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the

harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to

impose punitive damages. If punitive damages are assessed against more than one defendant, the

amounts assessed against those defendants may be the same or they may be different.


GIVEN: ____

MODIFIED: ____

REFUSED: ____

**Model Civ. Jury Instr. 8th Cir. 11.72 (2019)**

SPECIAL VERDICT FORM
42 U.S.C. 1981: RETALIATION

**Your verdict in this case will be determined by your answers to the following questions. Read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.**

**Question No. 1**: Has it been proved that the defendants would have selected the plaintiff for an interview or as a Superintendent but-for the plaintiff's race? "But-for" does not require that race was the only reason for the decision made by the defendants.

> You may find that the defendants would have selected the plaintiff for an interview or as Superintendent "but-for" the plaintiff's race if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide race discrimination.

_____Yes                    _____No

**(Mark an "X" in the appropriate space.)**

**Note: If you answered "yes" to Question No. 1, skip Questions 2 and 3, and answer questions 4 and 5. If you answered "no" to Question No. 1, proceed to Question No. 2.**

SPECIAL VERDICT FORM:  42 U.S.C. 1981

**Question No. 2**: Has it been proved that the plaintiff's race was a motivating factor, played a part, in the defendants' act of not selecting her for an interview or hiring or promoting the plaintiff to Superintendent? Race was a "motivating factor" if the plaintiff's race played a part in the defendants' decision not to select her for an interview or hire or promote the plaintiff to the position of Superintendent. However, the plaintiff's race need not have been the only reason for the defendants' actions. You may find that race was a motivating factor if it has been proved that the defendants' stated reasons for its decision are not the real reasons, but are a pretext to hide race discrimination.

_____Yes                    _____No

**(Mark an "X" in the appropriate space.)**

**Note: If you answered "yes" to Question No. 2, continue on to Question No. 3. If you answered "no" to Question No. 1 and "no" to Question No. 2, you should have your foreperson sign and date this form because you have completed your deliberations on this race discrimination claim.**

48

SPECIAL VERDICT FORM:  42 U.S.C. 1981

**Question No. 3**: Has it been proved that the defendants would not have selected her for an interview or hired or promoted the plaintiff to the position of Superintendent regardless of her race?

_____Yes                _____No

**(Mark an "X" in the appropriate space.)**

**Note: Answer Questions 4 and 5 if you answered "yes" to Question No. 1 or if you answered "yes" to Question No. 2 and "no" to Question No. 3. If you answered "yes" to Question No. 3, have your foreperson sign and date this form because you have completed your deliberations on this (race) discrimination claim.**

**Question No. 4**: State the amount of the plaintiff's actual damages as that term is defined in Instruction ___ . $_____. Or, if you find that the plaintiff's damages have no monetary value, write in the nominal amount of One Dollar $1.00.

**Question No. 5**: What amount, if any, do you assess for punitive damages as that term is defined in Instruction ___ ? $_____. Or, if none, write the word "none".

_____                    _____
   Date                            Foreperson

GIVEN: ____

MODIFIED: ____

REFUSED: _____                **Model Civ. Jury Instr. 8th Cir. 11.90 (2019)**

INSTRUCTION NO.____

49

RACE DISCRIMINATION (42 U.S.C. § 1983)

Your verdict must be for plaintiff, Dr. Janice Warren, and against the individual defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Corporate Account Executive Brian Maune, and Pastor Shelby Thomas on the plaintiff's claim of race discrimination if all the following elements have been proved:

*First*, the defendants did not select her for an interview or hire or promote her to the position of Superintendent;

*Second*, the plaintiff's race was a determining factor in the defendants' decision.

"Race was a determining factor" only if the defendants would not have failed to select her for an interview or hire or promote the plaintiff but for the plaintiff's race; it does not require that race was the only reason for the decision made by the defendants.

You may find race was a determining factor if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide race discrimination.

and

*Third*, when defendants did not select her for an interview or hire or promote the plaintiff to the position of Superintendent, the defendants' actions are done in the performance of their official duties under state law.

Your verdict must be for the defendants if any of the first two elements, *First and Second,* listed above has not been proved.

GIVEN: _____

MODIFIED: _____

REFUSED: _____                           Model Civ. Jury Instr. 8th Cir. 12.41 (2019).

INSTRUCTION NO._____
SEX DISCRIMINATION (42 U.S.C. § 1983)

50

Your verdict must be for plaintiff, Dr. Janice Warren, and against defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Mr. Brian Maune, and Pastor Shelby Thomas on the plaintiff's claim of sex discrimination if all the following elements have been proved:

*First*, the defendants did not select her for an interview or hire or promote the plaintiff to the position of Superintendent;

*Second*, the plaintiff's sex was a determining factor in the defendants' decision.

"Sex was a determining factor" only if the defendants would have selected her for an interview or hired or promoted the plaintiff as Superintendent but for the plaintiff's sex; it does not require that sex was the only reason for the decision made by the defendants.

You may find sex was a determining factor if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide sex discrimination.

and

*Third*, when defendants did not interview or hire or promote her to the position of Superintendent, the defendants' actions are done in the performance of their official duties under state law.

Your verdict must be for the defendants if any of the first two elements, *First and Second* listed above, has not been proved.

GIVEN: ___ MODIFIED: ___ REFUSED: ___   Model Civ. Jury Instr. 8th Cir. 12.41 (2019).

INSTRUCTION NO._____

ACTUAL DAMAGES 42 U.S.C. § 1983

51

If you find in favor of the plaintiff under Instruction ___, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any actual damages you find the plaintiff sustained as a direct result of the defendants' conduct as submitted in Instruction ____. Actual damages include any wages or fringe benefits you find the plaintiff would have earned in her employment with PCSSD if the defendants had not failed to select her for an interview or hire or promote the plaintiff as Superintendent through the date of your verdict, *minus* the amount of earnings and benefits from other employment received by the plaintiff during that time. Actual damages also may include emotional pain, humiliation, embarrassment, suffering, inconvenience, mental anguish, and other nonpecuniary losses.

You are also instructed that the plaintiff has a duty under the law to "mitigate" her damages—that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if it has been proved that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity. Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

GIVEN:            _____

MODIFIED:      _____

REFUSED:        _____

Model Civ. Jury Instr. 8th Cir. 12.70 (2019)

INSTRUCTION NO. ____
Punitive Damages 42 U.S.C. 1983

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff, Dr. Janice Warren, and against defendants Dr. Linda Remele, Ms. Alicia Gillen, Mayor Mike Kemp, Officer Eli Keller, Mr. Brian Maune, and Pastor Shelby Thomas, and if it has been proved that the defendants' failure to select her for an interview or hire or failure to promote the plaintiff was motivated by evil motive or intent, or that the defendants were recklessly indifferent to the plaintiff's rights, then in addition to any other damages that you find the plaintiff entitled to, you may award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendants for engaging in such misconduct and deterring the defendants and future board members from engaging in such misconduct. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ___.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendants' conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was deceit or intentional malice; whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to other employees; whether there was any repetition of the wrongful conduct by PCSSD and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.   You may not consider harm to others in deciding the amount of punitive damages to award.

53

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the individual defendants' financial condition, to punish the defendant for wrongful conduct toward the plaintiff and to deter the defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

GIVEN: _____

MODIFIED: _____

REFUSED: _____

Model Civ. Jury Instr. 8th Cir. 12.72 (2019)

## VERDICT FORM
## 42 U.S.C. § 1983_ RACE

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in

Instruction ____, we find in favor of

Plaintiff Janice Warren

or

Defendant Dr. Linda Remele

Note: Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____. If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Dr. Linda Remele, as submitted in Instruction ___, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____                    _____
Date                                             Foreperson

55

## VERDICT
### 42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

> Plaintiff Janice Warren

> Or

> Defendant Alicia Gillen

Note: Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Alicia Gillen, as submitted in Instruction ___, as

follows:

$_____ (stating the amount or, if none, write the word "none").


_____                    _____
        Date                                         Foreperson

## VERDICT
### 42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ____,

we find in favor of

> Plaintiff Janice Warren

> or

> Defendant Mayor Mike Kemp

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

> We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Mike Kemp, as submitted in Instruction ____, as

follows:

$_____ (stating the amount or, if none, write the word "none").

_____              _____
        Date                                      Foreperson

VERDICT
42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Officer Eli Keller

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

      We assess punitive damages against defendant Eli Keller, as submitted in Instruction ___,

as follows:

$_____ (stating the amount or, if none, write the word "none").


_____          _____

      Date                                       Foreperson

VERDICT
42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,
we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Mr. Brian Maune

 Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If
the above finding is in favor of the defendant, have your foreperson sign and date this form
because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages
have no monetary value, set forth a nominal amount such as $1.00.

      We assess punitive damages against defendant Brian Maune, as submitted in Instruction
___, as follows:

$_____ (stating the amount or, if none, write the word "none").

_____

      Date                             Foreperson

VERDICT
42 U.S.C. § 1983

On the race discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___, we find in favor of

     Plaintiff Janice Warren

     or

     Defendant Pastor Shelby Thomas

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

     We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

     We assess punitive damages against defendant Shelby Thomas, as submitted in Instruction ___, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____             _____
      Date                                        Foreperson


GIVEN:  ____

MODIFIED:  ____

REFUSED:  _____    Model Civ. Jury Instr. 8th Cir. 12.80 (2019)

VERDICT

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in

Instruction ____, we find in favor of

Plaintiff Janice Warren

or

Defendant Dr. Linda Remele

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ____ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Dr. Linda Remele, as submitted in

Instruction ____, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____                    _____

Date                                                           Foreperson

61

## VERDICT

### 42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

      Plaintiff Janice Warren

      Or

      Defendant Ms. Alicia Gillen

Note: Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Alicia Gillen, as submitted in Instruction ___, as

follows:

$_____ (stating the amount or, if none, write the word "none").


_____                    _____
Date                                                         Foreperson


62

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Mayor Mike Kemp

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages

have no monetary value, set forth a nominal amount such as $1.00.

We assess punitive damages against defendant Mike Kemp, as submitted in Instruction ___, as

follows:

$_____ (stating the amount or, if none, write the word "none").

_____        _____

      Date                                                Foreperson

## VERDICT

### 42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

> Plaintiff Janice Warren

> or

> Defendant Officer Eli Keller

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

> We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

> We assess punitive damages against defendant Eli Keller, as submitted in Instruction ___, as follows:

$_____ (stating the amount or, if none, write the word "none").




_____                    _____
        Date                                                Foreperson

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

> Plaintiff Janice Warren
>
> or
>
> Defendant Mr. Brian Maune

Note:  Complete the following paragraphs only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

> We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00.

> We assess punitive damages against defendant Brian Maune, as submitted in Instruction

___, as follows:

$_____ (stating the amount or, if none, write the word "none").

_____                          _____

Date                                                        Foreperson

65

VERDICT

42 U.S.C. § 1983

On the sex discrimination claim of plaintiff Dr. Janice Warren, as submitted in Instruction ___,

we find in favor of

      Plaintiff Janice Warren

      or

      Defendant Pastor Shelby Thomas

Note: Complete the following paragraphs only if the above finding is in favor of the plaintiff. If

the above finding is in favor of the defendant, have your foreperson sign and date this form

because you have completed your deliberation on this claim.

      We find plaintiff Janice Warren's damages as defined in Instruction ___ to be:

$_____.  If none, write the word "none" or if you find that the plaintiff's damages have

no monetary value, set forth a nominal amount such as $1.00.

      We assess punitive damages against defendant Shelby Thomas, as submitted in

Instruction ___, as follows:

$_____ (stating the amount or, if none, write the word "none").


_____          _____
     Date                                              Foreperson

GIVEN: ____
MODIFIED: ____               Model Civ. Jury Instr. 8th Cir. 12.80 (2019)
REFUSED: _____

66