IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 25 2022
IN OPEN COURT
TAMMY H. DOWNS
By: _____
DEPUTY CLERK

**JANICE HARGROVE WARREN**                                    **PLAINTIFF**

v.                         No. 4:19-cv-00655-BSM

**MIKE KEMP, et al.**                                          **DEFENDANTS**

# DEFENDANTS' PROFFERED JURY INSTRUCTIONS

Cody Kees
Jay Bequette
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:   (501) 374-5092
Email: ckees@bbpalaw.com
       jbequette@bbpalaw.com

**INSTRUCTION NO. _____**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Model Civil Jury Instructions 1.04 – Explanatory: Evidence; Limitations

INSTRUCTION NO. _____

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Federal Jury Practice and Instructions § 73.11 (4th)

GIVEN         _____

REFUSED       _____

MODIFIED      _____

WITHDRAWN     _____

INSTRUCTION NO. _____

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witnesses may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

8th Cir. Model Jury Inst. §3.03

GIVEN          _____

REFUSED        _____

MODIFIED       _____

WITHDRAWN      _____

INSTRUCTION NO. _____

**AGREED FACTS**

The Plaintiff and the Defendant have agreed to certain facts. You should, therefore, treat those facts as having been proved.

8th Cir. Model Jury Inst. § 2.03 (modified).

GIVEN           _____

REFUSED       _____

MODIFIED     _____

WITHDRAWN _____

INSTRUCTION NO. _____

## IF YOU FIND, OR IF YOU DECIDE

When I say in these instructions that a party has the burden of proof on any proposition, or use the expressions "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Federal Jury Practice and Instructions § 72.01 (4th)

GIVEN         _____

REFUSED       _____

MODIFIED      _____

WITHDRAWN     _____

INSTRUCTION NO. _____

## INFERENCES DEFINED, PRESUMPTION OF REGULARITY (ORDINARY COURSE OF BUSINESS), OBEDIENCE TO LAW

You are to consider the only evidence in the case. However, you are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case. Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Federal Jury Practice and Instructions § 72.04 (4th) (modified)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

WITHDRAWN      _____

INSTRUCTION NO. _____

## BUSINESS JUDGMENT INSTRUCTION

You may not return a verdict for Plaintiff just because you might disagree with Defendants' conduct or decision or believe the conduct or decision to be harsh or unreasonable.

Defendants have the right to make personnel decisions for any reason that is not discriminatory. Even if an employer is mistaken and its business judgment is wrong, the employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as the decisions are not unlawful.

In determining whether Defendants' stated reasons for its actions of not hiring Plaintiff as the superintendent, you may not question its business judgment. Pretext is not established just because you may disagree with the business judgment of Defendants, unless you find that the Defendants' reasons for the decision was a pretext.

Federal Jury Practice and Instructions, § 173.66 (5th Ed. 2001); *Walker v. AT & T Technologies*, 995 F.2d 846 (8th Cir. 1993); *Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997); *Blake v. J.C. Penney Co.*, 894 F.2d 274, 281 (8th Cir. 1990).

GIVEN       _____

REFUSED     _____

MODIFIED    _____

WITHDRAWN   _____

INSTRUCTION NO. _____

## PREPONDERANCE OF THE EVIDENCE

In a case like this one, the burden is on Plaintiff, Dr. Warren, to prove every essential element of her claims by a preponderance of the evidence. If Plaintiff fails to prove any essential element of her claims by a preponderance of the evidence, the jury must find for the Defendants.

To "establish a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proven is more than likely true than not true.

In determining whether any fact in issue has been provided by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Federal Jury Practice and Instructions § 72.01 (4th) (modified)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

WITHDRAWN      _____

INSTRUCTION NO. _____


## RACE AND SEX DISCRIMINATION CLAIM AGAINST THE
## PULASKI COUNTY SPECIAL SCHOOL DISTRICT AND ITS BOARD

Your verdict must be for Plaintiff, Dr. Warren, and against Defendants, Pulaski County Special School District and its Board, on Plaintiff's claim of race and age discrimination if all the following elements have been proved:

*First*, the Defendants failed to interview and hire the Plaintiff for the permanent superintendent position; and

*Second*, the Plaintiff's race *or* sex was a motivating factor in the Defendants' decision.

As used in these instructions, the Plaintiff's sex or race was a "motivating factor" if the Plaintiff's sex or race played a part in the Defendants' decision. However, the Plaintiff's sex or race need not have been the only reason for the Defendants' decision not to interview and hire Plaintiff.

If either of the above elements has not been proved, your verdict must be for the Defendants and you need not proceed further in considering this claim.




8th Cir. Model Jury Inst. § 5.40 (modified)


GIVEN           _____

REFUSED         _____

MODIFIED        _____

WITHDRAWN       _____

INSTRUCTION NO. _____

## RETALIATION CLAIM AGAINST THE
## PULASKI COUNT SPECIAL SCHOOL DISTRICT AND ITS BOARD

Your verdict must be for the Plaintiff, Dr. Janice Warren, and against the Defendants, the Pulaski County Special School District and its Board, on Plaintiff's claim of retaliation if all of the following elements have been proved:

*First*, Plaintiff complained about facility inequalities at Mills High School and that the facilities were being constructed in a discriminatory manner based on race; and

*Second*, Plaintiff reasonably believed that Mills High School students were being discriminated against on the basis of race; and

*Third*, Defendants refused to hire Plaintiff for the position of Superintendent; and

*Fourth*, Defendants would have hired Plaintiff for the position of Superintendent but for her complaints about construction of Mills High School.

If any of the four elements have not been proved by Plaintiff, your verdict must be for the Defendants then you need not proceed further in considering this claim.

Your verdict must be for the Defendants and against Plaintiff on her retaliation claim if the Defendants articulated a legitimate, non-discriminatory reason for not hiring Plaintiff for the Superintendent position, and that the reasons given by the Defendants were not pretextual; that is, the reasons are not true and worthy of credence.

"But for" does not require that Plaintiff's complaint of discrimination was the only reason for the decision made by Defendants. You may find the Board would have selected Dr. Warren "but for" her complaint for discrimination if it has been proved that the Defendants' stated reasons for their decisions are the not the real reasons but are pretext to hide retaliation.

**INSTRUCTION NO. _____**


*University of Texas Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011); *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, 143 (2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Shrable v Eaton Corp.*, 695 F.3d 7687, 771 (8th Cir. 2012); *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031 (8th Cir. 2005); *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 834 (8th Cir. 2002); *Sprenger v. Fed Home Loan Bank of Des Moines*, 253 F.3d 1106, 1111 (8th Cir. 2001); *Krupicki v. Eagle One, Inc.*, No. 4:12-cv-00150 KGB, 2014 WL 12710353, at *9 (E.D. Ark. Apr. 3, 2014).

GIVEN _____

REFUSED _____

MODIFIED _____

WITHDRAWN _____

INSTRUCTION NO. _____

## BREACH OF CONTRACT CLAIM AGAINST PULASKI COUNTY SPECIAL SCHOOL DISTRICT AND ITS BOARD

The Plaintiff, Dr. Janice Warren, claims that Defendants, Pulaski County Special School District and its Board, breached her employment contract and Plaintiff has the burden of proving each of four essential propositions:

*First*, that Plaintiff and Defendants entered into a contract;

*Second*, that the contract required the Defendants to perform certain acts;

*Third*, Plaintiff did what the contract required of her; and

*Fourth*, that Defendants did not do what the contract required of it.

If you find that Plaintiff has proved each of the *four* propositions, then your verdict should be for Plaintiff. If, however, Plaintiff has failed to prove any one or more of the *four* numbered propositions, then your verdict should be for Defendants.

8th Cir. Model Jury Inst. § 2401 (modified)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

WITHDRAWN      _____

INSTRUCTION NO. _____

## DAMAGES: ACTUAL

If you find in favor of Plaintiff under Instructions \_\_\_\_\_ then you must award Plaintiff such sum as you find will fairly and justly compensate Plaintiff for any damages you find she sustained as a direct result of the Defendants' decision to not hire her or breach of her employment contract. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the difference in any wages and fringe benefits Plaintiff would have earned in her employment with the Defendants if she had been hired as Superintendent.

*Second*, you must determine the amount of any other damages sustained by Plaintiff, that Plaintiff has proven.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

8th Cir. Model Jury Inst. § 5.70 (modified)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

WITHDRAWN      _____

INSTRUCTION NO. _____

**DAMAGES PUNITIVE**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff, then you must decide whether the Defendants acted with malice or reckless indifference to the Plaintiff's right not to be discriminated against on the basis of her race and sex. The Defendants acted with malice or reckless indifference if:

it has been proved that Defendants knew that not hiring Plaintiff was in violation of the law prohibiting discrimination or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that Defendants made a good-faith effort to comply with the law prohibiting discrimination.

If you find that Defendants acted with malice or reckless indifference to Plaintiff's rights and did not make a good-faith effort to comply with the law, then, in addition to any other damages to which you find the Plaintiff entitled, you may, but are not required to, award the Plaintiff an additional amount as punitive damages for the purposes of punishing Defendants for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction \_\_\_\_\_.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the Defendants' conduct was. In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the Defendants' conduct that harmed the Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the Plaintiff.

2. How much harm the Defendants' wrongful conduct caused the Plaintiff and could cause the Plaintiff in the future.

INSTRUCTION NO. _____

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendants for their wrongful conduct toward the Plaintiff and to deter the Defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the Plaintiff.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

8th Cir. Model Jury Inst. § 5.72 (modified)

GIVEN          _____

REFUSED        _____

MODIFIED       _____

WITHDRAWN      _____

INSTRUCTION NO. _____

## VERDICT FORM

**Verdict 1.**  On Dr. Warren's race and sex discrimination claim against Defendants, Pulaski County Special School District and its Board, we the Jury, find in favor of:

_____  or  _____
Plaintiff Janice Warren          Defendants, Pulaski County Special School District and its Board

**Note:**  Answer the next question only if the above finding is in favor of the plaintiff. If the above finding is in favor of the defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.

**Question 1.A.**  Did the Pulaski County Special School District and its Board prove that it would not have hired Dr. Warren for the permanent superintendent position regardless of her race or sex?

_____ Yes     _____ No  (mark an "X" in the appropriate space)

**Verdict 2.**  On Dr. Warren's retaliation claim against Defendants, Pulaski County Special School District and its Board, we the Jury, find in favor of:

_____  or  _____
Plaintiff Janice Warren          Defendants, Pulaski County Special School District and its Board

**Question 2.A.**  Did the Pulaski County Special School District and its Board prove that it would not have hired Dr. Warren for the permanent superintendent position regardless of her reporting issues to the Board related to the District's desegregation obligations and its facilities' construction?

_____ Yes     _____ No  (mark an "X" in the appropriate space)

**INSTRUCTION NO. _____**

*NOTE: COMPLETE THE FOLLOWING PARAGRAPHS ONLY IF YOU FOUND IN FAVOR OF THE PLAINTIFF ON VERDICT 1 AND THE ANSWER TO QUESTION 1.A IS "NO"; OR,*

*IF YOU FOUND IN FAVOR OF THE PLAINTIFF ON VERDICT 2 AND THE ANSWER TO QUESTION TO 2.A IS "NO".*

*IF YOU HAVE FOUND FOR THE DEFENDANTS ON VERDICTS 1 AND 2 OR IF YOU HAVE ANSWERED "YES" TO THE QUESTIONS FOLLOWING THE VERDICTS, HAVE YOUR FOREPERSON SIGN AND DATE THIS FORM BECAUSE YOU HAVE COMPLETED YOUR DELIBERATIONS ON THESE CLAIMS.*

We, the Jury, find that the Plaintiff's lost wages and benefits through the date of this verdict to be:

$_____ (setting forth the amount, or if none, write "none")

We, the Jury find plaintiff's other damages, excluding lost wages and benefits to be:

$_____ (setting forth the amount, or if you find that the plaintiff's other damages do not have a monetary value, write in the nominal amount of one dollar ($1.00).

We, the jury assess punitive damages against the defendants, as submitted in Instruction _____, as follows:

$ _____ (stating the amount or, if none, write the word "none").

**Interrogatory 1:** After Dr. Warren did not get hired for the superintendent's position, did she fail to seek out or take advantage of a business or employment opportunities that were reasonably available to her?

Check one:   NO _____   YES _____

**Interrogatory 2:** What percentage of the damages you found for Dr. Warren could have been avoided by Dr. Warren if she had taken reasonable steps to seek out or take advantage of a business or employment opportunity that was reasonably available to her?

_____%

18

**INSTRUCTION NO. _____**

Signed:

_____

If unanimous, only the Jury Foreman signs above

If not unanimous, but more than nine agree on the answer, those jurors who agree should sign below. Jurors who disagree with the answer should not sign below.

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____