UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
**FILED**

FEB 2 5 2022

IN OPEN COURT
TAMMY H. DOWNS
By:_____
DEPUTY CLERK

JANICE HARGROVE WARREN                                        PLAINTIFF

v.                              CASE NO. 4:19-CV-00655-BSM

MIKE KEMP, et al.                                            DEFENDANTS


**COURT'S JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions because all instructions, whenever given and whether in writing or not, must be followed.

COURT'S INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## COURT'S INSTRUCTION NO. 3

In considering the evidence, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

## COURT'S INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" consists of the testimony of witnesses, and the documents received as exhibits. You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence.

Certain things are not evidence. I will list those things again for you now:

1.      Statements, arguments, questions and comments by the attorneys are not evidence.

2.      Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Anything you saw or heard about this case outside the courtroom is not evidence.

COURT'S INSTRUCTION NO. 5

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence.  A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced.  A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

## COURT'S INSTRUCTION NO. 6

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory, knowledge, education, and experience; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## COURT'S INSTRUCTION NO. 7

Unless otherwise instructed, a party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

The greater weight of the evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

Finally, you have probably heard the phrase "proof beyond a reasonable

7

doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## COURT'S INSTRUCTION NO.8

As used in these instructions, Janice Warren's race or sex was a "motivating factor," if it played a part in PCSSD's decisions.  However, to be a "motivating factor," her race or sex need not have been the only reason for PCSSD's decisions.

You may find that Warren's race or sex was a motivating factor in PCSSD's decisions if she has proved that PCSSD's stated reasons for its decisions are not the real reasons, but are pretext to hide race discrimination or sex discrimination.

COURT'S INSTRUCTION NO. 9

Janice Warren seeks damages from PCSSD on her claim that she was discriminated against because of her race. Warren has the burden of proving two essential propositions:

*First*, PCSSD did not interview or hire her for the position of Superintendent;

*Second*, Warren's race was a motivating factor in PCSSD's decisions.

If you find from the evidence that both of these propositions have been proved, then your verdict should be for Janice Warren. If, on the other hand, you find from the evidence that either of these propositions has not been proved, then your verdict should be for PCSSD.

<u>COURT'S INSTRUCTION NO. 10</u>

If you find in favor of Janice Warren under Instruction 9, then you must determine whether PCSSD proved it would not have interviewed or hired Warren for the position, regardless of her race.

COURT'S INSTRUCTION NO. 11

Janice Warren seeks damages from PCSSD on her claim that she was discriminated against because of her sex.   Warren has the burden of proving two essential propositions:

*First*, PCSSD did not interview or hire her for the position of Superintendent;

*Second*, Warren's sex was a motivating factor in PCSSD's decisions.

If you find from the evidence that both of these propositions have been proved, then your verdict should be for Janice Warren.  If, on the other hand, you find from the evidence that either of these propositions has not been proved, then your verdict should be for PCSSD.

COURT'S INSTRUCTION NO. 12

If you find in favor of Janice Warren under Instruction 11, then you must determine whether PCSSD proved it would not have interviewed or hired Warren for the position, regardless of her sex.

COURT'S INSTRUCTION NO. 13

Janice Warren seeks damages from PCSSD on her claim that it did not interview or hire her for the position of Superintendent as retaliation. Warren has the burden of proving the following essential propositions:

*First*, Warren reported a disparity between the construction of Mills High School and Robinson Middle School to PCSSD, its lawyer, or the court;

*Second*, PCSSD did not interview or hire Warren for the position of Superintendent;

*Third*, PCSSD's failure to interview or hire Warren for the position of Superintendent might dissuade a reasonable worker in the same or similar circumstances from reporting a disparity between the construction of Mills High School and Robinson Middle School ; and

*Fourth*, PCSSD would have interviewed and hired Warren for the position of Superintendent but-for her reporting a disparity between the construction of Mills High School and Robinson Middle School .

If you find from the evidence that each of these propositions has been proved, then your verdict should be for Warren. If, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for PCSSD.

14

COURT'S INSTRUCTION NO. 14

Janice Warren seeks damages from PCSSD on her claim that it did not hire her for the position of Deputy Superintendent as retaliation. Warren has the burden of proving the following essential propositions:

*First*, Warren reported a disparity between the construction of Mills High School and Robinson Middle School to PCSSD, its lawyer, or the court;

*Second*, PCSSD did not hire Warren for the position of Deputy Superintendent;

*Third*, PCSSD's failure to hire Warren for the position of Deputy Superintendent might dissuade a reasonable worker in the same or similar circumstances from reporting a disparity between the construction of Mills High School and Robinson Middle School ; and

*Fourth*, PCSSD  would have hired Warren for the position of Deputy Superintendent but-for her reporting a disparity between the construction of Mills High School and Robinson Middle School .

If you find from the evidence that each of these propositions has been proved, then your verdict should be for Warren. If, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for PCSSD.

15

COURT'S INSTRUCTION NO. 15

As used in these instructions, "but-for" does not require that Janice Warren's reporting a disparity between the construction of Mills High School and Robinson Middle School was the only reason for PCSSD's decisions.

You may find that PCSSD would not have taken the same actions against Janice Warren "but-for" her reporting a disparity between the construction of Mills High School and Robinson Middle School if it has been proved that PCSSD's stated reasons for the decisions are not the real reasons but are pretext to hide retaliation.



COURTS INSTRUCTION NO. 16

To prove her breach of contract claim against PCSSD, Janice Warren must prove by a preponderance of the evidence the following:

*First*, that Janice Warren and PCSSD entered into a contract;

*Second*, that the contract required PCSSD to perform certain acts;

*Third*, that Janice Warren met her obligations under the contract; and

*Fourth*, that PCSSD failed to meet its obligations under the contract.

If you find that Janice Warren has proved each of these propositions, then your verdict should be for Warren.  If, however, Warren has failed to prove any one or more of the propositions, then your verdict should be for PCSSD.

## COURT'S INSTRUCTION NO. 17

The parties do not dispute that Warren and PCSSD entered into a contract.

COURT'S INSTRUCTION NO. 18

A contract must be interpreted as a whole.  The different clauses of the contract must be read together and interpreted, if possible, so that all of the parts are consistent with each other. An interpretation that fails to give effect to any provision of a contract cannot be adopted if the contract can be interpreted in a way that gives effect to all of its provisions.

COURT'S INSTRUCTION NO. 19

You may not return a verdict for Janice Warren just because you disagree with PCSSD's decision or believe it was too harsh or unreasonable.

COURT'S INSTRUCTION NO. 20

If you find in favor of Janice Warren on her claim of race discrimination in Instruction number 9, and answered "no" in response to Instruction number 10, you must determine the amount of money that will reasonably and fairly compensate her for any damages you find that she sustained as a direct result of being discriminated against due to her race.

If you find in favor of Janice Warren on her claim of sex discrimination in Instruction number 11, and answered "no" in response to Instruction number 12, you must determine the amount of money that will reasonably and fairly compensate her for any damages you find that she sustained as a direct result of being discriminated against due to her sex.

If you find in favor of Warren on her claims of retaliation in Instruction number 13, you must determine the amount of money that will reasonably and fairly compensate her for any damages you find that she sustained as a direct result of PCSSD's decision not to interview and hire her for the position of Superintendent in retaliation for reporting a disparity between the construction of Mills High School and Robinson Middle School .

If you find in favor of Warren on her claims of retaliation in Instruction number 14, you must determine the amount of money that will reasonably and fairly

21

compensate her for any damages you find that she sustained as a direct result of PCSSD's decision not to hire her for the position of Deputy Superintendent in retaliation for reporting a disparity between the construction of Mills High School and Robinson Middle School .

Warren's claim for damages includes two types of damages you must consider separately:

First, you must find the amount of lost wages and fringe benefits Warren would have earned from PCSSD had it not discriminated against her from the time of PCSSD's discriminatory actions, through the date of your verdict, minus the amount of earnings and benefits that Warren received, during that time.

Second, you must find the amount of any other damages sustained by Warren, such as pain and suffering or emotional distress. You must enter separate amounts for each type of damages on the verdict form and must not include the same items in more than one category.

You are instructed that Janice Warren has a duty under the law to "mitigate" her damages. That means that she must exercise reasonable diligence under the circumstances to minimize her damages. If you find that she failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or

taken advantage of such an opportunity.

Remember, your finding on Janice Warren's claim for damages must be based on the evidence.  You must not engage in speculation, guesswork or conjecture during your deliberations.  You also must not award damages under this Instruction based on your sympathy for either party or to punish either party.

23

COURTS INSTRUCTION NO. 21

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of Janice Warren, under Instruction 9, 11, 13, or 14, and if you answer "no" in response to Instruction 10 or 12, then you must decide whether defendants acted with malice or reckless indifference to the Warren's right not to be discriminated against on the basis of race or sex, or retaliated against.  Defendants acted with malice or reckless indifference if:

Defendants knew that failing to interview Warren or failing to hire her as Superintendent, or failing to hire her as Deputy Superintendent, violated the law prohibiting race and sex discrimination, and retaliation, or it has been proved that defendants acted with reckless disregard of that law.

You may not award punitive damages if it has been proved that defendants made a good-faith effort to comply with the law prohibiting race and sex discrimination, and retaliation.

If you find that defendants acted with malice or reckless indifference to Warren's rights, then, in addition to any other damages to which you find Warren entitled, you may award her an additional amount as punitive damages for the purposes of punishing defendants for engaging in such misconduct and deterring

24

defendants and others from engaging in such misconduct. You should presume that Warren has been made whole for her injuries by the damages awarded under Instruction 20. If you decide to award punitive damages, you should consider the following in deciding the amount of money to award:

*First*, how reprehensible defendants' conduct was. In this regard, you may consider whether the harm suffered by Warren was physical or economic or both; whether there was deceit, intentional malice, whether the defendants' conduct that harmed Warren also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Warren.

*Second*, how much harm defendants' wrongful conduct caused Warren and could cause her in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

*Third*, what amount of punitive damages, in addition to the other damages already awarded, is needed, considering defendants' financial condition, to punish defendants for wrongful conduct toward Warren and to deter defendants and others from similar wrongful conduct. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Warren.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more

than one defendant, the amounts assessed against such defendants may be the same or may be different.

<u>COURTS INSTRUCTION NO. 22</u>

If you find in favor of Janice Warren on her breach of contract claim, you must award her an amount of money that will reasonably and fairly compensate her for any damages you find she sustained as a direct result of the breach of contract by PCSSD. In order to fairly compensate Warren, any award should put her in no better position than she would have been in if both she and PCSSD had performed all of their promises under the contract.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

COURT'S INSTRUCTION NO. 23

If you find in favor of Janice Warren on her claims of race discrimination, or sex discrimination, or retaliation, but you find that her damages have no monetary value, then you must return a verdict for Warren in the nominal amount of One Dollar ($1.00).

COURT'S INSTRUCTION NO. 24

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges—judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the court security officer and

I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case.  The form reads: [read form].  You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.