IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                                          PLAINTIFF

v.                           Case No. 4:19-cv-655-BSM

KEMP, ET. AL                                                                                         DEFENDANTS

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
### FOR DIRECTED VERDICT ON PUNITIVE DAMAGES

Comes now the Plaintiff, Dr. Janice Warren, by and through her attorneys, Sarah Howard Jenkins, PLLC, and Porter Law, responding to Defendants Motion for Directed Verdict on Punitive Damages and says, with her brief included, herein:

### INTRODUCTION

Directed Verdict or Judgment As a Matter of Law under Fed.R.Civ.P. 50(b) has the limited purpose of testing the sufficiency of a party's evidence. The "trial court must apply the general standard of sufficiency of the evidence to create an issue for the jury." 9B Fed. Prac. & Proc. Civ. § 2533, Motion for Judgment as a Matter of Law Before Submission (3d ed. April 2021). In this case, the goal is the assessment of the sufficiency of the plaintiff's evidence. Fed. R. Civ. Pro. 50(a). A motion for directed verdict is not an opportunity to assert new defenses. Therefore, such a motion should be granted only "when all the evidence points in one direction and is susceptible to no reasonable interpretation supporting the jury verdict." *Blackmon v. Pinkerton Sec. & Investigative Servs.*, 182 F.3d 629, 635 (8th Cir.1999).

This Court must deny Defendants' motion for directed verdict for two reasons. First, the Plaintiff not only satisfied her burden of proof under the *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973), standard for a prima facie case but also supplemented her prima facie case with substantial admissible evidence that supported an inference that the Board's failure to include her in its pool of finalists or hire her as Superintendent was motivated by unlawful criteria. Dr. Warren's prima facie case and supplemental evidence, together, provided an inference that PCSSD's evidence was false and that PCSSD was covering up its discriminatory purpose. *Reeves v. Sanderson Plumbing, Prods. Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097 (2000). Second, the bulk of Defendants' motion raises previously unasserted affirmative defenses. A directed verdict tests the sufficiency of the plaintiff's evidence. *K.C. Hopps, Ltd. v. Cincinnati Ins. Co.*, Inc., No. 20-CV-00437-SRB, 2022 WL 162709, at *1 (W.D. Mo. Jan. 18, 2022). Motions for directed verdict aren't an avenue for asserting new defenses.

## PUNITIVE DAMAGES

13.     **Defendants assert**:     "As to punitive damages, they are not available to a plaintiff against a school district under Title VII.   See 42 U.S.C. § 1981(b)(2) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)").

**Plaintiff's response**:  Plaintiff acknowledges that pursuant to 42 U.S.C. § 2000e-5(g)(1), 42 U.S.C. § 1981a(a)(1), 42 U.S.C. § 1981a(b)(1) ("Title VII") that punitive damages are not authorized against "a government, government agency or political subdivision." 42 U.S.C.A. § 1981a (West). Plaintiff acknowledges that PCSSD, an Arkansas school district, is a "political subdivision," not an arm of the State of Arkansas. *Crenshaw v. Eudora Sch. Dist.*, 362 Ark. 288, 291–92, 208 S.W.3d 206, 208–09 (2005). However, Defendants failed to raise this

2

limitation on the Plaintiff's right to recover punitive damages until after the Plaintiff rested her case in chief. Despite having filed two Motions in Limine on the issue of punitive damages, Defendants belatedly raise again several bases for asserting the unavailability of punitive damages. As discussed below, Defendants waived this and other defenses on the question of punitive damages; it is too late to assert this bar to the Plaintiff's recovery of punitive damages.

14. **<u>Defendants assert</u>**:   "Likewise, governmental immunity for punitive damages against school districts extends to Sections 1983 and 1981 claims."

**<u>Plaintiff's Response</u>**: Defendants have not alleged or introduced proof of PCSSD's entitlement to any governmental immunity, in general, or to bar recovery of punitive damages. The defense of immunity is absent from the Defendants' Answer to the Second Amended Complaint, their Motion for Summary Judgment, and their Supplement Brief in Support of their Motion for Summary Judgment. (Defs. Answer to the Second Amended Complaint, Dkt. No. 79, filed 10/27/29/2020; Defs. Motion for Summary Judgment and Brief in Support, Dkt. Nos. 27 & 28, filed 08/12/2020; Supplemental Brief, Dkt. No. 70, filed 10/21/2020). Defendants failed to raise governmental immunity as an affirmative defense, in general or specifically for 42 U.S.C. §§ 1981 and 1983. These defenses were waived.  See discussion, infra, page 4. Fed. R. Civ. Pro. 8(c).

More importantly, as a political subdivision rather than an "arm" of the State of Arkansas, PCSSD, an Arkansas school district, is not entitled to sovereign immunity. *Crenshaw v. Eudora Sch. Dist.*, 362 Ark. 288, 291–92, 208 S.W.3d 206, 208–09 (2005); See generally, *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 279, 97 S.Ct. 568, 573, 50 L.Ed.2d 471 (1977) (determining a school district's entitlement to Eleventh Amendment sovereign immunity based upon the district's relationship to its State). Qualified immunity is likewise inapplicable. A

governmental official sued in his or her individual capacity may raise the defense of qualified immunity, not the institution. Qualified immunity protects officials. *Hess v. Abels*, No. 5:11-CV-00249KGB, 2012 WL 3882184, at *3 (E.D. Ark. Sept. 6, 2012), aff'd sub nom. *Hess v. Ables*, 714 F.3d 1048 (8th Cir. 2013).

**14.** **Defendants assert**: "It is also well-established that "municipalities, and more broadly, state and local government entities, are immune from punitive damages in Sections 1983 and 1981 actions."

**Plaintiff's response**: Defendants failed to assert municipal immunity, qualified immunity, and the limitation imposed by 42 U.S.C. § 1981a for punitive damages in its pleadings. Consequently, Defendants lack a legal basis for asserting municipal immunity, qualified immunity, and the bar of 42 U.S.C. § 1981a from punitive damages as bases for a directed verdict. The Defendants must raise affirmative defenses before relying upon them to prevail in this case. 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 8, at nn.212 -259. There are, however, limited exceptions to Fed. R. Civ. 8; none are applicable here.

      a.      <u>The limited exceptions to Fed. R. Civ. 8 are inapplicable here.</u>

The Eighth Circuit recognized the availability of affirmative defenses when introduced at later stages of litigation. None of the exceptions on the limited ability to introduce affirmative defenses are applicable here.

      (1) Prior notice of the specific defense.

First, in *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 623 (8th Cir. 2007), the Eighth Circuit affirmed the general rule that the failure to plead an affirmative defense is a waiver of that defense. Fed. R. Civ. P. 8(c). Id. at 622. The purpose of the pleading requirement is to give the opposing party both notice of the affirmative defense and an

opportunity to rebut it. *Id.* Asserting an affirmative defense at a later stage is permissible but only in a context that does not result in surprise or prejudice to the plaintiff. *Id*. In *First Union*, no unfair surprise or prejudice resulted because First Union had informed the plaintiff twice of its intent to use the Connecticut Act as a defense against Pictet's breach of fiduciary duty claim prior to Pictet's motion for summary judgment. First Union asserted its affirmative defense in its response to Pictet's motion for reconsideration on the district court's ruling on another issue and then in First Union's subsequent appellee's brief filed in the first appeal between the parties. In its filing, First Union specified and paraphrased the relevant code and described the effect on Pictet's claim. Pictet also demonstrated its awareness of the defense by addressing it in its reply brief. Notice from prior filings operated, in the Eighth Circuit's view, as a constructive amendment of First Union's pleading.

In this case, the Defendants belatedly assert 42 U.S.C. § 1981a limitation on punitive damages, municipal immunity to punitive damages pursuant to 42 U.S.C. §1983 and § 1981, and general municipal immunity. None of these were raised in any prior pleading or motion. Defendants served two Motions in Limine on the issue of punitive damages. Neither raised these issues.

      (2). Timely notice before the expiration of defendant's right to amend its Answer.

Second, in *Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir. 1992). The government filed its Answer asserting the affirmative defenses of failure to state a claim and lack of jurisdiction. Two months later, the government filed its motion to dismiss for failure to state a claim asserting the statute of limitations. The plaintiff responded that the defense of the statute of limitations was waived; it had not been pleaded. The Eighth Circuit found the government had a right to amend its pleading to add the statute of limitations as a defense. Most importantly, only

two months had elapsed between the filing of the Answer and the Motion to Dismiss. Because of these facts, the Eighth Circuit did not find an abuse of discretion by the district court in granting the Motion to Dismiss. Given the timing, neither surprise nor prejudice resulted.

In contrast here, Defendants' right to amend their Answer expired 21 months ago on May 26, 2020; their Answer to the Complaint was filed on November 19, 2019. Sixteen months after filing their Answer to the Second Amended Complaint, on October 27, 2020, and after Plaintiff rested her case this matter, the defendants raise new affirmative defenses. These affirmative defenses are not analogous to the general defenses previously alleged or the specific bases for the non-recovery of punitive damages asserted by the defendants in this lawsuit.

(3)  The lack of surprise and prejudice

Third, *Stoebner v. Parry, Murray, Ward & Moxley*, 91 F.3d 1091, 1093 (8th Cir. 1996). Parry, Murray raised collateral estoppel in its summary judgment motion. Stoebner failed to show that he lacked notice of the defense and that Parry, Murray's delay prejudiced his ability to respond. Consequently, the affirmative defense was not waived.

After closing her case, the defendants in this case raised 42 U.S.C. § 1981a limitation on punitive damages, municipal immunity to punitive damages pursuant to 42 U.S.C. §1983 and § 1981, and general municipal immunity from punitive damages as defenses. It is too late and highly prejudicial. Defendants assert that it is "well established" that punitive damages aren't imposed on municipalities pursuant to Sections 1981 and 1983. If municipal immunity is well established, why have Defendants waited so long to assert the defense. Plaintiff addressed the Defendants' prior motions on punitive damages; Plaintiff was entitled to assume that no other bases for limiting punitive damages existed. Raising these defenses now not only surprises the Plaintiff but results in substantial prejudice and harm. The jury believed it had the right to

6

impose punitive damages on PCSSD. Without that right, the jury may have responded differently in its award of other damages. Defendants rather than the Plaintiff must bear the consequences of Defendants' delay. It is too late for the jury to reconsider its decision.

**15.** **Defendants assert**: "Even if punitive damages were available to Warren (they are not), under Sections 1981 and 1983, punitive damages are only recoverable where the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed.2d 632 (1983).   Warren has presented no evidence to meet this high bar."

**Plaintiff's response**:  Plaintiff's evidence established that Defendants Remele and Gillen were motivated by malicious, evil motives and intent. Gillen lied to Warren when Dr. Warren inquired concerning the Board's willingness to appoint her Interim Superintendent but not appoint her as Deputy Superintendent. Dr. Warren testified that Gillen said the decision on the Deputy Superintendency had "nothing to do with you [Warren]." This statement is contrary to Gillen's malicious testimony that she, Gillen, was content to hire Dr. Warren as Interim Superintendent without "intending to give her [Warren] fair consideration" for the permanent position.

Dr. Remele testified in another matter[1] that Dr. Warren was qualified for the job but asserted malicious, unfounded, factually erroneous allegations against Dr. Warren at Board meetings following the Status Hearing on September 8, 2017, and after the first presentation of a national superintendent search provider. Both women asserted allegations blaming Dr. Warren for issues that predated Dr. Warren's appointment as Interim Superintendent. Both had the evil intent of creating in the minds of the male members of the Board the impression that Dr. Warren

---

[1] *Beasley v. Dr. Charles McNulty*, No.4:18-cv-508-DPM, page 50, lines 18-19

7

was unqualified for the position of Superintendent. *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983)

Plaintiff's evidence also demonstrated that Kemp, Thomas, Keller, and Maune showed reckless or callous indifference to Dr. Warren's federally protected rights. None of these men questioned or investigated the allegations against Dr. Warren but blindly followed the leadership of Dr. Remele. *Smith v. Wade*, *supra*.

## CONCLUSION

For the foregoing reasons, this Court must deny Defendants' motion for directed verdict.

Respectfully submitted this 2nd day of March, 2022,
Sarah Howard Jenkins
Arkansas Bar #97046
SARAH HOWARD JENKINS, PLLC
P.O. Box 242694
Little Rock, Arkansas 72223
Phone: (501) 406-0905
sarah@shjenkinslaw.com (email)

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8220
Facsimile: 501-372-5567
Email: Aporte5640@aol.com
