IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                         **PLAINTIFF**

v.                  **Case No. 4:19-CV-00655-BSM**

**MIKE KEMP,** *et al.*                                                 **DEFENDANTS**

## ORDER

At the close of plaintiff Janice Warren's case in chief, defendants moved for judgment as a matter of law. Doc. No. 161. The only issue regarding that motion remaining unresolved is the request for dismissal of plaintiff's punitive damages claim against the Pulaski County Special School District (PCSSD).

That motion is granted because Warren cannot recover punitive damages against PCSSD under Title VII because it is a political subdivision of the state of Arkansas. *See* 42 U.S.C. § 1981a(b) (excluding recovery of punitive damages against a political subdivision); *Dermott Special Sch. Dist. v. Johnson*, 32 S.W.3d 477, 480 (Ark. 2000) (holding school districts are political subdivisions of the state). Warren also cannot recover punitive damages against PCSSD under section 1981. *See City of Newport v. Fact Concert, Inc.*, 453 U.S. 247 (1981) (municipalities are immune from punitive damages under section 1983); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989) (public school districts are considered municipalities, and section 1981 claims against state actors must go through section 1983).

Despite PCSSD's failure to affirmatively plead that it is not subject to punitive damages, the law simply does not permit an award of punitive damages against it, and the

jury cannot award Warren what the law does not permit.  Even if PCSSD should have pled this as an affirmative defense, PCSSD's punitive damages argument is not waived because it does not unfairly surprise or prejudice Warren.  *See First Union Nat'l Bank v. Pictet Overseas Tr. Corp., LTD.*, 477 F.3d 616, 622 (8th Cir. 2007).  This is true because the question presented is a legal one that did not require the resolution of any factual issues at trial, and Warren has been given an opportunity to argue why punitive damages are assessable.  *See Blonder-Tongue Labs. Inc., v. Univ. of Ill. Found.*, 402 U.S. 313, 150 (1971) (the purpose of Federal Rule of Civil Procedure 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it).  Warren's unfair surprise argument is also diminished by the fact that PCSSD's motion is based on the same statutes upon which Warren brought her claims.

      IT IS SO ORDERED this 4th day of March, 2022.

                                                          UNITED STATES DISTRICT JUDGE