IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                            PLAINTIFF

v.                          Case No. 4:19-cv-00655-BSM

KEMP, et al.                                                      DEFENDANTS

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS'
RENEWED RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN
THE ALTERNATIVE, MOTION TO ALTER OR AMEND THE JUDGMENT**

COMES, now, the Plaintiff, Dr. Janice Warren, by and through her attorneys, Sarah Howard Jenkins, PLLC, and "Austin Porter Jr., d/b/a Porter Law, and response to Defendants' Renewed Rule 50(b) Motion For Judgment as a Matter of Law or, In the Alternative, Motion to Alter or Amend the Judgment and says:

1.  Plaintiff admits this Court entered Judgment, Dkt. #176, in this matter on March 10, 2022, following the jury verdict, Dkt. #171, returned on February 25, 2022. Plaintiff further admits that Judgment was entered after the Court partially granted PCSSD's Motion for Directed Verdict, which set aside punitive damages only to Defendant PCSSD. The Judgment included punitive damages against individual Defendants Linda Remele and Alicia Gillen, both former PCSSD Board members at all times relevant. Plaintiff denies that the law prohibits the imposition of punitive damages against Remele and Gillen, state actors sued in their individual capacities.

Plaintiff denies that the jury's verdict must be set aside. Plaintiff asserts that she established that she engaged in a protected activity at trial. First, Plaintiff's proof provided the

1

jury with a basis for inferring her reasonable belief that PCSSD's discriminatory construction of Mills was a prohibited employment practice adversely affecting the employment conditions of Mills' predominately black administrators, teachers, and staff. Second, Dr. Warren's reporting of the discriminatory construction was a protected activity because reporting violations of State and Federal law was a term and condition of her employment as Interim Superintendent. Third, notifying the Board, PCSSD's attorney, or the court was opposition to discriminating against black students and female students as a term or condition of her employment. Opposing discrimination is a protected activity.

2. Plaintiff denies that pursuant to Fed. R. Civ. Pro. 50 and Fed. R. Civ. Pro. 59, Defendants are entitled to be granted by this Court judgment as a matter of law, or the setting aside the jury's verdict, or to amend the judgment. In support of their Fed. R. Civ. Pro. 50 motion, Defendants failed to identify any issue that Plaintiff did not prove with sufficient evidence. Defendants' arguments to support their Fed. R. Civ. Pro. 59(e) motion lack a basis in law. Indeed, Defendants' arguments are contrary to prevailing employment discrimination law and are interposed for delay and to harass the Plaintiff.

3. Plaintiff provides her Brief in Opposition to the Defendants' motion, attached appendixes, and relies on the entire record in this action to support her opposition to the Defendants' motion.

WHEREFORE, Plaintiff requests this Court to deny Defendants' motion and to sanction their attorneys' for violating Fed. R. Civ. Pro. 11(b)(2) and to award Plaintiff her expenses, including attorney's fees incurred in responding to this motion.

                Respectfully submitted this 5th day of April 2022,
                Sarah Howard Jenkins
                AR Bar No. 97046
                Attorney for the Plaintiffs

SARAH HOWARD JENKINS, PLLC
P.O. BOX 242694
Little Rock, AR 72223
Telephone No. (501) 406-0905
Email:  sarah@shjenkinslaw.com

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8220
Facsimile: 501-372-5567
Email: Aporte5640@aol.com