IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE HARGROVE WARREN                                                            PLAINTIFF

v.                           Case No. 4:19-CV-00655-BSM

MIKE KEMP, *et al.*                                                                DEFENDANTS

## ORDER

Defendants' motion for judgment as a matter of law, or to alter or amend the judgment [Doc. No. 181], is denied. Warren's motion for equitable and injunctive relief [Doc. Nos. 177 & 179] is granted in part and denied in part. Warren is awarded pre-judgment and post-judgment interest as specified below, and her remaining requests for relief are denied.

*1. Defendants' Motion*

In their motion, defendants argue that punitive damages cannot be assessed against Linda Remele and Alicia Gillen because section 1981 does not permit retaliation claims against state actors, except those brought pursuant to section 1983. *See Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 929 (8th Cir. 2021). They contend Warren did not bring her section 1981 retaliation claim under section 1983, and that her claim would fail regardless because section 1983 retaliation claims must be based on First Amendment activity. *See* Doc. No. 182 at 3–4. Defendants' argument fails because Warren unambiguously brought her section 1981 retaliation claim under section 1983. *See* Second Am. Compl. ¶¶ 67–70, Doc. No. 65. Moreover, section 1981 provides an independent basis for retaliation claims related to racial discrimination. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442 (2008). In this context,

section 1983 merely provides the "damages remedy for the violation of rights guaranteed by § 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

Defendants also argue that the entire verdict must be set aside because Warren did not prove a retaliation claim under either Title VII or section 1981. They contend that Warren's reporting of a disparity between the construction of two schools is not a protected activity that supports a retaliation claim under either statute. *See* Doc. No. 182 at 4–8. Title VII protects opposition to "any practice made an unlawful employment practice [by Title VII]." 42 U.S.C. § 2000e-3(a). The employee must have a reasonable, good faith belief that the practice violates Title VII, even if it is not actually unlawful. *Bonn v. City of Omaha*, 623 F.3d 587, 591 (8th Cir. 2010). The elements of Title VII and section 1981 retaliation claims are identical and analyzed the same. *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013).

Defendants' request to set aside the verdict is denied because a reasonable juror could have found that Warren's report of the construction disparity was a protected activity. Judgment as matter of law is appropriate "[o]nly when there is a complete absence of probative facts to support the conclusion reached" by the jury. *Ryther v. KARE 11*, 108 F.3d 832, 845 (8th Cir. 1997) (quoting *Lavender v. Kurn*, 327 U.S. 645, 653 (1946)). Defendants have not met this burden, nor have they shown it is necessary to alter or amend the judgment to correct "manifest errors of law." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (internal quotation omitted).

*2. Warren's motion*

Warren argues that she should be awarded additional back pay, pre and post-judgment interest, front pay, and other injunctive and declaratory relief.

    a.      Back pay

Warren's back pay award will not be increased because the jury heard evidence that Warren failed to fully mitigate her damages by seeking comparable employment. *See Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809 (8th Cir. 1982). Based on the evidence, the jury found that Warren was not entitled to lost wages and benefits for the entire time period she was seeking, and this finding cannot be freely disregarded. *See Mathieu v. Gopher News Co.*, 273 F.3d 769, 778 (8th Cir. 2001) ("the district court is not free to reject or contradict findings by the jury that were properly submitted to the jury")

    b.      Pre-judgment interest

Warren is awarded $17,281.36 in pre-judgment interest. Pre-judgment interest may be awarded against state defendants under Title VII. *Wimbush v. State of Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1483 (8th Cir. 1995). The Pulaski County Special School District (PCSSD) has provided no reason why such an award would be inequitable given Title VII's purpose to make plaintiff's whole. *See Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1194 (8th Cir. 2000) ("Generally, prejudgment interest should be awarded 'unless exceptional or unusual circumstances exist making the award of interest inequitable.'") (internal quotation omitted). Warren's pre-judgment interest, however, will only be awarded

on her lost wages and benefits. An award of prejudgment interest on Warren's other damages is not appropriate. *See Smith v. World Ins. Co.*, 38 F.3d 1456, 1467 (8th Cir. 1994) (prejudgment interest is committed to the district court's discretion). Prejudgment interest is also not appropriate on Warren's punitive damages award. *See Flockhart v. Iowa Beef Processors, Inc.*, 192 F.Supp.2d 947, 978 (N.D. Iowa 2001) (denying pre-judgment interest on punitive damages in a Title VII case).

Warren's pre-judgment interest rate will be calculated according to Arkansas law. *See* Ark. Code Ann. § 16-65-114. This rate is the Federal Reserve primary credit rate in effect on the date of the judgment, plus two percentage points. *See* 12 C.F.R. § 201.51(a); Ark Code Ann. § 16-62-114(a)(1)(B). Accordingly, the pre-judgment interest rate will be 2.25%. Warren's back pay award ($208,025.40) multiplied by the applicable rate (.0225) yields $4,680.57 in interest per year, which is a daily interest rate of $12.82. The amount of pre-judgment interest from July 1, 2018, to March 10, 2022 (date of judgment) is therefore $17,281.36.

    c.    Post-judgment interest

Warren's motion for post-judgment interest is granted. Post-judgment interest is allowed on any money judgment in a federal civil case. 28 U.S.C. § 1961(a). The applicable post-judgment interest rate is "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*. According to the St. Louis

Federal Reserve Banks' FRED database, Warren's post-judgment interest rate is 1.02 percent. *See* Federal Reserve Statistical Release, *available at* http://www.https:/https://fred.stlouisfed.org/release/tables?eid=290&rid=18, at March 10, 2022 (last visited Apr. 12, 2022). Post-judgment interest will accrue on Warren's entire jury award, including punitive damages.

      d.      Front pay

Warren's request for front pay is denied. Front pay may be granted in lieu of reinstatement in situations where reinstatement would be impracticable or impossible. *Newhouse v. McCormick & Co.*, 110 F.3d 635, 641 (8th Cir. 1997). Reinstatement is presumably impossible here because the PCSSD superintendent position is occupied, but front pay is still not appropriate because the jury found that Warren failed to mitigate her damages when it only awarded her half of the back pay she was seeking. *See Miller v. Bd. of Regents of Univ. of Minn.*, No. 15-CV-3740 (PJS/LIB), 2019 WL 586674, at *3 (D. Minn. Feb. 13, 2019) (holding jury must necessarily have found plaintiff met duty to mitigate when it awarded full damages through date of verdict). The jury concluded that Warren was not entitled to lost wages and benefits through the date of verdict, which is when front pay begins to be calculated. A front pay award would contradict this finding by the jury. *See Mathieu*, 273 F.3d at 778; *see also Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999) (denying front pay based on plaintiff's failure to mitigate by finding comparable employment).

e.    Other relief

Warren's request for other equitable relief is denied. For the same reasons it is not appropriate to award Warren front pay, it is also not appropriate to order PCSSD to place her in the next available superintendent position or adjust her pay to match that of the current superintendent. *See supra* Section 2.d; *see also Briscoe v. Fred's Dollar Store, Inc.*, 24 F.3d 1026, 1028 (8th Cir. 1994) ("District courts have broad discretion to issue an injunction once discrimination has been established in a Title VII action"). Warren's request for declaratory relief is also denied because such a declaration would essentially restate the jury's verdict, which did not represent a significant development in Title VII law. *See Pitrolo v. Cty. of Buncombe, N.C.*, 589 F. App'x 619, 627–30 (4th Cir. 2014) (affirming district court's denial of declaratory relief).

### 3. Conclusion

For the foregoing reasons, defendants' motion for judgment as a matter of law, or to alter or amend the judgment [Doc. No. 181], is denied. Warren's motion for equitable and injunctive relief [Doc. Nos. 177 & 179] is granted in part and denied in part. Warren is awarded pre-judgment interest in the amount of $17,281.36. Warren is also awarded post-judgment interest to be calculated at the rate of 1.02 percent on the total award of $383,025.40, pursuant to 28 U.S.C. section 1961(a), for the period beginning on March 10, 2022, through the date that the judgment is paid in full. Warren's other requests for relief are denied.

IT IS SO ORDERED this 21st day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE