IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE HARGROVE WARREN**                                                        **PLAINTIFF**

v.                              Case No. 4:19-cv-00655-BSM

**KEMP, et al.**                                                                      **DEFENDANTS**

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 59(e) and 60(b)(6) plaintiff, Dr. Janice Warren comes, through her attorneys, Sarah Howard Jenkins, PLLC and Austin Porter dba Porter Law, before this Honorable Court requesting this Court to Reconsider its April 21, 2022, order denying her motion for equitable relief in part on the question of her equitable right to additional back pay and front pay to avoid manifest errors of fact and manifest errors of law and says:

1. The defendants failed to satisfy their burden of showing that the course of conduct plaintiff actually followed was so deficient as to constitute an unreasonable failure to seek employment in mitigation of her damages from defendants' egregious retaliation;

   a. Prevailing law only requires an honest, good faith effort. Dr. Warren's conduct satisfied this standard. *Baker v. John Morrell & Co.*, 263 F. Supp.2d 1161, 1171 (N.D. Iowa 2003), aff'd, 382 F.3d 816 (8th Cir. 2004*)*; *E.E.O.C. v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir.1992); *Huber v. The Gazette Company*, No. C 98–50 MJM, 1999 WL 33656874 (N.D. Iowa Oct. 26, 1999).

1

    2.    The jury did not hear evidence that supported a conclusion that Dr. Warren failed to mitigate fully her damages by seeking comparable employment;

    a.    Prevailing law does not impose on a claimant the duty to accept or seek employment at an unreasonable distance from her home. *Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir. 1983); *E.E.O.C. v. Fin. Assur., Inc.*, 624 F. Supp. 686, 693 (W.D. Mo. 1985).

    b.    Prevailing law does not impose on a claimant an obligation to apply for or accept a position if the job responsibilities are substantially dissimilar to the claimant's experience and distinguishable from the job responsibilities of the position withheld by the defendants in violation of Title VII or other applicable law. *Baker, supra*, at 1179; *Grace v. City of Detroit*, 341 F. Supp. 2d 709, 716 (E.D. Mich. 2004), aff'd, 216 F. App'x 485 (6th Cir. 2007); *Equal Emp. Opportunity Comm'n v. New Prime, Inc.*, No. 6:11-CV-03367-MDH, 2015 WL 8757318, at *6 (W.D. Mo. Dec. 14, 2015).

    c.    The defendants failed to establish that the 2021-2022 Conway Public School superintendency was substantially equivalent to the position withheld by PCSSD and its Board from Dr. Warren in retaliation for notifying the Board, PCSSD's attorney, and the Federal Court of PCSSD's discriminatory conduct. The jury was left to speculate on the comparative obligations and benefits.

    3.    To avoid limitations on the recovery of back pay in a failure to promote case, prevailing law requires a claimant to maintain her position with her employer unless she is constructively discharged. *Jurgens v. Equal Emp't Opportunity Comm'n*, 903 F.2d 386, 389 (5th Cir.1990); *Clark v. Marsh*, 665 F.2d 1168, 1173 (D.C.Cir.1981); *McCoy v. Oscar Mayer Foods*, 108 F.3d 1379 (7th Cir. 1997); *Lewis v. D.C.,* 791 F. Supp. 2d 136, 143–44 (D.D.C. 2011);

*Bowles v. Osmose Utilities Servs., Inc.*, No. CIV. 04-4003, 2004 WL 4910143, at *7 (W.D. Ark. Dec. 21, 2004), aff'd, 443 F.3d 671 (8th Cir. 2006).

4. This Court must consider all the circumstances not merely the jury's findings when it considers a request for front pay. *Mathieu v. Gopher News Co.*, 273 F.3d 769 (8th Cir. 2001); *Excel Corp. v. Bosley*, 165 F.3d 635, 639 (8th Cir. 1999); *Miller v. Bd. of Regents of Univ. of Minnesota*, No. 15-CV-3740 (PJS/LIB), 2019 WL 586674, at *2 (D. Minn. Feb. 13, 2019), *amended in part*, 402 F. Supp. 3d 568 (D. Minn. 2019).

5. Public Policy mandates the award of back pay and front pay in this case. *N.L.R.B. v. Madison Courier, Inc.*, 472 F.2d 1307 (D.C. Cir. 1972).

6. In support of her Motion for Reconsideration, Plaintiff submits for this Court's consideration her Brief in Support, her trial testimony -- the only evidence introduced by the Defendants on the issue of mitigation, seven exhibits, and the entire record in this case.

WHEREFORE, in the interest of justice, plaintiff requests this Court to reconsider its denial of her request for equitable relief of additional back pay and front pay.

    Respectfully submitted this 2nd day of May, 2022,
    Sarah Howard Jenkins
    Arkansas Bar #97046
    SARAH HOWARD JENKINS, PLLC
    P.O. Box 242694
    Little Rock, Arkansas 72223
    Telephone: 501-406-0905
    Email: sarah@shjenkinslaw.com

    Austin Porter Jr., Ark. Bar No. 86145
    PORTER LAW FIRM
    Catlett-Prien Tower Building
    323 Center Street, Suite 1035
    Little Rock, Arkansas 72201
    Telephone: 501-244-8200
    Facsimile: 501-372-5567
    Email: Aporte5640@aol.com
    Attorneys for Plaintiff