**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANICE HARGROVE WARREN**                                            **PLAINTIFF**

**v.**                              **No. 4:19-cv-00655-BSM**

**MIKE KEMP, et al.**                                                  **DEFENDANTS**

**DEFENDANTS' COMBINED RESPONSE TO PLAINTIFF'S MOTIONS**
**FOR RECONSIDERATION AND RELIEF FROM ORDER**

Defendants, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Combined Response to Plaintiff's Motions for Reconsideration and Relief from Order (collectively, "Motion") (ECF Docs. 192, 195)[1], state:

1.      Defendants admit the existence of the legal authority referred to in Plaintiff's Motion, which speak for themselves.  Defendants otherwise deny the remaining allegations set forth in paragraphs 1, 2, 3, 4 and 5 of the Motion.

2.      Defendants admit the existence of the documents referred to in paragraph 6 of the Motion, which speak for themselves, but the admission of additional evidence post trial is not appropriate and the new evidence cannot be considered.  Defendants otherwise deny the remaining allegations set forth in paragraph 6 of the Motion.

3.      Plaintiff's Motion should be denied because she has not sufficiently pled facts to support the high bar for a motion to reconsider.  "A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence' after a final judgment.   It cannot be used to introduce new evidence which could have been offered before judgment." *Bradley Timberland Res.*, 712 F.3d 401, 407 (8th Cir. 2013)

---

[1] Plaintiff's two motions appear nearly identical; as such, Defendants are filing a combined response.

(internal citation omitted).   "The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis for its decision.   Rule 59(e) motions for reconsideration are appropriate when the court has made an error in interpreting facts or law . . . ."   *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991).

4.      Plaintiff has raised no manifest error of fact or law committed by the Court to warrant the Court reconsidering its previous order.   Instead, Plaintiff just reasserts the same arguments in her initial motion and attaches new evidence not introduced at trial.   This is improper.

5.      Plaintiff largely argues in her motion that PCSSD failed to meet its burden of showing that Plaintiff unreasonably failed to mitigate her damages.   PCSSD put on evidence at trial that Plaintiff had been contacted by the search firm, Ray and Associates, multiple times about applying for superintendent positions, and she declined to apply each time.   Plaintiff also failed to apply for the like position of superintendent at Conway Public Schools in central Arkansas. PCSSD met its burden of introducing evidence of Plaintiff's failure to mitigate that was sufficient for the jury to decide the issue.   *See, e.g., Barbour v. Merrill*, 48 F.3d 1270, 1279-80, 310 U.S. App. D.C. 419 (D.C. Cir. 1995) (describing the plaintiff's burden to prove a reasonably certain front pay award, and the defendant's burden to challenge that proof and assert the affirmative defense of failure to mitigate damages).

6.      The issue of mitigation was properly submitted to the jury and it is undisputed that the jury only awarded Plaintiff half of her back pay request, or the difference in the salaries for two years—not the four years requested.   The Court must accept this finding from the jury that Plaintiff failed to mitigate and was only entitled to two years of back pay.   *See Mathieu v. Gopher News* Co., 273 F.3d 769, 778 (8th Cir. 2001) ("the district court is not free to reject or contradict

findings by the jury on issues that were properly submitted to the jury"); and *Coleman v. Omaha*, 714 F.2d 804, 806-808 (8th Cir. 1983) (Court directed verdict in favor of employee on employment claim, but back pay was submitted to the jury, which returned a verdict of zero, accepting the employer's contention that plaintiff failed to mitigate his damages.   Eighth Circuit was "powerless" to review the issue as it was decided by the jury and not the court.).

7.      PCSSD met its burden of proving Plaintiff failed to mitigate her damages, but it was Plaintiff that failed to persuade the jury otherwise.   Now, Plaintiff attempts to make new arguments after the verdict that should have been made to the jury.   This is Plaintiff's failure and asking the Court to alter the jury's verdict on this issue is not proper.

8.      For the same reason the jury only awarded Plaintiff half of her back pay request— because she failed to mitigate—the Court correctly denied Plaintiff any front pay.   The Court in its equitable power cannot now award front pay that is inconsistent with the jury verdict.   *See Cleverly v. Western Electric Co.*, 450 F. Supp. 507, 511 (W.D. Mo. 1978), *aff'd*, 594 F.2d 638 (8th Cir. 1979) (the jury verdict in favor of plaintiff on an issue is *res judicata* for the purposes of the equitable claims").   An award of front pay would be contrary to the jury's decision to only award Plaintiff less than half of her requested lost wages of $437,453.64.   *See Newhouse v. McCormick & Co.*, 110 F.3d 635, 641 (8th Cir. 1997) ("In making a front pay award, the district court is not free to reject or contradict findings by the jury on issues that were properly submitted to the jury…").

9.      For these reasons, the Court correctly found front pay should not be awarded and Plaintiff has presented no facts sufficient to meet the high bar for a motion to alter the ruling. Plaintiff's Motion must be denied.

WHEREFORE, Defendants pray that Plaintiff's Motions for Reconsideration and Relief from Order be denied; for Defendants' attorneys' fees and costs incurred herein; and for all other appropriate relief to which Defendants may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: _____**W. Cody Kees**_____
        Jay Bequette, Ark. Bar #87012
        W. Cody Kees, Ark. Bar #2012118

*Attorneys for Defendants*