# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
5 Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Tuesday, September 7, 2021

**Invoice #:**  146688

**United States District Court For The Eastern District Of Arkansas Case Number:**
**JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. JOHNNY KEY**
**SERVED: JOHNNY KEY ON 9/14/2021**

| | | |
|---|---|---|
| **Process Serving Fee:** | $65.00 | |
| **Other fees:** | $40.00 | witness Fee advance by sibert process |
| | **$105.00** | |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:** 4:19-CV-00655-BSM

**Date Received:** 06-Sep-21

**Attorney:** Sarah Howard Jenkins

**Attorney:**

**Plaintiff:** Janice Hargrove Warren v. Charles McNulty

On Tuesday, September 14, 2021 at 06:14 PM I have duly served this

LETTER/SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION/EXHIBITS/WITNESS FEE CHECK $40

on Johnny Key by the following manner of service: In Person at his residence by delivering a true copy to: Johnny Key. Address where party served:  14 Lantern Hill Road, Little Rock, AR  72227.

Client No:

Fee: $65.00

Process server: Richard L. Whaley, I I I

Subscribed and sworn to before me on Wednesday, September 15, 2021

My Commission expires

Joyce Clarke, Notary Public



AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Arkansas ▾

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| *Plaintiff* | ) |
| v. | ) |
| CHARLES MCNULTY, et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:19-cv-00655-BSM

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:             Johnny Key, Commissioner Department of Education
                14 LANTERN HILL RD, LITTLE ROCK, AR 72227
_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse | Courtroom No.: 2D |
|---|---|
| 500 West Capitol Avenue Little Rock, AR 72201 | Date and Time: 09/23/2021 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/07/2021

                    *CLERK OF COURT*
                                                OR

_____                _____
*Signature of Clerk or Deputy Clerk*            Sarah Howard Jenkins
                                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Janice Warren
_____, who issues or requests this subpoena, are:
SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  4:19-cv-00655-BSM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Johnny Key, Commissioner and Sec. of Edu.

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:  J. Key

@ Residence

_____ on *(date)* 9-14-21  6:14 PM ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  9-15-21          _____
                                    *Server's signature*

                                    Richard Whaley III
                                    *Printed name and title*


                                    _____
                                    *Server's address*

Additional information regarding attempted service, etc.:

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Friday, August 27, 2021

**Invoice #:**  146624

**United States District Court  - Eastern District Of Arkansas Case Number: 4:19-C**
**JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. TOMMY FARMER**
**SERVED: TOMMY FARMER ON 8/30/2021**

| | |
|---|---|
| **Process Serving Fee:** | $75.00 |
| **Other fees:** | $0.00 |
| | **$75.00** |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

### UNITED STATES DISTRICT COURT  - EASTERN DISTRICT OF ARKANSAS

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:** 4:19-CV-00655-BSM

**Date Received:** 26-Aug-21

**Attorney:** Sarah Howard Jenkins

**Attorney:**

**Plaintiff:** Janice Hargrove Warren v. Charles McNulty

On Monday, August 30, 2021 at 06:10 PM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION/WITNESS FEE CHECK $40

on Tommy Farmer by the following manner of service: In Person at his residence by delivering a true copy to: Tommy Farmer. Address where party served:  7234 Havenwood Drive, Benton, AR  72019.

Client No:

Fee: $75.00

Process server: Larry Davis

Subscribed and sworn to before me on Tuesday, August 31, 2021

My Commission expires

Joyce Clarke, Notary Public

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Arkansas

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   4:19-cv-00655-BSM |
| CHARLES MCNULTY, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:                            Tommy Farmer
                    7234 Havenwood Drive, Benton, AR 72019-8907
                    _(Name of person to whom this subpoena is directed)_

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse 500 West Capitol Avenue Little Rock, AR 72201 | Courtroom No.: 2D |
|---|---|
| | Date and Time: 09/21/2021 9:00 am |

   You must also bring with you the following documents, electronically stored information, or objects _(leave blank if not applicable)_:

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/30/2021

     _CLERK OF COURT_

                OR

_____              _____
_Signature of Clerk or Deputy Clerk_              Sarah Howard Jenkins
                                     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Dr. Janice Warren
_____ , who issues or requests this subpoena, are:
SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  4:19-cv-00655-BSM

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Tommy Farmer

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   *In person*

@ 7234 Havenwood Drive, Benton

on *(date)*   8/30/21   ; or   6:10 pm

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  8/31/21                                      _____
                                                              *Server's signature*

                                        Process Server  Larry Davis
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Friday, August 27, 2021

Invoice #:  146623

**United States District Court** - Eastern District Of Arkansas Case Number: 4:19-C
JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. PAM FITZGIVEN
SERVED: PAM FITZGIVEN ON 9/9/2021

| | |
|---|---|
| Process Serving Fee: | $65.00 |
| Other fees: | $0.00 |
| | **$65.00** |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

### UNITED STATES DISTRICT COURT  - EASTERN DISTRICT OF ARKANSAS

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:**  4:19-CV-00655-BSM

**Date Received:** 26-Aug-21

**Attorney:**  Sarah Howard Jenkins

**Attorney:**

**Plaintiff:**  Janice Hargrove Warren v. Charles McNulty

On Thursday, September 9, 2021 at 05:18 PM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION/WITNESS FEE CHECK $40

on Pam Fitzgiven by the following manner of service: In Person at her residence by delivering a true copy to: Pam Fitzgiven. Address where party served:  41 Single Oaks Sherwood, AR 72120.

Client No:

Fee: $65.00

Process server: Tim Sibert

Subscribed and sworn to before me on Friday, September 10, 2021

My Commission expires

JOYCE CLARKE
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12710320 EXPIRES 2-6-2030

Joyce Clarke, Notary Public

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas  ▾

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| _Plaintiff_ | ) |
| v. | ) |
| CHARLES MCNULTY, et al. | ) |
| _Defendant_ | ) |

Civil Action No.   4:19-cv-00655-BSM

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:
Pam Fitzgiven
41 Single Oaks, Sherwood, AR 72120

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: Richard Sheppard Arnold United States Courthouse<br>500 West Capitol Avenue<br>Little Rock, AR 72201 | Courtroom No.: 2D |
| | Date and Time: 09/21/2021 11:30 am |

You must also bring with you the following documents, electronically stored information, or objects _(leave blank if not applicable)_:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/30/2021

_CLERK OF COURT_

OR

_____
_Signature of Clerk or Deputy Clerk_

_____
Sarah Howard Jenkins
_Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Dr. Janice Warren
_____ , who issues or requests this subpoena, are:
SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:19-cv-00655-BSM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Pam Fitzgiven

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:

Home _____ on *(date)* 9-9-21 5:18pm; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9-10-21

_____
*Server's signature*

Tim Sibert
_____
*Printed name and title*

_____
*Server's address*

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Tuesday, September 7, 2021

**Invoice #:**  146687

**United States District Court Case Number: 4:19-CV-00655--BSM**
**JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. JOHN MCCRANEY**
**SERVED: JOHN MCCRANEY ON 9/7/2021**

| | | |
|---|---|---|
| **Process Serving Fee:** | $65.00 | |
| **Other fees:** | $40.00 | witness Fee advance by sibert process |
| | **$105.00** | |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

## UNITED STATES DISTRICT COURT

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:** 4:19-CV-00655--BSM

**Date Received:** 06-Sep-21

**Attorney:** Sarah Howard Jenkins

**Attorney:**

**Plaintiff:** Janice Hargrove Warren v. Charles McNulty

On Tuesday, September 7, 2021 at 06:35 PM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL
ACTION/LETTER/WITNESS FEE CHECK $40.00

on John McCraney by the following manner of service: In Person at her residence by
delivering a true copy to: John McCraney. Address where party served:  607 Russenberger
Road, #D Little Rock, AR  72206.

Client No:

Fee: $65.00

Process server: Richard L. Whaley, I I I

Subscribed and sworn to before me on Thursday, September 9, 2021

My Commission expires

Joyce Clarke, Notary Public

JOYCE CLARKE
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12710320 EXPIRES 2-6-2030

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas  ▾

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  4:19-cv-00655-BSM |
| CHARLES MCNULTY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:              Dr. John McCraney, Coordinator of Equity/Mentoring,
Equity and Pupil Services

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse<br>500 West Capitol Avenue<br>Little Rock, AR 72201 | Courtroom No.: 2D |
|---|---|
| | Date and Time: 09/21/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/06/2021

*CLERK OF COURT*
                         OR

_____      Sarah Howard Jenkins
    *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Janice Warren
_____ , who issues or requests this subpoena, are:

SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:19-cv-00655-BSM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Dr. John McCraney, Coordinator of Equity/Mentor

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

In person @ Residence  on *(date)* 9-7-21 6.35 PM  or

☐ I returned the subpoena unexecuted because:  _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  9-9-21

_____
Server's signature

Richard Whaley III
Printed name and title

_____
Server's address

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
**(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

### 1524 S. Main Street
### Little Rock, AR 72202
### 501-376-8379   FAX 501-376-8479

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Tuesday, March 10, 2020

**Invoice #:**  143131

**United States District Court Case Number: 4:19-CV-00655-BSM**
**JANICE HARGROVE WARREN VS. CHARLES MCNULTY**
**SERVED: CHARLES MCNULTY ON 3/10/2020**

|  |  |
|---|---|
| **Process Serving Fee:** | $65.00 |
| **Other fees:** | $0.00 |
|  | **$65.00** |

# Davis Process Service L.L.C.

**1524 S. Main Street**
**Little Rock, AR 72202**
**501-376-8379   FAX 501-376-8479**

## UNITED STATES DISTRICT COURT

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:**  4:19-CV-00655-BSM

**Date Received:** 09-Mar-20

**Attorney:**  Sarah Howard Jenkins

**Attorney:**

**Plaintiff:**  Janice Hargrove Warren

On Tuesday, March 10, 2020 at 02:04 PM I have duly served this

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, PLANTIFF'S SUBPOENA REQUESTS FOR PRODUCTION OF DEOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO CHARLES MCNULTY, THE INDIVIDUAL, COS

on Charles McNulty by the following manner of service: In Person at place of employment by delivering a true copy to: Charles McNulty. Address where party served:  PCSSD, 925 E. Dixon Road, Little Rock, AR 72206.

Client No:
Fee: $65.00

Process server: Tim Sibert

Subscribed and sworn to before me on Wednesday, March 11, 2020

My Commission expires 12/10/2020

Ethel S. Davis, Notary Public

ETHEL S. DAVIS
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12378475 EXPIRES 12-10-2020

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Arkansas

| | |
|---|---|
| Janice Hargrove Warren | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:19-cv-00655-BSM |
| Charles McNulty, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                 Charles McNulty

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: via email to sarah@shjenkinslaw.com or physical delivery to: 27 Talais Drive, Little Rock, AR 72223 | Date and Time: Not later than 5 p.m. on April 7, 2020 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  March 9, 2020

CLERK OF COURT

OR

_____            _____
Signature of Clerk or Deputy Clerk                        Sarah Howard Jenkins
                                                                            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Janice H. Warren
_____ , who issues or requests this subpoena, are:
Sarah Howard Jenkins, PLLC; PO Box 242694, Little Rock, AR 72223; sarah@shjenkinslaw.com; (501) 406-0905

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-00655-BSM

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows: _DOE_

_____

_____ on *(date)* 3·10·20 2:04 pm ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: MAR 11 2020

_____
*Server's signature*

**1524 Main Street**
*Printed name and title*
**Little Rock, AR 72202**
**501-376-8379**

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

**1524 S. Main Street**
**Little Rock, AR 72202**
**501-376-8379    FAX 501-376-8479**

**UNITED STATES DISTRICT COURT**

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:**  4:19-CV-00655--BSM

**Date Received:** 06-Sep-21

**Attorney:**  Sarah Howard Jenkins

**Attorney:**

**Plaintiff:**  Janice Hargrove Warren v. Charles McNulty

On Monday, September 6, 2021 at 01:45 PM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL
ACTION/LETTER/WITNESS FEE CHECK $40.00

on Denise Palmer by the following manner of service: In Person at her residence by
delivering a true copy to: Denise Palmer. Address where party served:  190 Northwind Lane,
Cabot, AR  72023.

Client No:

Fee: $75.00

_____
Process server: Larry Davis

Subscribed and sworn to before me on Tuesday, September 7, 2021

My Commission expires

_____
Joyce Clarke, Notary Public

JOYCE CLARKE
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12710320 EXPIRES 2-5-2030

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Arkansas

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| *Plaintiff* | ) |
| v. | ) |
| CHARLES MCNULTY, et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:19-cv-00655-BSM

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:                                  Denise Palmer
                            190 Northwind Ln, Cabot, AR 72023

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse<br>500 West Capitol Avenue<br>Little Rock, AR 72201 | Courtroom No.: 2D |
|---|---|
| | Date and Time: 09/21/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/06/2021

*CLERK OF COURT*

OR

_____            Sarah Howard Jenkins
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Dr. Janice Warren
_____, who issues or requests this subpoena, are:

SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  4:19-cv-00655-BSM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ Denise Palmer _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _in person_

_____ on *(date)* 9/6/21  1:45 pm

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: __9-7-21__

_____
*Server's signature*

Jayry Davis
_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc.:

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Tuesday, September 7, 2021

**Invoice #:**  146686

**United States District Court Case Number: 4:19-CV-00655--BSM**
**JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. DEBORAH R. ROUSH**
**SERVED: DEBORAH R. ROUSH ON 9/11/2021**

| | | |
|---|---|---|
| **Process Serving Fee:** | $65.00 | |
| **Other fees:** | $45.00 | Witness Fee 40.00 advance sibert process plus 5.00 Skip |
| | **$110.00** | |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

## UNITED STATES DISTRICT COURT

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:**  4:19-CV-00655--BSM

**Date Received:** 06-Sep-21

**Attorney:**  Sarah Howard Jenkins

**Attorney:**

**Plaintiff:**   Janice Hargrove Warren v. Charles McNulty

On Saturday, September 11, 2021 at 02:43 PM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL
ACTION/LETTER/WITNESS FEE CHECK $40.00

on Deborah R. Roush by the following manner of service: Met in person by delivering a true
copy to: Deborah R. Roush. Address where party served:  Met in person at Maumelle
Country Club, 100 Club Manor, Maumelle, AR 72113.

Client No:
Fee: $65.00

Process server: Tim Sibert

Subscribed and sworn to before me on Monday, September 13, 2021

My Commission expires

Joyce Clarke, Notary Public

JOYCE CLARKE
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12710320 EXPIRES 2-6-2030

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Arkansas ▢▾

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| *Plaintiff* | ) |
| v. | ) |
| CHARLES MCNULTY, et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:19-cv-00655-BSM

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:       Deborah R. Roush
1419 W 49th St., North Little Rock, AR 72118
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse<br>500 West Capitol Avenue<br>Little Rock, AR 72201 | Courtroom No.: 2D |
|---|---|
| | Date and Time: 09/22/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/06/2021

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | Sarah Howard Jenkins<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Janice Warren
_____, who issues or requests this subpoena, are:
SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  4:19-cv-00655-BSM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*     Deborah R. Roush

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:
In person   Met At  Maumelle Country Club
100 Club Manor  Maumelle, AR   on *(date)* 9/1/21 2:43pm ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 9-13-21

_____
Server's signature

Tim Sibert
_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

AO 88  (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Friday, August 27, 2021

Invoice #:  146622

United States District Court  - Eastern District Of Arkansas Case Number: 4:19-C
JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. JEFF SENN
SERVED: JEFF SENN ON 9/2/2021

| | |
|---|---|
| Process Serving Fee: | $75.00 |
| Other fees: | $0.00 |
| | **$75.00** |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

## UNITED STATES DISTRICT COURT  - EASTERN DISTRICT OF ARKANSAS

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:** 4:19-CV-00655-BSM

**Date Received:** 26-Aug-21

**Attorney:** Sarah Howard Jenkins

**Attorney:**

**Plaintiff:** Janice Hargrove Warren v. Charles McNulty

On Thursday, September 2, 2021 at 10:20 AM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION/WITNESS FEE CHECK $40

on Jeff Senn by the following manner of service: In Person at place of employment by delivering a true copy to: Jeff Senn. Address where party served:  POE: Superintendent Lonoke Schools, 401 West Holly Street, Lonoke, AR 72086.

Process server: Larry Davis

Client No:
Fee: $75.00

Subscribed and sworn to before me on Friday, September 3, 2021

My Commission expires

Joyce Clarke, Notary Public

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Arkansas

| | | |
|---|---|---|
| JANICE HARGROVE WARREN | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   4:19-cv-00655-BSM |
| CHARLES MCNULTY, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:                          Jeff Senn, Superintendent Lonoke Schools

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse 500 West Capitol Avenue Little Rock, AR 72201 | Courtroom No.: 2D |
|---|---|
| | Date and Time: 09/21/2021 11:30 am |

You must also bring with you the following documents, electronically stored information, or objects _(leave blank if not applicable)_:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/30/2021

_CLERK OF COURT_

OR

_____          Sarah Howard Jenkins
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Dr. Janice Warren
_____ , who issues or requests this subpoena, are:
SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  4:19-cv-00655-BSM

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Jeff Senn, Superintendent Lonoke Schools

on *(date)*   8/30/20 .

☑ I served the subpoena by delivering a copy to the named person as follows:

Jeff Senn in person.

on *(date)*   9/2/21    ; or   10:20am

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   9-7-21

_____
Server's signature

Larry Davis

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

SARAH HOWARD JENKINS, PLLC
SARAH HOWARD JENKINS
POST OFFICE BOX 242694

LITTLE ROCK AR 72223

Client No:

Tuesday, September 7, 2021

**Invoice #:**  146683

**United States District Court Case Number: 4:19-CV-00655--BSM**
**JANICE HARGROVE WARREN V. CHARLES MCNULTY VS. EMMA WATSON**
**SERVED: EMMA WATSON ON 9/15/2021**

| | | |
|---|---|---|
| **Process Serving Fee:** | $65.00 | |
| **Other fees:** | $45.00 | witness Fee advance by sibert process. 5.00 for skip |
| | **$110.00** | |

# Davis Process Service L.L.C.

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

## UNITED STATES DISTRICT COURT

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:** 4:19-CV-00655--BSM

**Date Received:** 06-Sep-21

**Attorney:** Sarah Howard Jenkins

**Attorney:**

**Plaintiff:** Janice Hargrove Warren v. Charles McNulty

On Wednesday, September 15, 2021 at 07:11 PM I have duly served this

SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL
ACTION/LETTER/WITNESS FEE CHECK $40.00

on Emma Watson by the following manner of service: In Person at her residence by
delivering a true copy to: Emma Watson. Address where party served:  103 Blackburn, Little
Rock, AR 72211.

Client No:

Fee: $65.00

Process server: Richard L. Whaley, I I I

Subscribed and sworn to before me on Thursday, September 16, 2021

My Commission expires

Joyce Clarke, Notary Public

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Arkansas ▾

| | |
|---|---|
| JANICE HARGROVE WARREN | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   4:19-cv-00655-BSM |
| CHARLES MCNULTY, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:            Emma Watson
            12912 Westglen Dr, Little Rock, AR 72211
_____
*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Richard Sheppard Arnold United States Courthouse<br>     500 West Capitol Avenue<br>     Little Rock, AR 72201 | Courtroom No.: 2D |
|---|---|
| | Date and Time: 09/21/2021 9:00 am |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/06/2021

         *CLERK OF COURT*

                       OR

                                             Sarah Howard Jenkins
      *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dr. Janice Warren
_____, who issues or requests this subpoena, are:
SARAH HOWARD JENKINS, PLLC, P.O. Box 242694, Little Rock, Arkansas 72223; sarah@shjenkinslaw.com; (501) 406-0905 (office), (501) 960-8835 (mobile)

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  4:19-cv-00655-BSM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Emma Watson, Middle School Principal

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:   Emma Watson

_____

on *(date)*  9-15-21 _____ ; or   7:11 pm

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  9-16-21 _____

_____
*Server's signature*     Rel Wstt

_____
*Printed name and title*     Richard Whaley III

_____

*Server's address*

Sibert Process Service, LLC
2513 McCain Boulevard
Suite 2
Box 314
North Little Rock, AR 72116

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).