Plaintiff Exhibit 34E

Insight process serving
350 deerwood drive
Anamosa, IA 52205

INVOICE: 6462608
Issued: Dec 15, 2021

Sarah Howard Jenkins PLLC
Sarah Jenkins

PAY TO:
Insight process serving
350 deerwood drive
Anamosa, IA 52205

| Case: 4;19-cv-00655-BSM<br>Job: 6462608 (4:19-cv-006555-BSM) | Plaintiff / Petitioner: Janice Hargrove Warren<br>Defendant / Respondent: Charles Mcnulty |
|---|---|

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| 1 serve | walker iowa | $75.00 | 1 | $75.00 |
| 1 check | witness fee check for travel 32.48 check #1095 | $32.48 | 1 | $32.48 |

Thanks for your business. Please pay the "Balance Due" within 7 days.

Total: $107.48
Amount Paid: ($0.00)
**Balance Due: $107.48**

Insight process serving • 350 deerwood drive, Anamosa, IA 52205

Call: 3194620151 • Fax: 3194620151 • Email: Richgadient@gmail.com • Visit: Insightprocessserving.com

## AFFIDAVIT OF SERVICE

| Case: 4;19-cv-00655-BSM | Court: Untied States District Court Northern District of Iowa | County: Linn, IA | Job: 6462608 (4:19-cv-006555-BSM) |
|---|---|---|---|
| Plaintiff / Petitioner: Janice Hargrove Warren | | Defendant / Respondent: Charles Mcnulty | |
| Received by: Insight process serving | | For: Sarah Howard Jenkins PLLC | |
| To be served upon: Molly Schwarzhoff | | | |

I, Richard Gadient, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Molly Schwarzhoff, Home: 3250 Linn Buchanan Rd, Walker, IA 52352

**Manner of Service:** Personal/Individual, Dec 18, 2021, 5:41 pm CST

**Documents:** Subpoena to appear and testify at a hearing or trial civil action (Received Dec 13, 2021 at 3:00pm CST)

**Additional Comments:**

1) Unsuccessful Attempt: Dec 16, 2021, 3:18 pm CST at Home: 3250 Linn Buchanan Rd, Walker, IA 52352
No answer dog inside says schwarzhoff on door

2) Successful Attempt: Dec 18, 2021, 5:41 pm CST at Home: 3250 Linn Buchanan Rd, Walker, IA 52352 received by Molly Schwarzhoff. Age: 38; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'7"; Hair: Black;

[signature] 12-20-21
Richard Gadient Date

Insight process serving
350 deerwood drive
Anamosa, IA 52205
3194620151

*Subscribed and sworn to before me by the affiant who is personally known to me.*

[signature]
Notary Public

12-20-21 August 11-2023
Date Commission Expires

NOTARIAL SEAL IOWA
ANNA GADIENT
Commission Number 805856
My Commission Expires
August 11, 2023

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:19-cv-00655-BSM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Molly Schwarzhoff, Executive Vice President

on *(date)* 12-14-21 .

☑ I served the subpoena by delivering a copy to the named person as follows: Molly Schwartz hoff

on *(date)* 12-18-21 541 pm ; or

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12-20-21

[signature]

*Server's signature*

Richard Gadient process server

*Printed name and title*

350 Deerwood Drive Ananosa IA 52205

*Server's address*

Additional information regarding attempted service, etc.:

witness check # 1095 $32.48

Insight process serving
350 deerwood drive
Anamosa, IA 52205
Phone 3194620151

Job: 6462608 (4:19-cv-006555-BSM) Due: 12/24/2021
Recipient: Molly Schwarzhoff
Server: Richard Gadient Fee:

| Case | 4;19-cv-00655-BSM | Plaintiff | Janice Hargrove Warren |
| --- | --- | --- | --- |
| Court | Untied States District Court Northern District of Iowa | Defendant | Charles Mcnulty |
| Documents | Subpoena to appear and testify at a hearing or trial civil action | | |
| Instructions | | | |
| witness fee of 32.40 paid by process server check for 32.48 to cover travel expenses | | | |

Home Address
3250 Linn Buchanan Rd, Walker, IA 52352

Molly Schwarzhoff

| Date & Time: | Description of Service / Recipient: |
| --- | --- |
| 12-16-21 [illegible] | No Answer dog inside Says Schwarzhoff on door |
| 12-18-21 541pm | Served to Molly Schwarzhoff |

Age: 38 Gender: Female Ethnicity: White Weight: 145
Height: 5 7 Hair: Black Eyes: Relationship: personal

**INSIGHT PROCESS SERVING**
350 DEERWOOD DR
PH 319-462-0151
ANAMOSA,IA. 52205-2123

1095
72-1439/0739

12-15-21
Date

Pay to the order of Molly Schwarzhoff $ 32.48

thirty two dollars and 48/100 Dollars

Security features included. Details on back.

FIDELITY BANK & TRUST

For witness fee

[signature] MP

⑆073914398⑆ 1082726⑈ 01095

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# SARAH HOWARD JENKINS, PLLC
## ATTORNEY AT LAW

Sarah Howard Jenkins
(Licensed to practice in Arkansas & Arizona)
Email: sarah@shjenkinslaw.com
Telephone: (501) 406-0905

37 Deauville Circle
PO Box 242694
Little Rock, Arkansas 72223

December 27, 2021

Mr. Rich Gadient
Insight Process Serving
350 Deerwood Drive
Anamosa, IA 52205

Re: Second Service Schwarzhoff

Dear Rich,

Thank you for assisting with the service of Molly Schwarzhoff. Enclosed is our firm's check for $107.48. Should our future litigation needs include service in your area, we look forward to calling on you for assistance. Wishing you a prosperous New Year!

Best Regards,

Sarah Howard Jenkins, Esquire
Sarah Howard Jenkins, PLLC

**Insight process serving**
350 deerwood drive
Anamosa, IA 52205
Phone 3194620151

**Job:** 6462608 (4:19-cv-006555-BSM) **Due:** 12/24/2021
**Recipient:** Molly Schwarzhoff
**Server:** Richard Gadient **Fee:**

| **Case** | 4;19-cv-00655-BSM | **Plaintiff** | Janice Hargrove Warren |
|---|---|---|---|
| **Court** | Untied States District Court Northern District of Iowa | **Defendant** | Charles Mcnulty |
| **Documents** | Subpoena to appear and testify at a hearing or trial civil action | | |
| **Instructions** | | | |
| witness fee of 32.40 paid by process server check for 32.48 to cover travel expenses | | | |

**Home Address**
3250 Linn Buchanan Rd, Walker, IA 52352

**Molly Schwarzhoff**

| Date & Time: | Description of Service / Recipient: |
|---|---|
| 12-16-21 319 | No Answer dog inside Says Schwarzhoff on door |
| 12-18-21 541pm | Served to Molly Schwarzhoff |

**Age:** 38 **Gender:** Female **Ethnicity:** white **Weight:** 145
**Height:** 5 7 **Hair:** Black **Eyes:** **Relationship:** personal

**INSIGHT PROCESS SERVING**
350 DEERWOOD DR
PH 319-462-0151
ANAMOSA,IA. 52205-2123

**1095**
72-1439/0739

12-15-21
Date

Pay to the order of Molly Scwarzhoff $ 32.48

thirty two dollars and 48/100 Dollars

Security features included. Details on back.

FIDELITY BANK & TRUST

For witness fee

[signature]

⑆073914398⑆ 1082726⑈ 01095

Main Street Fidelity Bank & Trust

## AFFIDAVIT OF SERVICE

| **Case:** 4;19-cv-00655-BSM | **Court:** Untied States District Court Northern District of Iowa | **County:** Linn, IA | **Job:** 6462608 (4:19-cv-006555-BSM) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Janice Hargrove Warren | | **Defendant / Respondent:** Charles Mcnulty | |
| **Received by:** Insight process serving | | **For:** Sarah Howard Jenkins PLLC | |
| **To be served upon:** Molly Schwarzhoff | | | |

I, Richard Gadient, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Molly Schwarzhoff, Home: 3250 Linn Buchanan Rd, Walker, IA 52352

**Manner of Service:** Personal/Individual, Dec 18, 2021, 5:41 pm CST

**Documents:** Subpoena to appear and testify at a hearing or trial civil action (Received Dec 13, 2021 at 3:00pm CST)

**Additional Comments:**

1) Unsuccessful Attempt: Dec 16, 2021, 3:18 pm CST at Home: 3250 Linn Buchanan Rd, Walker, IA 52352
No answer dog inside says schwarzhoff on door

2) Successful Attempt: Dec 18, 2021, 5:41 pm CST at Home: 3250 Linn Buchanan Rd, Walker, IA 52352 received by Molly Schwarzhoff. Age: 38; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'7"; Hair: Black;

[signature] 12-20-21

Richard Gadient     **Date**

Insight process serving
350 deerwood drive
Anamosa, IA 52205
3194620151

*Subscribed and sworn to before me by the affiant who is personally known to me.*

[signature]

**Notary Public**

12-20-21     August 11 - 2023

**Date**     **Commission Expires**

NOTARIAL SEAL IOWA
ANNA GADIENT
Commission Number 805856
My Commission Expires
August 11, 2023

**Insight process serving**
350 deerwood drive
Anamosa, IA 52205

**INVOICE:** 6462608
Issued: Dec 15, 2021

**Sarah Howard Jenkins PLLC**
Sarah Jenkins

PAY TO:
**Insight process serving**
350 deerwood drive
Anamosa, IA 52205

| | | | |
|---|---|---|---|
| **Case:** | 4;19-cv-00655-BSM | **Plaintiff / Petitioner:** | Janice Hargrove Warren |
| **Job:** | 6462608 (4:19-cv-006555-BSM) | **Defendant / Respondent:** | Charles Mcnulty |

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| 1 serve | walker iowa | $75.00 | 1 | $75.00 |
| 1 check | witness fee check for travel 32.48 check #1095 | $32.48 | 1 | $32.48 |

Thanks for your business. Please pay the "Balance Due" within 7 days.

Total: $107.48
Amount Paid: ($0.00)
**Balance Due: $107.48**

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 4:19-cv-00655-BSM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Molly Schwarzhoff, Executive Vice President on *(date)* 12-14-21 .

☑ I served the subpoena by delivering a copy to the named person as follows: Molly Schwarzhoff on *(date)* 12-18-21 5:41 pm ; or

❐ I returned the subpoena unexecuted because: ______ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______ .

My fees are $ ______ for travel and $ ______ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12-20-21

[signature]
*Server's signature*

Richard Gadient process server
*Printed name and title*

350 Deerwood Drive Ananosa IA 52205
*Server's address*

Additional information regarding attempted service, etc.:

witness check # 1095 $32.48

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).