IN THE UNITED STATES DISTRICT COURT
Eastern District of Arkansas
Central Division

**JANICE HARGROVE WARREN**                      **PLAINTIFF**

v.          CASE NO. 4:19-cv-655 BSM

**MIKE KEMP**,
in his official capacity as a Member of the Board of the
Pulaski County Special School District and in his individual capacity;

**LINDA REMELE**,
in her official capacity as a Member of the Board of the
Pulaski County Special School District and in her individual capacity;

**SHELBY THOMAS**,
in his official capacity as a Member of the Board of the
Pulaski County Special School District and in his individual capacity;

**ALICIA GILLEN**,
in her official capacity as a Member of the Board of the
Pulaski County Special School District and in her individual capacity;

**ELI KELLER**,
in his official capacity as a Member of the Board of the
Pulaski County Special School District and in his individual capacity;

**BRIAN MAUNE**,
in his official capacity as a Member of the Board of the
Pulaski County Special School District and in his individual capacity;

**THE PULASKI COUNTY SPECIAL SCHOOL DISTRICT**        **DEFENDANTS**

**PLAINTIFF'S BRIEF IN SUPPORT OF HER REQUEST FOR RELIEF FROM AN IMPROPERLY IMPOSED STAY**

**PROCEDURAL HISTORY**

This case is a civil rights action brought pursuant to 42 U.S.C.A. § 2000e, Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991; 42 U.S.C.A. § 1983, and pursuant to the Fourteenth Amendment to the United States Constitution. This Court conducted the trial before a jury of eight (8) citizens -- four women, four men, one black, and seven white citizens – from February 14, 2022, to February 25, 2022. The jury returned a verdict for the Plaintiff on her claims of Retaliation, $208,025.40 in back pay against PCSSD, $125,000 for compensatory damages; $273,000 in punitive damages against PCSSD pursuant to 42 Section 1981; and punitive damages against Board Members Dr. Linda Remele and Alicia Gillen of $25,000 each pursuant to 42 Sections 1981 & 1983. The jury ruled against the plaintiff on her Race Discrimination, Sex Discrimination, and Breach of Contract claims. Pursuant to 42 U.S.C.A. § 1981b (1), this Court granted defendants' Motion for JNOV on punitive damages against PCSSD and entered its judgment on the jury's verdict on March 10, 2022. Thereafter, this Court entered its order: 1) denying the defendants' subsequent Motion for JNOV or Motion to Alter or Amend the Judgment and 2) granted in part and denied in part the plaintiff's Motion for Equitable Relief awarding her $17,281.36 in prejudgment interest and post judgment interest at a rate of 1.02 percent. Plaintiff filed her Rule 54(b) Motion for Attorneys Fees and Costs on May 19, 2022. That motion is pending before this Court.

Defendants filed their Notice of Appeal on May 23, 2022, and plaintiff filed her Notice of Cross-Appeal on June 2, 2022. On June 10, 2022, plaintiff commenced the enforcement of her judgment and order regarding pre-judgment and post-judgment interest by obtaining certified copies of this Court's judgment and April 21, 2022, order for filing with the Pulaski County Circuit Clerk. Shortly, thereafter, the defendants filed their Motion to Stay Pending Appeal

Without a Bond ("Motion to Stay"). On the morning of June 13, 2022, plaintiff filed her Application for Writs of Garnishment but the Intake and Docketing Supervisor refused to issue Writs of Garnishment in the afternoon of June 13, 2022. Pending before this Court is the defendants' Motion to Stay.

## STATEMENT OF THE FACTS

On Friday, June 10, 2022, at or shortly after 2:00 p.m., plaintiff's counsel arrived at the Richard Sheppard Arnold United States Courthouse to obtain certified copies of this Court's March 10, 2022, judgment and its April 21, 2022, order granting the Plaintiff pre-judgment and post-judgment interest. After consulting with his supervisor, Crystal Newton, who is the Intake and Docketing Supervisor, the Deputy Clerk certified the requested documents and a copy of the Docket for this case to identify the individual defendants included in the "et al." designation in both the Court's judgment and aforementioned order. Plaintiff's counsel also confirmed with the Deputy Clerk the procedure for the issuance of a Writ of Garnishment. Only one other person was in the Clerk's Office seeking assistance. Before plaintiff's counsel reached the Pulaski County Clerk's Office by car, defendants filed their Motion to Stay at 4:08 p.m., Friday, June 10th. At 10:42 a.m., Monday, June 13, 2022, plaintiff filed her Applications for two Writs of Garnishment with the Office of the Clerk of the Court (ECF Docket ## 215 and 216). Because the writs are issued by the Office of the Clerk and other District Courts provide forms for writs of garnishment, plaintiff's counsel did not bring completed writs but expected to complete the forms while in the Clerk's Office. The Office of the Clerk does not provide forms. Later in the day, when Plaintiff presented her Writs of Garnishment for issuance, Crystal Newton, the Intake and Docketing Supervisor, refused to issue the Writs stating that her processes prohibited issuing

3

execution or enforcement writs once a Motion to Stay is filed. This process is in flagrant, contradiction to the right provided an appellee and the duty imposed on an appellant. Fed. R. Civ. Pro. 62.

Plaintiff's counsel objected. Newton stated that as advised by Chambers, the pending motion *could* be a Rule 50, Rule 52(b), or a Rule 60 motion. Therefore, she could not issue the Writs of Garnishment. In filing their motion electronically, the defendants selected from the list of "Available Events" "Motion to Stay." The Defendants did not select "Directed Verdict" or "Judgment NOV."  The document filed as the motion clearly states its title under the caption: "Motion to Stay Pending Appeal *Without* a Bond," (emphasis added). Newton did not cite to or provide authority for disregarding the nature of the defendants' motion or imposing a stay without a bond or other security. The Local Rules to not limit an appellee's right to enforce the judgment without a bond or other security. The Local Rules do not abrogate an appellant's duty to provide a bond or other security.

On June 13, 2022, the Docket did not include an order by this Court approving a bond or other security; the Docket did not show an order by this Court extending the automatic stay, which expired on April 11, 2022. Fed. R. Civ. Pro. 62(a). In their Motion to Stay, Defendants admit the Plaintiff's entitlement to enforce her judgment if a bond is not filed and approved by this Court:

> a. "Plaintiff will be able to execute on the judgment during the pendency of the appeal unless Defendants post an adequate bond or other security to supersede the judgment until the appeal is decided." Motion to Stay, ¶ 2.

> b. "Plaintiff will be able to execute on the judgment during the pendency of the appeal unless Defendants post an adequate bond or other security to supersede the judgment until the appeal is decided." Brief in Support of Motion for Stay ¶ 8.

      c.    "Upon posting a bond or other security acceptable to this Court, Defendants are entitled to have the judgment stayed pending resolution of the appeal." Brief in Support of Motion for Stay ¶ 9.

      d.    "This Court may, however, in its discretion grant a stay without requiring the posting of a bond or other security. Fed. R. App. P. 8(a)(1)(A). See also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 757–58 (D.C. Cir. 1980) (concluding that the clear text of Appellate Rule 8 gives district courts discretion to enter an unbonded stay)." Brief in Support of Motion for Stay ¶ 10 (emphasis added).

The Intake and Docketing Supervisor, acting in excess of her authority, stayed the plaintiff's enforcement of her judgment pending this Court's ruling on the defendants' Motion to Stay. This act exceeds this Court's recognition that *it* lacks the authority to order a stay pending its consideration of a Motion to Stay in the absence of a bond. See *One Bank & Trust v. Galea*, 2013 WL 679901, at *2 (E.D. Ark Feb. 25, 2013) (denying defendants' request for a temporary stay of execution until the court ruled on their motion and holding Fed. R. Civ. Pro. 62(d) did not authorize such a stay).

## ARGUMENT

### THE INTAKE AND DOCKETING SUPERVISOR EXCEEDED HER AUTHORITY IN REFUSING TO ISSUE THE REQUESTED WRITS OF GARNISHMENT

Unless the district court orders otherwise, Fed. R. Civ. Pro. 62 (a), subject to exceptions not relevant here, imposes an automatic stay on the execution of a judgment and proceedings to enforce a judgment for 30 days after the judgment is entered. Fed. R. Civ. Pro. 62 (a). This Court entered its judgment on March 10, 2022. The automatic stay expired on April 10, 2022. This Court, rather than the Office of the Clerk, is the proper person for extending the automatic stay of the Court's judgment. *Id.* This Court has not extended the automatic stay.

"Once this automatic stay period expires, if no stay or supersedeas is obtained, the judgment or order may be executed during the pendency of an appeal." 2A Fed. Proc., L. Ed. §

3:647 (June 2022). A defendant may obtain a stay as a matter of right after the judgment by providing a bond or other security; the stay is effective when the district court approves the bond or other security. Fed. R. Civ. Pro. 62 (b). Defendants have not provided a bond or other security. Defendants asked this Court approve a bond or other security. Indeed, the defendants have requested that this Court waive the required bond or security. (Defs. Motion to Stay, ECF Docket # 213).

The District Court may grant a stay after applying the applicable standards to be met by the defendants. *Rsrv. Mining Co. v. United States*, 498 F.2d 1073, 1076–77 (8th Cir. 1974) (we note the usual formulation of the applicable standards to be met by the party seeking a stay under Fed. R. Civ. P. 62 and Fed. R. App. P. 8); *Liddell v. State of Mo.*, 717 F.2d 1180, 13 Ed. Law Rep. 940 (8th Cir. 1983) (we noted the applicable standards for granting a stay pending appeal in *Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076–1077 (8th Cir.1974)). Until this Court rules on the defendants' pending Motion to Stay, plaintiff is entitled to enforce her judgment.

## CONCLUSION

The Intake and Docketing Supervisor usurped this Court's authority when she refused to issue writs of garnishment on June 13, 2022. Therefore, the plaintiff requests this Court to order the Office of the Clerk to issue her writs of garnishment during the pendency of this Court's ruling on the defendants' Motion to Stay. When the plaintiff submits her writs, if the defendants have not submitted a bond or other security that has been approved by this Court, the writs must be issued. Fed. R. Civ. Pro. 62 (b); Fed. R. App. P. 8; 2A Fed. Proc., L. Ed. § 3:647 (June 2022).

    Respectfully submitted this 23rd day of June, 2022,
    <u>Sarah Howard Jenkins</u>
    Arkansas Bar #97046
    SARAH HOWARD JENKINS, PLLC
    P.O. Box 242694

        Little Rock, Arkansas 72223
        Phone: (501) 406-0905
        sarah@shjenkinslaw.com (email)

        Austin Porter Jr., No. 86145
        PORTER LAW FIRM
        323 Center Street, Suite 1035
        Little Rock, Arkansas 72201
        Telephone: 501-244-8220
        Facsimile: 501-372-5567
        Email: Aporte5640@aol.com
        Attorneys for the Plaintiff