IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JANICE WARREN                                                                                       PLAINTIFF

v.                                        Case No. 4:19-CV-00655-BSM

MIKE KEMP, *et al.*                                                                           DEFENDANTS

## ORDER

Defendants' motion to stay execution without posting a supersedeas bond [Doc. No. 213] is granted, and execution of the judgment is stayed pending resolution of the parties' appeals. Warren's motion for an order compelling the clerk to issue her writs of garnishment [Doc. No. 219] is denied.

Judgment was entered for plaintiff in the amount of $383,025.40, plus $17,281.36 in pre-judgment interest, and post-judgment interest accruing. Doc. Nos. 176 & 191. Defendants and Warren have both appealed. Doc. Nos. 203 & 208. Defendants move to stay the judgment without posting a supersedeas bond, contending that Pulaski County Special School District has reserves exceeding $17,000,000 which are sufficient to cover the judgment if the Eighth Circuit affirms the judgment. Warren objects to the waiver of bond, and also asserts that the clerk is impermissibly refusing to issue her writs of garnishment to the School District's bank while defendants' motion to stay is pending.

When an appeal is taken, a party may obtain a stay by providing a bond or other security. Fed. R. Civ. P. 62(b). A district court, however, has discretion to waive or reduce the bond requirement. *Regions Bank v. Lamb*, No. 4:16-cv-00078-SWW, 2017 WL 5736371,

at (E.D. Ark. Mar. 15, 2017). Five factors are considered when determining whether to waive the supersedeas bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon v. Chicago*, 866 F.2d 902 (7th Cir. 1988).

The bond requirement is waived because defendants have the funds available to pay the judgment and the School District has agreed to set aside $400,306.76 as a line item in its budget that will carry forward until the appeals are resolved. Rowlett Aff., Doc. No. 213-1. Warren's interest is therefore adequately secured and the cost of a bond would be a waste of money for the School District and the taxpayers. Pursuant to Federal Rule of Civil Procedure 62, execution of the judgment is stayed pending resolution of the appeals.

Warren separately moves for an order compelling the clerk to issue her writs of garnishment to the School District's bank. The clerk refused to issue Warren's writs because defendants' motion to stay was pending. Pl.'s Br. Supp. Mot. at 3–4, Doc. No. 220. Warren contends that the clerk had no authority to refuse to issue the writs because the Rule 62(a) automatic stay had ended, and because a stay by bond or other security had not been approved pursuant to Rule 62(b). *Id*. at 5–6. She argues that defendants' filing of a motion to stay does not prevent her from executing the judgment in the absence of a bond. *Id*. at 5

(citing *One Bank & Trust, N.A. v. Galea*, No. 4:11-cv-00567 KGB, 2013 WL 679901, at *2 (E.D. Ark. Feb. 25, 2013). Although Warren is correct that Rule 62(b) does not explicitly stay execution of judgment while a defendant's motion is pending, her view would require any defendant seeking a stay without bond to obtain the district court's approval of the bond waiver during the automatic stay period, or alternatively to hope that the court ruled on a pending motion to stay without bond before the plaintiff could initiate garnishment. That view is unpersuasive because it significantly undermines a party's ability to obtain a stay without bond.

For these reasons, defendants' motion to stay without posting a supersedeas bond is granted, and Warren's motion for an order compelling the clerk to issue her writs of garnishment is denied. Additionally, no ruling will be issued on Warren's pending motion for attorneys' fees and costs [Doc. No. 199] until the parties' appeals are resolved.

IT IS SO ORDERED this 7th day of July, 2022.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE